UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation,<br><br>          Plaintiff,<br><br>v.<br><br>DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, and BJ'S WHOLESALE CLUB, INC., a Delaware corporation,<br><br>          Defendants.<br><br>DALLAS MANUFACTURING COMPANY, INC., a corporation,<br><br>          Counter-Claimant,<br><br>v.<br><br>FLEXI-MAT CORPORATION, a corporation,<br><br>          Counter-Defendant. | Civil Action No. 04 10162 DPW |

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DALLAS MANUFACTURING COMPANY, INC. FOR DECLARATORY RELIEF**

In response to the Complaint filed by Plaintiff Flexi-Mat Corporation ("Flexi-Mat") and dated January 23, 2004 (the "Complaint"), Defendant Dallas Manufacturing Company, Inc. ("Dallas Manufacturing"), admits, denies and avers as follows:

**Nature and Statutory Basis of Action**

1.    In response to paragraph 1 of the Complaint, Defendant Dallas Manufacturing admits that the Complaint purports to state a civil action arising under the laws of the United States relating to patents, 35 U.S.C. § 100 et seq.

## The Parties

2. Defendant Dallas Manufacturing is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies such allegations.

3. In response to paragraph 3 of the Complaint, Defendant Dallas Manufacturing admits that it is a corporation duly organized and existing under the laws of the State of Texas, with a place of business at 4215 McEwen Road, Dallas, Texas 75244. Defendant Dallas Manufacturing admits that it imports and distributes pet beds and other pet products, and distributes certain pet beds to BJ's Wholesale Club, Inc. ("BJ's Wholesale Club") within the District of Massachusetts and elsewhere in the United States. Defendant Dallas Manufacturing denies the remaining allegations of paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, Defendant Dallas Manufacturing admits that Defendant BJ's Wholesale Club is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 1 Mercer Road, Natick, Massachusetts 01760-2400. Defendant Dallas Manufacturing admits that Defendant BJ's Wholesale Club owns and operates warehouse club stores, known as "BJ's Wholesale Club," within the District of Massachusetts and elsewhere in the United States that offer for sale and sell pet beds and other products. Defendant Dallas Manufacturing denies the remaining allegations of paragraph 4 of the Complaint.

## Jurisdiction and Venue

5. In response to paragraph 5 of the Complaint, Defendant Dallas Manufacturing admits that the Court has subject matter jurisdiction.

6. In response to paragraph 6 of the Complaint, Defendant Dallas Manufacturing admits that the Court has personal jurisdiction over it. Defendant Dallas Manufacturing denies that it has committed acts of infringement. Defendant Dallas Manufacturing denies that it has imported into the United States or sold within the District of Massachusetts pet bed products to Defendant BJ's Wholesale Club that infringe the asserted patent. Defendant Dallas Manufacturing denies that Defendant BJ's Wholesale Club has offered to sell or has sold within the District of Massachusetts any pet bed products supplied by Defendant Dallas Manufacturing

that infringe the asserted patent. Defendant Dallas Manufacturing denies the remaining allegations of paragraph 6 of the Complaint.

7.  Defendant Dallas Manufacturing admits that venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Defendant Dallas Manufacturing denies that it has committed any acts of infringement, and further denies that Defendant BJ's Wholesale Club has committed any acts of infringement as a result of offering to sell or selling any pet bed products supplied by Defendant Dallas Manufacturing. Defendant Dallas Manufacturing denies the remaining allegations of paragraph 7 of the Complaint.

### Factual Background

8.  Defendant Dallas Manufacturing admits that U.S. Patent No. 5,765,502 ("the '502 patent") is entitled "Pet Bed with Removable Bolster" and was issued by the United States Patent and Trademark Office ("PTO") on June 16, 1998. Defendant Dallas Manufacturing denies that the '502 patent was duly or legally issued, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint and therefore denies such allegations.

9.  Defendant Dallas Manufacturing admits that the '502 patent names Scott Haugh as the inventor of the '502 patent and names Flexi-Mat as the assignee of the '502 patent. Defendant Dallas Manufacturing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Complaint and therefore denies such allegations.

10.  Defendant Dallas Manufacturing admits that Defendant BJ's Wholesale Club has offered for sale and sold pet beds under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed." Defendant Dallas Manufacturing denies that the pet beds supplied by it that are offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed" are made substantially as described in the '502 patent. Defendant Dallas Manufacturing denies the remaining allegations of paragraph 10 of the Complaint.

11.  Defendant Dallas Manufacturing admits that it imports into the United States and distributes to Defendant BJ's Wholesale Club a bed offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed" at Defendant BJ's Wholesale Club stores

within the District of Massachusetts and elsewhere in the United States. Defendant Dallas Manufacturing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the Complaint and therefore denies such allegations.

## COUNT I

### Alleged Infringement of U.S. Patent No. 5,765,502

12. Defendant Dallas Manufacturing incorporates herein by reference the admissions, denials and averments set forth in paragraphs 1-11 above.

13. Defendant Dallas Manufacturing admits that it has imported into the United States and sold to Defendant BJ's Wholesale Club a pet bed offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed" at Defendant BJ's Wholesale Club stores within the District of Massachusetts and elsewhere in the United States. Defendant Dallas Manufacturing denies that it has infringed, has induced others to infringe, or has committed acts of contributory infringement of any claims of the '502 patent. Defendant Dallas Manufacturing denies that the "Berkeley & Jensen Premium Quality Bolster Pet Bed" it supplies to Defendant BJ's Wholesale Club is made substantially as claimed in the '502 patent. Defendant Dallas Manufacturing denies the remaining allegations of paragraph 13 of the Complaint.

14. Defendant Dallas Manufacturing admits that Defendant BJ's Wholesale Club has offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed" certain pet beds supplied by Defendant Dallas Manufacturing. Defendant Dallas Manufacturing denies that Defendant B&J's Wholesale Club has infringed, has induced others to infringe, or has committed acts of contributory infringement of any claims of the '502 patent arising out of any activities involving any pet beds supplied by Defendant Dallas Manufacturing. Defendant Dallas Manufacturing denies the remaining allegations of paragraph 14 of the Complaint.

15. Defendant Dallas Manufacturing denies the allegations of paragraph 15 of the Complaint.

16. Defendant Dallas Manufacturing is without knowledge or information sufficient to form a belief as to the price of Plaintiff Flexi-Mat's allegedly patented product and therefore denies such allegations. Defendant Dallas Manufacturing denies the remaining allegations of paragraph 16 of the Complaint.

17.  Defendant Dallas Manufacturing denies the allegations of paragraph 17 of the Complaint.

18.  Defendant Dallas Manufacturing denies the allegations of paragraph 18 of the Complaint.

### Prayer for Relief

Defendant Dallas Manufacturing denies that Plaintiff Flexi-Mat is entitled to judgment or to any of the relief requested in paragraphs A through H of the prayer for relief in the Complaint.

### First Affirmative Defense

19.  Defendant Dallas Manufacturing has not infringed and does not infringe any valid claim of the '502 patent, either literally or under the doctrine of equivalents. Defendant Dallas Manufacturing has not induced and is not inducing infringement of any valid claim of the '502 patent, and has not and is not committing acts constituting contributory infringement of any valid claim of the '502 patent.

### Second Affirmative Defense

20.  Each and every claim of the '502 patent is invalid and/or unenforceable under one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

### Third Affirmative Defense

21.  By virtue of the arguments made during the prosecution of the application for the '502 patent in order to obtain allowance of the claims, Plaintiff Flexi-Mat is estopped from asserting a claim construction that would encompass any of Defendant Dallas Manufacturing's products.

### Fourth Affirmative Defense

22.  Plaintiff Flexi-Mat's claims against Defendant Dallas Manufacturing are barred by the doctrines of laches, estoppel, waiver and unclean hands.

## **COUNTERCLAIM FOR DECLARATORY RELIEF**

Counter-Claimant Dallas Manufacturing, for its counterclaim against Counter-Defendant Flexi-Mat, avers as follows:

### **Parties**

23. Dallas Manufacturing is a corporation duly organized and existing under the laws of the State of Texas, with a place of business in Dallas, Texas.

24. On information and belief, Flexi-Mat is a corporation organized under the laws of the State of Illinois, having a place of business located in Chicago, Illinois.

### **Jurisdiction**

25. Contingent on the main claim, this Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1367, 2201 and 2202. This counterclaim asserts an action for declaratory judgment of invalidity of claims 1 through 11 of U.S. Patent No. 5,765,502 ("the '502 patent") and non-infringement of those claims by Counter-Claimant Dallas Manufacturing.

### **Facts**

26. On or about January 23, 2004, Counter-Defendant Flexi-Mat filed its Complaint in this Court alleging that Counter-Claimant Dallas Manufacturing has infringed, has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '502 patent by importing into the United States and selling to BJ's Wholesale Club stores in this district and elsewhere in the United States pet beds that are offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed."

27. In its Complaint, Counter-Defendant Flexi-Mat alleges that it is the owner of the '502 patent.

28. Counter-Claimant Dallas Manufacturing denies that its activities have infringed any valid claim of the '502 patent.

### **Counterclaim for Declaration of Invalidity, Unenforceability and Non-Infringement of U.S. Patent No. 5,765,502**

29. Counter-Claimant Dallas Manufacturing repeats and realleges each and every allegation contained in paragraphs 23 to 30 above as though fully set forth herein.

30. Upon information and belief, each and every claim of the '502 patent is invalid and/or unenforceable under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

31. Counter-Claimant Dallas Manufacturing alleges that its activities do not constitute direct infringement, contributory infringement, or inducement of infringement of any claims of the '502 patent, either literally or under the doctrine of equivalents.

### Prayer

WHEREFORE, Counter-Claimant Dallas Manufacturing respectfully requests that this Court order judgment in its favor on the counterclaim set forth above, and award it relief including, but not limited to, the following:

a. Dismissal of Counter-Defendant Flexi-Mat's claims with prejudice and entry of an order denying Flexi-Mat relief in this action;

b. Entry of a declaratory judgment adjudging that each and every claim of the '502 patent is invalid and/or unenforceable;

c. Entry of a declaratory judgment adjudging that Counter-Claimant Dallas Manufacturing has not infringed any claim of the '502 patent;

d. An injunction permanently enjoining and restraining Counter-Defendant Flexi-Mat and its officers, agents, representatives, employees, attorneys, partners and those in active concert or participation with them from asserting, enforcing, or attempting to enforce the '502 patent against Counter-Claimant Dallas Manufacturing and its distributors and customers, including BJ's Wholesale Club;

e. A declaration that this action is an exceptional case and an award to Counter-Claimant Dallas Manufacturing of its attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

f. An award to Counter-Claimant Dallas Manufacturing of its costs of suit; and

g.  A grant to Counter-Claimant Dallas Manufacturing of such other relief as the Court may deem just and appropriate.

>Attorneys for Defendant and Counter-Claimant
>DALLAS MANUFACTURING COMPANY, INC.
>
>*James J. Marcellino*
>James J. Marcellino (BBO # 318840)
>David M. Mello (BBO # 634722)
>MCDERMOTT, WILL & EMERY
>28 State Street
>Boston, MA  02109
>(617) 535-4000

Dated:  March 3, 2004

Of Counsel:
Gary A. Clark
Darren M. Franklin
Sheppard, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
Telephone:  (213) 620-1780
Facsimile:  (213) 620-1398

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Plaintiff's counsel, John J. Cotter, Esq., Testa, Hurwitz & Thibeault, LLP, 125 High Street, Boston, MA 02110, via hand delivery.

>*James J. Marcellino*
>James J. Marcellino

BST99 1397933-1.T01684.0012