# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FLEXI-MAT CORPORATION**, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>**DALLAS MANUFACTURING COMPANY, INC.**, a Texas corporation, and **BJ'S WHOLESALE CLUB, INC.**, a Delaware corporation,<br><br>Defendants.<br><br>---<br><br>**DALLAS MANUFACTURING COMPANY, INC.**, a corporation,<br><br>Counter-Claimant,<br><br>v.<br><br>**FLEXI-MAT CORPORATION**, a corporation,<br><br>Counter-Defendant. | Civil Action No. 04 10162 DPW |

### FLEXI-MAT CORPORATION'S REPLY TO COUNTERCLAIM
### FOR DECLARATORY RELIEF

In reply to the Counterclaim filed by Dallas Manufacturing Company, Inc. ("Dallas Manufacturing"), counter-defendant Flexi-Mat Corporation ("Flexi-Mat") admits, denies and avers as follows:

### Parties

23. Dallas Manufacturing is a corporation duly organized and existing under the laws of the State of Texas, with a place of business in Dallas, Texas.

**REPLY:**  Counter-defendant Flexi-Mat is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragarph 23 of the Counterclaim and therefore denies such allegations.

24. On information and belief, Flexi-Mat is a corporation organized under the laws of the State of Illinois, having a place of business located in Chicago, Illinois.

**REPLY:**  Admitted.

### Jurisdiction

25. Contingent on the main claim, this Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1367, 2201 and 2202. This counterclaim asserts an action for declaratory judgment of invalidity of claims 1 through 11 of U.S. Patent No. 5,765,502 ("the '502 patent") and non-infringement of those claims by Counter-Claimant Dallas Manufacturing.

**REPLY:**  Flexi-Mat admits that this Court has jurisdiction over the Counterclaim and that this Counterclaim purports to assert an action for declaratory judgment of invalidity and non-infringement.  Flexi-Mat denies the remainder of this paragraph.

### Facts

26. On or about January 23, 2004, Counter-Defendant Flexi-Mat filed its Complaint in this Court alleging that Counter-Claimant Dallas Manufacturing has infringed, has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '502 patent by importing into the United States and selling to BJ's Wholesale Club stores in this district and elsewhere in the United States pet beds that are offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed."

**REPLY:**  Admitted.

27. In its Complaint, Counter-Defendant Flexi-Mat alleges that it is the owner of the '502 patent.

**REPLY:**  Admitted.

28. Counter-Claimant Dallas Manufacturing denies that its activities have infringed any valid claim of the '502.

**REPLY:** This is not a factual allegation requiring an admission or denial from counter-defendant Flexi-Mat.  Notwithstanding, Flexi-Mat denies the allegation that Dallas Manufacturing's manufacture and/or sales of the accused pet bed to BJ's Warehouse Club, Inc. does not infringe Flexi-Mat's '502 patent.

### Counterclaim for Declaration of Invalidity, Unenforceability and Non-Infringement of U.S. Patent No. 5,765,502

29. Counter-Claimant Dallas Manufacturing repeats and realleges each and every allegation contained in paragraphs 23 to 30 [sic] above as though fully set forth herein.

**REPLY:** Counter-defendant Flexi-Mat incorporates herein by reference the admission, denials and averments in paragraphs 23-29 above.

30. Upon information and belief, each and every claim of the '502 patent is invalid and/or unenforceable under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

**REPLY:** Denied.

31. Counter-Claimant Dallas Manufacturing alleges that its activities do not constitute direct infringement, contributory infringement, or inducement of infringement of any claims of the '502 patent, either literally or under the doctrine of equivalents.

**REPLY:** Denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Dallas Manufacturing's counterclaim for a declaratory judgment that Flexi-Mat's '502 patent is unenforceable under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112, fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Dallas Manufacturing's counterclaim for a declaratory judgment that Flexi-Mat's '502 patent is unenforceable under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112, fails to state a claim with particularity as required by Fed.R.Civ.P. 9(b).

**PRAYER FOR RELIEF**

WHEREFORE, counter-defendant Flexi-Mat prays for the following relief:

A. That this Court enter judgment in its favor and against Dallas Manufacturing;

B. That this Court dismiss Dallas Manufacturing's counterclaim with prejudice;

C. That this Court award Flexi-Mat it reasonable costs and attorneys' fees for having to defend itself in this matter; and

D. That this Court award to Flexi-Mat such other and further relief as may be just and appropriate.

**FLEXI-MAT CORPORATION**

Dated: March 23, 2004            By:              /s/

John J. Cotter (BBO #554524)
Testa, Hurwitz & Thibeault, LLP
125 High Street
Boston, MA 02110
Telephone: (617) 248-7000
Facsimile: (617) 248-7100

Of Counsel:
Larry L. Saret
Manotti L. Jenkins
Michael K. Nutter
Michael Best & Friedrich LLP
401 N. Michigan Avenue, Suite 1900
Telephone: (617) 222-0800
Facsimile: (312) 222-0818