IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FLEXI-MAT CORPORATION**, an Illinois corporation,<br><br>        Plaintiff,<br><br>v.<br><br>**DALLAS MANUFACTURING COMPANY, INC.**, a Texas corporation, and **BJ'S WHOLESALE CLUB, INC.**, a Delaware corporation,<br><br>        Defendant.<br><br>AND RELATED CROSS-ACTIONS. | Case No. 04 10162 DPW |

**FLEXI-MAT CORPORATION'S REPLY TO BJ WHOLESALE CLUB, INC.'S COUNTERCLAIM FOR DECLARATORY RELIEF**

In reply to the Counterclaim filed by BJ's Wholesale Club, Inc. ("BJ's Wholesale Club"), counter-defendant Flexi-Mat Corporation ("Flexi-Mat") admits, denies and avers as follows:

**Parties**

23.  BJ's Wholesale Club is a corporation duly organized and existing under the laws of the State of Delaware, having a place of business in Natick, Massachusetts.

**REPLY:** Counter-defendant Flexi-Mat is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Counterclaim and therefore denies such allegations.

24.  On information and belief, Flexi-Mat is a corporation organized under the laws of the State of Illinois, having a place of business located in Chicago, Illinois.

**REPLY:** Admitted.

### Jurisdiction

25. Contingent on the main claim, this Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1367, 2201 and 2202. This counterclaim asserts an action for declaratory judgment of invalidity of claims 1 through 11 of U.S. Patent No. 5,765,502 ("the '502 patent") and non-infringement of those claims by Counter-Claimant Dallas Manufacturing.

**REPLY:** Flexi-Mat admits that this Court has jurisdiction over the Counterclaim and that this Counterclaim purports to assert an action for declaratory judgment of invalidity and non-infringement. Flexi-Mat denies the remainder of this paragraph.

### Facts

26. On or about January 23, 2004, Counter-Defendant Flexi-Mat filed its Complaint in this Court alleging that Counter-Claimant BJ's Wholesale Club, Inc. has infringed, has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '502 patent by offering for sale and selling pet beds under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed" supplied to Counter-Claimant BJ's Wholesale Club by Dallas Manufacturing, as shown in Exhibit B of the Complaint.

**REPLY:** Admitted.

27. In its Complaint, Counter-Defendant Flexi-Mat alleges that it is the owner of the '502 patent.

**REPLY:** Admitted.

28. Counter-Claimant BJ's Wholesale Club denies that any of its activities involving any pet beds supplied by Defendant Dallas Manufacturing have infringed any valid claim of the '502.

**REPLY:** This is not a factual allegation requiring an admission or denial from counter-defendant Flexi-Mat. Notwithstanding, Flexi-Mat denies the allegation that BJ's Wholesale Club's offers for sale and sale of the accused pet bed does not infringe Flexi-Mat's '502 patent.

### Counterclaim For Declaration Of Invalidity, Unenforceability And Non-Infringement Of U.S. Patent No. 5,765,502

29. Counter-Claimant BJ's Wholesale Club repeats and realleges each and every allegation contained in paragraphs 23 to 28 above as though fully set forth herein.

**REPLY:**  Counter-defendant Flexi-Mat incorporates herein by reference the admission, denials and averments in paragraphs 23-28 above.

30. Upon information and belief, each and every claim of the '502 patent is invalid and/or unenforceable under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

**REPLY:**  Denied.

31. Counter-Claimant BJ's Wholesale Club alleges that none of its activities involving any pet beds supplied to Counter-Claimant BJ's Wholesale Club by Dallas Manufacturing constitute direct infringement, contributory infringement, or inducement of infringement of any claims of the '502 patent, either literally or under the doctrine of equivalents.

**REPLY:**  Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

BJ's Wholesale Club's counterclaim for a declaratory judgment that Flexi-Mat's '502 patent is unenforceable under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

BJ's Wholesale Club's counterclaim for a declaratory judgment that Flexi-Mat's '502 patent is unenforceable under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112, fails to state a claim with particularity as required by Fed.R.Civ.P. 9(b).

## PRAYER FOR RELIEF

WHEREFORE, counter-defendant Flexi-Mat prays for the following relief:

A. That this Court enter judgment in its favor and against BJ's Wholesale Club;

B. That this Court dismiss BJ's Wholesale Club's counterclaim with prejudice;

C. That this Court award Flexi-Mat it reasonable costs and attorneys' fees for having to defend itself in this matter; and

D. That this Court award to Flexi-Mat such other and further relief as may be just and appropriate.

**FLEXI-MAT CORPORATION**

Dated: April 7, 2004

By: _____/s/_____
John J. Cotter (BBO #554524)
Testa, Hurwitz & Thibeault, LLP
125 High Street
Boston, MA 02110
Telephone: (617) 248-7000
Facsimile: (617) 248-7100

Of Counsel:
Larry L. Saret
Manotti L. Jenkins
Michael K. Nutter
Michael Best & Friedrich LLP
401 N. Michigan Avenue, Suite 1900
Telephone: (617) 222-0800
Facsimile: (312) 222-0818

3050241_1