# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation, )<br><br>Plaintiff, )<br><br>v. )<br><br>DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, and BJ'S WHOLESALE CLUB, INC., a Delaware corporation, )<br><br>Defendants. )<br>_____ )<br>DALLAS MANUFACTURING COMPANY, INC., a corporation, )<br><br>Counter-Claimant, )<br><br>v. )<br><br>FLEXI-MAT CORPORATION, a corporation, )<br><br>Counter-Defendant. )<br>_____ )<br>BJ'S WHOLESALE CLUB, INC., a corporation, )<br><br>Counter-Claimant, )<br><br>v. )<br><br>FLEXI-MAT CORPORATION, a corporation, )<br><br>Counter-Defendant. ) | Civil Action No. 04 10162 DPW |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF BJ'S WHOLESALE CLUB, INC. FOR DECLARATORY RELIEF

In response to the Complaint filed by Plaintiff Flexi-Mat Corporation ("Flexi-Mat") dated January 23, 2004 (the "Complaint"), Defendant BJ's Wholesale Club, Inc. ("BJ's Wholesale Club") admits, denies and avers as follows:

### Nature and Statutory Basis of Action

1.      In response to paragraph 1 of the Complaint, Defendant BJ's Wholesale Club admits that the Complaint purports to state a civil action arising under the laws of the United States relating to patents, 35 U.S.C. § 100 et seq.

### The Parties

2.      Defendant BJ's Wholesale Club is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies such allegations.

3.      Defendant BJ's Wholesale Club admits that Defendant Dallas Manufacturing Company, Inc. ("Dallas Manufacturing") distributes certain pet beds to BJ's Wholesale Club within the District of Massachusetts and elsewhere in the United States. Defendant BJ's Wholesale Club is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of the Complaint and therefore denies such allegations.

4.      In response to paragraph 4 of the Complaint, Defendant BJ's Wholesale Club admits that it is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 1 Mercer Road, Natick, Massachusetts 01760-2400. Defendant BJ's Wholesale Club admits that it owns and operates warehouse club stores, known as "BJ's Wholesale Club," within the District of Massachusetts and elsewhere in the United States that offer for sale and sell pet beds and other products.

## Jurisdiction and Venue

5.     In response to paragraph 5 of the Complaint, Defendant BJ's Wholesale Club admits that the Court has subject matter jurisdiction.

6.     In response to paragraph 6 of the Complaint, Defendant BJ's Wholesale Club admits that the Court has personal jurisdiction over it.  Defendant BJ's Wholesale Club denies that it has committed acts of infringement arising out of its sales of pet bed products supplied to it by Defendant Dallas Manufacturing.  Defendant BJ's Wholesale Club denies that Defendant Dallas Manufacturing has sold within the District of Massachusetts pet bed products to Defendant BJ's Wholesale Club that infringe the asserted patent.  Defendant BJ's Wholesale Club denies that it has offered to sell or has sold within the District of Massachusetts any pet bed products supplied by Defendant Dallas Manufacturing that infringe the asserted patent. Defendant BJ's Wholesale Club denies the remaining allegations of paragraph 6 of the Complaint.

7.     Defendant BJ's Wholesale Club admits that venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).  Defendant BJ's Wholesale Club denies that it has committed any acts of infringement as a result of offering to sell or selling any pet bed products supplied to it by Defendant Dallas Manufacturing.  Defendant BJ's Wholesale Club denies the remaining allegations of paragraph 7 of the Complaint.

## Factual Background

8.     Defendant BJ's Wholesale Club admits that U.S. Patent No. 5,765,502 ("the '502 patent") is entitled "Pet Bed with Removable Bolster" and was issued by the United States Patent and Trademark Office on June 16, 1998.  Defendant BJ's Wholesale Club denies that the '502 patent was duly or legally issued, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint and therefore denies such allegations.

9.     Defendant BJ's Wholesale Club admits that the '502 patent names Scott Haugh as the inventor of the '502 patent and names Flexi-Mat as the assignee of the '502 patent. Defendant BJ's Wholesale Club is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations of paragraph 9 of the Complaint and therefore denies such allegations.

10.    Defendant BJ's Wholesale Club admits that it has offered for sale and sold pet beds under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed." Defendant BJ's Wholesale Club denies that the pet beds supplied by Defendant Dallas Manufacturing that are offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed" are made substantially as described in the '502 patent. Defendant BJ's Wholesale Club denies the remaining allegations of paragraph 10 of the Complaint.

11.    Defendant BJ's Wholesale Club admits that Defendant Dallas Manufacturing distributes to Defendant BJ's Wholesale Club a bed offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed" at Defendant BJ's Wholesale Club stores within the District of Massachusetts and elsewhere in the United States. Defendant BJ's Wholesale Club is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the Complaint and therefore denies such allegations.

## COUNT I

### Alleged Infringement of U.S. Patent No. 5,765,502

12.    Defendant BJ's Wholesale Club incorporates herein by reference the admissions, denials and averments set forth in paragraphs 1-11 above.

13.    Defendant BJ's Wholesale Club admits that Defendant Dallas Manufacturing has sold to Defendant BJ's Wholesale Club a pet bed offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed" at Defendant BJ's Wholesale Club stores within the District of Massachusetts and elsewhere in the United States. Defendant BJ's Wholesale Club denies that the "Berkeley & Jensen Premium Quality Bolster Pet Bed" that Defendant Dallas Manufacturing supplies to it is made substantially as claimed in the '502 patent. Defendant BJ's Wholesale Club is without knowledge or information sufficient to form a belief as to whether Dallas Manufacturing imports pet beds into the United States and therefore

denies such allegations. Defendant BJ's Wholesale Club denies the remaining allegations of paragraph 13 of the Complaint.

14.     Defendant BJ's Wholesale Club admits that it has offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed" certain pet beds supplied by Defendant Dallas Manufacturing. Defendant BJ's Wholesale Club denies that it has infringed, has induced others to infringe, or has committed acts of contributory infringement of any claims of the '502 patent arising out of any activities involving any pet beds supplied by Defendant Dallas Manufacturing. Defendant BJ's Wholesale Club denies the remaining allegations of paragraph 14 of the Complaint.

15.     Defendant BJ's Wholesale Club denies the allegations of paragraph 15 of the Complaint.

16.     In response to paragraph 16 of the Complaint, Defendant BJ's Wholesale Club is without knowledge or information sufficient to form a belief as to the price of Plaintiff Flexi-Mat's allegedly patented product and therefore denies such allegations. Defendant BJ's Wholesale Club denies the remaining allegations of paragraph 16 of the Complaint.

17.     Defendant BJ's Wholesale Club denies the allegations of paragraph 17 of the Complaint.

18.     Defendant BJ's Wholesale Club denies the allegations of paragraph 18 of the Complaint.

### Prayer for Relief

Defendant BJ's Wholesale Club denies that Plaintiff Flexi-Mat is entitled to judgment or to any of the relief requested in paragraphs A through H of the prayer for relief in the Complaint.

### First Affirmative Defense

19.     Defendant BJ's Wholesale Club has not infringed and does not infringe any valid claim of the '502 patent, either literally or under the doctrine of equivalents, by reason of any activities involving any pet beds supplied to Defendant BJ's Wholesale Club by Defendant Dallas Manufacturing. Defendant BJ's Wholesale Club has not induced and is not inducing

infringement of any valid claim of the '502 patent, and has not and is not committing acts constituting contributory infringement of any valid claim of the '502 patent, by reason of any activities involving any pet beds supplied by Defendant Dallas Manufacturing.

### Second Affirmative Defense

20.     Each and every claim of the '502 patent is invalid and/or unenforceable under one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

### Third Affirmative Defense

21.     By virtue of the arguments made during the prosecution of the application for the '502 patent in order to obtain allowance of the claims, Plaintiff Flexi-Mat is estopped from asserting a claim construction that would encompass any pet beds supplied to Defendant BJ's Wholesale Club by Defendant Dallas Manufacturing.

### Fourth Affirmative Defense

22.     Plaintiff Flexi-Mat's claims against Defendant BJ's Wholesale Club are barred by the doctrines of laches, estoppel, waiver and unclean hands.

### COUNTERCLAIM FOR DECLARATORY RELIEF

Counter-Claimant BJ's Wholesale Club, for its counterclaim against Counter-Defendant Flexi-Mat, avers as follows:

### Parties

23.     BJ's Wholesale Club is a corporation duly organized and existing under the laws of the State of Delaware, having a place of business in Natick, Massachusetts.

24.     On information and belief, Flexi-Mat is a corporation organized under the laws of the State of Illinois, having a place of business in Chicago, Illinois.

## Jurisdiction

25.     Contingent on the main claim, this Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1367, 2201 and 2202.  This counterclaim asserts an action for declaratory judgment of invalidity of claims 1 through 11 of U.S. Patent No. 5,765,502 ("the '502 patent") and non-infringement of those claims by Counter-Claimant BJ's Wholesale Club.

## Facts

26.     On or about January 23, 2004, Counter-Defendant Flexi-Mat filed its Complaint in this Court alleging that Counter-Claimant BJ's Wholesale Club has infringed, has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '502 patent by offering for sale and selling pet beds under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed" supplied to Counter-Claimant BJ's Wholesale Club by Dallas Manufacturing, as shown in Exhibit B of the Complaint.

27.     In its Complaint, Counter-Defendant Flexi-Mat alleges that it is the owner of the '502 patent.

28.     Counter-Claimant BJ's Wholesale Club denies that any of its activities involving any pet beds supplied by Defendant Dallas Manufacturing have infringed any valid claim of the '502 patent.

## Counterclaim for Declaration of Invalidity, Unenforceability
## and Non-Infringement of U.S. Patent No. 5,765,502

29.     Counter-Claimant BJ's Wholesale Club repeats and realleges each and every allegation contained in paragraphs 23 to 28 above as though fully set forth herein.

30.     Upon information and belief, each and every claim of the '502 patent is invalid and/or unenforceable under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

31.     Counter-Claimant BJ's Wholesale Club alleges that none of its activities involving any pet beds supplied to Counter-Claimant BJ's Wholesale Club by Dallas Manufacturing

constitute direct infringement, contributory infringement, or inducement of infringement of any claims of the '502 patent, either literally or under the doctrine of equivalents.

## Prayer

WHEREFORE, Counter-Claimant BJ's Wholesale Club respectfully requests that this Court order judgment in its favor on the counterclaim set forth above, and award it relief including, but not limited to, the following:

a.    Dismissal of Counter-Defendant Flexi-Mat's claims with prejudice and entry of an order denying Flexi-Mat relief in this action;

b.    Entry of a declaratory judgment adjudging that each and every claim of the '502 patent is invalid and/or unenforceable;

c.    Entry of a declaratory judgment adjudging that Counter-Claimant BJ's Wholesale Club has not infringed any claim of the '502 patent by reason of any activities involving pet beds supplied to Counter-Claimant BJ's Wholesale Club by Dallas Manufacturing;

d.    An injunction permanently enjoining and restraining Counter-Defendant Flexi-Mat and its officers, agents, representatives, employees, attorneys, partners and those in active concert or participation with them from asserting, enforcing, or attempting to enforce the '502 patent against Counter-Claimant BJ's Wholesale Club and its distributors and customers;

e.    A declaration that this action is an exceptional case and an award to Counter-Claimant BJ's Wholesale Club of its attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

f.    An award to Counter-Claimant BJ's Wholesale Club of its costs of suit; and

g.    A grant to Counter-Claimant BJ's Wholesale Club of such other relief as the Court

may deem just and appropriate.

Attorneys for Defendant and Counter-Claimant
BJ'S WHOLESALE CLUB, INC.


James J. Marcellino (BBO # 318840)
David M. Mello (BBO # 634722)
MCDERMOTT, WILL & EMERY
28 State Street
Boston, MA  02109
(617) 535-4000

Dated:  March 9, 2004

Of Counsel:
Gary A. Clark
Darren M. Franklin
Sheppard, Mullin, Richter & Hampton LLP
  A Limited Liability Partnership
  Including Professional Corporations
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
Telephone:  (213) 620-1780
Facsimile:  (213) 620-1398


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Plaintiff's counsel, John J. Cotter, Esq., Testa, Hurwitz & Thibeault, LLP, 125 High Street, Boston, MA 02110, via hand delivery.

James J. Marcellino

BST99 1398747-1.028634.0010