## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, BJ'S WHOLESALE CLUB, INC., a Delaware corporation, and DOSKOCIL MANUFACTURING COMPANY, INC., a Texas corporation,<br><br>              Defendants. | Civil Action No. 04 10162 DPW<br><br>**(1) ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANT DALLAS MANUFACTURING COMPANY, INC.**<br><br>**(2) COUNTERCLAIM OF DALLAS MANUFACTURING COMPANY, INC. FOR DECLARATORY RELIEF** |
| DALLAS MANUFACTURING COMPANY, INC., a corporation,<br><br>              Counter-Claimant,<br><br>    v.<br><br>FLEXI-MAT CORPORATION, a corporation,<br><br>              Counter-Defendant. | |
| BJ'S WHOLESALE CLUB, INC., a corporation,<br><br>              Counter-Claimant,<br><br>    v.<br><br>FLEXI-MAT CORPORATION, a corporation,<br><br>              Counter-Defendant. | |

## ANSWER TO FIRST AMENDED COMPLAINT
## AND AFFIRMATIVE DEFENSES

In response to the First Amended Complaint filed by Plaintiff Flexi-Mat Corporation ("Flexi-Mat") dated August 31, 2004 (the "First Amended Complaint"), Defendant Dallas Manufacturing Company, Inc. ("Dallas Manufacturing") admits, denies and avers as follows:

### Nature and Statutory Basis of Action

1.  In response to paragraph 1 of the First Amended Complaint, Defendant Dallas Manufacturing admits that the First Amended Complaint purports to state a civil action arising under the laws of the United States relating to patents, 35 U.S.C. § 100 et seq.

### The Parties

2.  Defendant Dallas Manufacturing is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the First Amended Complaint and therefore denies such allegations.

3.  In response to paragraph 3 of the First Amended Complaint, Defendant Dallas Manufacturing admits that it is a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business at 4215 McEwen Road, Dallas, Texas 75244, and that it imports and distributes pet beds and other pet products, and distributes certain pet beds to BJ's Wholesale Club, Inc. ("BJ's Wholesale Club") within the District of Massachusetts and elsewhere in the United States.

4.  In response to paragraph 4 of the First Amended Complaint, Defendant Dallas Manufacturing admits that Defendant BJ's Wholesale Club is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 1 Mercer Road, Natick, Massachusetts 01760-2400, and that Defendant BJ's Wholesale Club owns and operates warehouse club stores, known as "BJ's Wholesale Club," within the District of Massachusetts and elsewhere in the United States that offer for sale and sell pet beds and other products.

5. Defendant Dallas Manufacturing is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the First Amended Complaint and therefore denies such allegations.

### Jurisdiction and Venue

6. In response to paragraph 6 of the First Amended Complaint, Defendant Dallas Manufacturing admits that the Court has subject matter jurisdiction.

7. In response to paragraph 7 of the First Amended Complaint, Defendant Dallas Manufacturing admits that the Court has personal jurisdiction over it, denies that it has committed acts of infringement, denies that it has imported into the United States or sold within the District of Massachusetts pet beds to Defendant BJ's Wholesale Club that infringe the asserted patent, and denies that Defendant BJ's Wholesale Club has offered to sell or has sold within the District of Massachusetts any pet bed supplied by Defendant Dallas Manufacturing that infringes the asserted patent. Defendant Dallas Manufacturing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 and therefore denies such allegations.

8. In response to paragraph 8 of the First Amended Complaint, Defendant Dallas Manufacturing admits that venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), denies that it has committed any acts of infringement, denies that Defendant BJ's Wholesale Club has committed any acts of infringement as a result of offering to sell or selling any pet bed products supplied by Defendant Dallas Manufacturing, and denies the remaining allegations of paragraph 8.

### Factual Background

9. In response to paragraph 9 of the First Amended Complaint, Defendant Dallas Manufacturing admits that U.S. Patent No. 5,765,502 ("the '502 patent") is entitled "Pet Bed with Removable Bolster," admits that the '502 patent was issued by the United States Patent and Trademark Office ("PTO") on June 16, 1998, and denies that the '502 patent was duly or legally issued. Defendant Dallas Manufacturing is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations of paragraph 9 and therefore denies such allegations.

10. In response to paragraph 10 of the First Amended Complaint, Defendant Dallas Manufacturing admits that the '502 patent names Scott Haugh as the inventor of the '502 patent, and admits that the '502 patent names Flexi-Mat as the assignee of the '502 patent. Defendant Dallas Manufacturing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 and therefore denies such allegations.

11. In response to paragraph 11 of the First Amended Complaint, Defendant Dallas Manufacturing admits that it imports into the United States and distributes to Defendant BJ's Wholesale Club a bed offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed" at Defendant BJ's Wholesale Club stores within the District of Massachusetts and elsewhere in the United States, admits that Defendant BJ's Wholesale Club has offered for sale and sold pet beds under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed," and denies that the pet beds supplied by it that are offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed" are made substantially as claimed and described in the '502 patent. Defendant Dallas Manufacturing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 and therefore denies such allegations.

12. Defendant Dallas Manufacturing is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the First Amended Complaint and therefore denies such allegations.

## Count I

### Alleged Infringement of U.S. Patent No. 5,765,502 by Dallas Manufacturing and BJ's Wholesale Club

13. Defendant Dallas Manufacturing incorporates herein by reference the admissions, denials and averments set forth in paragraphs 1-12 above.

14. In response to paragraph 14 of the First Amended Complaint, Defendant Dallas Manufacturing admits that it has imported into the United States and sold to Defendant BJ's

Wholesale Club a pet bed offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed" at Defendant BJ's Wholesale Club stores within the District of Massachusetts and elsewhere in the United States, denies that it has infringed, has induced others to infringe, or has committed acts of contributory infringement of any claims of the '502 patent, denies that the "Berkeley & Jensen Premium Quality Bolster Pet Bed" it supplies to Defendant BJ's Wholesale Club is made substantially as claimed in the '502 patent, and denies the remaining allegations of paragraph 14.

15. In response to paragraph 15 of the First Amended Complaint, Defendant Dallas Manufacturing admits that Defendant BJ's Wholesale Club has offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed" certain pet beds supplied by Defendant Dallas Manufacturing, denies that Defendant BJ's Wholesale Club has infringed, has induced others to infringe, or has committed acts of contributory infringement of any claims of the '502 patent arising out of any activities involving any pet beds supplied by Defendant Dallas Manufacturing, and denies the remaining allegations of paragraph 15.

16. Defendant Dallas Manufacturing denies the allegations of paragraph 16 of the First Amended Complaint.

17. In response to paragraph 17 of the First Amended Complaint, Defendant Dallas Manufacturing is without knowledge or information sufficient to form a belief as to the price of Plaintiff Flexi-Mat's allegedly patented product and therefore denies such allegations. Defendant Dallas Manufacturing denies the remaining allegations of paragraph 17.

18. Defendant Dallas Manufacturing denies the allegations of paragraph 18 of the First Amended Complaint.

19. Defendant Dallas Manufacturing denies the allegations of paragraph 19 of the First Amended Complaint.

## Count II

### Alleged Infringement of U.S. Patent No. 5,765,502 by Doskocil and BJ's Wholesale Club

20. Defendant Dallas Manufacturing incorporates herein by reference the admissions, denials and averments set forth in paragraphs 1-19 above.

21. Defendant Dallas Manufacturing denies the allegations of paragraph 21 of the First Amended Complaint to the extent such allegations are directed against Defendant Dallas Manufacturing. Defendant Dallas Manufacturing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 and therefore denies such allegations.

22. Defendant Dallas Manufacturing denies the allegations of paragraph 22 of the First Amended Complaint to the extent such allegations are directed against Defendant Dallas Manufacturing. Defendant Dallas Manufacturing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 and therefore denies such allegations.

23. Defendant Dallas Manufacturing denies the allegations of paragraph 23 of the First Amended Complaint to the extent such allegations are directed against Defendant Dallas Manufacturing. Defendant Dallas Manufacturing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 and therefore denies such allegations.

24. Defendant Dallas Manufacturing denies the allegations of paragraph 24 of the First Amended Complaint to the extent such allegations are directed against Defendant Dallas Manufacturing. Defendant Dallas Manufacturing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 and therefore denies such allegations.

25. Defendant Dallas Manufacturing denies the allegations of paragraph 25 of the First Amended Complaint to the extent such allegations are directed against Defendant Dallas Manufacturing. Defendant Dallas Manufacturing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 and therefore denies such allegations.

## Prayer for Relief

Defendant Dallas Manufacturing denies that Plaintiff Flexi-Mat is entitled to judgment or to any of the relief requested in paragraphs A through H of the prayer for relief in the First Amended Complaint.

## First Affirmative Defense

26.  Defendant Dallas Manufacturing has not infringed and does not infringe any valid claim of the '502 patent, either literally or under the doctrine of equivalents. Defendant Dallas Manufacturing has not induced and is not inducing infringement of any valid claim of the '502 patent, and has not and is not committing acts constituting contributory infringement of any valid claim of the '502 patent.

## Second Affirmative Defense

27.  Each and every claim of the '502 patent is invalid and/or unenforceable under one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

## Third Affirmative Defense

28.  By virtue of the arguments made during the prosecution of the application for the '502 patent in order to obtain allowance of the claims, Plaintiff Flexi-Mat is estopped from asserting a claim construction that would encompass any of Defendant Dallas Manufacturing's products.

## Fourth Affirmative Defense

29.  Plaintiff Flexi-Mat's claims against Defendant Dallas Manufacturing are barred by the doctrines of laches, estoppel, waiver and unclean hands.

## COUNTERCLAIM FOR DECLARATORY RELIEF

Counter-Claimant Dallas Manufacturing, for its counterclaim against Counter-Defendant Flexi-Mat, avers as follows:

### Parties

30. Dallas Manufacturing is a corporation duly organized and existing under the laws of the State of Texas, with a place of business in Dallas, Texas.

31. On information and belief, Flexi-Mat is a corporation organized under the laws of the State of Illinois, having a place of business located in Chicago, Illinois.

### Jurisdiction

32. Contingent on the main claim, this Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1367, 2201 and 2202. This counterclaim asserts an action for declaratory judgment of invalidity of claims 1 through 11 of U.S. Patent No. 5,765,502 ("the '502 patent") and non-infringement of those claims by Counter-Claimant Dallas Manufacturing.

### Facts

33. Counter-Defendant Flexi-Mat's First Amended Complaint alleges that Counter-Claimant Dallas Manufacturing has infringed, has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '502 patent by importing into the United States and selling to BJ's Wholesale Club stores in this district and elsewhere in the United States pet beds that are offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed."

34. In its First Amended Complaint, Counter-Defendant Flexi-Mat alleges that it is the owner of the '502 patent.

35. Counter-Claimant Dallas Manufacturing denies that its activities have infringed any valid claim of the '502 patent.

### Counterclaim for Declaration of Invalidity, Unenforceability and Non-Infringement of U.S. Patent No. 5,765,502

36. Counter-Claimant Dallas Manufacturing repeats and realleges each and every allegation contained in paragraphs 30 to 35 above as though fully set forth herein.

37. Upon information and belief, each and every claim of the '502 patent is invalid and/or unenforceable under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

38. Counter-Claimant Dallas Manufacturing alleges that its activities do not constitute direct infringement, contributory infringement, or inducement of infringement of any claims of the '502 patent, either literally or under the doctrine of equivalents.

### Prayer

WHEREFORE, Counter-Claimant Dallas Manufacturing respectfully requests that this Court order judgment in its favor on the counterclaim set forth above, and award it relief including, but not limited to, the following:

a. Dismissal of Counter-Defendant Flexi-Mat's claims with prejudice and entry of an order denying Flexi-Mat relief in this action;

b. Entry of a declaratory judgment adjudging that each and every claim of the '502 patent is invalid and/or unenforceable;

c. Entry of a declaratory judgment adjudging that Counter-Claimant Dallas Manufacturing has not infringed any claim of the '502 patent;

d. An injunction permanently enjoining and restraining Counter-Defendant Flexi-Mat and its officers, agents, representatives, employees, attorneys, partners and those in active concert or participation with them from asserting, enforcing, or attempting to enforce the '502 patent against Counter-Claimant Dallas Manufacturing and its distributors and customers, including BJ's Wholesale Club;

e. A declaration that this action is an exceptional case and an award to Counter-Claimant Dallas Manufacturing of its attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

f. An award to Counter-Claimant Dallas Manufacturing of its costs of suit; and

///
///
///
///
///
///

  g. A grant to Counter-Claimant Dallas Manufacturing of such other relief as the Court may deem just and appropriate.

           Attorneys for Defendants and Counter-Claimants
           DALLAS MANUFACTURING COMPANY, INC.
           AND BJ'S WHOLESALE CLUB, INC.

           _____
           Gary A. Clark (pro hac vice)
           Darren M. Franklin (pro hac vice)
           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
            A Limited Liability Partnership
            Including Professional Corporations
           333 South Hope Street, 48th Floor
           Los Angeles, California 90071-1448
           (213) 620-1780

Dated: September 13, 2004

James J. Marcellino, Esq. (BBO # 318840)
David M. Mello, Esq. (BBO # 634722)
MCDERMOTT, WILL & EMERY
28 State Street
Boston, MA 02109-1775
(617) 535-4000