UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 30  A 11: 07

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, BJ'S WHOLESALE CLUB, INC., a Delaware corporation, and DOSKOCIL MANUFACTURING COMPANY, INC., a Texas corporation,<br><br>        Defendants. | Civil Action No. 04 10162 DPW<br><br>**(1) ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANT DOSKOCIL MANUFACTURING COMPANY, INC.**<br><br>**(2) COUNTERCLAIM OF DOSKOCIL MANUFACTURING COMPANY, INC. FOR DECLARATORY RELIEF** |
| DALLAS MANUFACTURING COMPANY, INC., a corporation,<br><br>        Counter-Claimant,<br><br>    v.<br><br>FLEXI-MAT CORPORATION, a corporation,<br><br>        Counter-Defendant. | |
| BJ'S WHOLESALE CLUB, INC., a corporation,<br><br>        Counter-Claimant,<br>    v.<br>FLEXI-MAT CORPORATION, a corporation,<br><br>        Counter-Defendant. | |
| DOSKOCIL MANUFACTURING COMPANY, INC., a corporation,<br><br>        Counter-Claimant,<br>    v.<br>FLEXI-MAT CORPORATION, a corporation,<br><br>        Counter-Defendant. | |

## ANSWER TO FIRST AMENDED COMPLAINT
## AND AFFIRMATIVE DEFENSES

In response to the First Amended Complaint filed by Plaintiff Flexi-Mat Corporation ("Flexi-Mat") dated August 31, 2004 (the "First Amended Complaint"), Defendant Doskocil Manufacturing Company, Inc. ("Doskocil") admits, denies and avers as follows:

### Nature and Statutory Basis of Action

1.  In response to paragraph 1 of the First Amended Complaint, Defendant Doskocil admits that the First Amended Complaint purports to state a civil action arising under the laws of the United States relating to patents, 35 U.S.C. § 100 et seq.

### The Parties

2.  Defendant Doskocil is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the First Amended Complaint and therefore denies such allegations.

3.  Defendant Doskocil is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the First Amended Complaint and therefore denies such allegations.

4.  In response to paragraph 4 of the First Amended Complaint, Defendant Doskocil admits that BJ's Wholesale Club, Inc. owns and operates warehouse club stores, known as "BJ's Wholesale Club," within the District of Massachusetts and elsewhere in the United States that offer for sale and sell pet beds and other products. Defendant Doskocil is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 and therefore denies such allegations.

5.  In response to paragraph 5 of the First Amended Complaint, Defendant Doskocil admits that Doskocil is a corporation duly organized and existing under the laws of the State of Texas, having its principal place of business at 4209 Barnett Blvd., Arlington, Texas 76017. Doskocil admits that Doskocil has sold pet beds to Defendant BJ's Wholesale Club, Inc. Doskocil admits that Doskocil distributes and sells pet beds and other products to retailers in this district and elsewhere in the United States.

6. Doskocil denies that Doskocil manufactures pet beds and other products in this district. Doskocil denies that Doskocil sells pet beds and other products to consumers in this district.

## Jurisdiction and Venue

7. In response to paragraph 6 of the First Amended Complaint, Defendant Doskocil admits that the Court has subject matter jurisdiction.

8. In response to paragraph 7 of the First Amended Complaint, Defendant Doskocil admits that the Court has personal jurisdiction over it, admits that it has offered to sell and has sold its pet beds to BJ's Wholesale Club, denies that it has committed acts of infringement arising out of its sales of pet beds to Defendant BJ's Wholesale Club. Defendant Doskocil is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 and therefore denies such allegations.

9. In response to paragraph 8 of the First Amended Complaint, Defendant Doskocil admits that venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), denies that it has committed any acts of infringement as a result of offering to sell or selling any pet bed products, and denies the remaining allegations of paragraph 8.

## Factual Background

10. In response to paragraph 9 of the First Amended Complaint, Defendant Doskocil admits that U.S. Patent No. 5,765,502 ("the '502 patent") is entitled "Pet Bed with Removable Bolster," admits that the '502 patent was issued by the United States Patent and Trademark Office on June 16, 1998, and denies that the '502 patent was duly or legally issued. Defendant Doskocil is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 and therefore denies such allegations.

11. In response to paragraph 10 of the First Amended Complaint, Defendant Doskocil admits that the '502 patent names Scott Haugh as the inventor of the '502 patent, and admits that the '502 patent names Flexi-Mat as the assignee of the '502 patent. Defendant Doskocil is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 and therefore denies such allegations.

12. In response to paragraph 11 of the First Amended Complaint, Defendant Doskocil is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies such allegations.

13. In response to paragraph 12 of the First Amended Complaint, Defendant Doskocil admits that Defendant Doskocil sells to Defendant BJ's Wholesale Club a pet bed offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed" to purchasers in the United States, and denies that the pet beds supplied by Defendant Doskocil that are offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed" are made substantially as claimed and described in the '502 patent. Defendant Doskocil is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 and therefore denies such allegations.

### Count I

### Alleged Infringement of U.S. Patent No. 5,765,502 by Dallas Manufacturing and BJ's Wholesale Club

14. Defendant Doskocil incorporates herein by reference the admissions, denials and averments set forth in paragraphs 1-12 above.

15. In response to paragraph 14 of the First Amended Complaint, Defendant Doskocil is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies such allegations.

16. In response to paragraph 15 of the First Amended Complaint, Defendant Doskocil is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies such allegations.

17. In response to paragraph 16, Defendant Doskocil is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies such allegations.

18. In response to paragraph 17 of the First Amended Complaint, Defendant Doskocil is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies such allegations.

BST99 1427194-1.072263.0011

19. In response to paragraph 18, Defendant Doskocil is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies such allegations.

20. In response to paragraph 19, Defendant Doskocil is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies such allegations.

## Count II

### Alleged Infringement of U.S. Patent No. 5,765,502 by Doskocil and BJ's Wholesale Club

21. Defendant Doskocil incorporates herein by reference the admissions, denials and averments set forth in paragraphs 1-19 above.

22. In response to paragraph 21 of the First Amended Complaint, Defendant Doskocil admits that Defendant Doskocil has sold to Defendant BJ's Wholesale Club a pet bed offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed" at Defendant BJ's Wholesale Club stores in the United States. Defendant Doskocil denies the remaining allegations of paragraph 21.

23. Defendant Doskocil denies the allegations of paragraph 22 of the First Amended Complaint.

24. In response to paragraph 23 of the First Amended Complaint, Defendant Doskocil is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies such allegations.

25. Defendant Doskocil denies the allegations of paragraph 24 of the First Amended Complaint.

26. Defendant Doskocil denies the allegations of paragraph 25 of the First Amended Complaint.

### Prayer for Relief

Defendant Doskocil denies that Plaintiff Flexi-Mat is entitled to judgment or to any of the relief requested in paragraphs A through H of the prayer for relief in the First Amended Complaint.

### First Affirmative Defense

27.     Defendant Doskocil has not infringed and does not infringe any valid claim of the '502 patent, either literally or under the doctrine of equivalents. Defendant Doskocil has not induced and is not inducing infringement of any valid claim of the '502 patent, and has not and is not committing acts constituting contributory infringement of any valid claim of the '502 patent.

### Second Affirmative Defense

28.     Each and every claim of the '502 patent is invalid and/or unenforceable under one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

### Third Affirmative Defense

29.     By virtue of the arguments made during the prosecution of the application for the '502 patent in order to obtain allowance of the claims, and statements made in the '502 patent, Plaintiff Flexi-Mat is estopped from asserting a claim construction that would encompass any pet beds supplied, manufactured or sold by Defendant Doskocil.

### Fourth Affirmative Defense

30.     Plaintiff Flexi-Mat's claims against Defendant Doskocil are barred by the doctrines of laches, estoppel, waiver and unclean hands.

### COUNTERCLAIM FOR DECLARATORY RELIEF

Counter-Claimant Doskocil, for its counterclaim against Counter-Defendant Flexi-Mat, avers as follows:

### Parties

31.     Doskocil is a corporation duly organized and existing under the laws of the State of Texas, having a place of business in Arlington, Texas.

32.     On information and belief, Flexi-Mat is a corporation organized under the laws of the State of Illinois, having a place of business in Chicago, Illinois.

### Jurisdiction

33.     Contingent on the main claim, this Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1367, 2201 and 2202. This counterclaim asserts an action

BST99 1427194-1.072263.0011

for declaratory judgment of invalidity of claims 1 through 11 of U.S. Patent No. 5,765,502 ("the '502 patent") and non-infringement of those claims by Counter-Claimant Doskocil.

## Facts

34. Counter-Defendant Flexi-Mat's First Amended Complaint alleges that Counter-Claimant Doskocil has infringed, has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '502 patent by making, offering for sale and selling to BJ's Wholesale Club pet beds under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed", as shown in Exhibits C of the First Amended Complaint.

35. In its First Amended Complaint, Counter-Defendant Flexi-Mat alleges that it is the owner of the '502 patent.

36. Counter-Claimant Doskocil denies that any of its pet beds have infringed any valid claim of the '502 patent.

## Counterclaim for Declaration of Invalidity, Unenforceability and Non-Infringement of U.S. Patent No. 5,765,502

37. Counter-Claimant Doskocil repeats and realleges each and every allegation contained in paragraphs 30 to 35 above as though fully set forth herein.

38. Upon information and belief, each and every claim of the '502 patent is invalid and/or unenforceable under one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

39. Counter-Claimant Doskocil alleges that none of its activities constitute direct infringement, contributory infringement, or inducement of infringement of any claims of the '502 patent, either literally or under the doctrine of equivalents.

## Prayer

WHEREFORE, Counter-Claimant Doskocil respectfully requests that this Court order judgment in its favor on the counterclaim set forth above, and award it relief including, but not limited to, the following:

    a. Dismissal of Counter-Defendant Flexi-Mat's claims with prejudice and entry of an order denying Flexi-Mat relief in this action;

b.  Entry of a declaratory judgment adjudging that each and every claim of the '502 patent is invalid and/or unenforceable;

c.  Entry of a declaratory judgment adjudging that Counter-Claimant Doskocil has not infringed any claim of the '502 patent;

d.  An injunction permanently enjoining and restraining Counter-Defendant Flexi-Mat and its officers, agents, representatives, employees, attorneys, partners and those in active concert or participation with them from asserting, enforcing, or attempting to enforce the '502 patent against Counter-Claimant Doskocil and its distributors and customers;

e.  A declaration that this action is an exceptional case and an award to Counter-Claimant Doskocil of its attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

f.  An award to Counter-Claimant Doskocil of its costs of suit; and

g.  A grant to Counter-Claimant Doskocil of such other relief as the Court may deem just and appropriate.

### Jury Demand

Counter-Claimant Doskocil demands a trial by jury as to all jury issues presented in its counterclaim.

Attorneys for Defendant and Counter-Claimant
DOSKOCIL MANUFACTURING COMPANY, INC.

*/s/ James J. Marcellino*

James J. Marcellino, Esq. (BBO # 318840)
David M. Mello, Esq. (BBO # 634722)
MCDERMOTT, WILL & EMERY
28 State Street
Boston, MA 02109-1775
(617) 535-4000

*Of Counsel:*
Roy W. Hardin
Martin Korn
Michael W. Dubner
LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000

Dated: September 29, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Plaintiff's counsel, John J. Cotter, Esq., Testa, Hurwitz & Thibeault, LLP, 125 High Street, Boston, MA 02110, via overnight mail.

/David M. Mello

BST99 1427194-1.072263.0011