IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FLEXI-MAT CORPORATION**, an Illinois corporation,<br><br>   Plaintiff,<br><br>  v.<br><br>**DALLAS MANUFACTURING COMPANY, INC.**, a Texas corporation, **BJ'S WHOLESALE CLUB, INC.**, a Delaware corporation, and **DOSKOCIL MANUFACTURING COMPANY, INC.**, a Texas corporation,<br><br>   Defendants.<br><br>**AND RELATED COUNTERCLAIMS.** | Civil Action No. 04 10162 DPW |

**PLAINTIFF FLEXI-MAT CORPORATION'S REPLY TO THE
COUNTERCLAIM OF DEFENDANT DALLAS MANUFACTURING**

Plaintiff Flexi-Mat Corporation ("Flexi-Mat") hereby replies to the Counterclaim of defendant Dallas Manufacturing Company, Inc. ("Dallas Manufacturing").

**Parties**

30. Dallas Manufacturing is a corporation duly organized and existing under the laws of the State of Texas, with a place of business in Dallas, Texas.

**Reply:**

Flexi-Mat admits, upon information and belief, that Dallas Manufacturing is a corporation duly organized and existing under the laws of the State of Texas, with a place of business in Dallas, Texas.

31. On information and belief, Flexi-Mat is a corporation organized under the laws of the State of Illinois, having a place of business located in Chicago, Illinois.

**Reply:**

Admitted.

### Jurisdiction

32.     Contingent on the main claim, this Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1367, 2201 and 2202.  This counterclaim asserts an action for declaratory judgment of invalidity of claims 1 through 11 of U.S. Patent No. 5,675,502 (the "'502 patent") and non-infringement of those claims by Counter-Claimant Dallas Manufacturing.

**Reply**:

Flexi-Mat admits that this court has supplemental jurisdiction of this Counterclaim pursuant to 28 U.S.C. §§ 1367, 2201 and 2202.  Flexi-Mat further admits that this Counterclaim purports to assert an action for declaratory judgment of invalidity of claims 1 through 11 of the '502 Patent and non-infringement of those claims by Dallas Manufacturing, but denies that the Counterclaim has merit.

### Facts

33.     Counter-Defendant Flexi-Mat's First Amended Complaint alleges that Counter-Claimant Dallas Manufacturing has infringed, has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '502 Patent by importing into the United States and selling to BJ's Wholesale Club stores in this district and elsewhere in the United States pet beds that are offered for sale and sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed."

**Reply**:

Admitted.

34.     In its First Amended Complaint, Counter-Defendant Flexi-Mat alleges that it is the owner of the '502 patent.

**Reply**:

Admitted.

35.     Counter-Claimant Dallas Manufacturing denies that its activities have infringed any valid claim of the '502 patent.

**Reply**:

Flexi-Mat admits that Dallas Manufacturing denies that its activities have infringed any

claim of the '502 Patent, but Flexi-Mat continues to disagree.

## Counterclaim for Declaration of Invalidity, Unenforceability and Non-Infringement of U.S. Patent No. 5,765,502

36.     Counter-Claimant Dallas Manufacturing repeats and realleges each and every allegation contained in paragraphs 30 through 35 above as if fully set forth herein.

**Reply:**

Flexi-Mat repeats and realleges each and every reply to paragraphs 30 through 35 above as if fully set forth herein.

37.     Upon information and belief, each and every claim of the '502 patent is invalid and/or unenforceable under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

**Reply:**

Denied.

38.     Counter-Claimant Dallas Manufacturing alleges that its activities do not constitute direct infringement, contributory infringement, or inducement of infringement of any claims of the '502 patent, either literally or under the doctrine of equivalents.

**Reply:**

Flexi-Mat admits that Dallas Manufacturing alleges that its activities do not constitute direct infringement, contributory infringement or inducement of infringement of any claims of the '502 Patent, either literally or under the doctrine of equivalents, but Flexi-Mat continues to disagree.

## DEFENSES

1.     Each cause of action alleged in the Counterclaim fails to state a claim upon which relief may be granted.

2.     Each and every claim of the '502 Patent is valid.

3.     Dallas Manufacturing infringes one or more claims of the '502 Patent.

WHEREFORE, Plaintiff and Counter-Defendant Flexi-Mat prays that the Court enter judgment in its favor and against Defendant and Counter-Plaintiff Dallas Manufacturing, granting the following relief:

A. Dismiss each Counterclaim with prejudice;

B. Award Flexi-Mat its relief sought in its original Complaint; and

C. Award Flexi-Mat its reasonable attorneys' fees, interest, costs and such other relief as the Court may deem just and equitable.

Dated: October 6, 2004

    s/ Larry L. Saret
    Larry L. Saret *(pro hac vice)*
    Manotti L. Jenkins *(pro hac vice)*
    Michael Best & Friedrich LLP
    401 N. Michigan Avenue
    Suite 1900
    Chicago, IL  60611
    Telephone:  312-222-0800
    Facsimile:  312-222-0818

    John J. Cotter (BBO # 554524)
    TESTA, HURWITZ & THIBEAULT, LLP
    125 High Street
    Boston, Massachusetts  02110
    Telephone:  617-248-7000
    Facsimile:  617-248-7100

    Attorneys for Plaintiff,
    Flexi-Mat Corporation