**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **FLEXI-MAT CORPORATION**, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>**DALLAS MANUFACTURING COMPANY, INC.**, a Texas corporation, **BJ'S WHOLESALE CLUB, INC.**, a Delaware corporation, and **DOSKOCIL MANUFACTURING COMPANY, INC.**, a Texas corporation,<br><br>Defendants. | Civil Action No. 04 10162 DPW |

**PLAINTIFF FLEXI-MAT CORPORATION'S MOTION TO COMPEL DOCUMENTS
AND INTERROGATORY RESPONSES FROM
<u>DEFENDANT DALLAS MANUFACTURING COMPANY, INC.</u>**

The plaintiff, Flexi-Mat Corporation ("Flexi-Mat"), pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37, hereby moves the Court for an Order compelling defendant Dallas Manufacturing Co., Inc. to:

    (a)    produce immediately all non-privileged documents and things responsive to Flexi-Mat's first set of document requests;

    (b)    respond immediately and fully to all interrogatories which Dallas refused to answer on the grounds that the answers contained confidential information; and

    (c)    pay Flexi-Mat's reasonable attorneys' fees and costs incurred in relation to obtaining complete interrogatory answers and document production after the date set by the Federal Rules, including, but not limited to, the cost of this motion, and any additional amount the Court deems appropriate.

This Motion is accompanied by a supporting Memorandum.

Respectfully submitted,

**FLEXI-MAT CORPORATION**

Dated: October 12, 2004    By: s/ Larry L. Saret
John J. Cotter (BBO #554524)
William Meunier
Testa, Hurwitz & Thibeault, LLP
125 High Street
Boston, MA 02110
Telephone: (617) 248-7000
Facsimile: (617) 248-7100

Larry L. Saret (*pro hac vice*)
Manotti L. Jenkins (*pro hac vice*)
MICHAEL BEST & FRIEDRICH LLP
401 N. Michigan Avenue, Suite 1900
Chicago, Illinois 60611-4274

Telephone: (312) 222-0800
Facsimile: (312) 222-0818

Attorneys for Plaintiff, Flexi-Mat Corporation

Pursuant to Local Rules 7.1(a)(2) and 37.1(b), above counsel certifies that it made a reasonable and good faith effort to reach agreement on the contested matters set forth in this motion through various telephone conversations with opposing counsel during the months of September and October 2004, to no avail.