**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **FLEXI-MAT CORPORATION**, an Illinois corporation, <br><br> Plaintiff, <br><br> v. <br><br> **DALLAS MANUFACTURING COMPANY, INC.**, a Texas corporation, **BJ'S WHOLESALE CLUB, INC.**, a Delaware corporation, and **DOSKOCIL MANUFACTURING COMPANY, INC.**, a Texas corporation, <br><br> Defendants. | Civil Action No. 04 10162 DPW |

**PLAINTIFF FLEXI-MAT CORPORATION'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO COMPEL DOCUMENTS AND INTERROGATORY
RESPONSES FROM DEFENDANT DALLAS MANUFACTURING COMPANY, INC.**

On May 25, 2004, plaintiff served defendants with discovery requests, including document requests and interrogatories. It has now been over four months, and defendant Dallas Manufacturing Company, Inc. ("Dallas") continues to withhold responsive, non-privileged documents, despite numerous promises to provide them. Consequently, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1, Flexi-Mat Corporation ("Flexi-Mat") requests that this Court compel defendant Dallas to:

(a)   produce immediately all non-privileged documents and things responsive to Flexi-Mat's first set of document requests;

(b)   respond immediately and fully to all interrogatories which Dallas refused to answer on the grounds that the answers contained confidential information; and

(c)   pay Flexi-Mat's reasonable attorneys' fees and costs incurred in relation to obtaining complete interrogatory answers and document production after the date set by the Federal Rules, including, but not limited to, the cost of this motion, and any additional amount the Court deems appropriate.

## BACKGROUND

### THE PATENT INFRINGEMENT LITIGATION

Flexi-Mat is the owner of U.S. Patent No. 5,765,502 ("the '502 Patent"), directed toward pet beds. On January 23, 2004, Flexi-Mat filed its Complaint for infringement of the '502 Patent against co-defendants Dallas and BJ's Wholesale Club, Inc. ("BJ's") (collectively "co-defendants"). In July 2004, Flexi-Mat sought leave to add another defendant, Doskocil Manufacturing, Inc., which, like co-defendant Dallas, also provides pet beds to co-defendant BJ's. Doskocil answered the Complaint on September 30, 2004.

The May 11, 2004, Scheduling Order set the close of discovery for February 4, 2005. Plaintiff served the discovery at issue here on May 25, 2004. Co-defendants' discovery responses were thus originally due on or about June 28, 2004. After granting co-defendants their requested three-week extension to respond to the discovery requests, on July 19, 2004, co-defendants responded to plaintiff's discovery requests, but refused to provide any documents or answers to certain discovery requests until a protective order was entered. (*See* Exs. A - D.)

After a series of discussions between counsel for the parties, co-defendants refused to agree to a protective order until Doskocil participated in the negotiations to prepare the order. Co-defendants, however, have not identified any particular issue with respect to the protective order that might impact Doskocil differently than them. Later, co-defendants rejected plaintiff's offer to enter into an interim agreement to govern discovery until Doskocil participated in the protective order negotiations. Co-defendants finally agreed, after repeated discussion, to an interim agreement relating to the discovery at issue.

On September 24, 2004, co-defendants agreed in principle to (1) an interim discovery agreement, to be finalized during the week of September 27, 2004, and (2) producing responsive documents and responding to all discovery requests on Friday, October 1, 2004. On Wednesday,

September 29, 2004, co-defendants' counsel confirmed that the interim discovery agreement was satisfactory and that he would be producing documents on Friday, October 1, 2004, as agreed.

On Thursday, September 30, 2004, the eve of their agreed-to deadline for producing documents and responding to outstanding discovery requests, co-defendants' counsel called plaintiff's counsel to request an additional ten days to respond, due to a death in the family of a Dallas in-house paralegal, despite the already three-month delay since their responsive documents should have been served. Plaintiff's counsel, in view of the extended delay of the responses, offered to extend the deadline only until Tuesday, October 5, 2004. Co-defendants' counsel indicated that he would "try" to respond by that date. When plaintiff's counsel indicated that if co-defendants did not produce the discovery by October 5, 2004, plaintiff would be forced to file a motion to compel, co-defendants' counsel responded that it did not matter, because "by the time the Judge rules on it, the ten days will have elapsed."

Flexi-Mat has repeatedly attempted to resolve these discovery disputes amicably without Court intervention. The undersigned counsel has engaged in lengthy telephone conferences with opposing counsel in an attempt to obtain the requested discovery on numerous days in August and September, and attempted to do so again as recently as October 8, 2004. On October 8, co-defendants' counsel indicated that BJ's would produce documents on October 11, but also indicated that Dallas would not. Counsel did not give a definite date by which Dallas would produce the discovery.

**DISCOVERY IN DISPUTE**

Co-defendants have continually delayed their responses to Flexi-Mat's May 25, 2004, discovery requests, as explained above. Even though they have agreed to an interim discovery agreement, they are continuing to delay discovery -- discovery that should have been produced

months ago. Now, notwithstanding a recent promise to produce documents by October 11, Dallas is now refusing to meet even that belated commitment.

### DALLAS HAS REFUSED TO PROVIDE CONFIDENTIAL INFORMATION IN ITS INTERROGATORY ANSWERS AND DOCUMENTS

Dallas refused to answer Interrogatory Nos. 8 and 12-14 or to fully answer Interrogatory Nos. 9 and 11 (Ex. A) because the requests sought "confidential and proprietary information." The co-defendants stated they "will produce confidential information only after the parties have agreed to and the Court has entered a protective order in this action." (Exs. A - D.) Dallas has also refused to produce all documents relating to each of the document requests "to the extent [they] seek[] confidential and proprietary documents" and will produce such documents only after a protective order is entered. (Ex. B.)

Dallas has conceded that the interim confidentiality agreement nullifies co-defendants' concerns over answering this discovery, but has repeatedly reneged on its agreements to respond by October 1, and October 11, 2004. Furthermore, Dallas has not specified any day by which it will produce discovery.

Dallas should not be allowed to flout the rules. Flexi-Mat should not have had to expend time and resources, as well as burden this Court, to force compliance with the Federal Rules. Accordingly, Flexi-Mat believes sanctions are warranted against Dallas in the amount of Flexi-Mat's reasonable attorneys' fees in seeking production of the documents and interrogatory answers after the date set by the Federal Rules, including, but not limited to, the cost of bringing this motion, and any additional amount the Court deems appropriate.

## CONCLUSION

For the foregoing reasons, Flexi-Mat requests the Court to:

(1) Order Dallas Manufacturing to immediately produce all documents and things for which no privilege is asserted and to respond fully to Interrogatory Nos. 8, 9 and 11-14; and

(2) Order Dallas Manufacturing to pay Flexi-Mat's reasonable attorneys' fees and costs incurred in seeking the aforesaid discovery after the dates set by the Federal Rules, including, but not limited, to the costs related to this motion, and any additional amounts the Court deems appropriate.

Respectfully submitted,

**FLEXI-MAT CORPORATION**

Dated: October 12, 2004     By: s/ Larry L. Saret
John J. Cotter (BBO #554524)
William Meunier
Testa, Hurwitz & Thibeault, LLP
125 High Street
Boston, MA 02110
Telephone: (617) 248-7000
Facsimile: (617) 248-7100

Larry L. Saret (*pro hac vice*)
Manotti L. Jenkins (*pro hac vice*)
MICHAEL BEST & FRIEDRICH LLP
401 N. Michigan Avenue, Suite 1900
Chicago, Illinois 60611-4274

Telephone: (312) 222-0800
Facsimile: (312) 222-0818

Attorneys for Plaintiff, Flexi-Mat Corporation