# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation, )<br><br>Plaintiff, )<br><br>v. )<br><br>DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, and BJ'S WHOLESALE CLUB, INC., a Delaware corporation, )<br><br>Defendants. )<br>———————————————<br>DALLAS MANUFACTURING COMPANY, INC., a corporation, )<br><br>Counter-Claimant, )<br><br>v. )<br><br>FLEXI-MAT CORPORATION, a corporation, )<br><br>Counter-Defendant. )<br>———————————————<br>BJ'S WHOLESALE CLUB, INC., a corporation, )<br><br>Counter-Claimant, )<br><br>v. )<br><br>FLEXI-MAT CORPORATION, a corporation, )<br><br>Counter-Defendant. ) | Civil Action No. 04 10162 DPW |

## DEFENDANT DALLAS MANUFACTURING'S RESPONSES AND OBJECTIONS TO PLAINTIFF FLEXI-MAT'S FIRST REQUEST FOR DOCUMENTS AND THINGS

Pursuant to FED. R. CIV. P. 34, Defendant Dallas Manufacturing Company, Inc. ("Dallas Manufacturing") hereby objects and responds to *Plaintiff Flexi-Mat's First Request for Documents and Things from Defendant Dallas Manufacturing Company, Inc.*, served by Plaintiff



EXHIBIT

B

-1-

Flexi-Mat Corporation ("Flexi-Mat") on May 25, 2004. A response to a production request herein stating that responsive documents will be produced should not be understood as a confirmation that any such documents exist. It merely indicates Dallas Manufacturing's willingness to produce such documents if they exist and are within Dallas Manufacturing's possession, custody or control.

## **GENERAL OBJECTIONS**

1.     Dallas Manufacturing objects to the time and location of production set by Flexi-Mat as unduly burdensome. Dallas Manufacturing will produce documents at a mutually convenient time and location.

2.     Dallas Manufacturing objects to each production request insofar as it is vague, overly broad, oppressive, harassing or vexatious; imposes burden or expense that outweighs its likely benefit; seeks a legal conclusion; and/or seeks documents not relevant to a claim or defense of any party.

3.     Dallas Manufacturing objects to each production request insofar as it seeks information or documents protected against disclosure by the attorney-client privilege, the work product doctrine, the common interest doctrine, or any other applicable privilege or rule of confidentiality. Such information and documents shall not be provided in response to Flexi-Mat's production requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or of any work product or common interest immunity that may attach thereto.

4.     Dallas Manufacturing objects to identifying information or documents withheld from production on grounds of attorney-client privilege or the work product doctrine to the extent such information or documents were generated after the commencement of this action,

as unduly burdensome, oppressive, harassing and vexatious, and because the burden and expense outweigh its likely benefit.

5.    Dallas Manufacturing objects to each production request to the extent that it: (1) seeks disclosure of information that would violate the privacy rights of individuals; or (2) requests disclosure of confidential commercial information, trade secrets, and/or proprietary information, including financial information and documents, of Dallas Manufacturing or third parties. To the extent that Dallas Manufacturing responds to Flexi-Mat's production request by stating that it will provide information which it, any other party to this litigation, or any third party deems to embody material that is private, business confidential, proprietary, trade secret or otherwise protected from disclosure pursuant to FED. R. CIV. P. 26(c)(7), FED. R. EVID. 501, or otherwise, Dallas Manufacturing will do so only in accordance with a protective order entered in this action.

6.    Dallas Manufacturing objects to each production request to the extent it seeks information not currently in Dallas Manufacturing's possession, custody, or control, or refers to persons, entities, or events not known to it, on the grounds that such production request seeks to require more of Dallas Manufacturing than any obligation imposed by law, would subject Dallas Manufacturing to unreasonable and undue annoyance, oppression, burden, and expense, and seeks to impose upon Dallas Manufacturing an obligation to investigate or discover information from third parties or sources who are equally accessible to Flexi-Mat.

7.    In responding to these production requests, Dallas Manufacturing does not waive the foregoing objections or the specific objections that are set forth in response to particular production requests. In addition, Dallas Manufacturing does not concede by responding that the information or documents sought or provided are relevant to a claim or defense of any party or admissible in trial or in any other proceeding in this action. Dallas Manufacturing expressly reserves the right to object to further discovery into the subject matter

of these production requests, to object to the introduction into evidence of any responses to any of these production requests or documents produced in response thereto, and to supplement its responses should further investigation and discovery uncover responsive information or documents.

8.    Dallas Manufacturing's responses to Flexi-Mat's production requests are made to the best of its current employees' present knowledge, information and belief based upon reasonable investigation and inquiry. The responses are at all times subject to such additional or different information that discovery or further investigation may disclose, and are subject to such refreshing of recollection and such additional knowledge of facts as may result from further discovery or investigation. Dallas Manufacturing reserves the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to Flexi-Mat's production requests but discovered subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery herein.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO FLEXI-MAT'S PRODUCTION REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All documents and things relating to, identified in, or relied upon in responding to Flexi-Mat's First Set of Interrogatories.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to the grounds set forth in the General Objections and in response to Flexi-Mat's First Set of Interrogatories, which are incorporated herein by reference, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as vague and ambiguous in that it is unclear what Flexi-Mat means by documents and things "relating to" Flexi-Mat's First Set of Interrogatories.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it seeks documents and things "relating to" Flexi-Mat's First Set of Interrogatories.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control. Dallas Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

**REQUEST FOR PRODUCTION NO. 2:**

All documents constituting, referring or relating to any patent, patent application, publication, presentation, abstract or other reference or material describing the products sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as vague and ambiguous in its reference to "the products sold under the name 'Berkeley & Jensen Premium Quality Bolster Pet Bed.'"

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to documents pertaining to the accused pet bed supplied to BJ's Wholesale Club, Inc. by Dallas Manufacturing that is identified in the *Complaint*.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it seeks patent applications that are subject to the provisions of 35 U.S.C. § 122(a) or equivalent provisions under foreign law, or documents "referring or relating to" patents, patent applications, publications, presentations, abstracts or other references or materials describing the accused pet bed supplied to BJ's Wholesale Club by Dallas Manufacturing.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control. Dallas Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

## REQUEST FOR PRODUCTION NO. 3:

All documents referring or relating to the conception, design, development and manufacture of the "Berkeley & Jensen Premium Quality Bolster Pet Bed."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as vague and ambiguous in its reference to "the 'Berkeley & Jensen Premium Quality Bolster Pet Bed.'"

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to documents pertaining to the accused pet bed supplied to BJ's Wholesale Club, Inc. ("BJ's Wholesale Club") by Dallas Manufacturing that is identified in the *Complaint*.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it seeks all documents referring to relating to the manufacture of the accused pet bed supplied to BJ's Wholesale Club by Dallas Manufacturing.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control. Dallas Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and things constituting, referring or relating to any drawings, prototypes or models of the "Berkeley & Jensen Premium Quality Bolster Pet Bed."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as vague and ambiguous in its reference to "the 'Berkeley & Jensen Premium Quality Bolster Pet Bed.'"

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to

documents pertaining to the accused pet bed supplied to BJ's Wholesale Club, Inc. ("BJ's Wholesale Club") by Dallas Manufacturing that is identified in the *Complaint*.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it seeks all documents and things referring or relating to any drawings, prototypes, or models of the accused pet bed supplied to BJ's Wholesale Club by Dallas Manufacturing.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control. Dallas Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

## REQUEST FOR PRODUCTION NO. 5:

All documents referring or relating to the first importation into the U.S. of the "Berkeley & Jensen Premium Quality Bolster Pet Bed" by or on behalf of DMC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as vague and ambiguous in its reference to "the 'Berkeley & Jensen Premium Quality Bolster Pet Bed.'"

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to documents pertaining to the accused pet bed supplied to BJ's Wholesale Club, Inc. by Dallas Manufacturing that is identified in the *Complaint.*

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

**REQUEST FOR PRODUCTION NO. 6:**

All documents referring or relating to the first sale and first offer for sale by DMC of the "Berkeley & Jensen Premium Quality Bolster Pet Bed."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as vague and ambiguous in its reference to "the 'Berkeley & Jensen Premium Quality Bolster Pet Bed.'"

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to documents pertaining to the accused pet bed supplied to BJ's Wholesale Club, Inc. by Dallas Manufacturing that is identified in the *Complaint.*

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

**REQUEST FOR PRODUCTION NO. 7:**

All documents referring or relating to '502 patent, the '502 patent application, and any patent or patent application related thereto.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as vague and ambiguous in its reference to "any patent or patent application related thereto."

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it seeks documents pertaining to "any patent or patent application related thereto" other than U.S. Patent No. 5,765,502 ("the '502 patent") or the application for the '502 patent.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control.  Dallas Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

## REQUEST FOR PRODUCTION NO. 8:

All documents referring or relating to Flexi-Mat.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it seeks documents referring or relating to Flexi-Mat other than in a context pertaining to the accused pet bed supplied to BJ's Wholesale Club, Inc. by Dallas Manufacturing that is identified in the *Complaint*.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control. Dallas Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

## REQUEST FOR PRODUCTION NO. 9:

All documents constituting, referring or relating to any consideration, report, opinion, analysis or prior art search regarding the ownership, patentability, validity, enforceability, scope of the claims and/or infringement of the '502 patent and/or any patent or patent application related thereto.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as vague and ambiguous in its reference to "any patent or patent application related thereto."

Dallas Manufacturing objects to this production request as premature pending a determination of Dallas Manufacturing's liability for alleged infringement.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it seeks documents pertaining to "any patent or patent application related thereto" other than U.S. Patent No. 5,765,502 ("the '502 patent") or the application for the '502 patent.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it seeks documents "referring or relating to" any consideration, report, opinion, analysis or prior art search.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to

documents pertaining to Flexi-Mat's infringement claim against the accused pet bed supplied to BJ's Wholesale Club, Inc. by Dallas Manufacturing that is identified in the *Complaint*.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

## REQUEST FOR PRODUCTION NO. 10:

All documents constituting, referring or relating to any inspection, consideration, report, opinion and/or analysis regarding the enforceability, scope of the claims and/or infringement of the '502 patent with respect to the "Berkeley & Jensen Premium Quality Bolster Pet Bed."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as vague and ambiguous in its reference to "the 'Berkeley & Jensen Premium Quality Bolster Pet Bed.'"

Dallas Manufacturing objects to this production request as premature pending a determination of Dallas Manufacturing's liability for alleged infringement.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to documents pertaining to the accused pet bed supplied to BJ's Wholesale Club, Inc. by Dallas Manufacturing that is identified in the *Complaint*.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it seeks documents "referring or relating to" any inspection, consideration, report, opinion or analysis.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

**REQUEST FOR PRODUCTION NO. 11:**

All documents constituting, referring or relating to any patent, publication, reference, device, public use, offer for sale or other information or material, known to or considered by DMC as prior art or potential prior art with respect to the '502 patent or any patent or patent application related thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as vague and ambiguous in its reference to "potential prior art" and "any patent or patent application related thereto."

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it seeks documents pertaining to "any patent or patent application related thereto" other than U.S. Patent No. 5,765,502 ("the '502 patent") or the application for the '502 patent.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it seeks documents "referring or relating to" any patent, publication, reference, device, public use, offer for sale or other information or material.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control. Dallas Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action. Dallas Manufacturing also refers Flexi-Mat to Defendants' Initial Disclosures Under Fed. R. Civ. P. 26(a)(1).

**REQUEST FOR PRODUCTION NO. 12:**

All documents constituting, referring or relating to any existing or proposed license under the '502 patent, or DMC's need for such license, including but not limited to, any consideration, report, opinion or analysis of such existing or proposed license.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as vague and ambiguous in its reference to "DMC's need for such license."

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to the promotion, marketing and/or advertisement of the "Berkeley & Jensen Premium Quality Bolster Pet Bed," including but not limited to, press releases, price lists, packaging, tags, labels, pamphlets, brochures, specification sheets, catalogs and user manuals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

   In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

   Dallas Manufacturing objects to this production request as vague and ambiguous in its reference to "the 'Berkeley & Jensen Premium Quality Bolster Pet Bed.'"

   Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to documents pertaining to the accused pet bed supplied to BJ's Wholesale Club, Inc. ("BJ's Wholesale Club") by Dallas Manufacturing that is identified in the *Complaint.*

   Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it seeks "[a]ll documents relating to" the promotion, marketing and advertisement of the accused pet bed supplied to BJ's Wholesale Club by Dallas Manufacturing.

   Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

   Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control. Dallas Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

## REQUEST FOR PRODUCTION NO. 14:

All documents constituting, referring or relating to any correspondence, agreement, indemnification, or other communication, whether written or oral, between DMC and any distributors, vendors, suppliers, manufacturers, importers, exporters, consultants, competitors, customers, or prospective customers regarding the "Berkeley & Jensen Premium Quality Bolster Pet Bed."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as vague and ambiguous in its reference to "the 'Berkeley & Jensen Premium Quality Bolster Pet Bed.'"

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to documents pertaining to the accused pet bed supplied to BJ's Wholesale Club, Inc. by Dallas Manufacturing that is identified in the *Complaint*.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to documents pertaining to any issue in this action.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control. Dallas Manufacturing reserves the right to produce representative documents and summaries where sufficient for purposes of the issues in this action. Dallas Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

### REQUEST FOR PRODUCTION NO. 15:

All documents constituting, referring or relating to any sales, offers to sell, orders, proposals, statements, inquiries, invoices, purchase orders, correspondence or other communication, whether written or oral, between DMC and its customers, potential customers, distributors, vendors and/or suppliers, regarding the "Berkeley & Jensen Premium Quality Bolster Pet Bed."

### RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as vague and ambiguous in its reference to "the 'Berkeley & Jensen Premium Quality Bolster Pet Bed.'"

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to documents pertaining to the accused pet bed supplied to BJ's Wholesale Club, Inc. by Dallas Manufacturing that is identified in the *Complaint*.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to documents pertaining to any issue in this action.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control. Dallas Manufacturing reserves the right to produce representative documents and summaries where sufficient for purposes of the issues in this action. Dallas Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

## REQUEST FOR PRODUCTION NO. 16:

Documents sufficient to establish DMC's annual sales and profits regarding the "Berkeley & Jensen Premium Quality Bolster Pet Bed," from the date of the first such sale to the present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as vague and ambiguous in its reference to "profits" and "the 'Berkeley & Jensen Premium Quality Bolster Pet Bed.'"

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to documents pertaining to the accused pet bed supplied to BJ's Wholesale Club, Inc. by Dallas Manufacturing that is identified in the *Complaint.*

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it seeks documents pertaining to Dallas Manufacturing's profits.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest

doctrine, and are in Dallas Manufacturing's possession, custody or control. Dallas Manufacturing reserves the right to produce representative documents and summaries where sufficient for purposes of the issues in this action. Dallas Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

## REQUEST FOR PRODUCTION NO. 17:

All documents that provide a factual basis for, or that tend to disprove, DMC's allegation in its First Affirmative Defense that "defendant Dallas Manufacturing has not infringed and does not infringe any valid claim of the '502 patent, either literally or under the doctrine of equivalents."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as premature in that (1) discovery has just commenced; (2) Flexi-Mat has not identified the claims of U.S. Patent No. 5,765,502 ("the '502 patent") that it is asserting against Dallas Manufacturing; (3) Flexi-Mat has not provided its contentions regarding the proper interpretation of the claims of the '502 patent; and (4) the claims of the '502 patent have not yet been interpreted by the Court.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to documents pertaining to the accused pet bed supplied to BJ's Wholesale Club, Inc. by Dallas Manufacturing that is identified in the *Complaint*.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control. Dallas Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

Dallas Manufacturing reserves the right to amend and/or supplement its response (1) as its investigations and discovery progress; (2) when Flexi-Mat identifies the claims of the '502 patent that it is asserting against Dallas Manufacturing; (3) when Flexi-Mat provides its contentions regarding the proper interpretation of the claims of the '502 patent; and (4) when the Court interprets the claims of the '502 patent.

## REQUEST FOR PRODUCTION NO. 18:

All documents that provide a factual basis for, or that tend to disprove, DMC's allegation in its First Affirmative Defense that "defendant Dallas Manufacturing has not induced and is not inducing infringement of any valid claim of the '502 patent, and has not and is not committing acts constituting contributory infringement of any valid claim of the '502 patent."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as premature in that (1) discovery has just commenced; (2) Flexi-Mat has not identified the claims of U.S. Patent No. 5,765,502 ("the '502 patent") that it is asserting against Dallas Manufacturing; (3) Flexi-Mat has not provided its contentions regarding the proper interpretation of the claims of the '502 patent; and (4) the claims of the '502 patent have not yet been interpreted by the Court.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to documents pertaining to the accused pet bed supplied to BJ's Wholesale Club, Inc. by Dallas Manufacturing that is identified in the *Complaint*.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control. Dallas

Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

Dallas Manufacturing reserves the right to amend and/or supplement its response (1) as its investigations and discovery progress; (2) when Flexi-Mat identifies the claims of the '502 patent that it is asserting against Dallas Manufacturing; (3) when Flexi-Mat provides its contentions regarding the proper interpretation of the claims of the '502 patent; and (4) when the Court interprets the claims of the '502 patent.

## REQUEST FOR PRODUCTION NO. 19:

All documents that provide a factual basis for, or that tend to disprove, DMC's allegation in its Second Affirmative Defense that "each and every claim of the '502 patent is invalid and/or unenforceable under one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§101, 102, 103 and 112."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as premature in that (1) discovery has just commenced; (2) Flexi-Mat has not identified the claims of U.S. Patent No. 5,765,502 ("the '502 patent") that it is asserting against Dallas Manufacturing; (3) Flexi-Mat has not provided any information concerning the dates of conception and reduction to practice of the claimed invention; (4) Flexi-Mat has not provided its contentions regarding the proper interpretation of the claims of the '502 patent; and (5) the claims of the '502 patent have not yet been interpreted by the Court.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control.  Dallas Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

Dallas Manufacturing reserves the right to amend and/or supplement its response (1) as its investigations and discovery progress; (2) when Flexi-Mat identifies the claims of the '502 patent that it is asserting against Dallas Manufacturing; (3) when Flexi-Mat provides its contentions regarding the proper interpretation of the claims of the '502 patent; and (4) when the Court interprets the claims of the '502 patent.

## REQUEST FOR PRODUCTION NO. 20:

All documents that provide a factual basis for, or that tend to disapprove, DMC's allegation in its Third Affirmative Defense that "by virtue of the arguments made during the prosecution of the application for the '502 patent in order to obtain allowance of the claims, Plaintiff Flexi-Mat is estopped from asserting a claim construction that would encompass any of Defendant Dallas Manufacturing's products."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as premature in that (1) discovery has just commenced; (2) Flexi-Mat has not identified the claims of U.S. Patent No. 5,765,502 ("the '502 patent") that it is asserting against Dallas Manufacturing; (3) Flexi-Mat has not provided its contentions regarding the proper interpretation of the claims of the '502 patent; and (4) the claims of the '502 patent have not yet been interpreted by the Court.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to documents pertaining to the accused pet bed supplied to BJ's Wholesale Club, Inc. by Dallas Manufacturing that is identified in the *Complaint*.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control. Dallas

Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

Dallas Manufacturing reserves the right to amend and/or supplement its response (1) as its investigations and discovery progress; (2) when Flexi-Mat identifies the claims of the '502 patent that it is asserting against Dallas Manufacturing; (3) when Flexi-Mat provides its contentions regarding the proper interpretation of the claims of the '502 patent; and (4) when the Court interprets the claims of the '502 patent.

## REQUEST FOR PRODUCTION NO. 21:

All documents that provide a factual basis for, or that tend to disprove, DMC's allegation in its Fourth Affirmative Defense that "plaintiff Flexi-Mat's claims against defendant Dallas Manufacturing are barred by the doctrines of laches, estoppel, waiver and unclean hands."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as premature in that (1) discovery has just commenced; and (2) Flexi-Mat has not identified the claims of U.S. Patent No. 5,765,502 ("the '502 patent") that it is asserting against Dallas Manufacturing.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to documents pertaining to the accused pet bed supplied to BJ's Wholesale Club, Inc. by Dallas Manufacturing that is identified in the *Complaint*.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control. Dallas Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

Dallas Manufacturing reserves the right to amend and/or supplement its response (1) as its investigations and discovery progress; and (2) when Flexi-Mat identifies the claims of the '502 patent that it is asserting against Dallas Manufacturing.

**REQUEST FOR PRODUCTION NO. 22:**

All documents identified in response to, referred to, consulted or relied upon in preparing DMC's initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production requests as vague and ambiguous in that it is unclear what documents might have been "identified in response to . . . DMC's initial disclosures."

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it seeks "[a]ll documents . . . consulted or relied upon in preparing" Dallas Manufacturing's initial disclosures.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control. Dallas Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

**REQUEST FOR PRODUCTION NO. 23:**

All documents that may or will be used by DMC at trial or any evidentiary hearing in this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as premature because Dallas Manufacturing does not yet know, and cannot be expected to know, what documents it may use, or what hearings may be held in this matter.

Dallas Manufacturing objects to this production request as premature because the Court's May 11, 2004 Scheduling Order does not require Defendants to designate trial experts, and thus the documents they may use, until April 15, 2005.

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it seeks all documents that "may . . . be used" by Dallas Manufacturing at trial or any evidentiary hearing in this matter.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Dallas Manufacturing objects to this production request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

**REQUEST FOR PRODUCTION NO. 24:**

An organizational chart for DMC sufficient to show parents, divisions, subsidiaries, officers, and key employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as vague and ambiguous in that it is unclear what Flexi-Mat means by "key employees."

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are current and relate to employees involved in purchasing or marketing the accused pet bed supplied to BJ's Wholesale Club by Dallas Manufacturing, are not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control. Dallas Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

**REQUEST FOR PRODUCTION NO. 25:**

All licenses pertaining to a patented product, wherein DMC is a party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to the grounds set forth in the General Objections, Dallas Manufacturing objects to this production request on the following grounds:

Dallas Manufacturing objects to this production request as overly broad, unduly burdensome and not relevant to a claim or defense of any party to the extent it seeks licenses pertaining to products that are not at issue in Flexi-Mat's infringement claim against Dallas Manufacturing, or similar products.

Dallas Manufacturing objects to this production request to the extent it seeks confidential and proprietary documents.

Subject to and without waiving the foregoing objections, Dallas Manufacturing will produce responsive documents, if any, to the extent such documents are relevant, not subject to the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine, and are in Dallas Manufacturing's possession, custody or control. Dallas Manufacturing will produce confidential documents only after the parties have agreed to and the Court has entered a protective order in this action.

Attorneys for Defendants and Counter-Claimants
DALLAS MANUFACTURING COMPANY, INC.
AND BJ'S WHOLESALE CLUB, INC.

_Darren Franklin_

Gary A. Clark (pro hac vice)
Darren M. Franklin (pro hac vice)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
(213) 620-1780

Dated:  July 19, 2004

James J. Marcellino, Esq. (BBO # 318840)
David M. Mello, Esq. (BBO # 634722)
MCDERMOTT, WILL & EMERY
28 State Street
Boston, MA  02109-1775
(617) 535-4000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Plaintiff's counsel, John J. Cotter, Esq., Testa, Hurwitz & Thibeault, LLP, 125 High Street, Boston, MA 02110, and Larry L. Saret, Esq., Michael, Best & Friedrich LLP, 401 N. Michigan Avenue, Suite 1900, Chicago, Illinois 60611, via first class mail, postage pre-paid, on July 19, 2004.

*Darren Franklin*