IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FLEXI-MAT CORPORATION**, an Illinois corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>**DALLAS MANUFACTURING COMPANY, INC.**, a Texas corporation, and **BJ'S WHOLESALE CLUB, INC.**, a Delaware corporation, and **DOSKOCIL MANUFACTURING COMPANY, INC.**, a Texas corporation,<br><br>        Defendants.<br><br>**AND RELATED COUNTERCLAIMS** | Civil Action No. 04 10162 DPW |

**PLAINTIFF FLEXI-MAT CORPORATION'S REPLY TO THE COUNTERCLAIM OF DEFENDANT DOSKOCIL MANUFACTURING COMPANY, INC.**

Plaintiff Flexi-Mat Corporation ("Flexi-Mat") hereby replies to the Counterclaim of defendant Doskocil Manufacturing Company, Inc. ("Doskocil").

**Parties**

31. Doskocil is a corporation duly organized and existing under the laws of the State of Texas, having a place of business in Arlington, Texas.

**Reply**:

Flexi-Mat admits, upon information and belief, that Doskocil is a corporation duly organized and existing under the laws of the State Texas, having a place of business in Arlington, Texas.

32.     On information and belief, Flexi-Mat is a corporation organized under the laws of the State of Illinois, having a place of business in Chicago, Illinois.

**Reply**:

Admitted.

**Jurisdiction**

33. Contingent on the main claim, this Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1367, 2201 and 2202. This counterclaim asserts an action for declaratory judgment of invalidity of claims 1 through 11 of U.S. Patent No. 5,765,502 ("the '502 patent") and non-infringement of those claims by Counter-Claimant Doskocil.

**Reply**:

Flexi-Mat admits that this court has supplemental jurisdiction of this Counterclaim pursuant to 28 U.S.C. §§ 1367, 2201 and 2202. Flexi-Mat further admits that this Counterclaim purports to assert an action for declaratory judgment of invalidity of claims 1 through 11 of the '502 Patent and non-infringement of those claims by Doskocil, but denies that the Counterclaim has merit.

**Facts**

34. Counter-Defendant Flexi-Mat's First Amended Complaint alleges that Counter-Claimant Doskocil has infringed, has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '502 patent by making, offering for sale and selling to BJ's Wholesale Club pet beds under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed", as shown in Exhibit C of the First Amended Complaint.

**Reply**:

Admitted.

35. In its First Amended Complaint, Counter-Defendant Flexi-Mat alleges that it is the owner of the '502 patent.

**Reply**:

Admitted.

36. Counter-Claimant Doskocil denies that any of its activities involving any pet beds supplied by Defendants Dallas Manufacturing or Doskocil have infringed any valid claim of the '502 patent.

**Reply**:

Flexi-Mat admits that Doskocil denies that its activities have infringed any claim of the '502 Patent, but Flexi-Mat continues to disagree.

**Counterclaim for Declaration of Invalidity, Unenforceability
and Non-Infringement of U.S. Patent No. 5,765,502**

37. Counter-Claimant Doskocil repeats and realleges each and every allegation contained in paragraphs 30 to 35 above as though fully set forth herein.

**Reply**:

Flexi-Mat repeats and realleges each and every reply to paragraphs 31 through 36 above as if fully set forth herein.

38. Upon information and belief, each and every claim of the '502 patent is invalid and/or unenforceable under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.

**Reply**:

Denied.

39. Counter-Claimant Doskocil alleges that none of its activities constitute direct infringement, contributory infringement, or inducement of infringement of any claims of the '502 patent, either literally or under the doctrine of equivalents.

**Reply**:

Flexi-Mat admits that Doskocil alleges that its activities do not constitute direct infringement, contributory infringement or inducement of infringement of any claims of the '502 Patent, either literally or under the doctrine of equivalents, but Flexi-Mat continues to disagree.

**DEFENSES**

1. Each cause of action alleged in the Counterclaim fails to state a claim upon which relief may be granted.

2. Each and every claim of the '502 Patent is valid.

3. Doskocil infringes one or more claims of the '502 Patent.

4. Doskocil's Answer and Counterclaim were filed late and outside the period prescribed by law without leave of court, and Doskocil has thereby waived and is estopped from asserting the Counterclaim.

WHEREFORE, Plaintiff and Counter-Defendant Flexi-Mat prays that the Court enter judgment in its favor and against Defendant and Counter-Plaintiff Doskocil, granting the following relief:

A. Dismiss each Counterclaim with prejudice;

B. Award Flexi-Mat its relief sought in its original Complaint; and

C. Award Flexi-Mat its reasonable attorneys' fees, interest, costs and such other relief as the Court may deem just and equitable.

Dated: October 13, 2004

        s/ Larry L. Saret
        Larry L. Saret (*pro hac vice*)
        Manotti L. Jenkins (*pro hac vice*)
        MICHAEL BEST & FRIEDRICH LLP
        401 N. Michigan Avenue, Suite 1900
        Chicago, Illinois 60611-4274
        Telephone: (312) 222-0800
        Facsimile: (312) 222-0818

        John J. Cotter (BBO # 554524)
        William A. Meunier
        TESTA, HURWITZ & THIBEAULT, LLP
        125 High Street
        Boston, Massachusetts 02110
        Telephone: 617-248-7000
        Facsimile: 617-248-7100

        Attorneys for Plaintiff,
        FLEXI-MAT CORPORATION