UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation,<br><br>                 Plaintiff,<br><br>  v.<br><br>DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, BJ'S WHOLESALE CLUB, INC., a Delaware corporation, and DOSKOCIL MANUFACTURING COMPANY, INC., a Texas corporation,<br><br>                Defendants.<br>_____<br>AND RELATED COUNTERCLAIMS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 04 10162 DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF DARREN M. FRANKLIN**

I, Darren M. Franklin, declare as follows:

      1.      I am an attorney duly admitted to practice pro hac vice before this Court.  I am an associate with Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for Defendants and Counter-Claimants Dallas Manufacturing Company, Inc. ("Dallas Manufacturing") and BJ's Wholesale Club, Inc. ("BJ's Wholesale Club").

      2.      If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

      3.      This declaration is submitted in opposition to Plaintiff and Counter-Defendant Flexi-Mat Corporation's Motion to Compel Documents and Interrogatory Responses from Dallas Manufacturing.

A.  **Exchange of Discovery Requests and Objections.**

4.  Plaintiff and Counter-Defendant Flexi-Mat Corporation ("Flexi-Mat") served its First Request for Documents and Things and First Set of Interrogatories upon Dallas Manufacturing by U.S. Mail on May 25, 2004. Dallas Manufacturing and BJ's Wholesale Club served their First Joint Set of Requests for Production of Documents and Things upon Flexi-Mat on by U.S. Mail on June 14, 2004. This joint set contained forty-nine production requests covering the gamut of issues from the alleged validity and infringement of Flexi-Mat's patent to Flexi-Mat's alleged damages. On June 24, 2004, the parties granted each other mutual three-week extensions to respond to the discovery requests. Attached hereto as Exhibit A is a true and correct copy of my June 24, 2004 letter to Manotti L. Jenkins, Esq., counsel for Flexi-Mat, confirming the mutual three-week extensions.

5.  Dallas Manufacturing timely served its Responses and Objections to Flexi-Mat's First Request for Documents and Things and First Set of Interrogatories (Exhibits A and B to Flexi-Mat's motion) on July 19, 2004. Flexi-Mat timely served its Responses and Objections to Dallas Manufacturing's and BJ's Wholesale Club's First Joint Set of Requests for Production of Documents and Things on August 9, 2004. Neither Flexi-Mat nor Dallas Manufacturing produced any documents. Flexi-Mat specifically stated in its Responses and Objections that it "will not produce any confidential or proprietary documents until an appropriate protective order has been entered." Attached hereto as Exhibit B are true and correct copies of relevant pages from Flexi-Mat's Responses and Objections to Dallas Manufacturing's and BJ's Wholesale Club's First Joint Set of Requests for Production of Documents and Things.

B.  **Negotiation of an Interim Agreement Governing Confidential Materials.**

6.  Mr. Jenkins first contacted me about negotiating a protective order in late August, and e-mailed a draft protective order to me on August 30, 2004. Attached hereto as Exhibit C is a true and correct copy of Mr. Jenkins' August 30, 2004 e-mail to me.

7. Mr. Jenkins and I spoke again on September 1, 2004, the same day that Flexi-Mat filed its First Amended Complaint naming Doskocil as a defendant. I raised the issue that Doskocil had not yet filed an appearance in the case and was not joining in the protective order negotiations. Mr. Jenkins and I spoke again on September 2, 2004, and Mr. Jenkins demanded that Dallas Manufacturing enter into an interim letter of understanding governing the production of confidential materials. I explained that an interim agreement without Doskocil's input would be inefficient, since Doskocil might object to the terms that Flexi-Mat and Dallas Manufacturing negotiated, and that Dallas Manufacturing might not be comfortable entering into an interim agreement not signed by the Court. On September 3, Mr. Jenkins told me that Flexi-Mat planned to file a motion for a protective order and the production of documents subject thereto.

8. To avoid motion practice, on September 10, 2004, Dallas Manufacturing acceded to Flexi-Mat's demands and agreed to enter into an interim agreement governing the production of confidential materials. Dallas Manufacturing also dropped certain objections that I had voiced to the terms of the prior draft protective order. Mr. Jenkins e-mailed a draft agreement to me on September 15, 2004, two days after Dallas Manufacturing filed its answer to Flexi-Mat's First Amended Complaint. Attached hereto as Exhibit D is a true and correct copy of Mr. Jenkins' September 15, 2004 e-mail to me.

9. Mr. Jenkins e-mailed a second draft interim agreement to me on September 24, 2004. Attached hereto as Exhibit E is a true and correct copy of Mr. Jenkins' September 24, 2004 e-mail to me.

10. Mr. Jenkins and I spoke on September 24, 2004 and agreed to exchange documents on October 1, 2004. Dallas Manufacturing signed the parties' Interim Discovery Agreement on September 29, 2004, and I e-mailed it to Mr. Jenkins that day. Doskocil filed its

first appearance in this case on September 30, 2004. Attached hereto as Exhibit F is a true and correct copy of my September 29, 2004 e-mail to Mr. Jenkins.

### C.     Production of Documents.

11.    During the week before October 1, 2004 I was informed that Dallas Manufacturing's intellectual property paralegal had to cope with the death of her mother. On September 30, 2004, I called Mr. Jenkins, explained the circumstances concerning Dallas Manufacturing's intellectual property paralegal, and requested an extra ten days to produce documents. Mr. Jenkins said the requested extension was "unreasonable" and gave Dallas Manufacturing just two additional business days before he said he would file a motion to compel.

12.    Flexi-Mat produced 325 pages of documents on October 11, 2004, consisting almost completely of (1) correspondence between Flexi-Mat and Trade Lines, Inc. about Trade Lines' alleged infringement of Flexi-Mat's patent; (2) a spreadsheet showing bolster bed sales quantities and dollar amounts; (3) documents pertaining to the application for and prosecution of Flexi-Mat's patent; (4) patents and catalogs showing prior art pet beds; and (5) correspondence between Flexi-Mat and Wynken, Blynken & Fido ("WBF") about WBF's alleged infringement of Flexi-Mat's patent.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on October 26, 2004, at Los Angeles, California.

/s/ Darren M. Franklin
Darren M. Franklin