

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation,<br><br>   Plaintiff,<br><br> v.<br><br>DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, and BJ'S WHOLESALE CLUB, INC., a Delaware corporation,<br><br>   Defendants.<br>_____<br>DALLAS MANUFACTURING COMPANY, INC., a corporation,<br><br>   Counter-Claimant,<br><br> v.<br><br>FLEXI-MAT CORPORATION, a corporation,<br><br>   Counter-Defendant.<br>_____<br>BJ'S WHOLESALE CLUB, INC., a corporation,<br><br>   Counter-Claimant,<br><br> v.<br><br>FLEXI-MAT CORPORATION, a corporation,<br><br>   Counter-Defendant. | Civil Action No. 04 10162 DPW |

## DEFENDANTS' INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(a)(1)

In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants and Counter-Claimants Dallas Manufacturing Company, Inc. and BJ's Wholesale

Club, Inc. (collectively, "Defendants") make the following initial disclosures. Defendants reserve the right to supplement these disclosures.

  A. Pursuant to FED. R. CIV. P. 26(a)(1)(A), Defendants provide the following names of individuals likely to have discoverable information that Defendants may use to support their claims or defenses. Unless otherwise indicated, these individuals may be contacted through Defendants' counsel:

1. Richard Mathews, Vice President of Sales and Marketing, Dallas Manufacturing Company, Inc. Mr. Mathews has information regarding product introduction, marketing and sales of the accused pet bed and subjects relating thereto.

2. Neil Nivert, Plant Manager, Dallas Manufacturing Company, Inc. Mr. Nivert has information regarding the development and structure of the accused pet bed and subjects relating thereto.

3. Jim Pereira, buyer, BJ's Wholesale Club, Inc. Mr. Pereira has information regarding BJ's Wholesale Club's purchases of the accused pet bed and subjects relating thereto.

4. Scott Haugh, named inventor, U.S. Patent No. 5,765,502 ("the '502 patent"). Address and telephone number unknown. Mr. Haugh is believed to have information regarding the conception and reduction to practice of the subject matter claimed as the invention in the '502 patent, the state of the art, and the preparation and prosecution of the application for the '502 patent.

5.  Larry L. Saret, attorney involved in prosecuting the '502 patent. Michael Best & Friedrich LLP, 401 North Michigan Avenue, Suite 1900, Chicago, Illinois 60611. Tel.: (312) 661-2116. Mr. Saret is believed to have information about the preparation and prosecution of the application for the '502 patent.

6.  William A. Meunier, attorney involved in prosecuting the '502 patent. Testa, Hurwitz & Thibeault, LLP, 125 High Street, Boston, Massachusetts 02110. Tel.: (617) 310-8313. Mr. Meunier is believed to have information about the preparation and prosecution of the application for the '502 patent.

Defendants expressly reserve their right to supplement these disclosures.

B.  Pursuant to FED. R. CIV. P. 26(a)(1)(B), Defendants provide the following description of categories of documents that are in their possession, custody, or control, and that they may use to support their claims or defenses. Unless otherwise noted, these documents are located in the Defendants' offices or other locations owned and controlled by the Defendants.

1.  The '502 patent, its prosecution history, and the cited references in the '502 patent.

2.  Documents relating to the design and construction of the accused pet bed.

3.  Dictionaries, treatises and other materials possibly bearing on the proper interpretation and construction of the claims of the patent in suit.

4.  Documents relating to the prior art, including U.S. Patent Nos. 4,872,228, 5,010,843, 5,421,044, 5,588,393, and 5,826,537.

5.  Documents disclosing the development history of the accused pet bed.

6.  Documents relating to the preparation and prosecution of the application for the '502 patent, including the knowledge of Plaintiff, the inventors and their attorneys of the prior art, and their reasons for any non-disclosures and representations about the state of the art.

Defendants expressly reserve their right to supplement these disclosures.

C.  FED. R. CIV. P. 26(a)(1)(C) is inapplicable because Defendants do not claim any damages. Defendants reserve the right to seek recovery of attorneys' fees and costs.

D.  Pursuant to FED. R. CIV. P. 26(a)(1)(D), Defendants state that they are not aware of any insurance that might apply to Plaintiff's claims.

Attorneys for Defendants and Counter-Claimants
DALLAS MANUFACTURING COMPANY, INC.
AND BJ'S WHOLESALE CLUB, INC.

*/s/ Darren Franklin/*

Gary A. Clark (pro hac vice)
Darren M. Franklin (pro hac vice)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
(213) 620-1780

Dated: May 25, 2004

James J. Marcellino, Esq. (BBO # 318840)
David M. Mello, Esq. (BBO # 634722)
McDERMOTT, WILL & EMERY
28 State Street
Boston, MA 02109-1775
(617) 535-4000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Plaintiff's counsel, John J. Cotter, Esq., Testa, Hurwitz & Thibeault, LLP, 125 High Street, Boston, MA 02110, and Larry L. Saret, Esq., Michael, Best & Friedrich LLP, 401 N. Michigan Avenue, Suite 1900, Chicago, Illinois 60611, via facsimile and first class mail, postage pre-paid, on May 25, 2004.

*Darren Franklin*