ex. 5

*From:* Jenkins, Manotti L.
*Sent:* Thu 1/27/2005 02:22 PM
*Rcvd:* Thu 1/27/2005 02:22 PM
*To:* 'Darren Franklin' (DFranklin@sheppardmullin.com)
*CC:* Saret, Larry L. (LLS)
*Subject:* Flexi-Mat v. DMC et al. discovery matters

==========================================

Dear Darren:

I have spoken to our client about production of additional damages-related and other documents responsive to several of Dallas's document requests. The Flexi-Mat financial officer whose responsibility it is to deal with these matters cannot speak with me about these documents until early next week. Therefore, to the extent there are additional responsive documents falling under his bailiwick, Flexi-Mat will produce them by the end of next week. This commitment supplants my earlier expectation expressed during our recent discovery teleconference to produce those documents by tomorrow (Friday, 1/28). I continue to anticipate producing a supplemental privilege log to Dallas by the end of next week.

On a related note, Flexi-Mat intends to serve on you a discovery deficiency letter by the end of the day tomorrow. I hope to schedule a discovery teleconference with you early next week concerning that letter.

Finally, please let me know as soon as possible whether Dallas will continue to take the position that Flexi-Mat is not entitled to at least two seven-hour days of deposition testimony from Mr. Richard Mathews, in his individual capacity and in his capacity as a Dallas 30(b)(6) corporate representative, so that we can proceed with filing a motion to compel.

Thanks.

Manotti

*Manotti L. Jenkins*
**Michael Best & Friedrich LLP**
**401 North Michigan Ave.**
**Suite 1900**
**Chicago, Illinois 60611**
**Direct Dial: (312) 222-5794**
**Facsimile:  (312) 222-0818**
**E-mail: mljenkins@mbf-law.com**

| | |
|---|---|
| *From:* | Jenkins, Manotti L. |
| *Sent:* | Fri 1/28/2005 10:27 AM |
| *Rcvd:* | Fri 1/28/2005 10:27 AM |
| *To:* | 'Darren Franklin' (DFranklin@sheppardmullin.com) |
| *CC:* | Saret, Larry L. (LLS); 'DClark@sheppardmullin.com' |
| *Subject:* | 30(b)(6) of Dallas and 30(b)(1) of Richard Mathews |

=======================================

Dear Darren:

Pursuant to responding to my e-mail of yesterday, specifically the paragraph regarding the upcoming depositions of Dallas and Mr. Mathews, please note the attached legal authority on this issue.

Thank you.

Manotti

Manotti L. Jenkins
Michael Best & Friedrich LLP
401 North Michigan Ave.
Suite 1900
Chicago, Illinois 60611
Direct Dial: (312) 222-5794
Facsimile:  (312) 222-0818
E-mail: mljenkins@mbf-law.com

LEXSEE

JOHN L. SABRE, et al., Plaintiffs, -against- FIRST DOMINION CAPITAL, LLC, et al., Defendants.

01 Civ. 2145 (BSJ)(HBP)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2001 U.S. Dist. LEXIS 20637; 51 Fed. R. Serv. 3d (Callaghan) 1405

December 10, 2001, Decided
December 12, 2001, Filed

LexisNexis(R) Headnotes

COUNSEL: [*1] For JOHN L. SABRE, ALEXANDER L. BOLEN, ANDREW H. MARSHAK, MICHAEL A. MONTELEONE, plaintiffs: Thomas M. Campbell, Smith Campbell, L.L.P., New York, NY.

JUDGES: HENRY PITMAN, United States Magistrate Judge.

OPINIONBY: HENRY PITMAN

OPINION:

MEMORANDUM OPINION AND ORDER

PITMAN, United States Magistrate Judge:

In correspondence dated November 29, December 3 and December 4, 2001, the parties dispute whether the presumptive seven-hour time limit set forth in Fed.R.Civ.P. 30(d)(2) applies cumulatively to the testimony given by a witness in both his individual capacity and as a corporate representative pursuant to Fed.R.Civ.P. 30(b)(6) or whether the individual deposition and the 30(b)(6) deposition are subject to independent seven-hour presumptive time limits. For the reasons set forth below, I conclude that the latter interpretation is correct and that the depositions of an individual who is noticed as an individual witness pursuant to Fed.R.Civ.P. 30(b)(1) and who is also produced as a corporate representative pursuant to Fed.R.Civ.P. 30(b)(6) are presumptively subject to independent seven-hour time limits.

Fed.R.Civ.P. 30(d)(2) provides that "unless otherwise authorized by the court or stipulated [*2] by the parties, a deposition is limited to one day of seven hours." The 2000 Advisory Committee Notes to this amendment provide that "for purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."

A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity. 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice & Procedure § 2103 (2d ed. 1994). The distinct status of a 30(b)(6) deposition is confirmed by the Advisory Committee Notes to the 1993 amendments to the Federal Rules of Civil Procedure which expressly state that for purposes of calculating the number of a depositions in a case, a 30(b)(6) deposition is separately counted as a single deposition, regardless of the number of witnesses designated. As a separate deposition that probes the knowledge of the entity and not the personal knowledge of the individual testifying, [*3] a 30(b)(6) deposition should be subject to its own independent seven-hour limit.

If defendants' interpretation were correct, and a person who is both an individual witness and a 30(b)(6) witness were presumptively subject to a single seven-hour deposition there would be substantial potential for over-reaching. For example, any entity that wanted to limit the testimony of an individual could accomplish

Case 1:04-cv-10162-DPW   Document 37-6   Filed 02/14/2005   Page 5 of 11

Page 2
2001 U.S. Dist. LEXIS 20637, *; 51 Fed. R. Serv. 3d (Callaghan) 1405

that goal by designating the individual as a 30(b)(6) witness; under defendant's interpretation, every minute spent conducting the 30(b)(6) deposition would be deducted from the time available to probe the witness's individual knowledge. Conversely, defendants' interpretation would also permit an entity to curtail 30(b)(6) examinations by designating as a 30(b)(6) witness a person who previously testified for six-hours as an individual and has only one hour left on his or her presumptive seven-hour clock. An interpretation that would lead to such absurd results must be rejected.

This is not to say, however, that the inquiring party has carte blanche to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness. In the case of many closely held corporations, [*4] the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity. In such a situation, the witness could simply adopt the testimony he or she provided in a former capacity, thereby obviating the need for a second deposition. In addition, if the questioning at any deposition becomes repetitive or is otherwise being conducted in an oppressive manner, the aggrieved party can always make application for a protective order.

Accordingly, I conclude that the 30(b)(6) deposition of an witness is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent seven-hour time limit.

Dated: New York, New York

    December 10, 2001

    SO ORDERED

    HENRY PITMAN

    United States Magistrate Judge



www.mbf-law.com

401 N. Michigan Avenue
Suite 1900
Chicago, Illinois 60611
Telephone (312) 222-0800
FAX (312) 222-0818
Author: Manotti L. Jenkins
Writer's Direct Line: (312) 222-5794
Email: mljenkins@mbf-law.com

Offices in:
Milwaukee, Wisconsin
Madison, Wisconsin
Manitowoc, Wisconsin
Waukesha, Wisconsin
Lehigh Valley, Pennsylvania

February 1, 2005

**VIA FACSIMILE-(213) 620-1398 and FIRST CLASS MAIL**

Darren M. Franklin, Esq.
SHEPPARD MULLIN
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448

Re: *Flexi-Mat Corporation v. Dallas Manufacturing Company, Inc., et al.*
    **Civil Action No. 04 10162 DPW (D.Mass.)**

Dear Darren:

We have concluded our review of Dallas Manufacturing's and BJ's Wholesale Club's (collectively, "Defendants") Responses and Objections to Flexi-Mat's second set of discovery requests. Defendants' responses to these discovery requests are inadequate for the reasons discussed below (this letter discusses BJ's' inadequate responses to Flexi-Mat's second set of interrogatories only).

## INTERROGATORIES

A. **General Objections**

1. Defendants have not identified or explained why any particular interrogatory is "vague, overly broad, oppressive, harassing or vexatious; imposes a burden or expense that outweighs its likely benefit; seeks a legal conclusion; and/or seeks information not relevant to a claim or defense of any party." Please state whether Defendants are withholding information responsive to any interrogatory based upon General Objection No. 1, and if so, please identify the interrogatory and explain the grounds for the objection.

2. Please provide a privilege log of the materials withheld on the basis of attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other privilege or immunity.

3. Please confirm that defendants have produced all responsive documents or other information withheld on the grounds that an appropriate protective order has not been entered. In light of the Interim Discovery Agreement, which Flexi-Mat and Defendants agreed would



Darren M. Franklin, Esq.
February 1, 2005
Page 2

govern the exchange of discovery until a formal protective order has been entered by the Court, this objection is inappropriate.

**B.     Specific Responses and Objections.**

    **1.     BJ's Wholesale Club**

INTERROGATORY NO. 18:

In response to this interrogatory, BJ's states that it "does not know who provided the content for the document bearing production No. BWC000017." These documents appear to be BJ's' internal documents. Please explain why BJ's does not know who provided the content for that document and describe in detail what BJ's did to investigate this matter. Please also confirm that BJ's' investigation of this matter is ongoing.

INTERROGATORY NO. 19:

In response to this interrogatory, BJ's states that it "does not know who provided the content for the documents bearing production Nos. BWC000018-21, BWC000022-24 and BWC000027-30." These documents appear to be BJ's' internal documents. Please explain why BJ's does not know who provided the content for those documents and describe in detail what BJ's did to investigate this matter. Please also confirm that BJ's' investigation of this matter is ongoing.

    **2.     Dallas Manufacturing**

INTERROGATORY NO. 17:

Among other objections, Dallas objects to this interrogatory as vague and ambiguous "in that it is unclear what is meant by 'relationship.'" By "relationship," Flexi-Mat means the manner in which each listed entity does business with Dallas and the purpose for such business. In light of this further explanation, please supplement this interrogatory answer, if necessary. In addition, the governing instruction for these interrogatories requests that Dallas provide the full name and present or last-known address for each of the listed entities. Please supplement this interrogatory with that information.

Further, Dallas did not answer sub-part (d) of this interrogatory which requests that Dallas identify American Marketing Alliance. Please supplement this interrogatory with the requested information.



Darren M. Franklin, Esq.
February 1, 2005
Page 3

INTERROGATORY NO. 18:

Dallas objects to this interrogatory on the ground that "the information is obtainable by Flexi-Mat's own inspection and comparison of the pet beds supplied by Dallas Manufacturing and Doskocil Manufacturing Company, Inc. to BJ's Wholesale Club, Inc. . . . and that this is less burdensome and less expensive than requiring Dallas Manufacturing to respond to this interrogatory." This objection is both inaccurate and inappropriate. As this interrogatory references, Dallas produced documents bearing Bates Nos. DMC000235 and DMC000285, which documents indicate that Dallas made a comparative assessment of those products. Flexi-Mat is entitled to know the results of that assessment. We are interested in Dallas's assessment, and Flexi-Mat's comparison of these products is irrelevant to this interrogatory. Therefore, Flexi-Mat requests that Dallas answer this interrogatory.

INTERROGATORY NO. 19:

In response to this interrogatory, Dallas states that "as presently advised, Dallas Manufacturing believes the pet beds reflected in the documents bearing Bates Nos. DMC000184-000193 are not Dallas Manufacturing pet beds." Please identify all persons who "advised" that the referenced pet beds are not Dallas pet beds.

## REQUESTS FOR PRODUCTION

A. **General Objections**

1. Defendants have not identified or explained why any particular document request is "vague, overly broad, oppressive, harassing or vexatious; imposes a burden or expense that outweighs its likely benefit; seeks a legal conclusion; and/or seeks information not relevant to a claim or defense of any party." Please state whether Defendants are withholding any documents responsive to this request based upon General Objection No. 1, and if so, please identify the request and explain the grounds for the objection.

2. Please provide a privilege log of the materials withheld on the basis of attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other privilege or immunity.

3. Please confirm that defendants have produced all responsive documents withheld on the grounds that an appropriate protective order has not been entered. In light of the Interim Discovery Agreement, which Flexi-Mat and Defendants agreed would govern the exchange of discovery until a formal protective order has been entered by the Court, this objection is inappropriate.



Darren M. Franklin, Esq.
February 1, 2005
Page 4

**B.     Specific Responses and Objections**

    **1.     Dallas Manufacturing**

<u>REQUEST FOR PRODUCTION NO. 27</u>:

    Among other objections, Dallas objects to this request on the grounds that it is overly broad, unduly burdensome and not relevant to a claim or defense of any party "to the extent it is not limited to documents and things pertaining to . . . the accused pet beds supplied to BJ's Wholesale Club, Inc. by Dallas Manufacturing that is identified in the *Complaint* . . . ." This objection is improper. In Count I of both the Complaint and the First Amended Complaint, Flexi-Mat alleges that "Dallas Mfg.'s infringing activities included, **but are not limited to**, importing into the United States and selling to BJWC stores in this district and elsewhere in the United States pet beds that are offered for sale and sold under the name 'Berkeley & Jensen Premium Quality Bolster Pet Bed . . .'" (emphasis added). Therefore, Flexi-Mat's claims against Dallas are not limited to the bolster beds sold by Dallas to BJ's Wholesale Club. Please confirm that Dallas has produced all documents related to *any* bolster bed that it sells, regardless of the retailer or other entity to whom it sells such beds. If Dallas has not produced all such documents, please supplement your production to include such documents.

    On a related note, Dallas has not responded to my repeated e-mails concerning its obligation to produce Mr. Richard Matthews for two (2) separate seven- (7) hour depositions in his individual and corporate representative capacities. As you know, I attached legal authority for this proposition to my last e-mail, for your immediate reference. Please confirm that Dallas will produce Mr. Matthews in the described manner.

    I propose that we discuss the discovery issues in this letter on Thursday, February 3, 2005, at 1:00 pm CST. Assuming this date and time are acceptable to you, I will call you then. Unless we can resolve these issues during that teleconference, or shortly thereafter, Flexi-Mat will proceed to file a motion to compel next week.

Sincerely,

MICHAEL BEST & FRIEDRICH LLP

*/s/ Manotti L. Jenkins*

Manotti L. Jenkins

MLJ:cc

cc: Larry L. Saret, Esq.



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
ATTORNEYS AT LAW

48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 office | 213-620-1398 fax | www.sheppardmullin.com

Darren M. Franklin
Writer's Direct Line: 213-617-5498
dfranklin@sheppardmullin.com

February 3, 2005

Our File Number: 0SEL-109915

*VIA FAX AND U.S. MAIL*

Manotti L. Jenkins, Esq.
Michael Best & Friedrich LLP
401 N. Michigan Ave., Ste. 1900
Chicago, IL 60611-4274
Facsimile: (312) 222-0818

Re: *Flexi-Mat Corp. v. Dallas Manufacturing Co.*,
Civil Action No. 04 10162 DPW (D. Mass.)

Dear Manotti:

Responding to your e-mails to me dated January 27 and 28, and subject to confirmation of the availability of Doskocil's counsel, we are willing to compromise and offer Richard Mathews for a full-day deposition on March 22 and reserve a half-day on March 23 for Mr. Mathews if necessary, assuming that Flexi-Mat uses the time on March 22 efficiently. We are also willing to offer Neil Nivert for whatever time remains on March 23. We believe that this will be sufficient for Mr. Nivert given his limited involvement with the issues in this case. Mr. Mathews would testify on March 22 as Dallas Manufacturing's Rule 30(b)(6) witness, subject to objections we will be serving, and on March 23 in his personal capacity. Mr. Nivert would testify on March 23 in his personal capacity. Please contact me to confirm whether this is acceptable to Flexi-Mat.

As a matter of law, we disagree that Flexi-Mat is entitled to two seven-hour days of deposition testimony from Mr. Mathews. Rule 30(a)(2) of the Federal Rules of Civil Procedure states, "A party must obtain leave of court . . . if, without the written stipulation of the parties . . . (B) the person to be examined already has been deposed in the case." Once Flexi-Mat completes its seven hours with Mr. Mathews, he becomes a person who already has been deposed in the case under Rule 30(a)(2)(B). To depose Mr. Mathews further, Flexi-Mat must get leave of court.

We also disagree that the unpublished case you cited from the Southern District of New York, *Sabre v. First Dominion Capital, L.L.C.*, 2001 U.S. Dist. LEXIS 20637 (S.D.N.Y. Dec. 10, 2001), compels a different result. Moreover, *Sabre* cautions:

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Manotti L. Jenkins, Esq.
February 3, 2005
Page 2

      This is not to say, however, that the inquiring party has carte blanche to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness. In the case of many closely held corporations, the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity. In such a situation, the witness could simply adopt the testimony he or she provided in a former capacity, thereby obviating the need for a second deposition.

*Id.* at *3-*4. Mr. Mathews' individual knowledge concerning the subjects in Flexi-Mat's Rule 30(b)(6) notice is largely Dallas Manufacturing's knowledge. By demanding that Mr. Mathews testify for fourteen hours, Flexi-Mat seeks discovery that is unreasonably burdensome and cumulative under the circumstances of this case. Despite this, we are willing to offer Richard Mathews for a day and a half of depositions as discussed above.

      Regarding other matters raised in your January 27 e-mail, we look forward to receiving a complete production of documents responsive to Dallas Manufacturing's first through third sets of requests for production, as well as a supplemental privilege log, by the end of this week. During our January 24 telephone conference concerning Dallas Manufacturing's second and third sets of production requests, you said that Flexi-Mat is not withholding any documents based upon its general and specific objections to the requests, except for materials withheld on the basis of attorney-client privilege or the attorney work product doctrine.

Sincerely,

Darren M. Franklin

for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

W02-LA:1DAF1\70798286.1

cc: Roy W. Hardin, Esq. (via facsimile)
    Gary A. Clark, Esq. (by hand delivery)