Service: **Get by LEXSEE®**
Citation: **2001 U.S. Dist. Lexis 20637**

*2001 U.S. Dist. LEXIS 20637, \*; 51 Fed. R. Serv. 3d (Callaghan) 1405*

JOHN L. SABRE, et al., Plaintiffs, -against- FIRST DOMINION CAPITAL, LLC, et al., Defendants.

01 Civ. 2145 (BSJ)(HBP)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2001 U.S. Dist. LEXIS 20637; 51 Fed. R. Serv. 3d (Callaghan) 1405

December 10, 2001, Decided
December 12, 2001, Filed

## CASE SUMMARY

**PROCEDURAL POSTURE:** The parties to a civil action disputed whether the presumptive 7-hour time limit set forth in Fed. R. Civ. P. 30(d)(2) applied cumulatively to the testimony given by a witness in both his individual capacity and as a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6), or whether the individual deposition and the Fed. R. Civ. P. 30(b)(6) deposition were subject to independent 7-hour presumptive time limits.

**OVERVIEW:** The court concluded that the depositions of an individual who was noticed as an individual witness pursuant to Fed. R. Civ. P. 30(b)(1) and who was also produced as a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6) were presumptively subject to independent 7-hour time limits. If a person who was both an individual witness and a Fed. R. Civ. P. 30(b)(6) witness were presumptively subject to a single 7-hour deposition there would be substantial potential for over-reaching. However, the court found that if the questioning at any deposition became repetitive or was otherwise being conducted in an oppressive manner, the aggrieved party could always make application for a protective order.

**OUTCOME:** The court held that the deposition of a witness as a corporate representative was separate from the deposition of that same person as an individual, and was presumptively subject to an independent 7-hour time limit.

**CORE TERMS:** deposition, seven-hour, entity, presumptively, presumptive, time limit, designating, probe

### LexisNexis(R) Headnotes ♦ Hide Headnotes

Civil Procedure > Discovery Methods > Oral Depositions
**HN1** See Fed. R. Civ. P. 30(d)(2).

Civil Procedure > Discovery Methods > Oral Depositions
**HN2** For purposes of the durational limit, the deposition of each person designated under Fed. R. Civ. P. 30(b)(6) should be considered a separate deposition. More Like This Headnote

Civil Procedure > Discovery Methods > Oral Depositions
**HN3** A deposition pursuant to Fed. R. Civ. P. 30(b)(6) is substantially different from a witness's deposition as an individual. A Fed. R. Civ. P. 30(b)(6) witness testifies as a

representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity. More Like This Headnote

Civil Procedure > Discovery Methods > Oral Depositions

HN4 For purposes of calculating the number of a depositions in a case, a Fed. R. Civ. P. 30(b)(6) deposition is separately counted as a single deposition, regardless of the number of witnesses designated. As a separate deposition that probes the knowledge of the entity and not the personal knowledge of the individual testifying, a Fed. R. Civ. P. 30(b)(6) deposition should be subject to its own independent 7-hour limit. More Like This Headnote

Civil Procedure > Discovery Methods > Oral Depositions

HN5 The Fed. R. Civ. P. 30(b)(6) deposition of an witness is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent 7-hour time limit. More Like This Headnote

**COUNSEL:** [*1] For JOHN L. SABRE, ALEXANDER L. BOLEN, ANDREW H. MARSHAK, MICHAEL A. MONTELEONE, plaintiffs: Thomas M. Campbell, Smith Campbell, L.L.P., New York, NY.

**JUDGES:** HENRY PITMAN, United States Magistrate Judge.

**OPINIONBY:** HENRY PITMAN

**OPINION:** MEMORANDUM OPINION AND ORDER

PITMAN, United States Magistrate Judge:

In correspondence dated November 29, December 3 and December 4, 2001, the parties dispute whether the presumptive seven-hour time limit set forth in Fed.R.Civ.P. 30(d)(2) applies cumulatively to the testimony given by a witness in both his individual capacity and as a corporate representative pursuant to Fed.R.Civ.P. 30(b)(6) or whether the individual deposition and the 30(b)(6) deposition are subject to independent seven-hour presumptive time limits. For the reasons set forth below, I conclude that the latter interpretation is correct and that the depositions of an individual who is noticed as an individual witness pursuant to Fed.R.Civ.P. 30(b)(1) and who is also produced as a corporate representative pursuant to Fed.R.Civ.P. 30(b)(6) are presumptively subject to independent seven-hour time limits.

Fed.R.Civ.P. 30(d)(2) provides that HN1 "unless otherwise authorized by the court or stipulated [*2] by the parties, a deposition is limited to one day of seven hours." The 2000 Advisory Committee Notes to this amendment provide that "for purposes of this durational limit, HN2 the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."

HN3 A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity. 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice & Procedure § 2103 (2d ed. 1994). The distinct status of a 30(b)(6) deposition is confirmed by the Advisory Committee Notes to the 1993 amendments to the Federal Rules of Civil Procedure which expressly state that HN4 for purposes of calculating the number of a depositions in a case, a 30(b)(6) deposition is separately counted as a single deposition, regardless of the number of witnesses designated. As a separate deposition that probes the knowledge of the entity and not the personal knowledge of the individual testifying, [*3] a 30

(b)(6) deposition should be subject to its own independent seven-hour limit.

If defendants' interpretation were correct, and a person who is both an individual witness and a 30(b)(6) witness were presumptively subject to a single seven-hour deposition there would be substantial potential for over-reaching. For example, any entity that wanted to limit the testimony of an individual could accomplish that goal by designating the individual as a 30(b)(6) witness; under defendant's interpretation, every minute spent conducting the 30(b)(6) deposition would be deducted from the time available to probe the witness's individual knowledge. Conversely, defendants' interpretation would also permit an entity to curtail 30(b)(6) examinations by designating as a 30(b)(6) witness a person who previously testified for six-hours as an individual and has only one hour left on his or her presumptive seven-hour clock. An interpretation that would lead to such absurd results must be rejected.

This is not to say, however, that the inquiring party has carte blanche to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness. In the case of many closely held corporations, **[*4]** the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity. In such a situation, the witness could simply adopt the testimony he or she provided in a former capacity, thereby obviating the need for a second deposition. In addition, if the questioning at any deposition becomes repetitive or is otherwise being conducted in an oppressive manner, the aggrieved party can always make application for a protective order.

Accordingly, I conclude that *HN5* the 30(b)(6) deposition of an witness is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent seven-hour time limit.

Dated: New York, New York

December 10, 2001

SO ORDERED

HENRY PITMAN

United States Magistrate Judge

Service: **Get by LEXSEE®**
Citation: **2001 U.S. Dist. Lexis 20637**
View: Full
Date/Time: Monday, February 14, 2005 - 1:57 PM EST

\* Signal Legend:
- Warning: Negative treatment is indicated
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

\* Click on any *Shepard's* signal to *Shepardize*® that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.