UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation,<br><br>              Plaintiff,<br><br>   v.<br><br>DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, BJ'S WHOLESALE CLUB, INC., a Delaware corporation, and DOSKOCIL MANUFACTURING COMPANY, INC., a Texas corporation,<br><br>              Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. 04 10162 DPW |

**DEFENDANT DALLAS MANUFACTURING'S OPPOSITION TO PLAINTIFF FLEXI-MAT'S MOTION TO COMPEL DEFENDANT DALLAS MANUFACTURING TO PRODUCE ITS ONLY RULE 30(B)(6) WITNESS AND AN INDIVIDUAL WITNESS FOR TWO SEVEN-HOUR DAYS OF DEPOSITION**

## I.   INTRODUCTION

Plaintiff and Counter-Defendant Flexi-Mat Corporation ("Flexi-Mat") seeks the Court's blessing to depose an individual, Richard Mathews, for fourteen hours over two days, more than twice the seven-hour limit prescribed by Rule 30(d)(2), FED. R. CIV. P.  Flexi-Mat claims it has the right to break this rule because it served two deposition notices, one to Mr. Mathews personally and one under Rule 30(b)(6), FED. R. CIV. P., to Mr. Mathews' employer, Defendant and Counter-Claimant Dallas Manufacturing Company, Inc. ("Dallas Manufacturing").  Through this tactic, Flexi-Mat hopes to question Mr. Mathews for fourteen hours about topics pertaining to Dallas Manufacturing's pet beds, even though Mr. Mathews' personal knowledge about the beds is largely the company's knowledge.

Flexi-Mat filed this motion without taking at least an initial seven-hour deposition of Mr. Mathews, which would show whether more time is even needed.[1]  Flexi-Mat also refused Dallas Manufacturing's compromise offer of a day and a half with Mr. Mathews.  Instead, Flexi-Mat is determined to take Mr. Mathews away from his busy job for two full days, based upon its unfounded belief that it will need nothing less than fourteen hours with Mr. Mathews to cover Dallas Manufacturing's pet bed business.

## II.     BACKGROUND

Flexi-Mat sued Dallas Manufacturing for infringing a patent to a pet bed with a bottom cushion and removable bolster.  Among other things, the patent requires that "substantially all of said bolster [be] disposed exteriorly about at least a portion of the perimeter of the bottom portion."  (U.S. Patent No. 5,765,502 ("the '502 patent") at 3:43-45.)  In other words, the bolster must be arranged or placed along the outside of the outer boundary of the bottom cushion, as shown by the drawings in Flexi-Mat's patent, and not on top of the bottom cushion.  In Dallas Manufacturing's pet bed, the top cushion or bolster is positioned entirely on top of the bottom or base cushion.  Flexi-Mat's claim against Dallas Manufacturing is completely baseless.

### A.     The Parties Consolidate the Rule 30(b)(6) and Individual Depositions in Early January

Despite the groundless nature of Flexi-Mat's claim, Dallas Manufacturing has cooperated with Flexi-Mat in moving discovery forward.  On December 6, 2004, Flexi-Mat served its Notice of Deposition Pursuant to FED. R. CIV. P. 30 to Mr. Richard Mathews.

---

[1] Flexi-Mat claims that a deposition is "presently scheduled to take place during the first week of March, 2005 in Dallas, Texas."  (Mem. at 2.)  Dallas Manufacturing proposed such a deposition during a telephone conference on January 24, 2005, but Flexi-Mat never accepted the proposed date and never issued a notice or letter confirming such a deposition.  (Franklin Decl. at ¶ 7.)  During a telephone conference on February 28, 2005, Flexi-Mat confirmed that there will be no deposition during the first week of March.  (Franklin Decl. at ¶ 8.)

(Plaintiff Flexi-Mat's Memorandum in Support of Its Motion to Compel ("Mem."), Exh. 1.)  The notice to Mr. Mathews stated that his deposition would commence on January 10, 2005.  (*Id.*)

On December 30, 2004, Flexi-Mat sent an e-mail to defendants, stating:

> [P]lease be advised that we intend to serve 30(b)(6) Notices of Deposition on Dallas and BJ's tomorrow (Friday, 12/31), *which depositions we presumed would be consolidated with the already noticed individual depositions*, based on Dallas's and BJ's' initial disclosures.  We will proceed to notice those corporate depositions for the dates presently reflected in the individual notices, but we will certainly be flexible in accommodating the witnesses' schedules.

(Declaration of Darren M. Franklin ("Franklin Decl."), Exh. A (emphasis added).)  Consistent with this e-mail, Flexi-Mat served its Notice of Deposition Pursuant to FED. R. CIV. P. 30(b)(6) to Defendant Dallas Manufacturing on December 31, 2004.  (Mem., Exh. 2.)  The notice stated that the Rule 30(b)(6) deposition would commence on January 10, 2005, concurrent with Mr. Mathews' deposition.  (*Id.*)

On January 4, 2005, Dallas Manufacturing informed Flexi-Mat that Mr. Matthews was available for deposition on January 11, as opposed to January 10, and that Mr. Mathews would be its Rule 30(b)(6) witness.  (Franklin Decl., Exh. B.)  On January 6, Flexi-Mat thanked Dallas Manufacturing for its "prompt response regarding scheduling of the depositions of Mr. Matthews and Mr. Nivert, as well as the 30(b)(6) deposition of Dallas."  (Franklin Decl., Exh. C.)  Flexi-Mat, however, had to postpone these depositions because its counsel had become ill.  (*Id.*)

B.   **Flexi-Mat Reverses Course.**

During a telephone conference on January 24, Flexi-Mat did an about face, and no longer would agree with the presumption that Dallas Manufacturing's Rule 30(b)(6) deposition would be consolidated with the individual deposition of Mr. Mathews. Instead, Flexi-Mat insisted that it was entitled to at least two seven-hour days of deposition testimony from Mr. Mathews. (Franklin Decl., ¶ 7.)

On February 3, Dallas Manufacturing proposed a compromise and offered Flexi-Mat a day-and-a-half with Mr. Mathews. (Mem., Ex. 5 (letter from D. Franklin to M. Jenkins, dated Feb. 3, 2005).) Flexi-Mat refused.

### III.   DISCUSSION

A.   **Rule 30(a)(2)(B) Requires Leave of Court If Any Witness Is To Be Deposed More Than Once**

Rule 30(a)(2) of the Federal Rules of Civil Procedure states that "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties . . . (B) the person to be examined already has been deposed in the case . . . ." The Comments to the 1993 Amendments state that Rule 30(a)(2)(B) "requires leave of court if any witness is to be deposed in the action more than once." Once Flexi-Mat completes its seven hours with Mr. Mathews, he becomes a person who already has been deposed in the case under Rule 30(a)(2)(B).

To extend the seven hours allotted by Rule 30(d)(2), at least one case in the District of Massachusetts has held that:

> the better practice is for the deposition to go forward to determine how much is able to be covered in the seven hours and, then, if additional time is needed, for counsel to stipulate to extend the deposition for a specific additional time period. If the parties cannot reach a stipulation, then Court intervention may be sought.

*Malec v. Trustees of Boston College*, 208 F.R.D. 23, 24 (D. Mass. 2002) (holding that defendants' motion seeking to depose plaintiff for fourteen hours over two days would not be granted in advance of the deposition). Flexi-Mat has not done this here.

The case cited by Flexi-Mat, *Sabre v. First Dominion Capital, LLC*, 2001 U.S. Dist. LEXIS 20637 (S.D.N.Y. Dec. 10, 2001) (unpublished), does not address either Rule 30(a)(2)(B) or whether a motion to depose an individual for fourteen hours should be granted in advance of the first day of deposition. The *Sabre* case, nevertheless, articulates a presumption that individual and corporate depositions are subject to independent seven-hour time limits. If this presumption were adopted, it would effectively allow a party to depose any individual designated under Rule 30(b)(6) for up to fourteen hours. Perhaps for that reason, *Sabre* cautions:

> This is not to say, however, that the inquiring party has carte blanche to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness. In the case of many closely held corporations, the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity. In such a situation, the witness could simply adopt the testimony he or she provided in a former capacity, thereby obviating the need for a second deposition.

*Id*. at *3-*4.

Here, Mr. Mathews' individual knowledge concerning the subjects in Flexi-Mat's Rule 30(b)(6) notice is largely Dallas Manufacturing's knowledge. By demanding that Mr. Mathews appear to testify for fourteen hours, without knowing that all this time is necessary, Flexi-Mat seeks discovery that is burdensome and cumulative under the circumstances of this case.

**B.      Flexi-Mat Should Have Waited Before Filing this Motion**

Dallas Manufacturing is a closely held, privately owned corporation that sells novelty pet items, among other things. Flexi-Mat claims that "Dallas is not a small company where one person knows virtually everything the company does," (Mem. at 6), but this is pure speculation, especially since Flexi-Mat has not yet deposed any Dallas Manufacturing witnesses.

Almost all of Flexi-Mat's Rule 30(b)(6) deposition topics pertain to the pet bed business within this small company, a segment with which Mr. Mathews is intimately knowledgeable. In questioning Mr. Mathews about these topics, Flexi-Mat will surely ask about many of the documents that Flexi-Mat found bearing Mr. Mathews' name. Flexi-Mat is correct that Mr. Mathews "has considerable personal knowledge of many of the events that form the basis of this lawsuit," (Mem. at 4), and it's that personal knowledge that Flexi-Mat will be probing when questioning Mr. Mathews about the Rule 30(b)(6) topics.

Flexi-Mat also claims that "[t]he categories in the Rule 30(b)(6) Notice of Deposition are likely broader than Mr. Mathews' personal knowledge, which, according to Dallas in its Initial Disclosure Statement, is limited to product introduction, marketing and sales. (Mem. at 5-6.) This is false. Dallas Manufacturing's Initial Disclosures never say that Mr. Mathews' personal knowledge is *limited* to product introduction, marketing and sales. Mr. Mathews also has personal knowledge about subjects pertaining to the development and production of the accused Dallas Manufacturing pet bed, among many other things.

Moreover, had Flexi-Mat waited to file this motion until after it had deposed Mr. Mathews for a day, it wouldn't have to engage in the speculation that Mr. Mathews "will have only limited personal knowledge of how the accused product was developed," (Mem. at 6), or that Mr. Mathews "probably will not have personal knowledge of the cost margins and similar financial information," (*id.*).  Mr. Mathews might not have personal knowledge of legal opinions pertaining to the accused Dallas Manufacturing pet bed, (*id.*), but Dallas Manufacturing has not disclosed any legal opinions to Flexi-Mat, and questions on this topic will face objections on grounds of privilege and work product.  Mr. Mathews also might not have personal knowledge of relevant prior art, but Dallas Manufacturing has objected to this topic as improper for a Rule 30(b)(6) deposition and has started the meet-and-confer process concerning a protective order.

Mr. Mathews' individual knowledge concerning the subjects in Flexi-Mat's Rule 30(b)(6) notice is largely Dallas Manufacturing's knowledge.  Moreover, Flexi-Mat has no grounds for claiming that Mr. Mathews is "a mouthpiece who will have to acquire much of the knowledge in preparation for the Rule 30(b)(6) deposition," (Mem. at 6), especially since Flexi-Mat filed this motion before taking one day of deposition.  For these reasons, Flexi-Mat's motion should be denied, or at least held in abeyance until after Flexi-Mat has seen Mr. Mathews testify.

C.   **Sanctions Are Not Warranted.**

When Flexi-Mat first served its Rule 30(b)(6) notice, it "presumed" the Rule 30(b)(6) deposition "would be consolidated with the already noticed individual depositions." (Franklin Decl., Exh. A.)  Flexi-Mat then reversed course, demanded fourteen hours to question Mr. Mathews, and rushed this motion to court without taking the first day of deposition and seeing whether it even needed the additional seven hours.  Dallas Manufacturing finally offered a day-and-a-half with Mr. Mathews—an effort at compromise that Flexi-Mat derides as "gamesmanship," (Mem. at 2), and an attempt to "horse trade," (Mem. at 7).

Flexi-Mat then claims that "Dallas, through its Initial Disclosure Statement, has *admitted* that Mr. Matthews does not have personal knowledge of many, if not most, of the categories identified in the 30(b)(6) notice." (Mem. at 7.)  The Initial Disclosures contain absolutely no such admission.[2]  (*See* Mem., Exh. 3.)  Given all this history, as well as the substantive arguments above, sanctions are not warranted.

### IV.    CONCLUSION

For the foregoing reasons, the Court should deny Flexi-Mat's motion to compel, or at least hold it in abeyance until after Mr. Mathews has testified for seven hours and the parties can better determine whether additional time is necessary.

> Attorneys for Defendant and Counter-Claimant
> DALLAS MANUFACTURING COMPANY, INC.
>
> /s/ Darren M. Franklin
> Gary A. Clark (pro hac vice)
> Darren M. Franklin (pro hac vice)
> SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
>   A Limited Liability Partnership
>   Including Professional Corporations
> 333 South Hope Street, 48th Floor
> Los Angeles, California  90071-1448
> (213) 620-1780
> dfranklin@sheppardmullin.com

Dated:   February 28, 2005

James J. Marcellino, Esq. (BBO # 318840)
David M. Mello, Esq. (BBO # 634722)
MCDERMOTT, WILL & EMERY
28 State Street
Boston, MA  02109-1775
(617) 535-4000

---

[2] Rule 26(a)(1)(A) requires disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information *that the disclosing party may use* to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information."  FED. R. CIV. P. 26(a)(1)(A) (emphasis added).