IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 FEB 18 P 3:52
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, BJ'S WHOLESALE CLUB, INC., a Delaware corporation, and DOSKOCIL MANUFACTURING COMPANY, INC., a Texas corporation,<br><br>Defendants,<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. 04 10162 DPW |

## Defendant's Motion For Entry of Stipulated Protective Order

Defendant Doskocil Manufacturing Company, Inc. ("Doskocil") moves unopposed for entry of a Protective Order in the present litigation. The parties, having conferred on this issue, and having reached an agreement as to form and content, recognize that certain highly confidential and valuable information, including sensitive business sales and product information, may be disclosed or produced by the parties during the course of this litigation. As a result, the parties desire to limit the potential harm associated with the production of such confidential information by specifically setting forth certain guidelines to be followed by the parties and by expressly limiting the uses of the disclosed confidential information.

38

## Certificate of Service

The undersigned counsel has caused to be served the foregoing by the following method on February 18, 2005:

### By Facsimile and First Class Mail

John J. Cotter, Esq.,
Testa Hurwitz & Thibeault, LLP
125 High Street Tower
Boston, MA 02110
Facsimile: (617) 248-7100

Larry L. Saret, Esq.
Manotti L. Jenkins, Esq.
Michael Best & Friedrich LLP
401 N. Michigan Avenue, Suite 1900
Chicago, IL 66011
Facsimile: (312) 222-0818

Darren M. Franklin
Gary A. Clark
Sheppard, Mullin, Richter & Hampton LLP
48th Floor
333 South Hope Street
Los Angeles, CA 90071-1448
Telephone: (213) 617-5498
Facsimile: (213) 620-1398

M. Scott Fuller

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation,<br><br>               Plaintiff,<br><br>     v.<br><br>DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, BJ'S WHOLESALE CLUB, INC., a Delaware corporation, and DOSKOCIL MANUFACTURING COMPANY, INC., a Texas corporation,<br><br>               Defendants,<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. 04 10162 DPW |

## STIPULATED PROTECTIVE ORDER

WHEREAS, it appears that the preparation and trial of the above-captioned litigation may require the discovery of documents, information or other material claimed by the parties to contain or be proprietary, trade secrets or confidential information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure and as further set forth below;

WHEREAS, the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c), Fed. R. Civ. P. to protect against improper disclosure or use of confidential information produced or disclosed in this case.

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT as follows:

1. With respect to the disclosure of documents:

    (a) Except as otherwise provided herein, at the time production of copies of documents or other tangible things is made pursuant to request or requirement, the producing party shall designate the copies of those documents deemed to contain proprietary, trade secrets or other confidential information by stamping or otherwise indicating on such copies the words "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY," depending on the level of confidentiality of the information. This is a two-tiered Protective Order, whereby the designation for the lower level of protection will be "CONFIDENTIAL" and the designation for the higher level of protection will be "CONFIDENTIAL: ATTORNEYS' EYES ONLY." These designations are explained further below. Throughout this Protective Order, whenever the word "confidential" is used in lower case, it is generally intended to connote material generally protected by this Protective Order and does not refer solely to the specific designation "CONFIDENTIAL," in all caps, unless the context provides otherwise.

    (b) Documents and tangible things may be made available for initial inspection by counsel for the receiving party prior to the producing party providing copies to counsel for the receiving party. Counsel for the receiving party shall consider the documents or tangible things being made available for inspection prior to the producing party providing copies to be designated CONFIDENTIAL: ATTORNEYS' EYES ONLY, whether such documents or tangible things are marked as such or not, until copies thereof are requested and supplied, and thereafter the designation marked on the documents or tangible things, as conveyed in paragraph 1(a), shall govern. Such initial inspection shall not constitute a waiver of the attorney-client privilege or work product immunity or confidentiality with respect to any document or tangible thing so inspected but not copied. Nothing in this Protective Order shall be construed as

requiring the production or submission for initial inspection of any documents or tangible things or the giving of any testimony covered by attorney-client or work product privileges.

2. At the time disclosure is required of information deemed to constitute proprietary, trade secrets or other confidential information, by means other than production of documents, *e.g.*, interrogatory responses, the producing party shall so advise the receiving party in writing (or orally if recorded as part of a deposition or Court record) or by stamping or otherwise indicating on such information either the words "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" whereupon such information shall be subject to all the provisions of this Protective Order.

3. The original and all copies of any deposition transcript not designated as CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS' EYES ONLY at the time of the taking of the deposition shall initially be considered, in its entirety, to be designated CONFIDENTIAL: ATTORNEYS' EYES ONLY. A party shall then have seven (7) days after the date of receipt of the transcript of a deposition to specifically designate those portions of the testimony in the transcript which are deemed by that party to be either CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS' EYES ONLY, at which time the portions not so designated shall be placed outside the protection of this Protective Order. The reporter and all counsel shall promptly conform the original and all copies of the transcript in accordance with the party's designation and the portions so designated either as CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS' EYES ONLY shall thereafter be separated and treated in accordance with the terms of this Protective Order.

4. (a) Documents and information designated as CONFIDENTIAL, the lower level of protection, may be used only in preparation and trial of this case, shall be retained in confidence, and may be disclosed only to individuals identified in this section:

    i. Outside attorneys representing the receiving party and, only as necessary, to persons employed by the outside attorneys or their law firm (*e.g.* associated attorneys, secretary, paralegal, law clerk) who are apprised of and agree to maintain the confidentiality;

    ii. Two (2) designated employees of the receiving party, who shall agree in advance by signing a writing, as exemplified in Exhibit A attached hereto, supplied to counsel for each of the parties that he or she is fully familiar with the terms of this Protective Order and will be bound by this Protective Order.

    iii. Subject to the provisions of paragraph 5 herein, a reasonable number of independent experts (*i.e.*, those who are not employed by or act as a consultant to a party in a non-litigation capacity, along with persons regularly employed by the independent expert, *e.g.*, paraprofessional, computer operator, or secretary, only as necessary and who are apprised of and agree to maintain the confidentiality and who also are not employed by or act as a consultant to a party in a non-litigation capacity) retained by that counsel for purposes of the above-captioned litigation;

    iv. An independent shorthand reporter retained to record and transcribe testimony in connection with this action; and

v. The Court and employees of the Court.

Said counsel and said persons shall not disclose documents or information designated CONFIDENTIAL to any other person, and shall not use said documents or information for any purpose other than the preparation and trial of this case, unless the designating party agrees in advance to such disclosure in writing.

(b) Discovery material disclosing or revealing confidential information from which any other party could derive a competitive advantage, such as relatively current and confidential technical information, or relatively current and confidential financial, sales, pricing, marketing, vendor or customer information, or trade secrets, may be designated as CONFIDENTIAL: ATTORNEYS' EYES ONLY, the higher level of protection. Material designated as CONFIDENTIAL: ATTORNEYS' EYES ONLY shall likewise be maintained in confidence, be used solely for purposes of this litigation, and may be disclosed only to persons identified in subparagraph 4(a) (i), (iii) – (v) above, unless the designating party agrees in advance to such disclosure in writing. In the event the designating party does agree to disclosure of material designated as CONFIDENTIAL: ATTORNEYS' EYES ONLY to a person falling outside of subparagraph 4(a) (i), (iii) – (v), such person shall agree in advance by signing a writing, as exemplified in Exhibit A hereto, supplied to counsel for each of the parties that he or she is fully familiar with the terms of this Protective Order and will be bound by this Protective Order.

5. Counsel for a party shall be required to notify all counsel of record in writing as to the identity, address and current employment of each independent expert to whom counsel intends to disclose confidential documents or information. No party may designate any of its employees, officers, directors, or non-litigation consultants as an independent expert. Prior to permitting

access by such expert to information designated CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS' EYES ONLY, the parties shall then have ten (10) business days from receipt of such notice to object and set forth the grounds for said objection, in writing, to the disclosure of CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS' EYES ONLY information or documents to such expert. In the event of such objection, the party desiring such disclosure then may apply to the Court to permit such disclosure to the identified expert. Upon application for such disclosure, the party objecting to the disclosure shall bear the burden of sustaining such objection. Until such time as the Court rules on such motion, no disclosure may be made to such expert. Each expert so identified, before obtaining access to said documents and said information, shall acknowledge, in writing as exemplified in Exhibit A hereto, that he or she is fully familiar with the terms of this Protective Order and will be bound by this Protective Order.

6. The production of confidential documents or disclosure of confidential information shall not constitute a waiver of any objection which counsel may have to the use of such documents or information in the trial of the above-captioned litigation and shall not be construed as a concession by the producing party that such information is relevant or material to any issue or admissible.

7. The designation by a party of any document, material or information as constituting or containing proprietary, trade secrets or other confidential information is intended solely to facilitate the preparation and trial of the above-captioned litigation, and such designation shall not be construed in any way as an admission or agreement by the receiving party that the designated disclosure constitutes or contains any proprietary, trade secret or confidential information in contemplation of law.

8. At any time that a party believes that a document or information which has been classified by the producing party as CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS' EYES ONLY should not be so classified, counsel for the party desiring the change in classification shall notify counsel for the producing party, in writing, of its request for the change. Such request shall particularly identify the confidential information for which the classification change is requested and the reasons supporting its contentions. The confidential information that is the subject of the request shall be changed in classification according to the requesting party unless within fifteen (15) days after receipt of such request, the producing party denies such request in writing sent to the party desiring the changed classification. If the request is denied, the party desiring the change in classification then may apply to the Court to change or cancel the CONFIDENTIAL or CONFIDENTIAL: ATTORNEY'S EYES ONLY designation with respect to said documents or information. Upon the application for a changed classification, the party who proposes the change shall bear the burden of showing that such change is proper. Until such time as the Court rules on such motion, the particularly designated confidential status of such documents or information shall be maintained.

9. Notwithstanding a receiving party's right to challenge the CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS' EYES ONLY classification by the producing party, there is no obligation to challenge the classification, and the receiving party's failure to initially do so shall not be deemed a waiver of the right to later challenge the classification.

10. With respect to the court filing of transcripts, depositions, exhibits, answers to interrogatories, pleadings, briefs, memoranda or other documents or portions thereof which comprise or contain designated confidential information, the parties may indicate on the front of

a sealed envelope, in appropriate language, that the documents contained therein are being filed under seal, pursuant to this Protective Order.

11. Materials covered by this Protective Order may be used in testimony at trial, at any court hearing, and may be offered in evidence at trial or at any court hearing, provided that counsel for the party who produced such material is given a reasonable advance opportunity to seek a Court Order protecting the materials' confidentiality. Materials covered by this Protective Order may also be used to prepare for and conduct discovery, to prepare for trial, and to support or oppose any motion, but may not be used for any other purpose except as expressly provided herein or by Order of this Court.

12. In a manner selected by the producing party, each person, including counsel, to whom confidential documents or information has been disclosed shall, upon the final determination of the above-captioned litigation, or upon the termination of that person's employment with the party (whichever event occurs first), destroy or return all copies, summaries, and abstracts of all documents, transcripts of depositions, exhibits, answers to interrogatories, or other material subject to this Protective Order. However, nothing herein shall prevent counsel for each party from retaining a single archival copy of all depositions, deposition exhibits, pleadings, trial transcripts, trial exhibits, and any attorney work product, subject to a continuing obligation to maintain them in confidence and subject to the terms of this Protective Order.

13. The undersigned understand and agree that the Protective Order may be modified or amended by agreement of all the parties and upon approval by the Court.

14. Protection of confidential information, as provided under the terms of this Protective Order, is not limited to confidential information of the parties. Confidential information of nonparties will be protected under this Protective Order if the confidential information is

designated according to the terms of this Protective Order. However, the parties reserve the right to challenge such classification in accordance with paragraphs 8 and 9 herein. Companies that are related to a party, including corporate parents and subsidiaries, are not considered to be nonparties as that term is used herein.

15. If a party or counsel for a party is served with a subpoena for any documents or information designated as CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS' EYES ONLY and protected from disclosure under the terms of this Protective Order, the person so served shall give counsel for the designating party seven (7) days' written notice, or reasonable notice if the time for compliance with the subpoena is seven (7) days or less after service, before producing such documents or information designated as CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS' EYES ONLY.

16. The terms of this Protective Order do not apply to documents or information that are publicly available, or that become publicly available through no action of the receiving party.

**IT IS SO ORDERED:**

Dated: _March 9, 2005_

_____
The Honorable Douglas P. Woodlock

*[signature]*
Larry L. Saret
Manotti L. Jenkins
MICHAEL BEST & FRIEDRICH LLP
401 N. Michigan Avenue, Suite 1900
Chicago, IL 60611
Telephone: 312-222-0800
Facsimile: 312-222-0818

Dated: 2/18/05

John J. Cotter (BBO # 554524)
William A. Meunier
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, Massachusetts 02110
Telephone: 617-248-7000
Facsimile: 617-248-7100

Attorneys for Plaintiff,
Flexi-Mat Corporation

*[signature]*
Roy W. Hardin
Martin Korn
M. Scott Fuller
LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776
Telephone: 214.740.8556
Facsimile: 214.740.8800

Dated: 2/15/05

James J. Marcellino (BBO #318840)
David M. Mello (BBO #634722)
MCDERMOTT, WILL & EMERY
28 State Street
Boston, Massachusetts 02109
Telephone: 617-535-4000
Facsimile: 617-535-3800

Attorneys for Defendant
Doskocil Manufacturing Co., Inc.

*[signature]*
Gary A. Clark
Darren M. Franklin
SHEPPARD MULLIN RICHTER & HAMPTON LLP
48th Floor
333 South Hope Street
Los Angeles, CA 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398

Dated: 2/16/2005

James J. Marcellino (BBO # 318840)
David M. Mello (BBO #634722)
MCDERMOTT, WILL & EMERY
28 State Street
Boston, Massachusetts 02109
Telephone: 617-535-4000
Facsimile: 617-535-3800

Attorneys for Defendants,
Dallas Manufacturing Company and
BJ's Wholesale Club, Inc.

W02-LA:1DAF1\70756036.1

DALLAS: 26937.00034: 1358432v1

-10-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation, <br><br> Plaintiff, <br><br> v. <br><br> DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, BJ'S WHOLESALE CLUB, INC., a Delaware corporation, and DOSKOCIL MANUFACTURING COMPANY, INC., a Texas corporation, <br><br> Defendants, <br><br> AND RELATED COUNTERCLAIMS. | Civil Action No. 04 10162 DPW |

## AGREEMENT CONCERNING MATERIAL COVERED BY PROTECTIVE ORDER

The undersigned hereby acknowledges that (s)he has read the attached Protective Order, understands the terms thereof, agrees to be bound thereby, and agrees to accept jurisdiction of this Court for any matters relating to the enforcement of this Protective Order.

By:_____

Dated: _____