**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **FLEXI-MAT CORPORATION**, an Illinois corporation, <br><br> Plaintiff, <br><br> v. <br><br> **DALLAS MANUFACTURING COMPANY, INC.**, a Texas corporation, **BJ'S WHOLESALE CLUB, INC.**, a Delaware corporation, and **DOSKOCIL MANUFACTURING COMPANY, INC.**, a Texas corporation, <br><br> Defendants. | Civil Action No. 04 10162 DPW |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
DEFENDANT DALLAS MANUFACTURING TO PRODUCE
ITS ONLY RULE 30(B)(6) WITNESS AND AN INDIVIDUAL
WITNESS FOR TWO SEVEN-HOUR DAYS OF DEPOSITION**

Defendant Dallas Manufacturing Co., Inc. ("Dallas") simply misses the point in its response. Dallas fails to recognize that the Federal Rules require that the depositions of an individual witness under Rule 30(b)(1) and a corporate representative under Rule 30(b)(6) constitute two *separate* depositions of two *separate* witnesses, subject to two *separate* seven-hour days of testimony. Flexi-Mat has never contradicted this requirement.

**I.    FLEXI-MAT HAS NOT "REVERSED COURSE" ON THIS ISSUE**

Dallas argues that Flexi-Mat's willingness to depose the same person in his capacity as an individual and on behalf of the corporation on the same trip to Texas means that Flexi-Mat agreed that these two depositions collapse into a single deposition. Dallas has confused the issue of travel convenience (and hence cost) with the separate issue of whether Mr. Mathews is providing one or two depositions by virtue of his testimony as an individual under Rule 30(b)(1) and his testimony on behalf of the corporation under Rule 30(b)(6).

**EXHIBIT A**

Specifically, in requesting to Dallas' counsel that the parties "consolidate" the individual and corporate depositions, Flexi-Mat's counsel was referring to conducting the individual depositions of Richard Mathews and Neil Nivert[1] over the course of consecutive days during the planned trip to Dallas. In so requesting, Flexi-Mat's counsel sought to avoid unnecessary time and cost expenditures for the witnesses and the parties that would result from scheduling the individual and corporate depositions during separate time periods, which would entail multiple trips to Dallas.

Therefore, Flexi-Mat's position has been consistent: Flexi-Mat noticed and is entitled to two separate seven-hour depositions in connection with the present issue before the Court.

## II.    RULE 30(a)(2)(B) DOES NOT APPLY TO THE PRESENT MOTION

Dallas' reliance on Rule 30(a)(2)(B)[2] is inapposite. In essence, Dallas seeks to block Flexi-Mat from a thorough examination of either Mr. Mathews' personal knowledge or of Dallas' corporate knowledge by halving the time allotted under Rule 30 for each of the two depositions. This tactic has previously been rejected. "If a corporate party's designation of the person most knowledgeable under Rule 30(b)(6) would prevent the opposing party from examining that person as an individual, the corporate party could stymie the noticing party's ability to examine a key witness, thus defeating the purpose of allowing two types of depositions." *In re Air Crash at Taipei*, 2003 U.S. Dist. LEXIS 23220, *8-10 (D. Cal. 2003) (ordering deposition of individual under Rule 30(b)(1) who had been previously presented as Rule 30(b)(6) witness).

---

[1] Based on Dallas' Initial Disclosures, Flexi-Mat assumed Mr. Nivert would be Dallas' technical 30(b)(6) witness.

[2] "A party must obtain leave of court . . . if . . . the person to be examined already has been deposed in the case." Fed. R. Civ. P. 30(a)(2)(B).

Dallas misinterprets Rule 30(a)(2)'s reference to whether a "person" has already been "deposed." Rule 30(a)(2) must be analyzed with Rule 30(b)(6), which expressly authorizes a deposing party to "name as the deponent a public or private corporation . . . ." It is the *corporation* who is the *person* being deposed under Rule 30(b)(6), and that corporation "shall designate one or more officers, directors, . . . or other persons" to testify on its behalf. Therefore, in discussing the issue of a "person" having already been "deposed," Rule 30(a)(2), in the context of Rule 30(b)(6), is referring to the corporation as a person, not an individual as a person. Consequently, Rule 30(a)(2) does not apply here because Flexi-Mat seeks to depose Mr. Mathews and Dallas only once.

This conclusion is supported by *Sabre v. First Dominion Capital LLC*, 2001 U.S. Dist. LEXIS 20637 (S.D.N.Y. Dec. 10, 2001), which Flexi-Mat cites in its opening brief. Dallas seeks to distinguish *Sabre* on the ground that the case acknowledges that a person whose knowledge "constitutes the total knowledge of the entity" should be subject to only one seven-hour day of deposition. But that caveat expressed in *Sabre* does not benefit Dallas here. Although Dallas claims that "Mr. Mathews' individual knowledge concerning the subjects in Flexi-Mat's Rule 30(b)(6) notice is *largely* Dallas Manufacturing's knowledge"[3] (Opp. at 6, emphasis added), Dallas has put forth no evidence – or even attorney argument – to establish that Mr. Mathews' knowledge is the *total* knowledge of Dallas or that they are co-extensive. Given the large size of Dallas and Dallas' Initial Disclosures (which Flexi-Mat discussed in its opening brief), it is doubtful that Mr. Mathews' and Dallas' knowledge are the same. In light of Dallas' failure to

---

[3] Dallas concedes that there are topics on which Mr. Mathews has no personal knowledge, including facts relating to events that Dallas has identified as prior art. Interestingly, Dallas did not object to Mr. Mathews' testifying on these topics until this motion was brought – two (2) months after Dallas notified Flexi-Mat that he would be the 30(b)(6) witness on all topics.

support its bald assertion that Mr. Mathews' knowledge is "largely" Dallas' knowledge, the only reasonable conclusion is that Mr. Mathews' knowledge is *not* co-extensive with Dallas' knowledge.

In contrast to the deposition of an individual under Rule (30)(b)(1), Rule 30(b)(6) obligates the person so testifying to testify "as to matters known or reasonably available" to the company and to so bind the company. If Dallas' position is accepted, then Dallas can limit the questioning of itself by designating a witness with important *personal* knowledge. The Federal Rules do not permit Dallas to reduce both the time available to examine Mr. Mathews' personal knowledge and to examine Dallas' corporate knowledge.

### III.   A DELAY IN THE COURT'S RULING, AS DALLAS SUGGESTS, WILL BE COSTLY TO THE PARTIES

Dallas also argues that the court should delay ruling on Flexi-Mat's motion, until the need for two seven-hour days becomes evident. That argument is akin to the argument that Flexi-Mat should delay noticing and conducting a second deposition until the first one is conducted. Aside from the fact that the Federal Rules do not require such a procedure, it is practically and economically inefficient in this case. Both parties' counsel must travel out of state to attend depositions in Texas, and one trip is certainly cheaper and more efficient than two. A delay in ruling on Flexi-Mat's motion would be costly to both parties and delay this case even more than Dallas has already delayed it.

## CONCLUSION

For the foregoing reasons, Flexi-Mat requests the Court to grant the relief sought in its motion.

Respectfully submitted,

**FLEXI-MAT CORPORATION**

Dated: March 9, 2005         By: /s/ Larry L. Saret
                                William Meunier
                                GOODWIN PROCTER LLP
                                Exchange Place
                                Boston, MA 02109
                                Telephone: (617) 570-1058
                                Facsimile: (617) 523-1231

                                Larry L. Saret (*pro hac vice*)
                                Manotti L. Jenkins (*pro hac vice*)
                                Lisa C. Childs
                                MICHAEL BEST & FRIEDRICH LLP
                                401 N. Michigan Avenue, Suite 1900
                                Chicago, Illinois 60611-4274
                                Telephone: (312) 222-0800
                                Facsimile: (312) 222-0818

                                Attorneys for Plaintiff, Flexi-Mat Corporation