UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DALLAS MANUFACTURING COMPANY, )<br>INC., a Texas corporation, BJ'S WHOLESALE )<br>CLUB, INC., a Delaware corporation, and )<br>DOSKOCIL MANUFACTURING )<br>COMPANY, INC., a Texas corporation, )<br>)<br>Defendants. )<br>_____ )<br>)<br>AND RELATED COUNTERCLAIMS. )<br>) | Civil Action No. 04 10162 DPW |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DALLAS MANUFACTURING AND BJ'S WHOLESALE CLUB'S MOTION FOR PROTECTIVE ORDER RE TOPIC IV OF FLEXI-MAT'S RULE 30(b)(6) DEPOSITION NOTICES**

## I.   INTRODUCTION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendants and Counter-Claimants Dallas Manufacturing Company, Inc. ("Dallas Manufacturing") and BJ's Wholesale Club, Inc. ("BJ's Wholesale Club" or collectively "Defendants") seek a protective order limiting the scope of Plaintiff and Counter-Defendant Flexi-Mat Corporation's ("Flexi-Mat") Rule 30(b)(6) depositions. Specifically, Dallas Manufacturing and BJ's Wholesale Club seek to preclude questions under Topics IV-A, IV-B and IV-C (collectively, "Topic IV") concerning the prior art that Defendants may rely on in this patent infringement action.

Topic IV is improper because (1) Flexi-Mat has already sought by interrogatory the identity of the prior art and Defendants' contentions as to the prior art's relevance;

(2) Defendants also will provide this very same information through expert reports at the appropriate time; (3) presently Defendants are solely relying on prior art patents, and the lay witness representatives for Defendants under Rule 30(b)(6) cannot add any meaningful testimony to the disclosures of those prior art patents because they speak for themselves; and (4) the only other possible area of examination about the prior art patents–which would involve contention-type questions about how Defendants interpret and apply the prior art to challenge the scope and validity of Flexi-Mat's patent–are issues that only Defendants' attorneys and their experts would be capable of addressing.  For all of these reasons, Flexi-Mat should be precluded from seeking testimony about Defendants' prior art pursuant to Flexi-Mat's Rule 30(b)(6) deposition notices.

## II.     BACKGROUND

This is a suit for alleged infringement of Plaintiff Flexi-Mat's patent on a pet bed. The patented pet bed includes a bottom cushion and removable bolster.  Among other things, the patent requires that "substantially all of said bolster [be] disposed exteriorly about at least a portion of the perimeter of the bottom portion."  (U.S. Patent No. 5,765,502 ("the '502 patent") at 3:43-45.)  In other words, the bolster must be arranged or placed along the outside of the outer boundary of the bottom cushion, and not on top of the bottom cushion.  In the pet bed supplied by Dallas Manufacturing to BJ's Wholesale Club, the top cushion or bolster is positioned entirely on top of the bottom or base cushion.

On or about May 25, 2004, Flexi-Mat propounded its First Set of Interrogatories upon Dallas Manufacturing.  (Declaration of Darren M. Franklin ("Franklin Decl.") at ¶ 4.) Interrogatory Nos. 2 and 5 both request information concerning prior art.  (Franklin Decl. at ¶ 4 & Exh. A.)  Dallas Manufacturing provided Flexi-Mat with responses to Interrogatory No. 2 by identifying U.S. Patent Nos. 4,872,228; 5,421,044; 5,588,393; and 5,826,537 as potentially relevant prior art.  (Franklin Decl. at ¶ 5 & Exh. B.)  Dallas Manufacturing also answered Flexi-

Mat's Interrogatory No. 5 and explained that because discovery was still ongoing, Dallas Manufacturing would supplement its responses accordingly. (Franklin Decl. at ¶ 5 & Exh. B.)

On or about December 31, 2004, Flexi-Mat propounded its Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) upon Dallas Manufacturing. (Franklin Decl. at ¶ 6.) Flex-Mat's Rule 30(b)(6) deposition notice included Topic IV, which directs Dallas Manufacturing to designate a witness concerning:

> [IV-A] Each and every document, product or event that Dallas contends constitutes, establishes or tends to establish prior art…
>
> [IV-B] Any and all testing, including design, construction and/or material analyses, done by or on behalf of Dallas on the above contended prior art or models thereof…
>
> [IV-C] Identification, by document number, of documents produced by Dallas that relate to the foregoing topics.

(Franklin Decl. at ¶ 6 & Exh. C.)

Topic IV of Flexi-Mat's Rule 30(b)(6) deposition notice is sufficiently broad to encompass Dallas Manufacturing's prior art contentions by way of Rule 30(b)(6) deposition. Because such a deposition topic is improper, Dallas Manufacturing wrote Flexi-Mat a letter to voice its concerns, explain its position regarding Topic IV, and to initiate a conference with Flexi-Mat to fulfill its duties under FED. R. CIV. P. 26(c) and LOCAL RULE 37.1. (Franklin Decl. at ¶ 7) Between February 22, 2005, and March 17, 2005, the parties exchanged four letters concerning Topic IV of Flexi-Mat's Rule 30(b)(6) deposition notice. (Franklin Decl. at ¶¶ 7-10.) Dallas Manufacturing gave Flexi-Mat notice that it would move for a protective order if Flexi-Mat did not remove Topic IV. (Franklin Decl. at ¶¶ 7, 9 & Exhs. D, F.)

On March 14, 2005, Flexi-Mat propounded its Notice of Deposition Pursuant To Fed. R. Civ. P. 30(b)(6) upon BJ's Wholesale Club. (Franklin Decl. at ¶ 11.) Similar to the Rule

30(b)(6) deposition notice propounded upon Dallas Manufacturing, Flex-Mat's Rule 30(b)(6) deposition notice to BJ's Wholesale Club includes Topic IV, which directs BJ's Wholesale Club to designate a witness concerning:

> [IV-A] Each and every document and sample pet bed having a bolster that [BJ's Wholesale Club] contends constitutes, establishes or tends to establish prior art…
>
> [IV-B] Any and all testing, including design, construction and/or material analyses, done by or on behalf of [BJ's Wholesale Club] on the above contended prior art or models thereof…
>
> [IV-C] Identification, by document number, of documents produced by [BJ's Wholesale Club] that relate to the foregoing topics.

(Franklin Decl. at ¶ 11 & Exh. H.)

As with Flexi-Mat's Rule 30(b)(6) deposition notice propounded upon Dallas Manufacturing, Topic IV of Flexi-Mat's Rule 30(b)(6) deposition notice propounded upon BJ's Wholesale Club appears to seek the same information that Flexi-Mat had requested in its first set of interrogatories to BJ's. (Franklin Decl. at ¶ 12 & Exhs. I, J.)

### III.   DISCUSSION

This Court has the power to "make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). Defendants have asked Flexi-Mat to explain what Topic IV of its Rule 30(b)(6) deposition notices is intended to encompass. (Franklin Decl. at ¶¶ 7, 9 & Exhs. D, F.) Defendants can think of no reason why Flexi-Mat would have a deposition topic simply to identify prior art, especially since that prior art at this point comprises only other patents that have already been identified in Defendants' answers to Flexi-Mat's first set of interrogatories. Moreover, there is no reason for Flexi-Mat to question Defendants' lay representatives about the content of the prior art; as noted, the prior art patents say what they say. It is the patents

themselves, not how Defendants would summarize or characterize them, that constitutes the prior art. All that this would appear to leave is Defendants' contentions about how they interpret and apply the prior art to challenge the scope and validity of Flexi-Mat's patent.

In response to Defendants' inquiries, Flexi-Mat denied that it was seeking Defendants' contentions. However, Flexi-Mat only provided the vaguest explanation of what it, in fact, is seeking if not Defendants' contentions. The simple truth is that Defendants' lay witness representatives have nothing to add to the identities and disclosures of the prior art references. Therefore, it is hard to see what remains for Flexi-Mat to inquire about other than Defendants' contentions concerning that prior art.

In the pre-filing exchanges relating to this discovery dispute, Flexi-Mat has done nothing to dispel that concern. (Franklin Decl. at ¶¶ 8, 10 & Exhs. E, G.) Defendants are left to conclude that Flexi-Mat seeks to use these Rule 30(b)(6) depositions as a way to access information about Defendants' contentions and legal conclusions, which—as shown below—are inappropriate topics for Rule 30(b)(6) depositions.

A.  **Topic IV Is Improper Because Flexi-Mat Can and Will Provide The Requested Information Through Contention Interrogatories.**

In patent cases in particular, a party should not be allowed to pursue the bases for the other party's contentions through both a Rule 30(b)(6) deposition and contention interrogatories. *See McCormick-Morgan, Inc. v. Teledyne Indust. Inc.*, 134 F.R.D. 275 (N.D. Cal. 1991), *rev'd on other grounds*, 765 F. Supp. 611, 614 (N.D. Cal. 1991). In *McCormick-Morgan*, the defendant brought a counter-suit against the plaintiff for willful infringement. *Id.* As part of the discovery undertaken, the defendant noticed the Rule 30(b)(6) deposition of the plaintiff corporation seeking, among other things, information concerning prior art. *Id.* The plaintiff sought a protective order based on its position that a Rule 30(b)(6) deposition was an improper method of obtaining the information. *Id.*

In determining which discovery mechanism to allow—contention interrogatories or a Rule 30(b)(6) deposition—*McCormick-Morgan* held that a court is to be guided by "which device would yield most reliably and in the most cost-effective, least burdensome manner information that is sufficiently complete to meet the needs of the parties and the court." *Id.* at 286. The *McCormick-Morgan* court agreed with the plaintiff's urging that, for purposes of seeking the factual bases for a party's contentions, "it makes no sense . . . to waste the time and money that would be involved in exploring the same topics through both a set of 30(b)(6) depositions and through a set of contention interrogatories." *Id.* The *McCormick-Morgan* court concluded that in complex cases, such as patent infringement litigation, the most efficient, reliable, complete, and cost effective vehicle for disclosing this sort of information is a sensibly crafted set of contention interrogatories at the end of discovery. *Id.*

Here, Flexi-Mat has already propounded interrogatories (Nos. 2 and 5) upon Defendants covering the issue of prior art. (Franklin Decl. at ¶¶ 4, 12 & Exhs. A, I.) Defendants answered these interrogatories by providing the patent numbers for the patents which, at the time, Defendants felt might possibly represent relevant prior art. (Franklin Decl. at ¶¶ 5, 12 & Exhs. B, J.) Furthermore, Defendants have explained to Flexi-Mat that they are willing to supplement their interrogatory responses to address Flexi-Mat's discovery needs concerning prior art. (Franklin Decl. at ¶¶ 5, 7 & Exh. D.) Nevertheless, Flexi-Mat continues to insist that Defendants must also bear the burden of preparing a corporate witness for their Rule 30(b)(6) depositions on topics concerning prior art. (Franklin Decl. at ¶¶ 8, 10 & Exhs. E, G.) Under *McCormick-Morgan*, Flexi-Mat's duplicative request in Topic IV of its Rule 30(b)(6) deposition notices places an undue burden and expense on Defendants by requiring Defendants to produce the same information through both responses to interrogatories and a Rule 30(b)(6) deposition.

**B.    The Information Sought in Topic IV of Flexi-Mat's 30(b)(6) Deposition Notice Will Be Provided in Defendants' Expert Reports**

Assuming *arguendo* that it were possible to segregate the underlying factual bases for Defendants' contentions from quasi-legal argument, Topic IV of Flexi-Mat's Rule 30(b)(6) deposition notice is still redundant—and therefore unduly burdensome—in light of the fact that Defendants will provide such factual bases through expert discovery. In *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, (D. Del. 1992), the plaintiff patentee asserted that the defendant infringed its patents for a coating designed to improve certain industrial tools. *Id.* The plaintiff filed a motion to compel the defendant to provide a Rule 30(b)(6) witness regarding the defendant's invalidity defenses. *Id.* The defendant represented that the factual issues underlying its affirmative defenses required expert testimony, and stated that the basis for its claims of invalidity and unenforceability centered on prior art. *Id.* at 421-22. The *Schwarzkopf* court did not require the defendant to provide a Rule 30(b)(6) witness concerning the prior art but, instead, ordered the defendant to "identify all the prior art underlying its affirmative defenses and to specifically list the affirmative defense to which each item of prior art relates." *Id.* at 422.

Here, Defendants have already provided Flexi-Mat with a list of prior art known to them at the time of they served their responses to Flexi-Mat's first sets of interrogatories. (Franklin Decl. at ¶¶ 5, 12 & Exhs. B, J.) Defendants have also offered to supplement their earlier responses to Flexi-Mat's first set of interrogatories to help address Flexi-Mat's discovery needs concerning prior art. (Franklin Decl. at ¶¶ 5, 7 & Exh. D.) And, as mentioned above, Defendants already plan on providing the information sought under Topic IV of Flexi-Mat's Rule 30(b)(6) deposition notices by way of expert discovery. In light of the information concerning prior art that Defendants have already provided, and are still planning on providing, Topic IV of Flexi-Mat's Rule 30(b)(6) deposition notices are improper.

### C.    Attorneys Should Not Be Deposed Except Under Extraordinary Circumstances

Flexi-Mat's main argument in support of its asserted right to demand Rule 30(b)(6) depositions covering prior art is apparently based on its contention that Topic IV does not violate the attorney-client privilege or work-product doctrine, since it alleges that it is only seeking information concerning "the underlying facts related to [Defendants'] view of the prior art . . . . [that is] factual contentions." (Franklin Decl. at ¶ 8 & Exh. E.) The *McCormick-Morgan* court explained that "[i]n a patent case like this, the bases for contentions *do not consist exclusively of relatively straightforward facts or evidence*, as might be true, by contrast, in a case arising out of a traffic accident." 134 F.R.D. at 287 (emphasis added). Instead, patent cases "turn particularly on a conceptually dense dynamic between physical objects, words in claims, and principles of law . . . . [so that] a substantial part of 'the bases for contentions' really consists of *quasi-legal argument*." *Id.* The *McCormick-Morgan* court concluded that the best vehicle for providing the factual bases for contentions "is a sensibly crafted set of contention interrogatories." *Id.*[1] The same is true for the case at bar.

In its letter dated March 10, 2005, Flexi-Mat states that Defendants should simply make the appropriate objections during Flexi-Mat's Rule 30(b)(6) depositions if Defendants believe the inquiry seeks privileged information. (Franklin Decl. at ¶ 8 & Exh. E). Of course, regardless of the outcome of this motion, Defendants reserve the right to assert the attorney-client privilege and work product objections where proper at the depositions. But Flexi-Mat's suggestion fails to address the concerns stated in this motion, since it appears that Flexi-Mat seeks information including contentions that might not be subject to the attorney-client privilege and attorney work product doctrines. Moreover, if the witnesses were instructed not to provide contentions on the basis of privilege or work product, would Flexi-Mat then seek to preclude

---

[1] The *McCormick-Morgan* court concluded that, in light of the fact that quasi-legal argument is typically infused into even evidentiary or factual bases for contentions, contention interrogatories are the preferred means of obtaining such information since "answers to contention interrogatories [in patent litigation] are in fact written by lawyers, not parties." *Id.* at 287.

Defendants from making those contentions at trial?  If not, then what is the point of asking such questions in deposition when they can be more appropriately addressed by interrogatories?

To the extent that Topic IV of Flexi-Mat's Rule 30(b)(6) deposition notices seek something more than well-crafted responses to interrogatories, they are inappropriate since such a discovery request essentially asks Defendants to allow the deposition of their attorneys.  As the United States Supreme Court explained in *Hickman v. Taylor*, 329 U.S. 495, 513, 516 (1947), the deposition of attorneys causes the disruption of the adversarial nature of our judicial system and causes "the standards of the profession [to] suffer."  It was also declared that "[d]iscovery was hardly intended to enable a learned profession to perform its functions . . . on wits borrowed from the adversary."  *Id.* at 396 (Jackson, J., concurring).

And in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), the Eighth Circuit stated that, in addition to the concerns voiced by the Supreme Court in *Hickman*, deposing opposing counsel will add to the already burdensome time and costs associated with litigation, and will have a chilling effect on the "truthful communications from the client to the attorney."  *Id.*.  In light of these concerns, the *Shelton* court held that an attorney should not be deposed unless the party seeking to take the deposition can show that, "(1) no other means exist to obtain the information than to depose opposing counsel, *see, e.g.*, *Fireman's Fund Insurance Co. v. Superior Court*, 140 Cal.Rptr. 677, 679, 72 Cal.App.3d 786 (1977); (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."  *Id.*

As discussed above, Flexi-Mat has already obtained information concerning prior art using means other than deposing Defendants' legal counsel.  Namely, Defendants have provided Flexi-Mat with information concerning prior art by way of responses to its contention interrogatories.  (Franklin Decl. at ¶¶ 5, 12 & Exhs. B, J.)  Defendants have also offered to

supplement responses to Flexi-Mat's first set of interrogatories to help address Flexi-Mat's discovery needs concerning prior art.  (Franklin Decl. at ¶¶ 5, 7 & Exh. D.)  Defendants also plan to provide information concerning prior art by way of expert discovery.

Under *McCormick-Morgan*, in complex cases such as those involving patent law even inquiry that attempts to limit itself to purely factual bases for Defendants' contentions will inevitably consist of quasi-legal argument.  134 F.R.D. at 286.  Thus, there is a legitimate privilege concerns raised by the deposition of an attorney regarding prior art in a patent litigation action.  Finally, it is arguable whether the prior art sought by Flexi-Mat constitutes information that is crucial to the preparation of its case—especially in light of the fact that Flexi-Mat will be provided with information concerning prior art through other forms of discovery.

## IV.  CONCLUSION

For the foregoing reasons, the Court should issue a protective order directing that, during Flexi-Mat's Rule 30(b)(6) depositions of Defendants, Flexi-Mat is barred from inquiring into the prior art relied upon by Defendants in this action, including Defendants' contentions and legal theories regarding prior art.

>Attorneys for Defendants and Counter-Claimants
>DALLAS MANUFACTURING COMPANY, INC. AND
>BJ'S WHOLESALE CLUB, INC.
>
>/s/ Darren M. Franklin
>Gary A. Clark (pro hac vice)
>Darren M. Franklin (pro hac vice)
>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
>  A Limited Liability Partnership
>  Including Professional Corporations
>333 South Hope Street, 48th Floor
>Los Angeles, California  90071-1448
>(213) 620-1780
>dfranklin@sheppardmullin.com

Dated:   March 30, 2005

James J. Marcellino, Esq. (BBO # 318840)
David M. Mello, Esq. (BBO # 634722)
MCDERMOTT, WILL & EMERY
28 State Street
Boston, MA 02109-1775
(617) 535-4000