UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, BJ'S WHOLESALE CLUB, INC., a Delaware corporation, and DOSKOCIL MANUFACTURING COMPANY, INC., a Texas corporation,<br><br>           Defendants.<br>_____<br>AND RELATED COUNTERCLAIMS. | Civil Action No. 04 10162 DPW |

## DECLARATION OF DARREN M. FRANKLIN

I, Darren M. Franklin, declare as follows:

1. I am an attorney duly admitted to practice pro hac vice before this Court. I am an associate with Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for Defendants and Counter-Claimants Dallas Manufacturing Company, Inc. ("Dallas Manufacturing") and BJ's Wholesale Club, Inc. ("BJ's Wholesale Club").

2. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

3. This declaration is submitted in support of Dallas Manufacturing and BJ's Wholesale Club's Motion for Protective Order Re Topic IV of Flexi-Mat's Rule 30(b)(6) Deposition Notices.

4. On or about May 25, 2004, Plaintiff and Counter-Defendant Flexi-Mat Corporation ("Flexi-Mat") served its First Set of Interrogatories upon Dallas Manufacturing. Attached hereto as Exhibit A is a true and correct copy of Flexi-Mat's First Set of Interrogatories to Dallas Manufacturing. Flexi-Mat's Interrogatory No. 2 asks Dallas Manufacturing to "[i]dentify each patent, publication, reference, device, public use, sale, offer for sale or other information or material, known to or considered by Dallas Manufacturing as prior art or potential prior art with respect to the '502 patent or any patent application related thereto." Flexi-Mat's Interrogatory No. 5 asks Dallas Manufacturing to "[i]dentify in detail the factual basis for Dallas Manufacturing's affirmative defense that '[e]ach and every claim of the '502 patent is invalid and/or unenforceable under one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112.'"

5. On July 19, 2004, Dallas Manufacturing served its responses and objections to Flexi-Mat's Interrogatory Nos. 2 and 5 by naming specific prior art patents and explaining that because discovery is still ongoing, Dallas Manufacturing would supplement its responses should it learn of additional prior art. Attached hereto as Exhibit B are true and correct copies of pages from Dallas Manufacturing's Responses and Objections to Flexi-Mat's First Set of Interrogatories.

6. On December 31, 2004, Flexi-Mat served a Notice of Deposition Pursuant to FED. R. CIV. P. 30(b)(6) upon Dallas Manufacturing. Attached hereto as Exhibit C is a true and correct copy of Flexi-Mat's Rule 30(b)(6) deposition notice. Topic IV of Flexi-Mat's Rule 30(b)(6) deposition notice directs Dallas Manufacturing to designate a witness concerning:

> [IV-A] Each and every document, product or event that Dallas contends constitutes, establishes or tends to establish prior art…
>
> [IV-B] Any and all testing, including design, construction and/or material analyses, done by or on behalf of Dallas on the above contended prior art or models thereof….

> [IV-C] Identification, by document number, of documents produced by Dallas that relate to the foregoing topics.

7. On February 22, 2005, I sent a letter to Manotti L. Jenkins, Esq., counsel for Flexi-Mat, explaining Dallas Manufacturing's objections to Topic IV of Flexi-Mat's Rule 30(b)(6) deposition notice. Attached hereto as Exhibit D is a true and correct copy of my letter, sent on February 22, 2005, but incorrectly dated February 17, 2005. I explained that Topics IV-A and IV-B were vague and ambiguous and that the information sought by Flexi-Mat concerning prior art is improper for a deposition under Rule 30(b)(6), citing two district court cases supporting Dallas Manufacturing's position. I also explained that Dallas Manufacturing was willing to discuss supplementing its interrogatory responses to address Flexi-Mat's discovery needs concerning prior art.

8. On March 10, 2005, Mr. Jenkins sent a letter to me stating Flexi-Mat's belief that Topic IV was proper because Flexi-Mat allegedly sought only "the knowledge of Dallas with respect to anything it alleges is prior art (including testing) that [Flexi-Mat is] seeking to establish." Attached hereto as Exhibit E is a true and correct copy of Mr. Jenkins' letter to me dated March 10.

9. In response, I sent a letter to Mr. Jenkins on March 15, 2005, reaffirming Dallas Manufacturing's position that Topic IV of Flexi-Mat's Rule 30(b)(6) deposition notice was improper and distinguishing the cases cited by Mr. Jenkins in his letter to me dated March 10. Attached hereto as Exhibit F is a true and correct copy of my letter to Mr. Jenkins dated March 15.

10. Mr. Jenkins responded in a letter to me dated March 17, 2005, stating that Flexi-Mat continued to disagree with Dallas Manufacturing about whether Topic IV of Flexi-Mat's Rule 30(b)(6) deposition notice was improper. Attached hereto as Exhibit G is a true and correct copy of Mr. Jenkins' letter to me dated March 17.

11. On or about March 14, 2005, Flexi-Mat served its Notice of Deposition Pursuant to FED. R. CIV. P. 30(b)(6) upon BJ's Wholesale Club. Attached hereto as Exhibit H is a true and correct copy of Flexi-Mat's Rule 30(b)(6) deposition notice propounded upon BJ's Wholesale Club. Topic IV of the Rule 30(b)(6) deposition notice propounded upon BJ's Wholesale Club directs BJ's Wholesale Club to designate a witness concerning:

> [IV-A] Each and every document and sample pet bed having a bolster that [BJ's Wholesale Club] contends constitutes, establishes or tends to establish prior art….
>
> [IV-B] Any and all testing, including design, construction and/or material analyses, done by or on behalf of [BJ's Wholesale Club] on the above contended prior art or models thereof….
>
> [IV-C] Identification, by document number, of documents produced by [BJ's Wholesale Club] that relate to the foregoing topics.

12. On or about May 25, 2004, Flexi-Mat served interrogatories upon BJ's Wholesale Club that were substantively identical to Interrogatory Nos. 2 and 5 to Dallas Manufacturing. Attached hereto as Exhibit I is a true and correct copy of Flexi-Mat's First Set of Interrogatories to BJ's Wholesale Club. Attached hereto as Exhibit J are true and correct copies of pages from BJ's Wholesale Club's Responses and Objections to Flexi-Mat's First Set of Interrogatories.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on March 31, 2005, at Los Angeles, California.

/s/ Darren M. Franklin
Darren M. Franklin