IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FLEXI-MAT CORPORATION**, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>**DALLAS MANUFACTURING COMPANY, INC.**, a Texas corporation, and **BJ'S WHOLESALE CLUB, INC.**, a Delaware corporation,<br><br>Defendants. | Case No. 04 10162 DPW |

**PLAINTIFF FLEXI-MAT'S FIRST SET OF INTERROGATORIES TO DEFENDANT DALLAS MANUFACTURING (Nos. 1 - 16)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Flexi-Mat Corporation ("Flexi-Mat"), through counsel, requests that Defendant Dallas Manufacturing Company ("DMC"), answer the following interrogatories in accordance with the definitions and instructions set for the below within thirty (30) days after service hereof.

**DEFINITIONS AND INSTRUCTIONS**

A.   As used herein, "documents" shall mean, but without limitation, every writing or record of every type and description, including without limitation: correspondence, invoices, contracts, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, maps, charts, reports, surveys, minutes, statistical compilations or electronic documents, such as documents on a diskette or hard drive; and every copy of every such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

B.  As used herein, "person" shall mean any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

C.  As used herein, "date" shall mean the exact day, month and year if ascertainable, or, if not, the best available approximation (including relationship to other events).

D.  As used herein, "identify" when used in reference to:

(1)  an individual, means to state his or her full name, present or last known residential and business addresses and present or last known position and/or business affiliation;

(2)  a firm, partnership, corporation, proprietorship, joint venture, association, or other organization or entity, means to state its full name, present or last known address, and place of incorporation or formation;

(3)  a document, means to state the date, title (if any), each author, each recipient, type of document (*i.e.*, publication, letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location or custodian;

(4)  a communication, means to state its date and place, the person(s) who participated in it or who were present during any part of it or who have knowledge about it and the substance of the communication; and

(5)  a product, means to state the product's description, manufacturer, designation by the manufacturer thereof (*e.g.*, style, model, proprietary name, established name, product classification number, and/or catalog number), and brand name or trademark.

E.  As used herein, "defendant," "you," "DMC" and "Dallas Manufacturing" shall mean defendant Dallas Manufacturing Company, its predecessors, divisions, subsidiaries, affiliated or related companies, parents, agents, servants, employees, attorneys and all persons in active concert and participation with Dallas Manufacturing.

F. As used herein, "Plaintiff" and "Flexi-Mat" shall mean plaintiff Flexi-Mat Corporation, its predecessors, divisions, subsidiaries, affiliated or related companies, parents, agents, servants, employees, attorneys and all persons in active concert and participation with Flexi-Mat.

G. As used herein, "the '502 patent" and "patent-in-suit" shall mean U.S. Patent No. 5,765,502.

H. As used herein, the "Berkeley & Jensen Premium Quality Bolster Pet Bed" refers to the product Dallas Manufacturing admits in Paragraph 11 of its Answer to the Complaint that it "imports into the United States and distributes to Defendant BJ's Wholesale Club."

I. As used herein, "and" and "or" shall be construed both conjunctively and disjunctively and the singular shall be deemed to also refer to the plural and vice-versa.

J. As used herein, "relating to," "relate to" and words to that effect shall mean, in addition to the customary and usual meaning of those words, refer or refer to, assess, describe, embody, evidence, mention, reflect or record.

K. As used herein, "communication" means any transmission of information by any means, including but not limited to, telephone, letters, telegrams, teletypes, telexes, telecopies, computer link-ups, written memoranda and face-to-face communication.

L. With respect to any Interrogatory as to which an objection is made, state the specific grounds for the objection and respond to such Interrogatory to the extent that there is no objection.

M. If Dallas Manufacturing objects to any Interrogatory, or any subpart thereof, on the ground that the Interrogatory requests the disclosure of privileged attorney-client communications, work product or any other matter allegedly immune from discovery, state the

date and general subject matter of the communication or work product, identify each person who was present at or participated in such communication or the preparation of such work product, and the basis for the claim of privilege or immunity.

## INTERROGATORIES

1.  State the date on which Dallas Manufacturing, or any officer, employee or agent of Dallas Manufacturing, first became aware of the '502 patent, describe in detail the circumstances of how Dallas Manufacturing first became aware of the '502 patent, and identify those persons most knowledgeable about such circumstances.

**ANSWER:**

2.  Identify each patent, publication, reference, device, public use, sale, offer for sale or other information or material, known to or considered by Dallas Manufacturing as prior art or potential prior art with respect to the '502 patent or any patent application related thereto.

**ANSWER:**

3.  Identify each person involved in any investigation, consideration, report, opinion, analysis or review of the validity, enforceability and/or infringement of the '502 patent.

**ANSWER:**

4.  Identify in detail the factual basis for Dallas Manufacturing's affirmative defense that "[d]efendant Dallas Manufacturing has not infringed and does not infringe any valid claim of the '502 patent, either literally or under the doctrine of equivalents," including but not limited

to, the claimed elements or features allegedly missing from the "Berkeley & Jensen Premium Quality Bolster Pet Bed."

**ANSWER:**

5. Identify in detail the factual basis for Dallas Manufacturing's affirmative defense that "[e]ach and every claim of the '502 patent is invalid and/or unenforceable under one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§101, 102, 103 and 112."

**ANSWER:**

6. Identify in detail the factual basis for Dallas Manufacturing's affirmative defense that "[b]y virtue of the arguments made during the prosecution of the application for the '502 patent in order to obtain allowance of the claims, Plaintiff Flexi-Mat is estopped from asserting a claim construction that would encompass any of Defendant Dallas Manufacturing's products," including but not limited to, an identification of each of the arguments referenced in this affirmative defense.

**ANSWER:**

7. Identify in detail the factual basis for Dallas Manufacturing's affirmative defense that "[p]laintiff Flexi-Mat's claims against Defendant Dallas Manufacturing are barred by the doctrines of laches, estoppel, waiver and unclean hands."

**ANSWER:**

8. Identify the names and addresses of all entities from which Dallas Manufacturing imported into the United States the product that is sold under the name "Berkeley & Jensen Premium Quality Bolster Pet Bed."

**ANSWER:**

9. Identify each person involved in the importation into the United States of the "Berkeley & Jensen Premium Quality Bolster Pet Bed," including but not limited to, any such person employed by or acting on behalf of the entities identified in response to Interrogatory No. 8.

**ANSWER:**

10. State the dates on which Dallas Manufacturing imported the first shipment, first sold, and first offered for sale, the "Berkeley & Jensen Premium Quality Bolster Pet Bed," and identify those persons most knowledgeable about the first shipment, first offer for sale and first sale of the product.

**ANSWER:**

11. Identify each entity to whom Dallas Manufacturing has sold or offered to sell the "Berkeley & Jensen Premium Quality Bolster Pet Bed" and identify those person(s) most knowledgeable about such sales and offers to sell.

**ANSWER:**

12. State the number of units and purchase price of the "Berkeley & Jensen Premium Quality Bolster Pet Bed" imported into the United States by Dallas Manufacturing for each year from the date of first importation.

**ANSWER:**


13. State the number of units and gross sales of the "Berkeley & Jensen Premium Quality Bolster Pet Bed" sold by Dallas Manufacturing for each year from the date of first sale to the present.

**ANSWER:**


14. State Dallas Manufacturing's net profits from the sale of the "Berkeley & Jensen Premium Quality Bolster Pet Bed" for each year from the date of first sale to the present.

**ANSWER:**


15. Identify each person who participated in the preparation of any answer or portion of any answer, or supplied any information used or considered in the preparation of any answer, to the foregoing Interrogatories.

**ANSWER:**


16. Identify each person Dallas Manufacturing will call to testify at any hearing or trial in this matter, whether a fact witness or expert witness, and the subject matter of that person's testimony, including the facts and opinions about which that person is expected to testify.

**ANSWER:**

Dated: May 25, 2004

Respectfully submitted,

By: _____
John J. Cotter (BBO # 554524)
William Meunier (*pro hac vice*)
Testa, Hurwitz & Thibeault, LLP
125 High Street
Boston, Massachusetts 02110
Telephone: (617) 248-7000
Facsimile: (617) 248-7100

Of Counsel:
Larry L. Saret
Manotti L. Jenkins
MICHAEL BEST & FRIEDRICH LLP
401 N. Michigan Ave., Suite 1900
Chicago, Illinois 60611
Telephone: (312) 222-0800
Facsimile: (312) 222-0818

Attorneys for Plaintiff,
FLEXI-MAT CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **PLAINTIFF FLEXI-MAT'S FIRST SET OF INTERROGATORIES TO DEFENDANT DALLAS MANUFACTURING (Nos. 1 - 16)** was served, first class mail, postage pre-paid, on this 25th day of May 2004 upon:

Gary A. Clark, Esq.
Darren M. Franklin, Esq
SHEPPARD MULLIN
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448

James J. Marcellino (BBO # 318840)
David M. Mello (BBO #634722)
MCDERMOTT, WILL & EMERY
28 State Street
Boston, Massachusetts 02109

_____
One of the Attorneys for Plaintiff