

**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 *office* | 213-620-1398 *fax* | *www.sheppardmullin.com*

Darren M. Franklin
Writer's Direct Line: 213-617-5498
dfranklin@sheppardmullin.com

February 17, 2005

Our File Number: 0SEL-109915

*VIA FAX AND U.S. MAIL*

Manotti L. Jenkins, Esq.
Michael Best & Friedrich LLP
401 N. Michigan Ave., Ste. 1900
Chicago, IL 60611-4274
Facsimile: (312) 222-0818

Re:     *Flexi-Mat Corp. v. Dallas Manufacturing Co.,*
        *Civil Action No. 04 10162 DPW (D. Mass.)*

Dear Manotti:

    We have reviewed *Plaintiff Flexi-Mat's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) to Defendant Dallas Manufacturing.* As explained below, we find topics IV-A and IV-B regarding prior art to be improper topics for a deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure.

    Accordingly, I write this letter pursuant to Local Rule 37.1. Dallas Manufacturing intends to move for a protective order and/or to quash Flexi-Mat's Rule 30(b)(6) notice of deposition because of the improper nature of topics IV-A and IV-B if the parties cannot resolve their differences.

    Topic IV-A seeks testimony pertaining to "[e]ach and every document, product or event that Dallas contends constitutes, establishes or tends to establish prior art to Flexi-Mat's patented Bolster Bed and/or U.S. Patent No. 5,765,502 (the "502 Patent')." Topic IV-B seeks testimony pertaining to "[a]ny and all testing, including design, construction and/or material analyses, done by or on behalf of Dallas on the above contended prior art or models thereof."

    Topics IV-A and IV-B are overly broad, unduly burdensome, seek the disclosure of information protected by the attorney-client privilege and work product doctrine, and are not reasonably calculated to lead to the discovery of admissible evidence. These topics are also vague and ambiguous in their reference to "Flexi-Mat's patented Bolster Bed" and "prior art to Flexi-Mat's patented Bolster Bed," to the extent Flexi-Mat means something other than the pet bed disclosed in the '502 patent.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Manotti L. Jenkins, Esq.
February 17, 2005
Page 2

Perhaps most significantly, topics IV-A and IV-B concerning prior art are improper topics for a deposition under Rule 30(b)(6). "A non-lawyer deponent might have great knowledge about the products in issue here, but be quite ill-equipped to reason reliably about the legal implications of the relationship between those products, or their components, and the various claims of the patent in suit or of other patents or prior art." *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991) (holding that "appropriately framed and timed contention interrogatories," rather than depositions of alleged infringer's employees designated under Rule 30(b)(6), was proper vehicle for establishing alleged infringer's contentions regarding prior art, among other things), *aff'd in part and rev'd in part on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991); *cf. Schwarzkopf Techs. Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 422 (D. Del. 1992) (requiring, on motion to compel deposition Rule 30(b)(6) testimony regarding prior art, only that alleged infringer identify prior art underlying its affirmative defenses and to list affirmative defense to which each item of prior art relates).

Dallas Manufacturing is willing to discuss supplementing its interrogatory responses to address Flexi-Mat's discovery needs concerning prior art. Thus, in light of the foregoing, Dallas Manufacturing requests that Flexi-Mat limit the scope of the Rule 30(b)(6) deposition so as to exclude topics IV-A and IV-B concerning prior art. It is Dallas Manufacturing's intention to avoid unnecessarily burdening the Court. Therefore, Dallas Manufacturing requests that Flexi-Mat provide Dallas Manufacturing with an amended Rule 30(b)(6) deposition notice that eliminates topics IV-A and IV-B. Otherwise, pursuant to Local Rule 37.1, we request a conference to discuss this issue within seven days of the date of this letter, preferably by Friday, February 25.

Sincerely,

Darren Franklin
(REG)

Darren M. Franklin

for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

W02-LA:1DJS1\70804543.3

cc:    Roy W. Hardin, Esq. (via facsimile)
       Gary A. Clark, Esq. (by hand delivery)