

401 N. Michigan Avenue
Suite 1900
Chicago, Illinois 60611
Phone 312.222.0800
Fax 312.222.0818

**Manotti L. Jenkins**
Direct 312.661.5794
Email mljenkins@michaelbest.com

March 10, 2005

**VIA FACSIMILE AND U.S. MAIL**

Darren M. Franklin, Esq.
SHEPPARD MULLIN
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448

Re:   Flexi-Mat Corporation v. Dallas Manufacturing Company, Inc., et al.
      Civil Action No. 04-10162 DPW (D.Mass)

Dear Darren:

We are in receipt of your recent letter in which you indicate that Dallas believes topics IV-A and IV-B of Flexi-Mat's Rule 30(b)(6) notice are improper. You and I have also discussed this matter by telephone, during which you added an objection to topic IV-C. Dallas' objections to these categories appear to suggest that non-lawyers should not be required to testify about prior art.

As set forth in full, the 30(b)(6) topics Dallas objects to are:

**IV.   Prior Art.**

   A.   Each and every document, product or event that Dallas contends constitutes, establishes or tends to establish prior art to Flexi-Mat's patented Bolster Bed and/or U.S. Patent No. 5,765,502 (the "'502 Patent").

   B.   Any and all testing, including design, construction and/or material analyses, done by or on behalf of Dallas on the above contended prior art or models thereof.

   C.   Indentification, by document number, of documents produced by Dallas that relate to the foregoing topics.

By these categories, Flexi-Mat is seeking testimony regarding the underlying facts related to Dallas' view of the prior art. Flexi-Mat is not seeking information protected by attorney-client privilege, but rather information relating to Dallas' factual contentions. Such fact-specific inquiries are appropriate for a Rule 30(b)(6) deposition. *Canal Barge Co. v. Commonwealth Edison Co.*, 2001 WL 817853 at *2 (N.D. Ill. July 19, 2001). Dallas has already asserted that such prior art exists. *E.g.*, Resp. to Int. No. 2. In view of this, Flexi-Mat is entitled to probe Dallas' knowledge of such prior art. *SmithKline Beecham Corp. v. Alphapharm Pty., Ltd.*, 2004 U.S. Dist. LEXIS 8990 at *15 (E.D. Pa. March 23, 2004) (ordering Rule 30(b)(6) witness to be prepared to testify as to facts relevant to public use or prior art); *SmithKline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082 at *10 (N.D. Ill. Jan. 24, 2000) (ordering Rule 30(b)(6) witness

# MICHAEL BEST
## & FRIEDRICH LLP

Darren M. Franklin, Esq.
SHEPPARD MULLIN
March 10, 2005
Page 2

to testify on "prior art bearing on the validity ... of the ... patent"). Furthermore, if, during the deposition, defending counsel believes any question seeks an answer that would improperly invade the attorney-client privilege, you are free to make an appropriate objection.

The cases you cite are inapposite. In *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275 (N.D. Cal. 1991), the defendant sought a Rule 30(b)(6) deposition "for learning the bases for the contentions made and for the positions taken (including all affirmative defenses)." *Id.* at 286. The Court was concerned that a deposition taken of a non-lawyer on these contentions would be unfair because of the complicated dynamic between the claims of a patent and the accused products or the prior art. The Court recognized, however, that "[a] non-lawyer deponent might have great knowledge about the products in issue here..." *Id.* at 287. It is the knowledge of Dallas with respect to anything it alleges is prior art (including testing) that we are seeking to establish; not the "legal implications of the relationship between [the prior art] products ... and the various claims of the patent in suit." *Id.*

Likewise, *Schwarzkopf Techs. Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420 (D. Del. 1992) is, at best, tangential to the issue here. In *Schwarzkopf*, the accused infringer failed to produce a corporate witness to testify on its affirmative defenses and also failed to bring a motion to quash the deposition. At a hearing on the issue, the infringer argued that its defenses would require expert testimony and claimed that its defenses were all based on prior art. As a result, the Court ordered the infringer to identify all the prior art underlying its affirmative defenses. The topics on which Flexi-Mat seeks testimony do not require expert testimony; all that is sought are the facts known (or reasonably obtainable) to Dallas as to that which Dallas contends is prior art.

Finally, we would, of course, welcome Dallas to supplement its interrogatory responses, whether concerning prior art or any other matter as soon as the need arises, although we would prefer such supplementation before the Rule 30(b)(6) deposition.

Sincerely yours,

MICHAEL BEST & FRIEDRICH LLP

Manotti L. Jenkins
MLJ:ec
cc: Larry L. Saret, Esq.
S:\client\201300\9029\C0498280.1