

**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
ATTORNEYS AT LAW

48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 office | 213-620-1398 fax | www.sheppardmullin.com

Darren M. Franklin
Writer's Direct Line: 213-617-5498
dfranklin@sheppardmullin.com

March 15, 2005

Our File Number: 0SEL-109915

*VIA E-MAIL AND U.S. MAIL*

Manotti L. Jenkins, Esq.
Michael Best & Friedrich LLP
401 N. Michigan Ave., Ste. 1900
Chicago, IL 60611-4274
mljenkins@mbf-law.com

Re: *Flexi-Mat Corp. v. Dallas Manufacturing Co.*,
Civil Action No. 04 10162 DPW (D. Mass.)

Dear Manotti:

I received your letter to me dated March 10, 2005 concerning the issues Dallas Manufacturing raised respecting *Plaintiff Flexi-Mat's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) to Defendant Dallas Manufacturing*. The cases you cite are not persuasive.

The *Canal Barge* case, unlike the cases cited in my letter to you dated February 24, 2005, did not concern patent infringement. *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2001 WL 817853 (N.D. Ill. July 19, 2001). Moreover, *Canal Barge* was careful to note that "some inquiries are better answered through 'contention interrogatories' when the questions involve complicated legal issues." *Id.* at *2. The cases cited in my letter indicate that prior art is such an issue.

In the first *SmithKline Beecham* case you cite, the deposition notice called for testimony regarding "the mechanisms and natural history of 'universal' and 'local' seeding by paroxetine hydrochloride, including the potential as of today for obtaining paroxetine hydrochloride free of the hemihydrate." *SmithKline Beecham Corp. v. Apotex Corp.*, 2004 U.S. Dist. LEXIS 8990 at *14 (E.D. Pa. Mar. 23, 2004). This is a narrow factual inquiry, not a broad probe into every document, product, or event contended to constitute or establish prior art, as Flexi-Mat seeks in its deposition notice.

As for the second *SmithKline Beecham* case you cite, it appears that it was the alleged infringer that served the deposition notice, not the patent owner. *SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 116082 at *10 (N.D. Ill. Jan. 24, 2000). Thus, it is unlikely that prior art contentions were at issue, and the brevity of the court's analysis makes it hard to tell exactly what was under consideration.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Manotti L. Jenkins, Esq.
March 15, 2005
Page 2

   Based upon your letter, we are somewhat unclear as to what Flexi-Mat is seeking in Topic IV-A. We assume Flexi-Mat is seeking more than a simple identification of the prior art. There would be no reason to have a deposition topic just to identify prior art, given that Flexi-Mat has already served an interrogatory requesting that information. If Flexi-Mat wants Dallas Manufacturing's Rule 30(b)(6) witness to explain or apply the prior art, or otherwise testify about the prior art above a simple identification, that is where we draw the line and believe the deposition notice is improper.

   If our assumption is wrong, please let us know. Otherwise, Dallas Manufacturing will move for a protective order as to Topic IV-A, as well as Topics IV-B and IV-C, which refer back to Topic IV-A. Because Flexi-Mat's *Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) to Defendant BJ's Wholesale Club*, served on March 14, 2005, raises the exact same issues, BJ's Wholesale Club will join in the motion.

   I also received Rick Howard's letter to me dated February 14, 2005. The letter states that Flexi-Mat has committed to seek pre-July 1999 documents reflecting net revenues, gross and net costs, and gross and net profits for the patented bolster bed and to inform Michael Best & Friedrich of the results of its search. The letter also states that Michael Best continues to discuss with Flexi-Mat possible additional documents responsive to Dallas Manufacturing's production requests. Please let me know the status of Flexi-Mat's document production.

          Sincerely,

          Darren M. Franklin

       for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

W02-LA:1DAF1\70811906.1

cc: Roy W. Hardin, Esq. (rhardin@lockeliddell.com)
   Gary A. Clark, Esq. (by hand delivery)