

401 N. Michigan Avenue
Suite 1900
Chicago, Illinois 60611
Phone 312.222.0800
Fax 312.222.0818

**Manotti L. Jenkins**
Direct 312.661.5794
Email mljenkins@michaelbest.com

March 17, 2005

**VIA FACSIMILE @ 213/620-1398 and U.S. MAIL**

Darren M. Franklin, Esq.
SHEPPARD MULLIN
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448

Re:   Flexi-Mat Corporation v. Dallas Manufacturing Company, Inc., *et al.*
      Civil Action No. 04-10162 DPW (D.Mass)

Dear Darren:

We are in receipt of your March 15, 2005, letter in which you reassert Dallas' belief that topics IV-A, IV-B and IV-C of Flexi-Mat's Rule 30(b)(6) notice are improper. We continue to disagree.

The topics are proper for the reasons already presented in previous correspondence and for the following reasons. The scope and content of prior art is a factual inquiry. *See Graham v. John Deere Co.*, 383 U.S. 1, 17, 148 USPQ 459 (1966); *accord McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1368 (Fed. Cir. 2003) (scope and content of prior art is a factual inquiry); *see also Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1358 (Fed. Cir. 2001) ("what a reference teaches is a question of fact"). The referenced 30(b)(6) topics seek factual testimony regarding the scope and content of the prior art already identified by Dallas. Flexi-Mat is not seeking any legal conclusions, analyses or opinions about the prior art, but is instead seeking Dallas' testimony regarding the underlying facts and teachings of the prior art. Therefore, Flexi-Mat is entitled to depose Dallas on the subject topics.

Sincerely,

MICHAEL BEST & FRIEDRICH LLP

Manotti L. Jenkins
MLJ:rls/cc

cc:   Larry L. Saret, Esq.