IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, **BJ'S WHOLESALE CLUB, INC.**, a Delaware corporation, and **DOSKOCIL MANUFACTURING COMPANY, INC.**, a Texas corporation,<br><br>Defendants. | Civil Action No. 04 10162 DPW |

## PLAINTIFF FLEXI-MAT'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO DEFENDANT BJ'S WHOLESALE CLUB

To:  Gary A. Clark, Esq.
Darren M. Franklin, Esq.
SHEPPARD MULLIN
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Facsimile: 213/620-1398

James J. Marcellino (BBO # 318840)
David M. Mello (BBO #634722)
MCDERMOTT, WILL & EMERY
28 State Street
Boston, Massachusetts 02109
Facsimile: 617/535-3800

Roy W. Hardin, Esq.
M. Scott Fuller, Esq.
Locke, Liddell & Sapp LLP
2200 Ross Avenue, Ste. 2200
Dallas, Texas 75201-6776
Facsimile: 214/740-8800

PLEASE TAKE NOTICE that, commencing at 9:30 a.m. on the 11th day of April 2005, and continuing thereafter as necessary, Plaintiff Flexi-Mat Corporation ("Flexi-Mat") will take the deposition of Defendant BJ's Wholesale Club, Inc. ("BJWC") pursuant to Fed. R. Civ. P.

30(b)(6), at the offices of Goodwin Procter, LLP, Exchange Place, Boston, Massachusetts 02109, (617)570-1058. The deposition will be taken before a person authorized by law to administer an oath and will be recorded stenographically.

Pursuant to Rule 30(b)(6), BJWC shall designate one or more officers, directors, managing agents, or other persons, who consent to testify on its behalf with respect to the matters set forth in Schedule A attached hereto. BJWC is requested to provide counsel for Flexi-Mat with written notice, five (5) days prior to the date of the deposition, of the name(s) and position(s) of the designee(s) who will testify on behalf of BJWC and to identify which matters each designee will testify to.

Dated: March 14, 2005

Flexi-Mat Corporation
Plaintiff

By: _____
One of Its Attorneys

William Meunier, Esq.
Goodwin Procter
Exchange Place
Boston, Massachusetts 02109
Telephone: 617/570-1058
Facsimile: 617/ 523-1231

Larry L. Saret, Esq. *(pro hac vice)*
Manotti L. Jenkins, Esq. *(pro hac vice)*
Lisa C. Childs, Esq.
MICHAEL, BEST & FRIEDRICH LLP
401 N. Michigan Avenue, Suite 1900
Chicago, Illinois 60611
Telephone: 312/222-0800
Facsimile: 312/222-0818

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of PLAINTIFF FLEXI-MAT'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6) TO DEFENDANT BJ'S WHOLESALE CLUB was served, via facsimile and first class mail, postage pre-paid, on this 14th day of March 2005 upon:

Gary A. Clark, Esq.
Darren M. Franklin, Esq.
SHEPPARD MULLIN
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Facsimile: 213/620-1398

James J. Marcellino, Esq. (BBO # 318840)
David M. Mello, Esq. (BBO #634722)
MCDERMOTT, WILL & EMERY
28 State Street
Boston, Massachusetts 02109
Facsimile: 617/535-3800

Roy W. Hardin, Esq.
M. Scott Fuller, Esq.
Locke, Liddell & Sapp LLP
2200 Ross Avenue, Ste. 2200
Dallas, Texas 75201-6776
Facsimile: 214/740-8800

_____
One of the Attorneys for Plaintiff

3

## SCHEDULE A

The Definitions and Instructions contained in Flexi-Mat's First Set of Interrogatories to BJ's shall apply to and govern the 30(b)(6) categories outlined below.

**I.  Communications with Flexi-Mat and Others About Pet Beds with Bolsters.**

   A.   Any and all communications with Flexi-Mat and/or Mr. James Elesh regarding pet beds with bolsters, including but not limited to, exchanges of letters, telephone conversations, product presentations, solicitations, plant and/or office tours, and any other modes of communications.

   B.   Any and all communications with any entity, including but not limited to, Dallas Manufacturing Co. ("Dallas") and Doskocil Manufacturing Co. ("Doskocil"), about Flexi-Mat and/or its products.

   C.   From 1995 to the present, any and all communications with Dallas and/or any of its officers, directors or employees, about any pet beds having a bolster, regardless of the source of such pet beds.

   D.   From 1995 to the present, any and all communications with Doskocil and/or any of its officers, directors or employees, about any pet beds having a bolster, regardless of the source of such pet beds

   E.   From 1995 to the present, any and all communications with any manufacturer, wholesaler, retailer, supplier or designer, whether foreign or domestic, or with any of said entities' officers, directors or employees, about any pet beds having a bolster, regardless of the source of such pet beds.

   F.   Identification, by document number, of documents produced by BJWC that related to the foregoing topics.

**II.    The Accused Pet Beds.**

A.    The decision to begin selling pet beds having a bolster, including but not limited to, any and all internal discussions pursuant to any such decision, as well as any and all discussions with any other entity pursuant to any such decision.

B.    A detailed comparison between the "Berkeley & Jensen Premium Quality Bolster Pet Bed" sold by Dallas to BJWC and the "Berkeley & Jensen Premium Quality Bolster Pet Bed" sold by Doskocil to BJWC.

C.    A detailed comparison of each pet bed referenced in category II-B and Flexi-Mat's patented Bolster Bed.

D.    Information pertaining to any other pet bed having a bolster known to or sold by BJWC.

E.    Any discussions with Dallas about whether Dallas would or should seek patent clearance or protection for the "Berkeley & Jensen Premium Quality Bolster Pet Bed" sold by Dallas to BJWC.

F.    Any discussions with Doskocil about whether Doskocil would or should seek patent clearance or protection for the "Berkeley & Jensen Premium Quality Bolster Pet Bed" sold by Doskocil to BJWC.

G.    Any discussions with Dallas involving a comparison of the "Berkeley & Jensen Premium Quality Bolster Pet Bed" sold to BJWC by Dallas and Flexi-Mat's patented Bolster Bed.

H.    Any discussions with Doskocil involving a comparison of the "Berkeley & Jensen Premium Quality Bolster Pet Bed" sold to BJWC by Doskocil and Flexi-Mat's patented Bolster Bed.

I. Any testing or market research performed by or on behalf of BJWC concerning any pet beds having a bolster, including but not limited to, the bolster beds sold to BJWC by Dallas and Doskocil.

J. Any testing or market research performed by or on behalf of BJWC concerning Flexi-Mat's patented Bolster Bed.

K. Any discussions or other communications between BJWC and anyone, including but not limited to, representatives of Dallas or Doskocil concerning this lawsuit.

L. Identification, by document number, of documents produced by BJWC that relate to the foregoing topics.

### III. Sales and Marketing.

A. Any and all of BJWC's sales to date of the "Berkeley & Jensen Premium Quality Bolster Pet Bed" sold to BJWC by Dallas, by units and dollars.

B. Any and all of BJWC's sales to date of the "Berkeley & Jensen Premium Quality Bolster Pet Bed" sold to BJWC by Doskocil, by units and dollars.

C. BJ's gross and net margins, its cost and profit per unit, and its operating expenses for the "Berkeley & Jensen Premium Quality Bolster Pet Bed" sold to BJWC by Dallas.

D. BJ's gross and net margins, its cost and profit per unit, and its operating expenses for the "Berkeley & Jensen Premium Quality Bolster Pet Bed" sold to BJWC by Doskocil.

E. BJ's gross and net margins, its cost and profit per unit, and its operating expenses for any other pet beds having a bolster sold by BJWC.

F. Any and all financial statements, including but not limited to, profit and loss statements, balance sheets and cash flow statements for the "Berkeley & Jensen Premium Quality Bolster Pet Bed" sold to BJWC by Dallas.

G. Any and all financial statements, including but not limited to, profit and loss statements, balance sheets and cash flow statements for the "Berkeley & Jensen Premium Quality Bolster Pet Bed" sold to BJWC by Doskocil.

H. Any and all financial statements, including but not limited to, profit and loss statements, balance sheets and cash flow statements for any other pet beds having a bolster sold by BJWC.

I. Market share, market volume, or other market financial data of BJWC and/or other retailers, whether internally or externally prepared or compiled, for any pet beds having a bolster.

J. Assessments, valuations, worth or net worth, business prospects or risks, strategic plans, "SWOT" (strengths, weaknesses, opportunities, and threats) or similar analyses, budget plans and/or projections, forecasts and all other strategic, budgeting or forecasting relating to any pet beds having a bolster sold by BJWC, including but not limited to, those sold to BJWC by Dallas and Doskocil.

K. Advertisements and marketing strategies and literature concerning any pet bed having a bolster sold by BJWC , including but not limited to, those sold to BJWC by Dallas and Doskocil.

L. Any and all agreements with Dallas pertaining to the "Berkeley & Jensen Premium Quality Bolster Pet Bed" sold to BJWC by Dallas, including but not limited to, any indemnification agreements.

M. Any and all agreements with Dallas pertaining to the "Berkeley & Jensen Premium Quality Bolster Pet Bed" sold to BJWC by Doskocil, including but not limited to, any indemnification agreements.

N. Identification, by document number, of documents produced by Dallas that relate to the foregoing topics.

IV. **Prior Art.**

    A.    Each and every document and sample pet bed having a bolster that BJWC contends constitutes, establishes or tends to establish prior art to U.S. Patent No. 5,765,502 (the "'502 Patent").

    B.    Any and all testing, including design, construction and/or material analyses, done by or on behalf of BJWC on the above contended prior art or models thereof.

    C.    Identification, by document number, of documents produced by BJWC that relate to the foregoing topics.

V. **Legal Opinions.**

    A.    The dates, source, recipient, content of, and extent of reliance upon, any and all legal opinions, whether written or oral, regarding infringement, non-infringement, validity, invalidity or other matters relating to or regarding the '502 Patent.

    B.    Identification, by document number, of documents produced by BJWC that relate to the foregoing topics.