## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation, <br><br> Plaintiff, <br><br> v. <br><br> DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, and BJ'S WHOLESALE CLUB, INC., a Delaware corporation, <br><br> Defendants. | Civil Action No. 04 10162 DPW |
| DALLAS MANUFACTURING COMPANY, INC., a corporation, <br><br> Counter-Claimant, <br><br> v. <br><br> FLEXI-MAT CORPORATION, a corporation, <br><br> Counter-Defendant. | |
| BJ'S WHOLESALE CLUB, INC., a corporation, <br><br> Counter-Claimant, <br><br> v. <br><br> FLEXI-MAT CORPORATION, a corporation, <br><br> Counter-Defendant. | |

### DEFENDANT BJ'S WHOLESALE CLUB'S RESPONSES AND OBJECTIONS TO PLAINTIFF FLEXI-MAT'S FIRST SET OF INTERROGATORIES

Pursuant to FED. R. CIV. P. 33, Defendant BJ's Wholesale Club, Inc. ("BJ's Wholesale Club") hereby objects and responds to *Plaintiff Flexi-Mat's First Set of*

Wholesale Club's first receipt of notice of the existence of the '502 patent is believed to be Edward F. Giles, Jr., BJ's Wholesale Club's Executive Vice President of Club Operations.

**INTERROGATORY NO. 2:**

Identify each patent, publication, reference, device, public use, sale, offer for sale or other information or material, known to or considered by BJWC as prior art or potential prior art with respect to the '502 patent or any patent application related thereto.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the grounds set forth in the General Objections, BJ's Wholesale Club objects to this interrogatory on the following grounds:

BJ's Wholesale Club objects to this interrogatory as vague and ambiguous in that it is not clear what Flexi-Mat means by "potential prior art," "with respect to the '502 patent," and "any patent application related thereto."

BJ's Wholesale Club objects to this interrogatory as vague and ambiguous as to the time applicable to its knowledge or consideration.

BJ's Wholesale Club objects to this interrogatory as premature in that (1) discovery has just commenced; (2) Flexi-Mat has not identified the claims of U.S. Patent No. 5,765,502 ("the '502 patent") that it is asserting against BJ's Wholesale Club; (3) Flexi-Mat has not provided any information concerning the dates of conception and reduction to practice of the claimed invention; (4) Flexi-Mat has not provided its contentions regarding the proper interpretation of the claims of the '502 patent; and (5) the claims of the '502 patent have not yet been interpreted by the Court.

BJ's Wholesale Club objects to this interrogatory as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it seeks identification of prior art related to (1) any claims of the '502 patent that Flexi-Mat is not asserting to have been infringed infringed by the accused pet bed supplied to BJ's Wholesale Club by Dallas Manufacturing Company, Inc. that is identified in the *Complaint*, or (2) any patent application allegedly related to the '502 patent.

BJ's Wholesale Club objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Subject to and without waiving the foregoing objections, BJ's Wholesale Club states that, in addition to the references cited during prosecution of the application for the '502 patent, at least the following references may be relevant to one or more issues in this action concerning the '502 patent: U.S. Patent Nos. 4,872,228; 5,421,044; 5,588,393; and 5,826,537.

BJ's Wholesale Club reserves the right to amend and/or supplement its response (1) as its investigations and discovery progress; (2) when Flexi-Mat identifies the claims of the '502 patent that it is asserting against BJ's Wholesale Club; (3) when Flexi-Mat provides dates of conception and reduction to practice of the claimed invention; (4) when Flexi-Mat provides its contentions regarding the proper interpretation of the claims of the '502 patent; and (5) when the Court interprets the claims of the '502 patent.

**INTERROGATORY NO. 3:**

Identify each person involved in any investigation, consideration, report, opinion, analysis or review of the validity, enforceability and/or infringement of the '502 patent.

All of the remaining claims of the '502 patent depend, directly or indirectly, from independent claims 1, 4, 7, 9, or 11. Therefore, BJ's Wholesale Club does not infringe any of the remaining claims of the '502 patent for at least the reason that there can be no infringement unless an independent claim is infringed. *See Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989) (holding that the absence of at least one limitation from an independent claim precludes a finding that any of its dependent claims are infringed).

BJ's Wholesale Club reserves the right to amend and/or supplement its response (1) as its investigations and discovery progress; (2) when Flexi-Mat identifies the claims of the '502 patent that it is asserting against BJ's Wholesale Club; (3) when Flexi-Mat provides its contentions regarding the proper interpretation of the claims of the '502 patent; and (4) when the Court interprets the claims of the '502 patent.

**INTERROGATORY NO. 5:**

Identify in detail the factual basis for BJWC's affirmative defense that "[e]ach and every claim of the '502 patent is invalid and/or unenforceable under one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112."

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the grounds set forth in the General Objections, BJ's Wholesale Club objects to this interrogatory on the following grounds:

BJ's Wholesale Club objects to this interrogatory as premature in that (1) discovery has just commenced; (2) Flexi-Mat has not identified the claims of U.S. Patent No. 5,765,502 ("the '502 patent") that it is asserting against BJ's Wholesale Club; (3) Flexi-Mat has not provided any information concerning the dates of conception and reduction to practice of

the claimed invention; (4) Flexi-Mat has not provided its contentions regarding the proper interpretation of the claims of the '502 patent; and (5) the claims of the '502 patent have not yet been interpreted by the Court.

BJ's Wholesale Club objects to this interrogatory as overly broad, unduly burdensome, and not relevant to a claim or defense of any party to the extent it is not limited to the claims of the '502 patent that Flexi-Mat is asserting to have been infringed infringed by the accused pet bed supplied to BJ's Wholesale Club by Dallas Manufacturing Company, Inc. ("Dallas Manufacturing") that is identified in the *Complaint.*

BJ's Wholesale Club objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine and/or the common interest doctrine.

Subject to and without waiving the foregoing objections, BJ's Wholesale Club contends that if the claims of the '502 patent are construed broadly enough to cover the accused pet bed supplied by Dallas Manufacturing to BJ's Wholesale Club, then the claims are invalid as anticipated or obvious in view of several references, including U.S. Patent Nos. 4,872,228; 5,010,843; 5,421,044; 5,588,393; and 5,826,537.

BJ's Wholesale Club reserves the right to amend and/or supplement its response (1) as its investigations and discovery progress; (2) when Flexi-Mat identifies the claims of the '502 patent that it is asserting against BJ's Wholesale Club; (3) when Flexi-Mat provides dates of conception and reduction to practice of the claimed invention; (4) when Flexi-Mat provides its contentions regarding the proper interpretation of the claims of the '502 patent; and (5) when the Court interprets the claims of the '502 patent.

Complaint, and that BJ's Wholesale Club began selling the Dallas Manufacturing bed after June 16, 1998.

                Attorneys for Defendants and Counter-Claimants
                DALLAS MANUFACTURING COMPANY, INC.
                AND BJ'S WHOLESALE CLUB, INC.

                */s/ Darren Franklin*
                Gary A. Clark (pro hac vice)
                Darren M. Franklin (pro hac vice)
                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                  A Limited Liability Partnership
                  Including Professional Corporations
                333 South Hope Street, 48th Floor
                Los Angeles, California 90071-1448
                (213) 620-1780

Dated: July 19, 2004

James J. Marcellino, Esq. (BBO # 318840)
David M. Mello, Esq. (BBO # 634722)
MCDERMOTT, WILL & EMERY
28 State Street
Boston, MA 02109-1775
(617) 535-4000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Plaintiff's counsel, John J. Cotter, Esq., Testa, Hurwitz & Thibeault, LLP, 125 High Street, Boston, MA 02110, and Larry L. Saret, Esq., Michael, Best & Friedrich LLP, 401 N. Michigan Avenue, Suite 1900, Chicago, Illinois 60611, via first class mail, postage pre-paid, on July 19, 2004.

*Darren Franklin*