## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04 10162 DPW |
| DALLAS MANUFACTURING COMPANY, a Texas corporation, BJ'S WHOLESALE CLUB, INC., a Delaware corporation, and DOSKOCIL MANUFACTURING COMPANY, INC., a Texas corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| DALLAS MANUFACTURING COMPANY, INC., a corporation, | ) ) ) | |
| Counter-claimant, | ) ) | |
| v. | ) ) | |
| FLEXI-MAT CORPORATION, a corporation, | ) ) | |
| Counter-defendant. | ) | |
| BJ'S WHOLESALE CLUB, INC., a corporation, | ) ) | |
| Counter-claimant, | ) ) | |
| v. | ) ) | |
| FLEXI-MAT CORPORATION, a corporation, | ) ) | |
| Counter-defendant. | ) | |
| DOSKOCIL MANUFACTURING COMPANY, INC., a corporation, | ) ) ) | |
| Counter-claimant, | ) ) | |
| v. | ) ) | |
| FLEXI-MAT CORPORATION, a corporation, | ) ) | |
| Counter-defendant. | ) | |

**PLAINTIFF FLEXI-MAT CORPORATION'S BRIEF IN SUPPORT OF ITS MOTION REGARDING DEFENDANT DALLAS MANUFACTURING COMPANY'S <u>OBJECTION TO DISCLOSURE</u>**

INTRODUCTION

This is a patent infringement case involving a patent on a pet bed. On April 4, 2005, this Court signed an Order putting into effect a Stipulated Protective Order. *See Ex. 1*. This motion concerns only one defendant, Dallas Manufacturing Company, ("Dallas") and its refusal to agree to Plaintiff's counsel's request to the disclosure of an extremely limited amount of Dallas' sales information, *i.e.*, two numbers - the total units of the accused product sold by Dallas and the total net sales of those units, to two individuals – Plaintiff's President and the Associate General Counsel of Plaintiff's parent corporation. Defendant Doskocil Manufacturing Co. has agreed to disclosure of similar Doskocil information.

Disclosure of this limited information to a limited number of people is necessary so that Plaintiff's counsel can intelligently explain and discuss the range of damages involved in this case so that informed and intelligent decisions concerning the further conduct of this case, including settlement, motion practice and trial preparation, can be made by Plaintiff. Precluding Plaintiff's counsel from making this limited disclosure would deny counsel meaningful consultation with the client. Therefore good cause exists for the relief requested.

BACKGROUND

In an e-mail sent on August 1, 2005, counsel for Flexi-Mat, Michael Husmann ("Husmann"), advised counsel for defendant Dallas, Darren Franklin ("Franklin"), and counsel for defendant Doskocil Manufacturing Co., M. Scott Fuller ("Fuller"), that he wished to disclose to Flexi-Mat's President, James Elesh and Ms. Heather French, Vice President-Associate General Counsel of Plaintiff's parent corporation, two numbers -- the total units and total net

sales of the accused bolster beds for each of the defendants based upon the sales information provided in Deposition Exhibits 215 and 313.  *See Ex. 2*   The email stated:

> In order to discuss this case with our client and determine how we wish to proceed, we need to provide the client with some limited information concerning the potential damages in this case.  Specifically we wish to disclose to Jim Elesh and Heather French (Vice President and Associate General Counsel of American Capital Strategies, Ltd. - parent of FlexiMat) the total unit and total dollar sales of bolster beds for each of your clients based upon the sales information provided in Deposition Exhibits 215 and 313.  Please check with your client to see if they are agreeable to this limited disclosure.

Dallas designated the entire transcripts of the depositions of Dallas's employees and exhibit 313, a handwritten summary of 2003-2005 annual sales (units and sales price) by customer of the accused beds, as well as all testimony relating thereto, as "CONFIDENTIAL: ATTORNEY'S EYES ONLY."  The two numbers sought to be disclosed are derived from exhibit 313 and the explanatory testimony relating to that exhibit.

Plaintiff's request to make this limited disclosure was discussed during a conference call held on the morning of August 3, 2005.  Franklin, Fuller, Husmann, Gary Clark ("Clark"), counsel for Dallas, and Larry Saret ("Saret"), counsel for Flexi-Mat, participated in the conference call.  During the conference call, Mr. Fuller indicated that his client, co-defendant Doskocil Manufacturing Co. ("Doskocil"), consented to the limited disclosure as requested.  Counsel for Dallas stated he would speak to Dallas regarding the request for disclosure of the sales information.  Subsequently, in a letter dated August 10, 2005, Franklin informed Plaintiff that "Dallas Manufacturing has not given us authority to disclose the information requested…."  No explanation was provided as to why the request for this limited disclosure was denied.

ARGUMENT

Plaintiff Flexi-Mat seeks disclosure of limited sales information (total units and dollars) of the accused products that form the basis for the damages that will be sought by Plaintiffs against Dallas in this case. That limited information will be disclosed to only two individuals, Flexi-Mat's President and the Associate General Counsel of Plaintiff's parent corporation, because those individuals have a need to know this information in order to meaningfully direct and authorize the progress of this lawsuit. Those individuals are bound to abide by the terms of the Stipulated Protective Order and to only use that information with respect to the conduct of this lawsuit and not for any competitive advantage of Plaintiff.

This court has broad discretion to determine whether confidential information should be disclosed and what limits should be placed on that disclosure. In *Penthouse Int'l Ltd. v. Playboy Enters., Inc.,* 663 F.2d 371 (2d Cir. 1981), the Second Circuit affirmed the district court's decision to amend a protective order that previously limited disclosure of financial information to counsel only so that the party to the litigation could see the information. In doing so the Court stated:

> The district court has broad discretion to determine whether an order should be entered protecting a party from disclosure of information claimed to be privileged or confidential. *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973). Where, as here, the documents are relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause.

*Id*. at 391.

Dallas has offered no explanation for its refusal to grant Plaintiff's request to make the limited disclosure it seeks. The disclosure of this very general and limited sales information will not put Dallas at any competitive disadvantage because:

1. Plaintiff has offered to similarly provide its corresponding sales information to Dallas;
2. the information does not include any cost information or any breakdown of sales by years or by customer;
3. the information is simply a summation of total sales by units and dollars over a 2-1/2 year period.
4. The representatives of the Plaintiff to whom the disclosure will be made will be subject to the terms of the Protective Order in that they cannot disclose this limited information to any other person and are obligated to use the information "only in preparation and trial of this case."

Flexi-Mat's request is properly limited in scope both as to the information to be disclosed and the individuals who will have access to the information. Plaintiff has no desire to disclose the requested information to the public at large or to use the information for a competitive reason. The sole purpose of the disclosure is to provide those individuals that will direct the further course of this litigation with the minimal information regarding sales of the accused products needed for an understanding of the nature of and the basis for the potential damages in this case so that they can make an informed and intelligent decision concerning the future course of this litigation.

Fact discovery will soon close in this case and expert reports will be exchanged. Now is the time for each of the parties to evaluate its case and make decisions regarding dispositive motions, trial preparations *etc*. An understanding of the nature and basis of the potential range of damages in this case is necessary to make business decisions on the conduct and direction of this

lawsuit. For example, such information is critical to any discussion regarding potential settlement offers or responses to settlement offers.

Plaintiff's motion should be granted because 1) Plaintiff's decision-makers have a need to know the information sought to be disclosed; 2) appropriate limitations have been placed on the scope and extent of the information to be disclosed; and 3) Dallas has offered no explanation as to how it will be prejudiced by the limited disclosure,.

## CONCLUSION

For the foregoing reasons, Flexi-Mat requests an Order permitting disclosure of Dallas' total units and total net sales of the accused products to Mr. James Elesh, President of Plaintiff, and Ms. Heather French, Vice President and Associate General Counsel of American Capital Strategies, Ltd.( parent of Plaintiff).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: September 1, 2005 | s/ Michael Husmann |
|  | Michael Husmann |
|  | Larry L. Saret |
|  | Lisa C. Childs |
|  | Gretchen M. Hosty |
|  | Michael Best & Friedrich LLP |
|  | 401 North Michigan Avenue, Suite 1900 |
|  | Chicago, IL  60611 |
|  | (312) 222-0800 |
|  | (312) 222-0818 (fax) |
|  |  |
|  | Richard B. Myrus (BBO # 638793) |
|  | William Meunier, Esq. |
|  | GOODWIN PROCTER LLP |
|  | Exchange Place |
|  | Boston, Massachusetts 02109 |
|  | (617) 570-1058 |
|  | (617) 523-1231 (fax) |
|  |  |
|  | Attorneys for Plaintiff |
|  | Flexi-Mat Corporation |