UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation,<br><br>          Plaintiff,<br><br>    v.<br><br>DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, BJ'S WHOLESALE CLUB, INC., a Delaware corporation, and DOSKOCIL MANUFACTURING COMPANY, INC., a Texas corporation,<br><br>          Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Civil Action No. 04 10162 DPW |

### DECLARATION OF GARY A. CLARK

I, Gary A. Clark, declare as follows:

1.    I am an attorney duly admitted to practice pro hac vice before this Court. I am a partner with Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for Defendant and Counter-Claimant Dallas Manufacturing Company, Inc. ("Dallas Manufacturing").

2.    If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

3.    This declaration is submitted in opposition to PLAINTIFF FLEXI-MAT CORPORATION'S MOTION REGARDING DEFENDANT DALLAS MANUFACTURING COMPANY'S OBJECTION TO DISCLOSURE.

4.   Dallas Manufacturing produced documents disclosing Dallas Manufacturing's total unit sales of the accused pet beds and the total sales for those beds to Flexi-Mat in June 2005 and again in September 2005. The documents were designated "CONFIDENTIAL: ATTORNEYS' EYES ONLY."

5.   I had a telephone conference with Larry L. Saret and Michael Husmann, counsel for Flexi-Mat, on or about August 3, 2005 concerning discovery matters. During the telephone conference, Flexi-Mat's counsel asked to disclose the total unit sales and total sales revenues for the accused Dallas Manufacturing pet beds to James Elesh, Flexi-Mat's CEO. Flexi-Mat's counsel said that consideration of possible settlement was one reason for wanting to disclose the information, but they could not be any more specific and would not promise to actually discuss settlement at any point. Moreover they refused to be specific about any other reason for wanting to disclose this information. There was no request by Flexi-Mat's counsel to disclose information to the associate general counsel for Flexi-Mat's parent company. This subject arose for the first time in Flexi-Mat's motion.

6.   At my direction, my associate Darren M. Franklin called Mr. Husmann on September 13, 2005 and offered to allow disclosure to Mr. Elesh that Dallas Manufacturing has sold between 100,000 and 200,000 units of the accused pet beds at issue in this case. Based on our belief that Mr. Elesh can estimate Dallas Manufacturing's selling prices to retailers based on the retail price of the beds set by the retailers, this would allow Mr. Elesh to approximate Dallas Manufacturing's revenues closely enough for any legitimate purpose of deciding whether to continue the case or to settle. Mr. Franklin informed me that Mr. Husmann rejected Dallas Manufacturing's offer, and requested that Dallas Manufacturing provide at least "round numbers" for the actual total unit sales (i.e., to the nearest thousand units) and sales revenues (i.e., to the nearest $100,000) of the accused pet beds.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on September 15, 2005, at Los Angeles, California.

_____
Gary A. Clark