UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation,<br><br>    Plaintiff,<br><br> v.<br><br>DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, BJ'S WHOLESALE CLUB, INC., a Delaware corporation, and DOSKOCIL MANUFACTURING COMPANY, INC., a Texas corporation,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 04 10162 DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DALLAS MANUFACTURING'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO RULE 56.1

   Pursuant to LOCAL RULE 56.1, Defendant Dallas Manufacturing Company, Inc. submits this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 5,765,502.

   1. Plaintiff Flexi-Mat Corporation is the assignee of the patent-in-suit, U.S. Patent No. 5,765,502 ("the '502 patent"), entitled "Pet bed with Removable Bolster." (DECLARATION OF GARY A. CLARK IN SUPPORT OF DALLAS MANUFACTURING'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,765,502, "Clark Decl.," Exh. A.)

   2. The '502 patent discloses a pet bed having a bottom cushion and a separate bolster disposed within an outer covering. (Clark Decl., Exh. A.)

      3.      The outer covering disclosed in the '502 patent is formed by sewing together several pieces of fabric, as shown in the patent drawings. (*Id.*, Exh. A, FIGS. 1-3.)

      4.      Both the bottom cushion and the bolster in the '502 patent are removable through a zippered opening in the outer covering. (*Id.*, Exh. A, col. 3, lines 8-18.)

      5.      The bolster in the '502 patent is positioned alongside the bottom cushion, so that both the bottom cushion and the bolster rest on the floor. (*Id.*, Exh. A, FIGS 1-5.)

      6.      The only portion of the bolster that overlaps the bottom cushion in the '502 patent, as shown in the patent drawings, is the "gathering" or folds on the inside curved surface of the bolster. (Handelsman Depo., Exh. H to Clark Decl., at 85:24-87:7, and Deposition Exhibit 727, Exh. K to Clark Decl.)

      7.      The bolster in the '502 patent is held in place within the outer covering by Velcro® straps that removably affix it to the interior of the outer covering. (*Id.*, Exh. A, col. 2, lines 61-67.)

      8.      The only structures disclosed in the '502 patent to dispose the bolster in place relative to the bottom cushion are fasteners or straps. (*Id.*, Exh. A.)

      9.      Flexi-Mat alleges that Dallas Manufacturing has infringed claims 1-3 of the '502 patent, which read as follows:

> 1. A pet bed comprising:
>
> an outer covering;
>
> a removable cushion disposed within the outer covering to form a cushioned bottom portion; and
>
> a bolster removably disposed within the interior of the outer covering and substantially all of said bolster disposed exteriorly about at

> least a portion of the perimeter of the bottom portion without being secured to the removable cushion.
>
> 2. The pet bed of claim 1, wherein the outer covering further includes a reclosable access opening.
>
> 3. The pet bed of claim 2, wherein the reclosable access opening further includes a zipper.

(Clark Decl., Exh. A, col. 3, lines 37-46.)

10. During prosecution of the application for the '502 patent, the patent examiner initially rejected claims 1-3 as anticipated by U.S. Patent No. 5,010,843 to Henry ("the Henry patent"). (Clark Decl., Exh. B at DMC000033-000036.)

11. The Henry patent discloses a pet bed having a pair of top cushions that rest on a base cushion. (*Id*., Exh. C.)

12. The Henry patent also discloses, in the alternative, that "the top cushions can extend beyond the edges of the base cushion 12." (*Id*., Exh. C, col. 3, lines 18-19.)

13. Each cushion in the Henry patent has its own outer cover with its own zippered opening. (*Id.*, Exh. C, col. 2, lines 44-65.)

14. The covers for the top cushion in the Henry patent are joined to the covers for the base cushion by stitching or other means. (*Id*., Exh. C, col. 2, lines 19-28; col. 3, lines 22-27.)

15. The Henry patent states that the cushions may be "filled with any suitable cushion material, for example, layers of plastic foam or resilient foam particles, semi-rigid or rigid beading, cloth filler, and the like." (*Id.*, col. 2, lines 44-47.)

16. A bed filled with foam, beads, or cloth can be deformed, fluffed, or plumped up so that its shape changes. (EXPERT REPORT OF SUZANNE FESSLER RE:

INFRINGEMENT ISSUES FOR U.S. PATENT NO. 5,765,502, "Fessler Rpt.," attached as Exhibit B to the DECLARATION OF SUZANNE FESSLER IN SUPPORT OF DALLAS MANUFACTURING'S MOTION FOR SUMMARY JUDGMENT, "Fessler Decl.," at 10.)

17. It was foreseeable that someone might design a bed in accordance with the Henry patent in which the bolster covering is sewn to the top of the covering for the bottom cushion, but a significant amount of the bolster might extend or "flop" over the perimeter. (*Id*.)

18. In rejecting claims 1-3, the patent examiner cited to Figure 5 of the Henry patent (*Id*., Exh. B at DMC000034.).

19. In response to the rejection of claims 1-3, Flexi-Mat filed an AMENDMENT in which it amended claim 1 to recite that the bolster is disposed within the interior of the outer covering "without being secured to the removable cushion." (*Id.*, Exh. B at DMC000039.)

20. In its remarks accompanying its response to the rejection of claims 1-3, Flexi-Mat distinguished the Henry patent on the grounds that the Henry patent disclosed separate covers for the top and base cushions, whereas in the claimed invention "a single cover encompasses both cushions." (*Id.*, Exh. B at DMC000042.)

21. In its remarks accompanying its response to the rejection of claims 1-3, Flexi-Mat argued that "Henry does not suggest a single cover for all of the cushions, and it would be difficult to design such a cover and assemble such a bed using the interconnected cushions of Henry." (*Id.*, Exh. B at DMC000042.)

22. Following the AMENDMENT, the patent examiner held a telephone interview with Flexi-Mat's attorney, Larry Saret. (Clark Decl., Exh. B at DMC000044.)

23. According to the INTERVIEW SUMMARY, during the telephone interview between the patent examiner and Flexi-Mat's attorney "[a]dditional language was discussed to insure that claim 1 read over the prior art patent to Henry." (*Id.*, Exh. B at DMC000044.)

24. The "additional language" discussed during the telephone interview was an amendment to claim 1 to recite that "substantially all of said bolster" is disposed "exteriorly" about at least a portion of the perimeter of the bottom portion. (*Id.*, Exh. B at DMC000046.)

25. After this additional amendment to claim 1, claims 1-3 were allowed and the '502 patent issued. (*Id.*, Exh. B at DMC000045-DMC000048.)

26. Dallas Manufacturing has made and sold bolster pet beds to five major retailers, including Defendant BJ's Wholesale Club, Inc., that are charged to infringe the '502 patent (hereinafter the "Accused Beds"). The Accused Beds sold to four of the retailers—Big Lots, Sam's Club, Bass Pro, and BJ's Wholesale Club—are the same except for features (fabric, size, etc.) that are immaterial to Dallas Manufacturing's alleged infringement of the '502 patent. (Declaration of Richard Mathews, "Mathews Decl.," ¶¶ 9-14, 16 and Exhs. B-E.)

27. The main difference in the Accused Bed sold to the fifth retailer, Costco, is that the zippered opening for the bolster is located inside the cover for the bottom cushion. (*Id.*, ¶¶ 15, 17 and Exh. F.)

28. In all of the Accused Beds, the bolster is disposed in a separate cover that is stitched to the top of the cover for the bottom cushion. (Mathews Decl., ¶¶ 9-17 and Exhs. B-F; Fessler Rpt., Exh. B to Fessler Decl., at 14-19 and Exh. A)

29. The photographs attached as Exhibit A to the Fessler Rpt. show a black line on the top panel of the cover for the bottom cushion. This black line indicates where the bolster cover is stitched in place. (Fessler Rpt., Exh. B to the Fessler Decl., at 15 and Exh. A.)

30. In all of the Accused Beds, the bolster and the bottom cushion are disposed in separate interior spaces. (Mathews Decl., ¶¶ 9-19 and Exhs. B-F; Fessler Rpt., Exh. B to Fessler Decl., at 14-19.)

31. In all of the Accused Beds, the bolster cover creates a separate interior space for the bolster that is partitioned off from the interior space for the bottom cushion. (*Id.*)

32. In each of the Accused Beds, the covering for the bolster has its own zippered opening separate from the zippered opening in the covering for the bottom cushion. (*Id.*)

33. In the Accused Beds, the bolster is disposed in place relative to the bottom cushion by the covering for the bolster. (*Id.*)

34. None of the Accused Beds have fasteners, straps, or equivalent structure for holding the bolster in place. (*Id.*)

35. In the Accused Beds, all or substantially all of the bolster never "flops" over the side of the bottom cushion. (Mathews Decl., ¶¶ 10, 18; Fessler Rpt., Exh. B to Fessler Decl., at 14-19.)

36. All or substantially all of the bolsters in the Accused Beds are never disposed exteriorly about at least a portion of the perimeter of the bottom cushions. (*Id*.)

>Attorneys for Defendants and Counterclaimants
>DALLAS Manufacturing COMPANY, INC.
>
>
>/s/ Darren M. Franklin
>Gary A. Clark (*pro hac vice*)
>Darren M. Franklin (*pro hac vice*)
>Sheppard, MULLIN, RICHTER & HAMPTON LLP
>  A Limited Liability Partnership
>  Including Professional Corporations
>333 South Hope Street, 48th Floor
>Los Angeles, California  90071-1448
>Telephone:   (213) 620-1780
>Facsimile:   (213) 620-1398
>E-mail:      gclark@sheppardmullin.com
>             dfranklin@sheppardmullin.com

Dated:   November 30, 2005

James J. Marcellino, Esq. (BBO # 318840)
David M. Mello, Esq. (BBO # 634722)
McDermott, WILL & EMERY
28 State Street
Boston, Massachusetts  02109-1775
Telephone:   (617) 535-4000
Facsimile:   (617) 535-3800
E-mail:      jmarcellino@mwe.com
             dmello@mwe.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon counsel for Plaintiff and Counterdefendant Flexi-Mat Corporation, William A. Meunier, Esq., Goodwin Procter LLP, Exchange Place, Boston, Massachusetts 02109, and Larry L. Saret, Esq., Michael, Best & Friedrich LLP, 401 North Michigan Avenue, Suite 1900, Chicago, Illinois 60611, via first class mail, postage pre-paid, on November 30, 2005.

I hereby certify that a true copy of the above document was also served upon counsel for Defendant and Counterclaimant Doskocil Manufacturing Company, Inc., Roy W. Hardin, Esq., Locke Liddell & Sapp LLP, 2200 Ross Avenue, Suite 2200, Dallas, Texas 75201-6776, via first class mail, postage pre-paid, on November 30, 2005.

/s/ Darren M. Franklin
Darren M. Franklin