# EXHIBIT 2

# Part 1 of 2

# EXHIBIT 2

634374

| Subclass | Class | ISSUE CLASSIFICATION |
| --- | --- | --- |
| 7.5 | 119 | |

5765502

5765502

| UTILITY SERIAL NUMBER | PATENT DATE JUN 1 6 1998 | PATENT NUMBER |
| --- | --- | --- |
| 08 634374 | | |

| SERIAL NUMBER 08/634,374 | FILING DATE 04/18/96 | CLASS 119 | SUBCLASS 28.5 | GROUP ART UNIT 3303 3603 | EXAMINER Shaw |
| --- | --- | --- | --- | --- | --- |

APPLICANTS

HAUGH SCOTT, Haugh LOCKPORT, IL.

**CONTINUING DATA**************************
VERIFIED

none Ed

**FOREIGN/PCT APPLICATIONS************
VERIFIED

none Ed

FOREIGN FILING LICENSE GRANTED 05/30/96          ***** SMALL ENTITY *****

| Foreign priority claimed 35 USC 119 conditions met | ☐ yes ☒ no ☐ yes ☐ no | AS FILED → | STATE OR COUNTRY IL | SHEETS DRWG. 2 | TOTAL CLAIMS 11 | INDEP CLAIMS 3 | FILING FEE RECEIVED $375.00 | ATTORNEY'S DOCKET NO. 1300-112 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Verified and Acknowledged | Examiner's initials | | | | | | | |

ADDRESS

LAFF WHITESEL CONTE AND SARET LTD
401 NORTH MICHIGAN AVENUE
CHICAGO IL 60611

TITLE

PET BED WITH REMOVABLE BOLSTER

U.S. DEPT. OF COMM./ PAT. & TM— PTO-436L (Rev.12-94)

| PARTS OF APPLICATION FILED SEPARATELY | | Applicant's Examiner | CLAIMS ALLOWED | | |
| --- | --- | --- | --- | --- | --- |
| NOTICE OF ALLOWANCE MAILED | _Elizabeth Shaw_ | | Total Claims 11 | Print Claim 1 | |
| 11 25 97 | Assistant Examiner | | DRAWING | | |
| ISSUE FEE | _Robert P. Swiatek_ | | Sheets Drwg. 2 | Figs. Drwg. 5 | Print Fig. 5 |
| Amount Due PG600.00 | Date Paid 1/30/98 | | ISSUE BATCH NUMBER U57 | | |
| | Primary Examiner | | | | |
| Label Area | PREPARED FOR ISSUE | | | | |
| | WARNING: The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only. | | | | |

Form PTO-436A
(Rev. 8/92)

FM_Validity Ex. 2

(FACE)

DMC000001

08/634374

PATENT APPLICATION

|||||||||||||||||||||||||||||||
08634374

APPROVED FOR LICENSE ☐

INITIALS

| Date Entered or Counted | CONTENTS | Date Received or Mailed |
|---|---|---|

1. Application *Prints* papers.

2. *Prior Art* — 4-18-96

3. *Rejection (3 months)* — 6-27-97

4. *Amdt A* — 10-3-97

5. *Interview Summary* — 11-19-97

6. *Examiner Amdt/B* — 11-25-97 PM

7. *4-8-98* — 2-20-98

8. PTO GRANT JUN 16 1998

9. *Ltr & Decl* — 2-2-98

10.

11.

12.

13.

14.

15.

16.

17.

18.

19.

20.

21.

22.

23.

24.

25.

26.

27.

28.

29.

30.

31.

32.

(FRONT)

DMC000002



| SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| 119 | 28.5 526 | 6/19/97 | EJ |
| 5 | 402 691 694 722 723 737 738 740 | | |
| Search Updated | | 11/19/97 | EJ |

| SEARCH NOTES | | |
|---|---|---|
| | Date | Exmr. |
| | | |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| 119 | 28.5 526 | 11/19/97 | EJ |
| 5 | 462 691 694 722 723 737 738 740 | | |

(RIGHT OUTSIDE)

DMC000003

Staple Issue Slip Here

| POSITION | ID NO. | DATE |
|---|---|---|
| CLASSIFIER | | 5- |
| EXAMINER | | |
| TYPIST | 21 | 5/30/96 |
| VERIFIER | | 5/ |
| CORPS CORR. | | |
| SPEC. HAND | | |
| FILE MAINT. | | |
| DRAFTING | | |

## INDEX OF CLAIMS

| Claim Final | Original | Date | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1 | 1 | | | | | | | |
| 2 | 2 | | | | | | | |
| 3 | 3 | | | | | | | |
| 4 | 4 | | | | | | | |
| 5 | 5 | | | | | | | |
| 6 | 6 | | | | | | | |
| 7 | 7 | | | | | | | |
| 8 | 8 | | | | | | | |
| 9 | 9 | | | | | | | |
| 10 | 10 | | | | | | | |
| 11 | 11 | | | | | | | |
| | 12 | | | | | | | |
| | 13 | | | | | | | |
| | 14 | | | | | | | |
| | 15 | | | | | | | |
| | 16 | | | | | | | |
| | 17 | | | | | | | |
| | 18 | | | | | | | |
| | 19 | | | | | | | |
| | 20 | | | | | | | |
| | 21 | | | | | | | |
| | 22 | | | | | | | |
| | 23 | | | | | | | |
| | 24 | | | | | | | |
| | 25 | | | | | | | |
| | 26 | | | | | | | |
| | 27 | | | | | | | |
| | 28 | | | | | | | |
| | 29 | | | | | | | |
| | 30 | | | | | | | |
| | 31 | | | | | | | |
| | 32 | | | | | | | |
| | 33 | | | | | | | |
| | 34 | | | | | | | |
| | 35 | | | | | | | |
| | 36 | | | | | | | |
| | 37 | | | | | | | |
| | 38 | | | | | | | |
| | 39 | | | | | | | |
| | 40 | | | | | | | |
| | 41 | | | | | | | |
| | 42 | | | | | | | |
| | 43 | | | | | | | |
| | 44 | | | | | | | |
| | 45 | | | | | | | |
| | 46 | | | | | | | |
| | 47 | | | | | | | |
| | 48 | | | | | | | |
| | 49 | | | | | | | |
| | 50 | | | | | | | |

| Claim Final | Original | Date | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 51 | | | | | | | |
| | 52 | | | | | | | |
| | 53 | | | | | | | |
| | 54 | | | | | | | |
| | 55 | | | | | | | |
| | 56 | | | | | | | |
| | 57 | | | | | | | |
| | 58 | | | | | | | |
| | 59 | | | | | | | |
| | 60 | | | | | | | |
| | 61 | | | | | | | |
| | 62 | | | | | | | |
| | 63 | | | | | | | |
| | 64 | | | | | | | |
| | 65 | | | | | | | |
| | 66 | | | | | | | |
| | 67 | | | | | | | |
| | 68 | | | | | | | |
| | 69 | | | | | | | |
| | 70 | | | | | | | |
| | 71 | | | | | | | |
| | 72 | | | | | | | |
| | 73 | | | | | | | |
| | 74 | | | | | | | |
| | 75 | | | | | | | |
| | 76 | | | | | | | |
| | 77 | | | | | | | |
| | 78 | | | | | | | |
| | 79 | | | | | | | |
| | 80 | | | | | | | |
| | 81 | | | | | | | |
| | 82 | | | | | | | |
| | 83 | | | | | | | |
| | 84 | | | | | | | |
| | 85 | | | | | | | |
| | 86 | | | | | | | |
| | 87 | | | | | | | |
| | 88 | | | | | | | |
| | 89 | | | | | | | |
| | 90 | | | | | | | |
| | 91 | | | | | | | |
| | 92 | | | | | | | |
| | 93 | | | | | | | |
| | 94 | | | | | | | |
| | 95 | | | | | | | |
| | 96 | | | | | | | |
| | 97 | | | | | | | |
| | 98 | | | | | | | |
| | 99 | | | | | | | |
| | 100 | | | | | | | |

SYMBOLS

| | |
|---|---|
| ✓ | Rejected |
| — | Allowed |
| (Through numeral) | Canceled |
| + | Restricted |
| N | Non-elected |
| I | Interference |
| A | Appeal |
| O | Objected |

(LEFT INSIDE)

DMC000004

1

US005765502A

# United States Patent [19]

## Haugh

[11] Patent Number: 5,765,502

[45] Date of Patent: Jun. 16, 1998

[54] PET BED WITH REMOVABLE BOLSTER

[75] Inventor: Scott Haugh, Lockport, Ill.

[73] Assignee: Flexi-Mat Corporation, Chicago, Ill.

[21] Appl. No.: 634,374

[22] Filed: Apr. 18, 1996

[51] Int. Cl.⁶ ............................................. A01K 1/035
[52] U.S. Cl. ............................ 119/28.5; 5/722
[58] Field of Search ................... 119/28.5, 526;
5/402, 691, 694, 722, 723, 737, 738, 740

[56] References Cited

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 984,324 | 2/1911 | Von Below | 5/722 |
| 1,469,523 | 10/1923 | McGarvey | 5/402 X |
| 1,569,710 | 1/1926 | Burt | 119/28.5 |
| 3,890,658 | 6/1975 | Petersille | 5/722 X |
| 3,989,008 | 11/1976 | Nessman | 119/28.5 |
| 4,860,689 | 8/1989 | Stevens | 119/28.5 |
| 5,016,843 | 4/1991 | Henry | 119/28.5 |
| 5,106,559 | 5/1992 | Watt | 5/691 X |
| 5,197,411 | 3/1993 | Schenzenbach | 119/28.5 |

### OTHER PUBLICATIONS

'Braided "Jacobean" Bed' from p. 14 of Spring 1996 catalog entitled *In The Company Of Dogs*.
'Pucker Bed' from back page of Spring 1996 catalog entitled *In The Company Of Dogs*.

'Cuddler' Bed from 1994 Brochure of Flexi-Mat Corporation entitled *Flexi-Mat's Country Quilt Collection*.

'Flip Chair', 'Wing Chair', and 'Flip Couch' from 1995 Brochure Of Flexi-Mat Corporation entitled *Flexi-Mat's Cuddle-Up 'Cuddler'* from 1996 Brochure of Flexi-Mat Corporation entitled *Flexi-Mat's Poly/Cedar Cuddler*.

'Rainbow Cuddler' from 1991 Brochure of Flexi-Mat Corporation entitled *There's Gold At The End Of Our Rainbow*.

'Kozy Kup' from 1996 Brochure of Flexi-Mat Corporation entitled *Flexi-Mat's Kozy Kup*.

'Kitty Kup' from 1996 Brochure of Flexi-Mat Corporation entitled *Flexi-Mat's Kitty Kup*.

Primary Examiner—Robert P. Swiatek
Assistant Examiner—Elizabeth Shaw
Attorney, Agent, or Firm—Laff, Whitesel, Conte & Saret, Ltd.

[57]                     ABSTRACT

A pet bed comprising an outer covering, a removable cushion disposed within the outer covering to form a cushioned bottom portion, and a bolster removably affixed to the interior of the outer covering and disposed about at least a portion of the perimeter of the bottom portion. The outer covering further includes a reclosable access opening permitting both the bottom cushion and bolster to be removed as needed.

13 Claims, 2 Drawing Sheets



DMC000005

**U.S. Patent**    Jun. 16, 1998    Sheet 1 of 2    **5,765,502**



DMC000006



FIG. 4

FIG. 5

DMC000007

5,765,502

**1**

## PET BED WITH REMOVABLE BOLSTER

### FIELD OF THE INVENTION

This invention relates generally to a pet bed and in particular to a pet bed having a removable bolster.

### BACKGROUND OF THE INVENTION

Pet beds were originally devised both for the comfort of animal pets and to keep the animals from commandeering household furnishings. Although a simple cushion is often used as a pet bed, many animals would rather occupy a favorite couch or human bed than sleep on a mere cushion.

Much of the animal's reluctance to quit the family sofa is traceable to the animal's need to feel secure. Thus, pet beds having surrounding wall portions are more popular with pets. These wall portions extend upwardly from the periphery of the pet bed, leaving an opening through which the animal can enter and leave, and allowing the animal to see out even while in a supine position.

The wall portion can also be used as a headrest by animals who feel safer with a better view of their surroundings, but the wall does not provide support for the heavier breeds of animals. The wall tends to collapse under the weight of heavier animals unless it is made of material so rigid that it is uncomfortable for lighter animals.

In one popular method for pet bed fabrication, the base and wall portions are formed from two glued pieces of fairly firm material, such as foam. The pet bed is then provided with a single removable cover, which is generally a washable fabric. The foam material from which the pet bed is constructed is not easily washable, due to the bulk of the two glued foam pieces.

In another popular pet bed style, the wall portion is formed from a single piece of foam, often attached to a vinyl sheet bottom portion, and only the wall portion is then covered with fabric. The fabric is generally sewn around the wall and is therefore not removable for washing. In order to make this type of pet bed more comfortable, a separate bottom cushion with its own fabric cover is provided for insertion over the bottom portion. This requires two separate fabric covers, one for the wall and one for the bottom cushion, and this adds to the cost of manufacture. Pet beds are also known in which the bottom cushion is stuffed with replaceable foam pieces or other stuffing material, treated with an odor retarding agent, because odor and washability are of major concern to the pet's owner.

Yet another pet bed has a bottom cushion encased in fabric with an upstanding wall extending partially around the periphery of the bottom cushion. The wall is formed from multiple pockets sewn in the encasing fabric, and each pocket is stuffed with polyester fill. Because the pockets are permanently sewn into the encasing fabric, the fill is not accessible and cannot be replaced without replacing the entire fabric. This creates a major odor problem when, for example, the pet urinates on the wall.

Accordingly, a need arises for a structurally sound pet bed that is designed for the pet's comfort, regardless of whether the animal is light or heavy. The pet bed should be relatively inexpensive to manufacture, and should be equipped with a one-piece cover and separately removable bolster and bottom cushion for ease of cleaning.

### SUMMARY OF THE INVENTION

These needs and others are satisfied by the present invention, comprising a pet bed having an outer covering, a

**2**

removable cushion disposed within the outer covering to form a cushioned bottom portion, and a bolster removably affixed to the interior of the outer covering and disposed about at least a portion of the perimeter of the bottom portion. The outer covering includes a reclosable access opening that may be opened and closed with a zipper.

In one form of the invention, the bolster may be removably affixed to the interior of the outer covering by a plurality of hook-and-loop fastener straps. The outer covering may include a bolster pocket sized to accommodate the bolster, where the plurality of straps removably affixes the bolster within the bolster pocket. The bottom cushion rests within a bottom pocket which communicates with the bolster pocket. The removable cushion and the bolster are separately removable from the outer covering through the reclosable access opening.

Further objects, features, and advantages of the present invention will become apparent from the following description and drawings.

### BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a top plan view of a pet bed in accordance with the present invention;

FIG. 2 is a perspective view of the pet bed of FIG. 1;

FIG. 3 is a bottom plan view of the pet bed of FIG. 1;

FIG. 4 is a bottom view of the pet bed of FIG. 1, with a portion of the outer covering cut away to illustrate the bolster removably affixed within the bolster pocket; and

FIG. 5 is an exploded view of the pet bed of FIG. 1.

### DETAILED DESCRIPTION OF THE INVENTION

In accordance with the present invention, a pet bed is described that provides distinct advantages when compared to those of the prior art. The invention can best be understood with reference to accompanying drawing FIGS. 1 through 5.

The pet bed 1 of the present invention includes an outer covering 2, preferably fabricated from a durable material, such as a fabric that is easily cleaned. The cover material can be furnished with colors and/or designs to suit the needs of the pet owner.

The pet bed 1 includes a removable cushion 4 disposed within a bottom pocket 12 formed in the outer covering 2 to form a cushioned bottom portion of the pet bed 1. The cushion may be fabricated from any soft, durable material, but is preferably designed to be replaced at intervals by the user as it becomes soiled or worn.

Within a bolster pocket 10 provided in the outer covering 2, a bolster 6 is removably affixed. The bolster is disposed about at least a portion of the perimeter of the cushioned bottom portion of the pet bed 1. The bolster 6 is also formed from a soft, durable material, and is designed to be replaced as needed. Since the bolster 6 is more cylindrical or banana-shaped than flat, and more like a pillow than a wall, the bolster 6 tends to retain its shape even when used as a pillow by the pet, and does not easily collapse from the weight of the pet as in some prior art products.

The bolster is held in place by a plurality of fasteners or straps 8. The straps 8 are preferably the well-known hook-and-loop fasteners, such as Velcro®, although other fasteners, such as ties or straps with snaps or buckles, would perform adequately in this application. The fasteners are sewn or otherwise secured to the interior of bolster pocket 10 in the outer covering 2.

DMC000008

5,765,502

**3**

Removably affixing the bolster 6 within the bolster pocket 10 of the outer covering 2 has the advantage of lending structural integrity to the pet bed 1. Since the bolster 6 is much like a long, slender pillow, holding the bolster 6 in the bolster pocket 10 keeps the bolster relatively fixed in position with respect to the perimeter of the bottom portion of the pet bed 1.

Access to the interior of the outer covering 2 is preferably provided by a zipper 7. Thus, the bolster 6 is easily removable by the simple expedient of unzipping the zipper 7 on the bottom of the pet bed 1, disengaging the straps 8, and withdrawing the bolster through the reclosable access opening 11 that is sealed by the zipper 7. The bottom cushion 4 can also be withdrawn in the same way. The outer covering 2 can then be cleaned, and the bolster 6 and cushion 4 can be washed and replaced within the outer covering 2. Of course, a new bolster 6 or a new cushion 4 could also be replaced by the user as part of this removal operation.

Instead of a zipper, access to the interior of the bed could be provided through a slit in the covering 2. The slit could be concealed by merely overlapping flaps of the fabric. The flaps could be manually parted when necessary to remove the cushion or bolster.

It is also possible to combine other features with those just described. For example, the cushion 4 and bolster 6 could be cushions filled with foam pieces, polyester, styrofoam beads, a mixture of polyester and cotton, and other suitable materials, and be treated with an odor retarding agent such as cedar.

There has been described herein a pet bed that avoids the shortcomings of the prior art. It will be apparent to those skilled in the art that modifications may be made without departing from the spirit and scope of the invention. Accordingly, it is not intended that the invention be limited except as may be necessary in view of the appended claims.

What is claimed is:

1. A pet bed comprising:
   an outer covering;
   a removable cushion disposed within the outer covering to form a cushioned bottom portion; and
   a bolster removably disposed within the interior of the outer covering and substantially all of said bolster disposed exteriorly about at least a portion of the perimeter of the bottom portion without being secured to the removable cushion.

2. The pet bed of claim 1, wherein the outer covering further includes a reclosable access opening.

3. The pet bed of claim 2, wherein the reclosable access opening further includes a zipper.

4. A pet bed comprising:
   an outer covering;
   a removable cushion disposed within the outer covering to form a cushioned bottom portion; and
   a bolster removably affixed within the interior of the outer covering and disposed about at least a portion of the

**4**

perimeter of the bottom portion, wherein the bolster is removably affixed within the interior of the outer covering by a plurality of straps secured to the outer covering.

5. The pet bed of claim 4, wherein the straps are hook-and-loop fasteners.

6. The pet bed of claim 4, wherein the outer covering includes a bolster pocket sized to accommodate the bolster, and the plurality of straps removably affixes the bolster within the bolster pocket.

7. A pet bed comprising:
   an outer covering including a reclosable access opening;
   a removable cushion disposed within the outer covering to form a cushioned bottom portion;
   a bolster removably secured to the interior of the outer covering and disposed about at least a portion of the perimeter of the bottom portion;
   such that the removable cushion and bolster are separately removable from the outer covering through the reclosable access opening.

8. The pet bed of claim 7, and means for closing the reclosable access opening.

9. A pet bed comprising:
   an outer covering including a bolster pocket and a reclosable access opening;
   a removable cushion disposed within the outer covering to form a cushioned bottom portion;
   a bolster removably affixed within the bolster pocket and disposed about at least a portion of the perimeter of the bottom portion;
   such that the removable cushion and bolster are separately removable from the outer covering interior through the reclosable access opening;
   wherein the bolster is removably affixed within the bolster pocket by a plurality of straps.

10. The pet bed of claim 9, wherein the straps are hook-and-loop fasteners.

11. A pet bed comprising:
   an outer covering including a bolster pocket and a reclosable access opening through a bottom portion of the outer covering;
   means for closing the reclosable access opening;
   a removable cushion disposed within the outer covering to form a cushioned bottom portion;
   a bolster removably affixed within the bolster pocket by a plurality of straps that are secured about the bolster, the bolster disposed about at least a portion of the perimeter of the bottom portion;
   such that the removable cushion and the bolster are separately removable from the outer covering interior through the reclosable access opening.

* * * * *

DMC000009

PATENT APPLICATION SERIAL NO. 08/634374

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

PTO-1556
(5/87)

DMC000010

| BAR CODE LABEL | **U.S. PATENT APPLICATION** | | |
|---|---|---|---|
| SERIAL NUMBER | FILING DATE | CLASS | GROUP ART UNIT |
| 08/634,374 | 04/18/96 | 119 | 3303 |

APPLICANT  HAUGH SCOTT, LOCKPORT, IL.

**CONTINUING DATA*********************
VERIFIED

_____

**FOREIGN/PCT APPLICATIONS***********
VERIFIED

_____

FOREIGN FILING LICENSE GRANTED 05/30/96      ***** SMALL ENTITY *****

| STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS | FILING FEE RECEIVED | ATTORNEY DOCKET NO. |
|---|---|---|---|---|---|
| IL | 2 | 11 | 3 | $375.00 | 1300-112 |

ADDRESS
LAFF WHITESEL CONTE AND SARET  LTD
401 NORTH MICHIGAN AVENUE
CHICAGO  IL 60611

TITLE
PET BED WITH REMOVABLE BOLSTER

This is to certify that annexed hereto is a true copy from the records of the United States
Patent and Trademark Office of the application which is identified above.

By authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

Date _____     Certifying Officer _____



08/634374

# PET BED WITH REMOVABLE BOLSTER

## ABSTRACT OF THE DISCLOSURE

A pet bed comprising an outer covering, a removable cushion disposed within the outer covering to form a cushioned bottom portion, and a bolster removably affixed to the interior of the outer covering and disposed about at least a portion of the perimeter of the bottom portion. The outer covering further includes a reclosable access opening permitting both the bottom cushion and bolster to be removed as needed.

8

DMC000012

375-201





**08/634374**

## PET BED WITH REMOVABLE BOLSTER

### FIELD OF THE INVENTION

This invention relates generally to a pet bed and in particular to a pet bed having a removable bolster.

### BACKGROUND OF THE INVENTION

Pet beds were originally devised both for the comfort of animal pets and to keep the animals from commandeering household furnishings. Although a simple cushion is often used as a pet bed, many animals would rather occupy a favorite couch or human bed than sleep on a mere cushion.

Much of the animal's reluctance to quit the family sofa is traceable to the animal's need to feel secure. Thus, pet beds having surrounding wall portions are more popular with pets. These wall portions extend upwardly from the periphery of the pet bed, leaving an opening through which the animal can enter and leave, and allowing the animal to see out even while in a supine position.

The wall portion can also be used as a headrest by animals who feel safer with a better view of their surroundings, but the wall does not provide support for the heavier breeds of animals. The wall tends to collapse under the weight of heavier animals unless it is made of material so rigid that it is uncomfortable for lighter animals.

In one popular method for pet bed fabrication, the base and wall portions are formed from two glued pieces of fairly firm material, such as foam. The pet bed is then provided with a single removable cover, which is generally a washable fabric. The foam material from which the pet bed is constructed is not easily washable, due to the bulk of the two glued foam pieces.

In another popular pet bed style, the wall portion is formed from a single piece of foam, often attached to a vinyl sheet bottom portion, and only the wall portion is then covered with fabric. The fabric is generally sewn around the wall and is therefore not removable for washing. In order to make this type of pet bed more comfortable, a separate bottom cushion with its own fabric cover is provided for insertion over the bottom portion. This requires two separate fabric covers, one for the

DMC000013

wall and one for the bottom cushion, and this adds to the cost of manufacture. Pet beds are also known in which the bottom cushion is stuffed with replaceable foam pieces or other stuffing material, treated with an odor retarding agent, because odor and washability are of major concern to the pet's owner.

Yet another pet bed has a bottom cushion encased in fabric with an upstanding wall extending partially around the periphery of the bottom cushion. The wall is formed from multiple pockets sewn in the encasing fabric, and each pocket is stuffed with polyester fill. Because the pockets are permanently sewn into the encasing fabric, the fill is not accessible and cannot be replaced without replacing the entire fabric. This creates a major odor problem when, for example, the pet urinates on the wall.

Accordingly, a need arises for a structurally sound pet bed that is designed for the pet's comfort, regardless of whether the animal is light or heavy. The pet bed should be relatively inexpensive to manufacture, and should be equipped with a one-piece cover and separately removable bolster and bottom cushion for ease of cleaning.

## SUMMARY OF THE INVENTION

These needs and others are satisfied by the present invention, comprising a pet bed having an outer covering, a removable cushion disposed within the outer covering to form a cushioned bottom portion, and a bolster removably affixed to the interior of the outer covering and disposed about at least a portion of the perimeter of the bottom portion. The outer covering includes a reclosable access opening that may be opened and closed with a zipper.

In one form of the invention, the bolster may be removably affixed to the interior of the outer covering by a plurality of hook-and-loop fastener straps. The outer covering may include a bolster pocket sized to accommodate the bolster, where the plurality of straps removably affixes the bolster within the bolster pocket. The bottom cushion rests within a bottom pocket which communicates with the bolster pocket. The removable cushion and the bolster are separately removable from the outer covering through the reclosable access opening.

2

DMC000014

Further objects, features, and advantages of the present invention will become apparent from the following description and drawings.

### BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a top plan view of a pet bed in accordance with the present invention;

FIG. 2 is a perspective view of the pet bed of FIG. 1;

FIG. 3 is a bottom plan view of the pet bed of FIG. 1;

FIG. 4 is a bottom view of the pet bed of FIG. 1, with a portion of the outer covering cut away to illustrate the bolster removably affixed within the bolster pocket; and

FIG. 5 is an exploded view of the pet bed of FIG. 1.

3

DMC000015

## DETAILED DESCRIPTION OF THE INVENTION

In accordance with the present invention, a pet bed is described that provides distinct advantages when compared to those of the prior art. The invention can best be understood with reference to accompanying drawing figures 1 through 5.

The pet bed 1 of the present invention includes an outer covering 2, preferably fabricated from a durable material, such as a fabric that is easily cleaned. The cover material can be furnished with colors and/or designs to suit the needs of the pet owner.

The pet bed 1 includes a removable cushion 4 disposed within a bottom pocket 12 formed in the outer covering 2 to form a cushioned bottom portion of the pet bed 1. The cushion may be fabricated from any soft, durable material, but is preferably designed to be replaced at intervals by the user as it becomes soiled or worn.

Within a bolster pocket 10 provided in the outer covering 2, a bolster 6 is removably affixed. The bolster is disposed about at least a portion of the perimeter of the cushioned bottom portion of the pet bed 1. The bolster 6 is also formed from a soft, durable material, and is designed to be replaced as needed. Since the bolster 6 is more cylindrical or banana-shaped than flat, and more like a pillow than a wall, the bolster 6 tends to retain its shape even when used as a pillow by the pet, and does not easily collapse from the weight of the pet as in some prior art products.

The bolster is held in place by a plurality of fasteners or straps 8. The straps 8 are preferably the well-known hook-and-loop fasteners, such as Velcro®, although other fasteners, such as ties or straps with snaps or buckles, would perform adequately in this application. The fasteners are sewn or otherwise secured to the interior of bolster pocket 10 in the outer covering 2.

Removably affixing the bolster 6 within the bolster pocket 10 of the outer covering 2 has the advantage of lending structural integrity to the pet bed 1. Since the bolster 6 is much like a long, slender pillow, holding the bolster 6 in the bolster pocket 10 keeps the bolster relatively fixed in position with respect to the perimeter of the bottom portion of the pet bed 1.

Access to the interior of the outer covering 2 is preferably provided by a zipper 7. Thus, the bolster 6 is easily removable by the simple expedient of unzipping the zipper 7 on the bottom of the pet bed 1, disengaging the straps 8, and withdrawing the bolster through the reclosable access

4

DMC000016

opening 11 that is sealed by the zipper 7. The bottom cushion 4 can also be withdrawn in the same way. The outer covering 2 can then be cleaned, and the bolster 6 and cushion 4 can be washed and replaced within the outer covering 2. Of course, a new bolster 6 or a new cushion 4 could also be replaced by the user as part of this removal operation.

Instead of a zipper, access to the interior of the bed could be provided through a slit in the covering 2. The slit could be concealed by merely overlapping flaps of the fabric. The flaps could be manually parted when necessary to remove the cushion or bolster.

It is also possible to combine other features with those just described. For example, the cushion 4 and bolster 6 could be cushions filled with foam pieces, polyester, styrofoam beads, a mixture of polyester and cotton, and other suitable materials, and be treated with an odor retarding agent such as cedar.

There has been described herein a pet bed that avoids the shortcomings of the prior art. It will be apparent to those skilled in the art that modifications may be made without departing from the spirit and scope of the invention. Accordingly, it is not intended that the invention be limited except as may be necessary in view of the appended claims.

What is claimed is:

5

DMC000017

## CLAIMS

1.    A pet bed comprising:

an outer covering;

a removable cushion disposed within the outer covering to form a cushioned bottom portion; and

a bolster removably affixed within the interior of the outer covering and disposed about at least a portion of the perimeter of the bottom portion.

2.    The pet bed of claim 1, wherein the outer covering further includes a reclosable access opening.

3.    The pet bed of claim 2, wherein the reclosable access opening further includes a zipper.

4.    The pet bed of claim 1, wherein the bolster is removably affixed within the interior of the outer covering by a plurality of straps secured to the outer covering.

5.    The pet bed of claim 4, wherein the straps are hook-and-loop fasteners.

6.    The pet bed of claim 4, wherein the outer covering includes a bolster pocket sized to accommodate the bolster, and the plurality of straps removably affixes the bolster within the bolster pocket.

7.    A pet bed comprising:

an outer covering including a bolster pocket and a reclosable access opening;

a removable cushion disposed within the outer covering to form a cushioned bottom portion;

a bolster removably affixed within the bolster pocket and disposed about at least a portion of the perimeter of the bottom portion;

6

DMC000018

such that the removable cushion and the bolster are separately removable from the outer covering interior through the reclosable access opening.

8.     The pet bed of claim 7, and means for closing the reclosable access opening.

9.     The pet bed of claim 7, wherein the bolster is removably affixed within the bolster pocket by a plurality of straps.

10.    The pet bed of claim 9, wherein the straps are hook-and-loop fasteners.

11.    A pet bed comprising:

an outer covering including a bolster pocket and a reclosable access opening through a bottom portion of the outer covering;

means for closing the reclosable access opening;

a removable cushion disposed within the outer covering to form a cushioned bottom portion;

a bolster removably affixed within the bolster pocket by a plurality of straps that are secured about the bolster, the bolster disposed about at least a portion of the perimeter of the bottom portion;

such that the removable cushion and the bolster are separately removable from the outer covering interior through the reclosable access opening.

7

DMC000019

# Declaration and Power of Attorney For Patent Application

## English Language Declaration

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name,

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled

PET BED WITH REMOVABLE BOLSTER

the specification of which

(check one)

[X] is attached hereto.

[ ] was filed on _____ as

Application Serial No. _____

and was amended on _____ (if applicable)

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, §1.56(a).

I hereby claim foreign priority benefits under Title 35, United States Code, §119 of any foreign application(s) for patent or inventor's certificate. listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

Prior Foreign Application(s)

| | | | Priority Claimed | |
|---|---|---|---|---|
| None | | | Yes [ ] | No [ ] |
| (Number) | (Country) | (Day/Month/Year Filed) | | |
| (Number) | (Country) | (Day/Month/Year Filed) | Yes [ ] | No [ ] |
| (Number) | (Country) | (Day/Month/Year Filed) | Yes [ ] | No [ ] |

I hereby claim the benefit under Title 35, United States Code, §120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, §112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, §1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

401 N. MICHIGAN AVENUE
CHICAGO, ILLINOIS 60611

LAFF, WHITESEL, CONTE & SARET, LTD.
ATTORNEYS AT LAW

Form PTO-FB-110 (8-83)    Patent and Trademark Office-U.S. DEPARTMENT OF COMMERCE

TELEPHONE
(312) 661-2103

TELEX NO.
20-6024

FAX (312) 661-0029

DMC000020

Nona
_____

| (Application Serial No.) | (Filing Date) | (Status) (patented, pending, abandoned) |

_____

| (Application Serial No.) | (Filing Date) | (Status) (patented, pending, abandoned) |

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

POWER OF ATTORNEY: As a named inventor, I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith. Charles A. Laff (19787); J. Warren Whitesel (16830); Robert F.I. Conte (20354); Larry L. Saret (27674); Martin L. Stern (28911); Bernard L. Kleinke (22123); Louis Altman (19373); Barry W. Sufrin (27398); Marshall W. Sutker (19962); Jennifer A. Dunner (33685); Neil R. Ormos (35309); Richard P. Gilly (37630); Kevin C. Trock (37745); and Jack R. Halvorsen (18394).

Send Correspondence to: LAFF, WHITESEL, CONTE & SARET, LTD., 401 North Michigan Avenue, Chicago, Illinois 60611.

Direct Telephone Calls to: __Larry L. Saret__
at telephone No. (312) 661-2100.

| Full name of sole or first inventor | | 4/15/96 |
| Scott Baugh | | Date |
| Inventor's signature  Scott Haugh | | |
| Residence  829 South St. Lockport IL 60441 | | |
| Citizenship  United States Of America    IL | | |
| Post Office Address | | |

| Full name of second joint inventor, if any  None | | |
| Second Inventor's signature | | Date |
| Residence | | |
| Citizenship | | |
| Post Office Address | | |

(Supply similar information and signature for third and subsequent joint inventors.)

Form PTO-FB-110 (8-83)                    Patent and Trademark Office-U.S. DEPARTMENT OF COMMERCE

Applicant or Patentee:___Scott Haugh_____   _____ Attorney's
Serial or Patent No:_____   _____   _____ Docket No:___1300-112___
Filed or Issued:___herewith_____   _____
For:___PET BED WITH REMOVABLE BOLSTER_____

### VERIFIED STATEMENT (DECLARATION) CLAIMING SMALL
### ENTITY STATUS (37 CFR 1.9(f) and 1.27)

I.   I hereby declare that I am making this verified statement to support a claim by ___Flexi-Mat Corporation___
     _____ for small entity status for purposes of paying reduced fees under section 41(a) and (b)
     of Title 35, United States Code, with regard to the invention entitled
     ___PET BED WITH REMOVABLE BOLSTER_____
     by inventor(s)___Scott Haugh_____
     described in
     (X) the specification filed herewith
     (  ) application serial No._____, filed_____
     (  ) patent no._____, issued _____

II.  I hereby declare that I am:
     (  ) A.   The above-named inventor and qualify as an independent inventor as defined in 37 CFR 1.9(c).

               I have not assigned, granted, conveyed or licensed and am under no obligation under law to assign,
               grant, convey or license, any rights in the invention to any person who could not be classified as an
               independent inventor under 37 CFR 1.9(c) if that person had made the invention, or to any concern
               which would not qualify as a small business concern under 37 CFR 1.9(d) or a nonprofit organization
               under 37 CFR 1.9(e).

     (  ) B.   A non-inventor making this verified statement to support a claim by _____.   I hereby
               declare that I would qualify as an independent inventor as defined in Section II.A., above.

     (  ) C.   An official empowered to act on behalf of a nonprofit organization as defined in 37 CFR 1.9(e) and
               identified below:
               NAME OF ORGANIZATION_____
               ADDRESS OF ORGANIZATION_____
               _____

               TYPE OF ORGANIZATION:

               (  )  UNIVERSITY OR OTHER INSTITUTION OF HIGHER EDUCATION
               (  )  TAX EXEMPT UNDER INTERNAL REVENUE SERVICE CODE (26 USC 501(a) and
                     501(c) (3))
               (  )  NONPROFIT SCIENTIFIC OR EDUCATIONAL UNDER STATUTE OF STATE OF THE
                     UNITED STATES OF AMERICA
                     (NAME OF STATE_____)
               (  )  (CITATION OF STATUTE_____)
               (  )  WOULD QUALIFY AS TAX EXEMPT UNDER INTERNAL REVENUE SERVICE CODE (26
                     USC 501(a) and 501(c) (3) IF LOCATED IN THE UNITED STATES OF AMERICA
               (  )  WOULD QUALIFY AS NONPROFIT SCIENTIFIC OR EDUCATIONAL UNDER STATUTE
                     OF STATE OF THE UNITED STATES OF AMERICA IF LOCATED IN THE UNITED
                     STATES OF AMERICA
                     (NAME OF STATE_____)
                     (CITATION OF STATUTE_____)

LAFF, WHITESEL, CONTE & SARET, LTD.
ATTORNEYS AT LAW
401 N. MICHIGAN AVENUE
CHICAGO, ILLINOIS 60611

rev. 5/94

DMC000022

**(x) D.** An owner or official of a small business concern empowered to act on behalf of the concern identified below:

NAME OF CONCERN      Flexi-Mat Corporation
ADDRESS OF CONCERN   7244 South Western Avenue
                     Chicago, IL  60608

I hereby declare that the above identified small business concern qualifies as a small business concern as defined in 13 CFR 121.3-18, and reproduced in 37 CFR 1.9(d), in that the number of employees of the concern, including those of its affiliates, does not exceed 500 persons. For purposes of this statement, (1) the number of employees of the business concern is the average over the previous fiscal year of the persons employed on a full-time, part-time or temporary basis during each of the pay periods of the fiscal year, and (2) concerns are affiliates of each other when either, directly or indirectly, one concern controls or has the power to control the other, or a third party or parties controls or has the power to control both.

**III.** I hereby declare that rights in the above-identified invention under contract or law exist in or have been conveyed to and remain with the small business concern identified above with regard to the invention.

— If the rights held by the above-identified small business concern are not exclusive, each individual, concern or organization having rights in the invention is listed below* and no rights to the invention are held by any person, other than the inventor, who would not qualify as an independent inventor under 37 CFR 1.9(c) if that person made the invention, or by any concern which would not qualify as a small business concern under 37 CFR 1.9(d), or a nonprofit organization under 37 CFR 1.9(e).
*NOTE:  Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities. (37 CFR 1.27).

NAME
ADDRESS
- ( ) INDIVIDUAL      ( ) SMALL BUSINESS CONCERN   ( ) NONPROFIT ORGANIZATION

NAME
ADDRESS
( ) INDIVIDUAL      ( ) SMALL BUSINESS CONCERN   ( ) NONPROFIT ORGANIZATION

**IV.** I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small entity is no longer appropriate. (37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

NAME OF PERSON SIGNING     James N. Klesh
TITLE IN ORGANIZATION      President
ADDRESS OF PERSON SIGNING  7244 South Western Avenue
                           Chicago, IL  60608
SIGNATURE                                    DATE  4/18/91

DMC000023



HAYES/1300-0011

08/634374

FIG. 1

FIG. 2

FIG. 3

DMC000024

HAYES/Brown

08/634374



FIG. 4

FIG 5

LETTER

DMC000025

08/634374

IN THE

## UNITED STATES PATENT & TRADEMARK OFFICE

The Commissioner of Patents & Trademarks
Washington, D.C. 20231

DATE:   April 18, 1996

OUR CASE NO:   1300~112

Sir:

Transmitted herewith for filing is the patent application (including specification, claims and declaration) of:

Inventor:   Scott Haugh

For:   PET BED WITH REMOVABLE BOLSTER

A. Enclosed are:

| Documents: | Specification | Claims | Abstract | Declaration |
|---|---|---|---|---|
| No. of Pages: | 5 | 2 | 1 | 2 |

[X] _2_ sheets of drawing(s).   [ ] Formal   [X] Informal

[X] An assignment of the invention to _Flexi-Mat Corporation_

[ ] A certified copy of a _____ application.

[ ] Claim for priority under 35USC119.

[ ] Associate Power of Attorney.

[X] Citation of Prior Art.

[ ] Preliminary Amendment.

[ ] Translation with Translator's Declaration.

[X] Check No. _27849_ in the amount of $ _415.00_ dated _4/18/96_ is enclosed to cover the [X] filing fee [X][X] assignment recording fee.
&

B. FILING FEE CALCULATION:

[ ] Before calculating the filing fee, please cancel claims _____.

[ ] After adding preliminary amendment claims _____.

| | SMALL ENTITY STATUS - AFFIDAVIT ATTACHED | | | | LARGE BUSINESS RATE | |
|---|---|---|---|---|---|---|
| For | Number Filed | Number Extra | Rate | Basic Fee $375 | Rate | Basic Fee $750 |
| Total Claims | 11  -20 | 0 | X  $ 11 | = 0.00 | $ 22 | = |
| Independent Claims | 3  -3 | 0 | X  $ 39 | = 0.00 | $ 78 | = |
| Multiple Dependency | | | $125 | = 0.00 | $280 | = |
| Total Filing Fee............................................ | | | | 375.00 | | |
| Assignment Recordal Fee................................. | | | | 40.00 | | |
| | | | Total | $ 415.00 | Total | $ |

C. SPECIAL INSTRUCTIONS:

[ ] Please charge our Deposit Account No. 12-0064 in the amount of $ _____
    A duplicate of this sheet is enclosed.

[X] The Commissioner is hereby authorized to charge any fees which may be required, including, but not limited to payment of issue fees, or credit any overpayment to Account No. 12-0064. A duplicate copy of this sheet is enclosed. If this payment also requires a Petition, please construe this authorization to pay as the necessary Petition which is required to accompany the payment.

Respectfully submitted,
Laff, Whitesel, Conte & Saret, Ltd.

By _____
   Larry L. Saret

**EXPRESS MAIL mailing label**
No. _TB 864 342 875 US_
Date of Deposit _April 18, 1996_
I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231. The person mailing this paper/fee is:
PRINT _Sandra Heza_
SIGNATURE _____

| | Registration No. |
|---|---|
| Charles A. Laff | 19787 |
| J. Warren Whitesel | 15830 |
| Robert F. I. Conte | 20354 |
| Larry L. Saret | 27674 |
| Martin L. Stern | 26911 |
| Louis Altman | 19373 |
| Barry W. Sufrin | 27398 |
| Marshall W. Sutker | 19962 |
| Jack R. Halvorsen | 16394 |
| Jennifer A. Dunner | 33683 |

DMC000026

2

08/634374

*#2*
*Prior Art*
*7-17-96*
*T. Sims*

IN THE
UNITED STATES PATENT & TRADEMARK OFFICE

IN RE APPLICATION OF: Scott Haugh )
)
CASE: 1300-112 )
) CITATION OF PRIOR ART
SERIAL NO.: unknown )
)
FILED ON: herewith )
)
FOR: PET BED WITH REMOVABLE BOLSTER )
)

ASSISTANT COMMISSIONER OF PATENTS
WASHINGTON, DC 20231

Dear Sirs:

[X]    AUTHORIZATION TO PAY AND PETITION FOR THE ACCEPTANCE OF ANY
NECESSARY FEES: If any charges or fees must be paid in connection with the following
Communication (including but not limited to the payment of issue fees), they may be paid out of
our deposit account No. 12-0064. If this payment also requires a Petition, please construe this
authorization to pay as the necessary Petition which is required to accompany the payment.

[ ]    Applicant herewith petitions the Commissioner of Patents and Trademarks to extend the time
for response to the Office Action dated _____ for _____ month(s) from _____ to
_____. Submitted herewith is check No. _____ for $_____ to cover the cost of the
extension. If a check is lost, or otherwise does not accompany this Petition, please charge my
deposit account number 12-0064 in the appropriate amount to cover the cost of the extension.
Any deficiency or overpayment should be charged or credited to the above numbered deposit
account.

REGISTRATION

| | |
|---|---|
| Charles A. Laff | 19787 |
| J. Warren Whitesel | 16830 |
| Robert F.I. Conte | 20354 |
| Larry L. Saret | 27674 |
| Martin L. Stern | 28911 |
| Louis Altman | 19373 |
| Barry W. Sufrin | 27398 |
| Marshall W. Sutker | 19995 |
| Jennifer A. Dunner | 33685 |
| Neil R. Ormos | 35309 |
| Kevin C. Trock | 37745 |
| Richard P. Gilly | 37630 |
| John W. Hayes | 33900 |
| Tim C. Meece | 38553 |
| Jack R. Halvorsen | 18394 |

LAFF, WHITESEL, CONTE & SARET LTD.
401 North Michigan Avenue
Chicago, Illinois 60611-4212
(312) 661-2100
Fax: (312) 661-0029

DMC000027

CITATION OF PRIOR ART

Pursuant to Applicant's duty to disclose information which may be pertinent to the prosecution of the above-identified application, applicant submits herewith a list of prior art (three sheets of Form PTO-1449) which should be placed of record in the above identified application.

It is believed that the present invention clearly distinguishes over the enclosed prior art.

Respectfully submitted,

_____
Larry L. Saret
LAFF, WHITESEL, CONTE & SARET, LTD.
401 North Michigan Avenue
Chicago, IL  60611
(312) 661-2100

Date: _April 18, 1996_____

Sheet 1 of 3

| FORM PTO-1449 (REV. 7-80) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. 1300-112 | | | SERIAL NO. | |
|---|---|---|---|---|---|---|

INFORMATION DISCLOSURE
STATEMENT

(USE SEVERAL SHEETS IF NECESSARY)

APPLICANT
Scott Haugh

FILING DATE
Herewith

GROUP

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | | | | | | | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROP. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ✓ | AA | 4 | 8 | 6 | 0 | 6 | 8 | 9 | 29Aug89 | Stewart | ~~A01K 1~~ 119 | ~~90~~ 24.5 | 14Mar88 |
| ✓ | AB | 3 | 9 | 8 | 9 | 0 | 0 | 8 | 02Nov76 | Neumann | 119 | ~~19~~ 28.5 | 13May75 |
| | AC | | | | | | | | | | | | |
| | AD | | | | | | | | | | | | |
| | AE | | | | | | | | | | | | |
| | AF | | | | | | | | | | | | |
| | AG | | | | | | | | | | | | |
| | AH | | | | | | | | | | | | |
| | AI | | | | | | | | | | | | |
| | AJ | | | | | | | | | | | | |
| | AK | | | | | | | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| | AL | | | | | | | |
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

## OTHER PRIOR ART (INCLUDING AUTHOR, TITLE, DATE, PERTINENT PAGES, ETC.)

| | | |
|---|---|---|
| ✓ | AR | 'Braided "Jacobean" Bed' from Page 14 of Spring 1996 catalog entitled In The Company Of Dogs |
| ✓ | AS | 'Pucker Bed' from back page of Spring 1996 catalog entitled In The Company Of Dogs |
| ✓ | AT | 'Cuddler' Bed from 1994 Brochure of Flexi-Mat Corporation entitled Flexi-Mat's Country Quilt Collection |

| EXAMINER C. Shaw | DATE CONSIDERED 6/19/97 |
|---|---|

* EXAMINER: Initial if reference considered whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

DMC000029

Sheet _2_ of 3

| FORM PTO-1449<br>(REV. 7-80) | U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO.<br>1300-112 | SERIAL NO. |
|---|---|---|---|

**INFORMATION DISCLOSURE STATEMENT**

(USE SEVERAL SHEETS IF NECESSARY)

| APPLICANT<br>Scott Haugh | |
|---|---|
| FILING DATE<br>Herewith | GROUP |

## U.S. PATENT DOCUMENTS

| EXAMINER<br>INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE<br>IF APPROP. |
|---|---|---|---|---|---|---|---|
| | AA | | | | | | |
| | AB | | | | | | |
| | AC | | | | | | |
| | AD | | | | | | |
| | AE | | | | | | |
| | AF | | | | | | |
| | AG | | | | | | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | YES | NO |
| | AL | | | | | | | |
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

## OTHER PRIOR ART (INCLUDING AUTHOR, TITLE, DATE, PERTINENT PAGES, ETC.)

| | | |
|---|---|---|
| EJ | AU | 'Flip Chair', 'Wing Chair', and 'Flip Couch' from 1995 Brochure Of Flexi-Mat Corporation entitled Flexi-Mat's  Cuddle-Up |
| EJ | AV | 'Cuddler' from 1996 Brochure of Flexi-Mat Corporation entitled Flexi-Mat's Poly/Cedar Cuddler |
| EJ | AW | 'Rainbow Cuddler' from 1991 Brochure of Flexi-Mat Corporation entitled There's Gold At The End Of Our Rainbow |

| EXAMINER<br>E. Shaw | DATE CONSIDERED<br>6/19/97 |
|---|---|

* EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

| FORM PTO-1449<br>(REV. 7-80) | U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO.<br>1300-112 | | SERIAL NO. |
|---|---|---|---|---|
| INFORMATION DISCLOSURE<br>STATEMENT<br>(USE SEVERAL SHEETS IF NECESSARY) | | APPLICANT<br>Scott Haugh | | |
| | | FILING DATE<br>Herewith | | GROUP |

## U.S. PATENT DOCUMENTS

| EXAMINER<br>INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE<br>IF APPROP. |
|---|---|---|---|---|---|---|---|
| | AA | | | | | | |
| | AB | | | | | | |
| | AC | | | | | | |
| | AD | | | | | | |
| | AE | | | | | | |
| | AF | | | | | | |
| | AG | | | | | | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | YES | NO |
| | AL | | | | | | | |
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

## OTHER PRIOR ART (INCLUDING AUTHOR, TITLE, DATE, PERTINENT PAGES, ETC.)

| | | |
|---|---|---|
| ES | AR | 'Kozy Kup' from 1996 Brochure of Flexi-Mat Corporation entitled<br>Flexi-Mat's Kozy Kup |
| ES | AT | 'Kitty Kup' from 1996 Brochure of Flexi-Mat Corporation entitled<br>Flexi-Mat's Kitty Kup |
| | AS | |

| EXAMINER<br>E. Skani | DATE CONSIDERED<br>6/19/97 |
|---|---|

* EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through
citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

DMC000031

3

 **UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/634,374 | 04/18/96 | SCOTT                    H | 1300-112 |

┌                                          F3M1/0627 ┐
LAFF WHITESEL CONTE AND SARET  LTD
401 NORTH MICHIGAN AVENUE
CHICAGO IL 60611

| EXAMINER |
|---|
| SHAW, E |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3303 | 3 |

DATE MAILED:    06/27/97

Please find below and/or attached an Office communication concerning this application or
proceeding.

Commissioner of Patents and Trademarks

1. File Copy

| *Office Action Summary* | Application No. 08/634,374 | Applicant(s) Scott |
|---|---|---|
| | Examiner Elizabeth Shaw | Group Art Unit 3303 |

☒ Responsive to communication(s) filed on *Apr 18, 1996*

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ____*3*____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-11* _____ is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

☒ Claim(s) *11* _____ is/are allowed.

☒ Claim(s) *1-3, 7, and 8* _____ is/are rejected.

☒ Claim(s) *4-6, 9, and 10* _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☒ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None  of the CERTIFIED copies of the priority documents have been

        ☐ received.

        ☐ received in Application No. (Series Code/Serial Number) _____ .

        ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). ____*2*____

☐ Interview Summary, PTO-413

☒ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

*--- SEE OFFICE ACTION ON THE FOLLOWING PAGES ---*

DMC000033

Serial Number: 08/634374                                                      Page 2

Art Unit: 3303

## DETAILED ACTION

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form

the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless --

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use
or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 1-3, 7 and 8 are rejected under 35 U.S.C. 102(b) as being anticipated by Henry

(5,010,843). Henry shows a pet bed 10, see figure 5, having an outer covering (unnumbered)

containing a zippered opening 34 for access to the interior, a base cushion 12 and semi-circular

top cushions or bolsters 14" or 16". The top cushions or bolsters 14" or 16"are affixed to the

edge 22 of the base cushion 12 in either a permanent (stitched) or removable (zippered or

snapped) fashion, see column 2, lines 19-29.

### *Allowable Subject Matter*

Claims 4-6, 9 and 10 are objected to as being dependent upon a rejected base claim, but

would be allowable if rewritten in independent form including all of the limitations of the base

claim and any intervening claims.

Claim 11 is allowable.

DMC000034

Serial Number: 08/634374                                           Page 3

Art Unit: 3303

## *Conclusion*

The prior art made of record and not relied upon is considered pertinent to applicant's

disclosure. Included for further reference on pet beds are: Von Below (984,324), McGarvey

(1,469,523), Burt (1,569,710), Petersilie (3,890,658), West (5,109,559) and Schwarzenbart

(5,197,411).

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Elizabeth Shaw whose telephone number is (703) 308-1853.

Group Receptionist: (703) 308-0858. Art Unit Fax: (703) 308-2708.

Elizabeth Shaw d-YE

June 20, 1997

Robert P. Swiatek

**ROBERT P. SWIATEK**
**PRIMARY EXAMINER**
**ART UNIT 333**

DMC000035

| *Notice of References Cited* | Application No. 08/634,374 | Applicant(s) Scott | | |
|---|---|---|---|---|
| | Examiner Elizabeth Shaw | Group Art Unit 3303 | Page 1 of 1 | |

**U.S. PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 984,324 | 2-1911 | Von Below | 5 | 722 |
| B | 1,469,523 | 10-1923 | McGarvay | 5 | 402x |
| C | 1,569,710 | 1-1926 | Burt | 119 | 28.5 |
| D | 3,890,658 | 6-1975 | Petersilie | 5 | 722x |
| E | 5,010,843 | 4-1991 | Henry | 119 | 28.5 |
| F | 5,109,558 | 5-1992 | West | 5 | 691x |
| G | 5,197,411 | 3-1993 | Scharzenbart | 119 | 28.5 |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

**NON-PATENT DOCUMENTS**

| | DOCUMENT (including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |

U. S. Patent and Trademark Office
PTO-892 (Rev. 9-95)

Notice of References Cited

Part of Paper No. 3

DMC000036

Attachment _____3_____

The drawings submitted with this application
were declared informal by the applicant.
Accordingly they have not been reviewed by a
draftsperson at this time. When formal drawings
are submitted, the draftsperson will perform a
review.

Direct any inquires concerning drawing review to
the Drawing Review Branch (703) 305-8404.

Substitute PTO-948

DMC000037

4

OIPE
OCT 0 3 1997

Gau 3303
T.H.
10-16-97
# 4/Ce
peede

IN THE
UNITED STATES PATENT & TRADEMARK OFFICE

IN RE APPLICATION OF:        Scott Haugh          )

ATTORNEY DOCKET NO:          1300-112             )
                                                  )
SERIAL NO.:                  08/634,374           )
                                                  ) ART UNIT: 3303
FILING DATE:                 April 18, 1996       )
                                                  ) ATTENTION OF:
ENTITLED:                    Pet Bed With         ) Examiner E. Shaw
                             Removable Bolster    )

RECEIVED
1997
GROUP 3300

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON,  D.C. 20231

Dear Sir:

[x]     AUTHORIZATION  TO PAY AND PETITION FOR THE ACCEPTANCE OF ANY NECESSARY FEES.  If
        any charges or fees must be paid in connection with the following Communication (including but not limited to
        the payment of issue fees), they may be paid out of our deposit account No. 12-0064.  If this payment also
        requires a Petition, please construe this authorization to pay as the necessary Petition which is required to
        accompany the payment.

[ ]     Applicant hereby petitions the Commissioner of Patents and Trademarks to extend the time for response to
        the  Office  Action  dated  _____  for  _____  month(s)  from  _____  to
        _____.  Submitted herewith is a check for the amount of $____ to cover the cost of the extension.  If
        a check is lost, or otherwise does not accompany this Petition, please charge my deposit account number
        12-0064 in the appropriate amount to cover the cost of the extension.  Any deficiency or overpayment should
        be charged or credited to the above numbered deposit account.

## AMENDMENT

### CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited
with the United States Postal Service as first class mail
in an envelope addressed to: Assistant Commissioner of
Patents, Washington, D.C. 20231 on:

Date: Sept 29, 1997         Irma Rivera

LAFF, WHITESEL, CONTE & SARET, LTD.
401 N. Michigan Avenue
Chicago, IL  60611
(312) 661-2100 - phone
(312) 661-2100 - fax

| | Registration |
|---|---|
| Charles A. Laff | 19787 |
| J. Warren Whitesel | 16830 |
| Robert F. I. Conte | 20354 |
| Larry L. Saret | 27574 |
| Martin L. Stern | 28911 |
| Louis Altman | 19373 |
| Barry W. Sufrin | 27398 |
| Marshall W. Sutker | 19962 |
| Jack R. Halvorsen | 18394 |
| Neil R. Ormos | 35309 |
| Kevin C. Trock | 37745 |
| Scott G. Feder | 33129 |
| G. Peter Albert, Jr. | 37288 |
| Michael B. Allen | 37582 |
| Lisa C. Childs | 39937 |

In response to the Office Action dated June 27, 1997, please amend the above application as follows and consider the following remarks.

IN THE CLAIMS:

Please amend claims 1, 4, 7 and 9 as follows:

1.    (Amended)  A pet bed comprising:

an outer covering;

a removable cushion disposed within the outer covering to form a cushioned bottom portion; and

a bolster removably [affixed] disposed within the interior of the outer covering *substantially all of said bolster* and disposed about at least a portion of the perimeter of the bottom portion without *exteriorly* being secured to the removable cushion.

4.    (Amended)  [The pet bed of claim 1] A pet bed comprising:

an outer covering;

a removable cushion disposed within the outer covering to form a cushioned bottom portion; and

a bolster removably affixed within the interior of the outer covering and disposed about at least a portion of the perimeter of the bottom portion, wherein the bolster is removably affixed within the interior of the outer covering by a plurality of straps secured to the outer covering.

2

7.    (Amended)  A pet bed comprising:

an outer covering including [a bolster pocket and] a reclosable access opening;

a removable cushion disposed within the outer covering to form a cushioned

bottom portion;

a bolster removably [affixed within] <u>secured to the interior of the outer</u>

<u>covering</u> and disposed about at least a portion of the perimeter of the bottom portion;

such that the removable cushion and bolster are separately removable from the outer

covering interior through the reclosable access opening.

9.    (Amended)  [The bed of claim 7] <u>A pet bed comprising:</u>

<u>an outer covering including a bolster pocket and a reclosable access opening;</u>

<u>a removable cushion disposed within the outer covering to form a cushioned</u>

<u>bottom portion;</u>

<u>a bolster removably affixed within the bolster pocket and disposed about at</u>

<u>least a portion of the perimeter of the bottom portion;</u>

<u>such that the removably cushion and bolster are separately removably from the</u>

<u>outer covering interior through the reclosable access opening;</u>

wherein the bolster is removably affixed within the bolster pocket by a plurality

of straps.

3

DMC000040

## REMARKS

This Amendment is submitted in response to the Office Action mailed on June 27, 1997. Prior to the Office Action, claims 1-11 were pending in the patent application. The Office Action indicated that claim 11 is allowed and that dependent claims 4-6, 9 and 10 would be allowable if rewritten to include the limitations of the base claim and any intervening claims. The Office Action rejected claims 1-3, 7 and 8 under 35 U.S.C. §102(b) as being anticipated by U.S. Patent No. 5,010,843, issued to Henry.

Applicant has amended claims 1, 4, 7 and 9. Claims 1-11 remaining pending in the application.

Applicant has amended claims 4 and 9 to include the limitations of the base claims as suggested by the Examiner. Thus, those claims dependent on claims 4 and 9, namely claims 5, 6 and 10 should now also be allowable.

Claims 1-3 are directed towards a pet bed comprising an outer covering, a cushion disposed within the outer covering, and a bolster removably disposed within the outer covering and disposed about at least a portion of the perimeter of the bottom portion without being secured to the cushion. Because the bolster is not secured to the cushion, this pet bed is easier than those in the prior art to assemble, i.e., to place the bolster and cushion within the outer covering, and also easier to disassemble for transport or cleaning purposes.

In the pet bed disclosed in Henry, the semi-circular cushions are attached to

4

DMC000041

the circular base cushion by stitching, hook and loop materials, or other fasteners. However, if the cushions are foam, a commonly used cushion material, it is not easy to sew or attach hook and loop fasteners to such foam material, and the joint between the semi-circular cushion and base cushion is susceptible to failure. As a result, Henry suggests individual liners for each cushion and requires covers for the semi-circular cushions 14, 16 which are separate from the cover for the base cushion. See Col. 2, lines 44-50. These separate liners and covers add manufacturing cost for material and assembly time. In addition, Henry has a concern for exposed connections between the semi-circular cushions and the base cushion, which is not a concern with the present invention because a single cover encompasses both cushions. Henry does not suggest a single cover for all of the cushions, and it would be difficult to design such a cover and assemble such a bed using the interconnected cushions of Henry.

Thus, the prior art of record does not teach or suggest the pet bed of claims 1-3. Accordingly, applicant respectfully submits that claims 1-3 are patentable over the prior art and requests allowance of such claims.

Claims 7 and 8 are directed to a pet bed in which the bolster is removably secured to the interior of the outer covering. This feature -- not disclosed by the Henry reference -- increases the stability of the pet bed by insuring that the bolster remains relatively fixed in position with respect to the perimeter of the bottom cushion 4 and bolster pocket 10. The prior art of record does not teach or suggest

5

DMC000042

the pet bed of claims 7 and 8.  Accordingly, applicant respectfully submits that claims 7 and 8 are patentable over the prior art of record and requests allowance of such claims.

Respectfully submitted,
LAFF, WHITESEL, CONTE & SARET, LTD.

By: _Larry R. Saret_____

Larry L. Saret
William A. Meunier

DATED: _Sept 29, 1997_

C:\MYDOCUMENTS\BILL\1300-112\AMENDMENT DATED SEPTEMBER 25, 1997

6

– DMC000043

5

#5

| *Interview Summary* | Application No.<br>08/834,374 | Applicant(s)<br>Haugh |
|---|---|---|
| | Examiner<br>Elizabeth Shaw | Group Art Unit<br>3303 |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Elizabeth Shaw_ _____    (3) _____

(2) _Larry Saret_ _____    (4) _____

Date of Interview _____ _Nov 19, 1997_ _____

Type:    ☒ Telephonic    ☐ Personal (copy is given to    ☐ applicant    ☐ applicant's representative).

Exhibit shown or demonstration conducted:    ☐ Yes    ☒ No. If yes, brief description:

_____
_____

Agreement    ☒ was reached.    ☐ was not reached.

Claim(s) discussed: _1_ _____

Identification of prior art discussed:
_Henry_ _____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
_Additional language was discussed to insure that claim 1 read over the prior art patent to Henry._
_____
_____

_See Examiner's Amendment._
_____
_____
_____

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

1. ☒    It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐    Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

Examiner Note:  You must sign and stamp this form unless it is an attachment to a signed Office action.

U.S. Patent and Trademark Office
PTO-413 (Rev. 10-95)    · · Interview Summary    Paper No. _5_

DMC000044

6