# EXHIBIT 2

**5765502**

5765502

| UTILITY SERIAL NUMBER | PATENT DATE JUN 1 6 1998 | PATENT NUMBER |
|---|---|---|
| 08 634374 | | |

| SERIAL NUMBER 08/634,374 | FILING DATE 04/18/96 | CLASS 119 | SUBCLASS 28.5 | GROUP ART UNIT 3303 3653 | EXAMINER Shaw |

APPLICANTS

HAUGH SCOTT, LOCKPORT, IL.      *Haugh*

**CONTINUING DATA***********************
VERIFIED

none *Ed*

**FOREIGN/PCT APPLICATIONS***********
VERIFIED

none *Ed*

FOREIGN FILING LICENSE GRANTED 05/30/96        ***** SMALL ENTITY *****

| Foreign priority claimed ☐ yes ☒ no 35 USC 119 conditions met ☐ yes ☐ no Verified and Acknowledged    Examiner's initials | AS FILED | STATE OR COUNTRY IL | SHEETS DRWGS. 2 | TOTAL CLAIMS 11 | INDEP. CLAIMS 3 | FILING FEE RECEIVED $375.00 | ATTORNEY'S DOCKET NO. 1300-112 |

LAFF WHITESEL CONTE AND SARET   LTD
401 NORTH MICHIGAN AVENUE
CHICAGO IL 60611

PET BED WITH REMOVABLE BOLSTER

U.S. DEPT. OF COMM./ PAT. & TM—PTO-436L (Rev.12-94)

| PARTS OF APPLICATION FILED SEPARATELY | | Applications Examiner |
|---|---|---|
| NOTICE OF ALLOWANCE MAILED | *Elizabeth Shaw* Assistant Examiner | CLAIMS ALLOWED |
| 11-25-97 | | Total Claims 11 | Print Claim 1 |
| ISSUE FEE | | DRAWING |
| Amount Due $160.00 | Date Paid 1/99 2/30/98 | *Robert P. Swiatek* Primary Examiner | Sheets Drwg. 2 | Figs. Drwg. 5 | Print Fig. 5 |
| | | | ISSUE BATCH NUMBER U57 |
| Label Area | PREPARED FOR ISSUE | |
| | WARNING: The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only. | |

Form PTO-436A
(Rev. 8/92)

**FM Infr. Ex. 2**

DMC000001

08/634374

**PATENT APPLICATION**

08634374

APPROVED FOR LICENSE ☐

INITIALS

| Date Entered or Counted | | Date Received or Mailed |
|---|---|---|

# CONTENTS

| | | |
|---|---|---|
| 1. Application Prints papers. | | 4-18-96 |
| 2. Prior Art | | 6-27-97 |
| 3. Rejection (3 months) | | 10-3-97 |
| 4. Amdt A | | |
| 5. Interview Summary | | 11-19-97 |
| 6. Examiner Amdt/IB | | 11-25-97 PM |
| 7. | | 2-20-98 |
| 8. PTO GRANT JUN 16 1998 | | |
| 9. Ltr & Decl | | 2-2-98 |
| 10. | | |
| 11. | | |
| 12. | | |
| 13. | | |
| 14. | | |
| 15. | | |
| 16. | | |
| 17. | | |
| 18. | | |
| 19. | | |
| 20. | | |
| 21. | | |
| 22. | | |
| 23. | | |
| 24. | | |
| 25. | | |
| 26. | | |
| 27. | | |
| 28. | | |
| 29. | | |
| 30. | | |
| 31. | | |
| 32. | | |

(FRONT)

DMC000002



| SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| 119 | 28.5 526 | 6/19/97 | Ed |
| 5 | 402 691 694 722 723 737 738 740 | | |
| Search Updated | | 11/19/97 | Ed |

| SEARCH NOTES | | |
|---|---|---|
| | Date | Exmr. |
| | | |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| 119 | 28.5 526 | 11/19/97 | Ed |
| 5 | 462 691 694 722 723 737 738 740 | | |

(RIGHT OUTSIDE)

DMC000003

Staple Issue Slip Here

| POSITION | ID NO. | DATE |
|---|---|---|
| CLASSIFIER | | 5-3 |
| EXAMINER | | |
| TYPIST | 21 | 5/30/96 |
| VERIFIER | 280 | 5/1/96 |
| CORPS CORR. | | |
| SPEC. HAND | | |
| FILE MAINT. | | |
| DRAFTING | | |

### INDEX OF CLAIMS

| Final | Original | Date | | | | |
|---|---|---|---|---|---|---|
| 1 | 1 | | | | | |
| 2 | 2 | | | | | |
| 3 | 3 | | | | | |
| 4 | 4 | | | | | |
| 5 | 5 | | | | | |
| 6 | 6 | | | | | |
| 7 | 7 | | | | | |
| 8 | 8 | | | | | |
| 9 | 9 | | | | | |
| 10 | 10 | | | | | |
| 11 | 11 | | | | | |
| | 12 | | | | | |
| | 13 | | | | | |
| | 14 | | | | | |
| | 15 | | | | | |
| | 16 | | | | | |
| | 17 | | | | | |
| | 18 | | | | | |
| | 19 | | | | | |
| | 20 | | | | | |
| | 21 | | | | | |
| | 22 | | | | | |
| | 23 | | | | | |
| | 24 | | | | | |
| | 25 | | | | | |
| | 26 | | | | | |
| | 27 | | | | | |
| | 28 | | | | | |
| | 29 | | | | | |
| | 30 | | | | | |
| | 31 | | | | | |
| | 32 | | | | | |
| | 33 | | | | | |
| | 34 | | | | | |
| | 35 | | | | | |
| | 36 | | | | | |
| | 37 | | | | | |
| | 38 | | | | | |
| | 39 | | | | | |
| | 40 | | | | | |
| | 41 | | | | | |
| | 42 | | | | | |
| | 43 | | | | | |
| | 44 | | | | | |
| | 45 | | | | | |
| | 46 | | | | | |
| | 47 | | | | | |
| | 48 | | | | | |
| | 49 | | | | | |
| | 50 | | | | | |

**SYMBOLS**
| | |
|---|---|
| ✓ | Rejected |
| = | Allowed |
| − (Through numeral) | Canceled |
| R | Restricted |
| N | Non-elected |
| I | Interference |
| A | Appeal |
| O | Objected |

| Final | Original | Date | | | | |
|---|---|---|---|---|---|---|
| | 51 | | | | | |
| | 52 | | | | | |
| | 53 | | | | | |
| | 54 | | | | | |
| | 55 | | | | | |
| | 56 | | | | | |
| | 57 | | | | | |
| | 58 | | | | | |
| | 59 | | | | | |
| | 60 | | | | | |
| | 61 | | | | | |
| | 62 | | | | | |
| | 63 | | | | | |
| | 64 | | | | | |
| | 65 | | | | | |
| | 66 | | | | | |
| | 67 | | | | | |
| | 68 | | | | | |
| | 69 | | | | | |
| | 70 | | | | | |
| | 71 | | | | | |
| | 72 | | | | | |
| | 73 | | | | | |
| | 74 | | | | | |
| | 75 | | | | | |
| | 76 | | | | | |
| | 77 | | | | | |
| | 78 | | | | | |
| | 79 | | | | | |
| | 80 | | | | | |
| | 81 | | | | | |
| | 82 | | | | | |
| | 83 | | | | | |
| | 84 | | | | | |
| | 85 | | | | | |
| | 86 | | | | | |
| | 87 | | | | | |
| | 88 | | | | | |
| | 89 | | | | | |
| | 90 | | | | | |
| | 91 | | | | | |
| | 92 | | | | | |
| | 93 | | | | | |
| | 94 | | | | | |
| | 95 | | | | | |
| | 96 | | | | | |
| | 97 | | | | | |
| | 98 | | | | | |
| | 99 | | | | | |
| | 100 | | | | | |

(LEFT INSIDE)

DMC000004

1

US005765502A

# United States Patent [19]

**Haugh**

[11] Patent Number: **5,765,502**

[45] Date of Patent: **Jun. 16, 1998**

[54] **PET BED WITH REMOVABLE BOLSTER**

[75] Inventor: Scott Haugh, Lockport, Ill.

[73] Assignee: Flexi-Mat Corporation, Chicago, Ill.

[21] Appl. No.: 634,374

[22] Filed: Apr. 18, 1996

[51] Int. Cl.⁶ ............................................ A01K 1/035

[52] U.S. Cl. ........................................ 119/28.5; 5/722

[58] Field of Search ....................... 119/28.5, 526;
5/402, 691, 694, 722, 723, 737, 738, 740

[56] **References Cited**

## U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 984,324 | 2/1911 | Von Below | 5/722 |
| 1,469,523 | 10/1923 | McGarvey | 5/402 X |
| 1,569,710 | 1/1926 | Bart | 119/28.5 |
| 3,890,638 | 6/1975 | Peterslie | 5/722 X |
| 3,989,008 | 11/1976 | Neumann | 119/28.5 |
| 4,810,689 | 8/1989 | Stewart | 119/28.5 |
| 5,010,843 | 4/1991 | Henry | 119/28.5 |
| 5,109,559 | 5/1992 | Watt | 5/691 X |
| 5,197,411 | 3/1993 | Schmersahl | 119/28.5 |

## OTHER PUBLICATIONS

"Braided "Jacobean" Bed" from p. 14 of Spring 1996 catalog entitled *In The Company Of Dogs.*

"Pucker Bed" from back page of Spring 1996 catalog entitled *In The Company of Dogs.*

"Cuddler" Bed from 1994 Brochure of Flexi-Mat Corporation entitled *Flexi-Mat's Country Quilt Collection.*

"Flip Chair", "Wing Chair", and "Flip Couch" from 1995 Brochure Of Flexi-Mat Corporation entitled *Flexi-Mat's Cuddle-Up* "Cuddler" from 1996 Brochure of Flexi-Mat Corporation entitled *Flexi-Mat's Poly/Cedar Cuddler.*

"Rainbow Cuddler" from 1991 Brochure of Flexi-Mat Corporation entitled *There's Gold At The End Of Our Rainbow.*

"Kozy Kup" from 1996 Brochure of Flexi-Mat Corporation entitled *Flexi-Mat's Kozy Kup.*

"Kitty Kup" from 1996 Brochure of Flexi-Mat Corporation entitled *Flexi-Mat's Kitty Kup.*

Primary Examiner—Robert P. Swiatek
Assistant Examiner—Elizabeth Shaw
Attorney, Agent, or Firm—Laff, Whitesel, Conte & Saret, Ltd.

[57] **ABSTRACT**

A pet bed comprising an outer covering, a removable cushion disposed within the outer covering to form a cushioned bottom portion, and a bolster removably affixed to the interior of the outer covering and disposed about at least a portion of the perimeter of the bottom portion. The outer covering further includes a reclosable access opening permitting both the bottom cushion and bolster to be removed as needed.

11 Claims, 2 Drawing Sheets





**U.S. Patent**     Jun. 16, 1998     Sheet 1 of 2     **5,765,502**



FIG. 1

FIG. 2

FIG. 3

DMC000006



FIG. 4

FIG. 5

DMC000007

5,765,502

1

## PET BED WITH REMOVABLE BOLSTER

### FIELD OF THE INVENTION

This invention relates generally to a pet bed and in particular to a pet bed having a removable bolster.

### BACKGROUND OF THE INVENTION

Pet beds were originally devised both for the comfort of animal pets and to keep the animals from contraindicating household furnishings. Although a simple cushion is often used as a pet bed, many animals would rather occupy a favorite couch or human bed than sleep on a mere cushion.

Much of the animal's reluctance to quit the family sofa is traceable to the animal's need to feel secure. Thus, pet beds having surrounding wall portions are more popular with pets. These wall portions extend upwardly from the periphery of the pet bed, leaving an opening through which the animal can enter and leave, and allowing the animal to see out even while in a supine position.

The wall portion can also be used as a headrest by animals who feel safer with a better view of their surroundings, but the wall does not provide support for the heavier breeds of animals. The wall tends to collapse under the weight of heavier animals unless it is made of material so rigid that it is uncomfortable for lighter animals.

In one popular method for pet bed fabrication, the base and wall portions are formed from two glued pieces of fairly firm material, such as foam. The pet bed is then provided with a single removable cover, which is generally a washable fabric. The foam material from which the pet bed is constructed is not easily washable, due to the bulk of the two glued foam pieces.

In another popular pet bed style, the wall portion is formed from a single piece of foam, often attached to a vinyl sheet bottom portion, and only the wall portion is then covered with fabric. The fabric is generally sewn around the wall and is therefore not removable for washing. In order to make this type of pet bed more comfortable, a separate bottom cushion with its own fabric cover is provided for insertion over the bottom portion. This requires two separate fabric covers, one for the wall and one for the bottom cushion, and this adds to the cost of manufacture. Pet beds are also known in which the bottom cushion is stuffed with replaceable foam pieces or other stuffing material, treated with an odor retarding agent, because odor and washability are of major concern to the pet's owner.

Yet another pet bed has a bottom cushion encased in fabric with an outstanding wall extending partially around the periphery of the bottom cushion. The wall is formed from multiple pockets sewn in the encasing fabric, and each pocket is stuffed with polyester fill. Because the pockets are permanently sewn into the encasing fabric, the fill is not accessible and cannot be replaced without replacing the entire fabric. This creates a major odor problem when, for example, the pet urinates on the wall.

Accordingly, a need arises for a structurally sound pet bed that is designed for the pet's comfort, regardless of whether the animal is light or heavy. The pet bed should be relatively inexpensive to manufacture, and should be equipped with a one-piece cover and separately removable bolster and bottom cushion for ease of cleaning.

### SUMMARY OF THE INVENTION

These needs and others are satisfied by the present invention, comprising a pet bed having an outer covering, a

2

removable cushion disposed within the outer covering to form a cushioned bottom portion, and a bolster removably affixed to the interior of the outer covering and disposed about at least a portion of the perimeter of the bottom portion. The outer covering includes a reclosable access opening that may be opened and closed with a zipper.

In one form of the invention, the bolster may be removably affixed to the interior of the outer covering by a plurality of hook-and-loop fastener straps. The outer covering may include a bolster pocket sized to accommodate the bolster, where the plurality of straps removably affixes the bolster within the bolster pocket. The bottom cushion rests within a bottom pocket which communicates with the bolster pocket. The removable cushion and the bolster are separately removable from the outer covering through the reclosable access opening.

Further objects, features, and advantages of the present invention will become apparent from the following description and drawings.

### BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a top plan view of a pet bed in accordance with the present invention;

FIG. 2 is a perspective view of the pet bed of FIG. 1;

FIG. 3 is a bottom plan view of the pet bed of FIG. 1;

FIG. 4 is a bottom view of the pet bed of FIG. 1, with a portion of the outer covering cut away to illustrate the bolster removably affixed within the bolster pocket; and

FIG. 5 is an exploded view of the pet bed of FIG. 1.

### DETAILED DESCRIPTION OF THE INVENTION

In accordance with the present invention, a pet bed is described that provides distinct advantages when compared to those of the prior art. The invention can best be understood with reference to accompanying drawing FIGS. 1 through 5.

The pet bed 1 of the present invention includes an outer covering 2, preferably fabricated from a durable material, such as a fabric that is easily cleaned. The cover material can be furnished with colors and/or designs to suit the needs of the pet owner.

The pet bed 1 includes a removable cushion 4 disposed within a bottom pocket 12 formed in the outer covering 2 to form a cushioned bottom portion of the pet bed 1. The cushion may be fabricated from any soft, durable material, but is preferably designed to be replaced at intervals by the user as it becomes soiled or worn.

Within a bolster pocket 10 provided in the outer covering 2, a bolster 6 is removably affixed. The bolster is disposed about at least a portion of the perimeter of the cushioned bottom portion of the pet bed 1. The bolster 6 is also formed from a soft, durable material, and is designed to be replaced as needed. Since the bolster 6 is more cylindrical or banana-shaped than flat, and more like a pillow than a wall, the bolster 6 tends to retain its shape even when used as a pillow by the pet, and does not easily collapse from the weight of the pet as in some prior art products.

The bolster is held in place by a plurality of fasteners or straps 8. The straps 8 are preferably the well-known hook-and-loop fasteners, such as Velcro®, although other fasteners, such as ties or straps with snaps or buckles, would perform adequately in this application. The fasteners are sewn or otherwise secured to the interior of bolster pocket 10 in the outer covering 2.

DMC000008

5,765,502

**3**

Removably affixing the bolster 6 within the bolster pocket 19 of the outer covering 2 has the advantage of lending structural integrity to the pet bed 1. Since the bolster 6 is much like a long, slender pillow, holding the bolster 6 in the bolster pocket 19 keeps the bolster relatively fixed in position with respect to the perimeter of the bottom portion of the pet bed 1.

Access to the interior of the outer covering 2 is preferably provided by a zipper 7. Thus, the bolster 6 is easily removable by the simple expedient of unzipping the zipper 7 on the bottom of the pet bed 1, disengaging the straps 8, and withdrawing the bolster through the reclosable access opening 11 that is sealed by the zipper 7. The bottom cushion 4 can also be withdrawn in the same way. The outer covering 2 can then be cleaned, and the bolster 6 and cushion 4 can be washed and replaced within the outer covering 2. Of course, a new bolster 6 or a new cushion 4 could also be replaced by the user as part of this removal operation.

Instead of a zipper, access to the interior of the bed could be provided through a slit in the covering 2. The slit could be concealed by merely overlapping flaps of the fabric. The flaps could be manually parted when necessary to remove the cushion or bolster.

It is also possible to combine other features with those just described. For example, the cushion 4 and bolster 6 could be cushions filled with foam pieces, polyester, styrofoam beads, a mixture of polyester and cotton, and other suitable materials, and be treated with an odor retarding agent such as cedar.

There has been described herein a pet bed that avoids the shortcomings of the prior art. It will be apparent to those skilled in the art that modifications may be made without departing from the spirit and scope of the invention. Accordingly, it is not intended that the invention be limited except as may be necessary in view of the appended claims.

What is claimed is:

1. A pet bed comprising:

an outer covering;

a removable cushion disposed within the outer covering to form a cushioned bottom portion; and

a bolster removably affixed within the interior of the outer covering and disposed about at least a portion of the perimeter of the bottom portion without being secured to the removable cushion.

2. The pet bed of claim 1, wherein the outer covering further includes a reclosable access opening.

3. The pet bed of claim 2, wherein the reclosable access opening further includes a zipper.

4. A pet bed comprising:

an outer covering;

a removable cushion disposed within the outer covering to form a cushioned bottom portion; and

a bolster removably affixed within the interior of the outer covering and disposed about at least a portion of the

**4**

perimeter of the bottom portion, wherein the bolster is removably affixed within the interior of the outer covering by a plurality of straps secured to the outer covering.

5. The pet bed of claim 4, wherein the straps are hook-and-loop fasteners.

6. The pet bed of claim 4, wherein the outer covering includes a bolster pocket sized to accommodate the bolster, and the plurality of straps removably affixes the bolster within the bolster pocket.

7. A pet bed comprising:

an outer covering including a reclosable access opening;

a removable cushion disposed within the outer covering to form a cushioned bottom portion;

a bolster removably secured to the interior of the outer covering and disposed about at least a portion of the perimeter of the bottom portion;

such that the removable cushion and bolster are separately removable from the outer covering through the reclosable access opening.

8. The pet bed of claim 7, and means for closing the reclosable access opening.

9. A pet bed comprising:

an outer covering including a bolster pocket and a reclosable access opening;

a removable cushion disposed within the outer covering to form a cushioned bottom portion;

a bolster removably affixed within the bolster pocket and disposed about at least a portion of the perimeter of the bottom portion;

such that the removable cushion and bolster are separately removably from the outer covering interior through the reclosable access opening;

wherein the bolster is removably affixed within the bolster pocket by a plurality of straps.

10. The pet bed of claim 9, wherein the straps are hook-and-loop fasteners.

11. A pet bed comprising:

an outer covering including a bolster pocket and a reclosable access opening through a bottom portion of the outer covering;

means for closing the reclosable access opening;

a removable cushion disposed within the outer covering to form a cushioned bottom portion;

a bolster removably affixed within the bolster pocket by a plurality of straps that are secured about the bolster, the bolster disposed about at least a portion of the perimeter of the bottom portion;

such that the removable cushion and the bolster are separately removable from the outer covering interior through the reclosable access opening.

\* \* \* \* \*

DMC000009

PATENT APPLICATION SERIAL NO. __08/634374__

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

PTO-1556
(5/87)

DMC000010

| BAR CODE LABEL | | U.S. PATENT APPLICATION | |
|---|---|---|---|
| SERIAL NUMBER | FILING DATE | CLASS | GROUP ART UNIT |
| 08/634,374 | 04/18/96 | 119 | 3303 |

APPLICANT   HAUGH SCOTT, LOCKPORT, IL.

**CONTINUING DATA********************
VERIFIED

_____

**FOREIGN/PCT APPLICATIONS************
VERIFIED

_____

FOREIGN FILING LICENSE GRANTED 05/30/96     ***** SMALL ENTITY *****

| STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS | FILING FEE RECEIVED | ATTORNEY DOCKET NO. |
|---|---|---|---|---|---|
| IL | 2 | 11 | 3 | $375.00 | 1300-112 |

ADDRESS   LAFF WHITESEL CONTE AND SARET LTD
401 NORTH MICHIGAN AVENUE
CHICAGO IL 60611

TITLE   PET BED WITH REMOVABLE BOLSTER

This is to certify that annexed hereto is a true copy from the records of the United States Patent and Trademark Office of the application which is identified above.

By authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

Date _____          Certifying Officer _____

DMC000011

08/634374

# PET BED WITH REMOVABLE BOLSTER

## ABSTRACT OF THE DISCLOSURE

A pet bed comprising an outer covering, a removable cushion disposed within the outer covering to form a cushioned bottom portion, and a bolster removably affixed to the interior of the outer covering and disposed about at least a portion of the perimeter of the bottom portion. The outer covering further includes a reclosable access opening permitting both the bottom cushion and bolster to be removed as needed.

8

DMC000012



375-201

08/634374



## PET BED WITH REMOVABLE BOLSTER

### FIELD OF THE INVENTION

This invention relates generally to a pet bed and in particular to a pet bed having a removable bolster.

### BACKGROUND OF THE INVENTION

Pet beds were originally devised both for the comfort of animal pets and to keep the animals from commandeering household furnishings. Although a simple cushion is often used as a pet bed, many animals would rather occupy a favorite couch or human bed than sleep on a mere cushion.

Much of the animal's reluctance to quit the family sofa is traceable to the animal's need to feel secure. Thus, pet beds having surrounding wall portions are more popular with pets. These wall portions extend upwardly from the periphery of the pet bed, leaving an opening through which the animal can enter and leave, and allowing the animal to see out even while in a supine position.

The wall portion can also be used as a headrest by animals who feel safer with a better view of their surroundings, but the wall does not provide support for the heavier breeds of animals. The wall tends to collapse under the weight of heavier animals unless it is made of material so rigid that it is uncomfortable for lighter animals.

In one popular method for pet bed fabrication, the base and wall portions are formed from two glued pieces of fairly firm material, such as foam. The pet bed is then provided with a single removable cover, which is generally a washable fabric. The foam material from which the pet bed is constructed is not easily washable, due to the bulk of the two glued foam pieces.

In another popular pet bed style, the wall portion is formed from a single piece of foam, often attached to a vinyl sheet bottom portion, and only the wall portion is then covered with fabric. The fabric is generally sewn around the wall and is therefore not removable for washing. In order to make this type of pet bed more comfortable, a separate bottom cushion with its own fabric cover is provided for insertion over the bottom portion. This requires two separate fabric covers, one for the

DMC000013

wall and one for the bottom cushion, and this adds to the cost of manufacture. Pet beds are also known in which the bottom cushion is stuffed with replaceable foam pieces or other stuffing material, treated with an odor retarding agent, because odor and washability are of major concern to the pet's owner.

Yet another pet bed has a bottom cushion encased in fabric with an upstanding wall extending partially around the periphery of the bottom cushion. The wall is formed from multiple pockets sewn in the encasing fabric, and each pocket is stuffed with polyester fill. Because the pockets are permanently sewn into the encasing fabric, the fill is not accessible and cannot be replaced without replacing the entire fabric. This creates a major odor problem when, for example, the pet urinates on the wall.

Accordingly, a need arises for a structurally sound pet bed that is designed for the pet's comfort, regardless of whether the animal is light or heavy. The pet bed should be relatively inexpensive to manufacture, and should be equipped with a one-piece cover and separately removable bolster and bottom cushion for ease of cleaning.

## SUMMARY OF THE INVENTION

These needs and others are satisfied by the present invention, comprising a pet bed having an outer covering, a removable cushion disposed within the outer covering to form a cushioned bottom portion, and a bolster removably affixed to the interior of the outer covering and disposed about at least a portion of the perimeter of the bottom portion. The outer covering includes a reclosable access opening that may be opened and closed with a zipper.

In one form of the invention, the bolster may be removably affixed to the interior of the outer covering by a plurality of hook-and-loop fastener straps. The outer covering may include a bolster pocket sized to accommodate the bolster, where the plurality of straps removably affixes the bolster within the bolster pocket. The bottom cushion rests within a bottom pocket which communicates with the bolster pocket. The removable cushion and the bolster are separately removable from the outer covering through the reclosable access opening.

2

DMC000014

Further objects, features, and advantages of the present invention will become apparent from the following description and drawings.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a top plan view of a pet bed in accordance with the present invention;

FIG. 2 is a perspective view of the pet bed of FIG. 1;

FIG. 3 is a bottom plan view of the pet bed of FIG. 1;

FIG. 4 is a bottom view of the pet bed of FIG. 1, with a portion of the outer covering cut away to illustrate the bolster removably affixed within the bolster pocket; and

FIG. 5 is an exploded view of the pet bed of FIG. 1.

3

DMC000015

## DETAILED DESCRIPTION OF THE INVENTION

In accordance with the present invention, a pet bed is described that provides distinct advantages when compared to those of the prior art. The invention can best be understood with reference to accompanying drawing figures 1 through 5.

The pet bed 1 of the present invention includes an outer covering 2, preferably fabricated from a durable material, such as a fabric that is easily cleaned. The cover material can be furnished with colors and/or designs to suit the needs of the pet owner.

The pet bed 1 includes a removable cushion 4 disposed within a bottom pocket 12 formed in the outer covering 2 to form a cushioned bottom portion of the pet bed 1. The cushion may be fabricated from any soft, durable material, but is preferably designed to be replaced at intervals by the user as it becomes soiled or worn.

Within a bolster pocket 10 provided in the outer covering 2, a bolster 6 is removably affixed. The bolster is disposed about at least a portion of the perimeter of the cushioned bottom portion of the pet bed 1. The bolster 6 is also formed from a soft, durable material, and is designed to be replaced as needed. Since the bolster 6 is more cylindrical or banana-shaped than flat, and more like a pillow than a wall, the bolster 6 tends to retain its shape even when used as a pillow by the pet, and does not easily collapse from the weight of the pet as in some prior art products.

The bolster is held in place by a plurality of fasteners or straps 8. The straps 8 are preferably the well-known hook-and-loop fasteners, such as Velcro®, although other fasteners, such as ties or straps with snaps or buckles, would perform adequately in this application. The fasteners are sewn or otherwise secured to the interior of bolster pocket 10 in the outer covering 2.

Removably affixing the bolster 6 within the bolster pocket 10 of the outer covering 2 has the advantage of lending structural integrity to the pet bed 1. Since the bolster 6 is much like a long, slender pillow, holding the bolster 6 in the bolster pocket 10 keeps the bolster relatively fixed in position with respect to the perimeter of the bottom portion of the pet bed 1.

Access to the interior of the outer covering 2 is preferably provided by a zipper 7. Thus, the bolster 6 is easily removable by the simple expedient of unzipping the zipper 7 on the bottom of the pet bed 1, disengaging the straps 8, and withdrawing the bolster through the reclosable access

4

DMC000016

opening 11 that is sealed by the zipper 7. The bottom cushion 4 can also be withdrawn in the same way. The outer covering 2 can then be cleaned, and the bolster 6 and cushion 4 can be washed and replaced within the outer covering 2. Of course, a new bolster 6 or a new cushion 4 could also be replaced by the user as part of this removal operation.

Instead of a zipper, access to the interior of the bed could be provided through a slit in the covering 2. The slit could be concealed by merely overlapping flaps of the fabric. The flaps could be manually parted when necessary to remove the cushion or bolster.

It is also possible to combine other features with those just described. For example, the cushion 4 and bolster 6 could be cushions filled with foam pieces, polyester, styrofoam beads, a mixture of polyester and cotton, and other suitable materials, and be treated with an odor retarding agent such as cedar.

There has been described herein a pet bed that avoids the shortcomings of the prior art. It will be apparent to those skilled in the art that modifications may be made without departing from the spirit and scope of the invention. Accordingly, it is not intended that the invention be limited except as may be necessary in view of the appended claims.

What is claimed is:

DMC000017

<u>**CLAIMS**</u>

*Suba1*   1.    A pet bed comprising:

an outer covering;

a removable cushion disposed within the outer covering to form a cushioned bottom portion;

and

a bolster removably affixed within the interior of the outer covering and disposed about at least a portion of the perimeter of the bottom portion.

2.    The pet bed of claim 1, wherein the outer covering further includes a reclosable access opening.

3.    The pet bed of claim 2, wherein the reclosable access opening further includes a zipper.

*Suba2*   4.    The pet bed of claim 1, wherein the bolster is removably affixed within the interior of the outer covering by a plurality of straps secured to the outer covering.

5.    The pet bed of claim 4, wherein the straps are hook-and-loop fasteners.

6.    The pet bed of claim 4, wherein the outer covering includes a bolster pocket sized to accommodate the bolster, and the plurality of straps removably affixes the bolster within the bolster pocket.

*Suba3*   7.    A pet bed comprising:

an outer covering including a bolster pocket and a reclosable access opening;

a removable cushion disposed within the outer covering to form a cushioned bottom portion;

a bolster removably affixed within the bolster pocket and disposed about at least a portion of the perimeter of the bottom portion;

6

DMC000018

such that the removable cushion and the bolster are separately removable from the outer covering interior through the reclosable access opening.

8.    The pet bed of claim 7, and means for closing the reclosable access opening.

*Subail*

9.    The pet bed of claim 7, wherein the bolster is removably affixed within the bolster pocket by a plurality of straps.

10.    The pet bed of claim 9, wherein the straps are hook-and-loop fasteners.

11.    A pet bed comprising:

an outer covering including a bolster pocket and a reclosable access opening through a bottom portion of the outer covering;

means for closing the reclosable access opening;

a removable cushion disposed within the outer covering to form a cushioned bottom portion;

a bolster removably affixed within the bolster pocket by a plurality of straps that are secured about the bolster, the bolster disposed about at least a portion of the perimeter of the bottom portion;

such that the removable cushion and the bolster are separately removable from the outer covering interior through the reclosable access opening.

7

DMC000019

Page 1 of 2

# Declaration and Power of Attorney For Patent Application

## English Language Declaration

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name,

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled

PET BED WITH REMOVABLE BOLSTER

the specification of which

(check one)

☒ is attached hereto.

☐ was filed on _____ as

Application Serial No. _____

and was amended on _____
                                        (if applicable)

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, §1.56(a).

I hereby claim foreign priority benefits under Title 35, United States Code, §119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

Prior Foreign Application(s)

| | | | Priority Claimed | |
|---|---|---|---|---|
| None | | | Yes ☐ | No ☐ |
| (Number) | (Country) | (Day/Month/Year Filed) | | |
| (Number) | (Country) | (Day/Month/Year Filed) | Yes ☐ | No ☐ |
| (Number) | (Country) | (Day/Month/Year Filed) | Yes ☐ | No ☐ |

I hereby claim the benefit under Title 35, United States Code, §120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, §112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, §1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

LAFF, WHITESEL, CONTE & SARET, LTD.
ATTORNEYS AT LAW
401 N. MICHIGAN AVENUE
CHICAGO, ILLINOIS 60611

Patent and Trademark Office-U.S. DEPARTMENT OF COMMERCE

Form PTO-FB-110 (8-83)

TELEPHONE
(312) 661-2100

TELEX NO.
20-6024

FAX (312) 661-0028

| None | | |
| --- | --- | --- |
| (Application Serial No.) | (Filing Date) | (Status)<br>(patented, pending, abandoned) |

| | | |
| --- | --- | --- |
| (Application Serial No.) | (Filing Date) | (Status)<br>(patented, pending, abandoned) |

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

POWER OF ATTORNEY: As a named inventor, I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith. Charles A. Laff (19787); J. Warren Whitesel (16630); Robert F.I. Conte (20354); Larry L. Saret (27874); Martin L. Stern (28911); Bernard L. Kleinke (22123); Louis Altman (19373); Barry W. Sufrin (27398); Marshall W. Sutker (19962); Jennifer A. Dunner (33685); Neil R. Ormos (35309); Richard P. Gilly (37630); Kevin C. Trock (37745); and Jack R. Halvorsen (18394).

Send Correspondence to: LAFF, WHITESEL, CONTE & SARET, LTD., 401 North Michigan Avenue, Chicago, Illinois 60611.

Direct Telephone Calls to: __Larry L. Saret__
at telephone No. (312) 661-2100.

| Full name of sole or first inventor | | |
| --- | --- | --- |
| Scott Haugh | | 4/15/96 |
| Inventor's signature | | Date |
| Residence | | |
| 829 South St. Lockport IL 60441 | | |
| Citizenship | | |
| United States Of America | | |
| Post Office Address | | |
| | | |
| | | |
| Full name of second joint inventor, if any | None | |
| Second inventor's signature | | Date |
| Residence | | |
| Citizenship | | |
| Post Office Address | | |

(Supply similar information and signature for third and subsequent joint inventors.)

Form PTO-FB-110 (8-83)     Patent and Trademark Office-U.S. DEPARTMENT OF COMMERCE

DMC000021

Applicant or Patentee: __Scott Haugh_____ ____ Attorney's
Serial or Patent No: _____ _____ ____ Docket No: __1300–112__
Filed or Issued: __herewith_____
For: __PET BED WITH REMOVABLE BOLSTER_____

### VERIFIED STATEMENT (DECLARATION) CLAIMING SMALL ENTITY STATUS (37 CFR 1.9(f) and 1.27)

I. I hereby declare that I am making this verified statement to support a claim by __Flexi-Mat Corporation__
_____ for small entity status for purposes of paying reduced fees under section 41(a) and (b)
of Title 35, United States Code, with regard to the invention entitled
____PET BED WITH REMOVABLE BOLSTER_____
by inventor(s) __Scott Haugh_____
described in
(X) the specification filed herewith
( ) application serial No._____, filed_____
( ) patent no._____, issued _____

II. I hereby declare that I am:

( ) A.    The above-named inventor and qualify as an independent inventor as defined in 37 CFR 1.9(c).

I have not assigned, granted, conveyed or licensed and am under no obligation under law to assign, grant, convey or license, any rights in the invention to any person who could not be classified as an independent inventor under 37 CFR 1.9(c) if that person had made the invention, or to any concern which would not qualify as a small business concern under 37 CFR 1.9(d) or a nonprofit organization under 37 CFR 1.9(e).

( ) B.    A non-inventor making this verified statement to support a claim by _____. I hereby declare that I would qualify as an independent inventor as defined in Section II.A., above.

( ) C.    An official empowered to act on behalf of a nonprofit organization as defined in 37 CFR 1.9(e) and identified below:
NAME OF ORGANIZATION_____
ADDRESS OF ORGANIZATION_____
_____

TYPE OF ORGANIZATION:

( ) UNIVERSITY OR OTHER INSTITUTION OF HIGHER EDUCATION
( ) TAX EXEMPT UNDER INTERNAL REVENUE SERVICE CODE (26 USC 501(a) and 501(c) (3))
( ) NONPROFIT SCIENTIFIC OR EDUCATIONAL UNDER STATUTE OF STATE OF THE UNITED STATES OF AMERICA
     (NAME OF STATE_____)
( ) (CITATION OF STATUTE_____)
( ) WOULD QUALIFY AS TAX EXEMPT UNDER INTERNAL REVENUE SERVICE CODE (26 USC 501(a) and 501(c) (3) IF LOCATED IN THE UNITED STATES OF AMERICA
( ) WOULD QUALIFY AS NONPROFIT SCIENTIFIC OR EDUCATIONAL UNDER STATUTE OF STATE OF THE UNITED STATES OF AMERICA IF LOCATED IN THE UNITED STATES OF AMERICA
     (NAME OF STATE_____)
     (CITATION OF STATUTE_____)

LAFF, WHITESEL, CONTE & SARET, LTD.
ATTORNEYS AT LAW
401 N. MICHIGAN AVENUE
CHICAGO, ILLINOIS 60611

rev. 5/94

DMC000022

(x) D.   An owner or official of a small business concern empowered to act on behalf of the concern identified below:

NAME OF CONCERN ___ Flexi-Mat Corporation
ADDRESS OF CONCERN ___ 2244 South Western Avenue
___ Chicago, IL 60608

I hereby declare that the above identified small business concern qualifies as a small business concern as defined in 13 CFR 121.3-18, and reproduced in 37 CFR 1.9(d), in that the number of employees of the concern, including those of its affiliates, does not exceed 500 persons. For purposes of this statement, (1) the number of employees of the business concern is the average over the previous fiscal year of the concern of the persons employed on a full-time, part-time or temporary basis during each of the pay periods of the fiscal year, and (2) concerns are affiliates of each other when either, directly or indirectly, one concern controls or has the power to control the other, or a third party or parties controls or has the power to control both.

III. I hereby declare that rights in the above-identified invention under contract or law exist in or have been conveyed to and remain with the small business concern identified above with regard to the invention.

— If the rights held by the above-identified small business concern are not exclusive, each individual, concern or organization having rights in the invention is listed below* and no rights to the invention are held by any person, other than the inventor, who would not qualify as an independent inventor under 37 CFR 1.9(c) if that person made the invention, or by any concern which would not qualify as a small business concern under 37 CFR 1.9(d), or a nonprofit organization under 37 CFR 1.9(e).
*NOTE: Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities. (37 CFR 1.27).

NAME ___
ADDRESS ___
- ( ) INDIVIDUAL    ( ) SMALL BUSINESS CONCERN    ( ) NONPROFIT ORGANIZATION

NAME ___
ADDRESS ___
( ) INDIVIDUAL    ( ) SMALL BUSINESS CONCERN    ( ) NONPROFIT ORGANIZATION

IV. I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small entity is no longer appropriate. (37 CFR 1.28(b))

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

NAME OF PERSON SIGNING ___ James H. Klank
TITLE IN ORGANIZATION ___ President
ADDRESS OF PERSON SIGNING ___ 2244 South Western Avenue
___ Chicago, IL 60608
SIGNATURE ___                                DATE ___

DMC000023

HAYES/1300-0011
08/634374



FIG. 1

FIG. 2

FIG. 3

LETTER

DMC000024

HAYES/Bau

08/634374



2/2

FIG. 4

FIG 5

LETTER

DMC000025

08/634374

IN THE

# UNITED STATES PATENT & TRADEMARK OFFICE

The Commissioner of Patents & Trademarks
Washington, D.C. 20231

DATE:   **April 18, 1996**

OUR CASE NO:   1300-112

Sir:

Transmitted herewith for filing is the patent application (including specification, claims and declaration) of:

Inventor:   Scott Haugh

For:   **PET BED WITH REMOVABLE BOLSTER**

A. Enclosed are:

|  | Specification | Claims | Abstract | Declaration |
|---|---|---|---|---|
| Documents: |  |  |  |  |
| No. of Pages: | 5 | 2 | 1 | 2 |

[X] _2_ sheets of drawing(s).   [ ] Formal   [X] Informal

[x] An assignment of the invention to _Flexi-Mat Corporation_

[ ] A certified copy of a _____ application.

[ ] Claim for priority under 35USC119.

[ ] Associate Power of Attorney.

[x] Citation of Prior Art.

[ ] Preliminary Amendment.

[ ] Translation with Translator's Declaration.

[X] Check No. _27849_ in the amount of $ _415.00_ dated _4/18/96_ is enclosed to cover the [X] filing fee [X][X] assignment recording fee.
                                                                                    &

B. FILING FEE CALCULATION:

[ ] Before calculating the filing fee, please cancel claims _____.

[ ] After adding preliminary amendment claims _____.

| For | SMALL ENTITY STATUS - AFFIDAVIT ATTACHED | | | | | LARGE BUSINESS RATE | |
|---|---|---|---|---|---|---|---|
|  | Number Filed | Number Extra | Rate |  | Basic Fee $270 | Rate | Basic Fee $760 |
| Total Claims | 11 -20 | 0 | X | $ 11 | = | 0.00 | $ 22 | = |
| Independent Claims | 3 -3 | 0 | X | $ 39 | = | 0.00 | $ 78 | = |
| Multiple Dependency |  |  |  | $125 | = | 0.00 | $250 | = |
| Total Filing, Fee.............. |  |  |  |  |  | 375.00 |  |
| Assignment Recordal Fee....... |  |  |  |  |  | 40.00 |  |
| Total | | | | | $ | 415.00 | Total | $ |

C. SPECIAL INSTRUCTIONS:

[ ] Please charge our Deposit Account No. 12-0064 in the amount of $ _____.
A duplicate of this sheet is enclosed.

[X] The Commissioner is hereby authorized to charge any fees which may be required, including, but not limited to payment of issue fees, or credit any overpayment to Account No. 12-0064. A duplicate copy of this sheet is enclosed. If this payment also requires a Petition, please construe this authorization to pay as the necessary Petition which is required to accompany the payment.

Respectfully submitted,
Laff, Whitesel, Conte & Saret, Ltd.

By _____
     Larry L. Saret

**EXPRESS MAIL mailing label**
No. _TB 864 342 875 US_
Date of Deposit _April 18, 1996_
I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231. The person mailing this paper/fee is: _Sandra Meza_
PRINT _Sandra Meza_
SIGNATURE _____

| | Registration No. |
|---|---|
| Charles A. Laff | 19787 |
| J. Warren Whitesel | 16830 |
| Robert F. I. Conte | 20354 |
| Larry L. Saret | 27674 |
| Martin L. Stern | 28911 |
| Louis Altman | 19373 |
| Barry W. Sufrin | 27396 |
| Marshall W. Sutker | 19962 |
| Jack R. Halvorsen | 18394 |
| Jennifer A. Dunner | 33685 |

DMC000026

2

08/**634374**

*#2*
*Prior Art*
*7-17-96*
*T. Sims*

IN THE
UNITED STATES PATENT & TRADEMARK OFFICE

IN RE APPLICATION OF: Scott Haugh                    )
                                                      )
CASE: 1300-112                                        )
                                                      )    CITATION OF PRIOR ART
SERIAL NO.: unknown                                   )
                                                      )
FILED ON: herewith                                    )
                                                      )
FOR: PET BED WITH REMOVABLE BOLSTER                   )
                                                      )

ASSISTANT COMMISSIONER OF PATENTS
WASHINGTON, DC 20231

Dear Sirs:

[X]    AUTHORIZATION TO PAY AND PETITION FOR THE ACCEPTANCE OF ANY
       NECESSARY FEES: If any charges or fees must be paid in connection with the following
       Communication (including but not limited to the payment of issue fees), they may be paid out of
       our deposit account No. 12-0064. If this payment also requires a Petition, please construe this
       authorization to pay as the necessary Petition which is required to accompany the payment.

[]     Applicant herewith petitions the Commissioner of Patents and Trademarks to extend the time
       for response to the Office Action dated _____ for _____ month(s) from _____ to
       _____. Submitted herewith is check No. _____ for $_____ to cover the cost of the
       extension. If a check is lost, or otherwise does not accompany this Petition, please charge my
       deposit account number 12-0064 in the appropriate amount to cover the cost of the extension.
       Any deficiency or overpayment should be charged or credited to the above numbered deposit
       account.

REGISTRATION

| | |
|---|---|
| Charles A. Laff | 19787 |
| J. Warren Whitesel | 16830 |
| Robert P.J. Conte | 20354 |
| Larry L. Saret | 27674 |
| Martin L. Stern | 28911 |
| Louis Altman | 19373 |
| Barry W. Sufrin | 27398 |
| Marshall W. Sutker | 19995 |
| Jennifer A. Dunner | 33685 |
| Neil R. Orezo | 35309 |
| Kevin C. Trock | 37745 |
| Richard P. Gilly | 37630 |
| John W. Hayes | 33900 |
| Tim C. Meece | 38553 |
| Jack R. Halvorsen | 18394 |

LAFF, WHITESEL, CONTE & SARET LTD.
401 North Michigan Avenue
Chicago, Illinois 60611-4212
(312) 661-2100
Fax: (312) 661-0029

DMC000027

CITATION OF PRIOR ART

Pursuant to Applicant's duty to disclose information which may be pertinent to the prosecution of the above-identified application, applicant submits herewith a list of prior art (three sheets of Form PTO-1449) which should be placed of record in the above identified application.

It is believed that the present invention clearly distinguishes over the enclosed prior art.

Respectfully submitted,

Larry L. Saret
LAFF, WHITESEL, CONTE & SARET, LTD.
401 North Michigan Avenue
Chicago, IL  60611
(312) 661-2100

Date: _April 18, 1996_

DMC000028

Sheet 1 of 3

| FORM PTO-1449 (REV. 7-80) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATT'Y. DOCKET NO. 1300-112 | | SERIAL NO. |
|---|---|---|---|---|

**INFORMATION DISCLOSURE STATEMENT**

(USE SEVERAL SHEETS IF NECESSARY)

APPLICANT
Scott Haugh

| FILING DATE Herewith | | GROUP |
|---|---|---|

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROP. |
|---|---|---|---|---|---|---|---|
| EA | AA | 4 8 6 0 6 8 9 | 29Aug89 | Stewart | ~~A01K~~ 119 ~~1~~ | ~~00~~ 28.5 | 14Mar88 |
| EA | AB | 3 9 8 9 0 0 8 | 02Nov76 | Neumann | 119 | ~~19~~ 28.5 | 13May75 |
| | AC | | | | | | |
| | AD | | | | | | |
| | AE | | | | | | |
| | AF | | | | | | |
| | AG | | | | | | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| | AL | | | | | | | |
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

## OTHER PRIOR ART (INCLUDING AUTHOR, TITLE, DATE, PERTINENT PAGES, ETC.)

| EJ | AR | 'Braided "Jacobean" Bed' from Page 14 of Spring 1996 catalog entitled In The Company Of Dogs |
|---|---|---|
| EJ | AS | 'Pucker Bed' from back page of Spring 1996 catalog entitled In The Company Of Dogs |
| EJ | AT | 'Cuddler' Bed from 1994 Brochure of Flexi-Mat Corporation entitled Flexi-Mat's Country Quilt Collection |

| EXAMINER E. Shaw | DATE CONSIDERED 6/19/97 |
|---|---|

* EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

DMC000029

Sheet _2_ of 3

| FORM PTO-1449<br>(REV. 7-80) | U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO.<br>1300-112 | | SERIAL NO. |
|---|---|---|---|---|
| INFORMATION DISCLOSURE<br>STATEMENT<br>(USE SEVERAL SHEETS IF NECESSARY) | | APPLICANT<br>Scott Haugh | | |
| | | FILING DATE<br>Herewith | | GROUP |

### U.S. PATENT DOCUMENTS

| EXAMINER<br>INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE<br>IF APPROP. |
|---|---|---|---|---|---|---|---|
| | AA | | | | | | |
| | AB | | | | | | |
| | AC | | | | | | |
| | AD | | | | | | |
| | AE | | | | | | |
| | AF | | | | | | |
| | AG | | | | | | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | YES | NO |
| | AL | | | | | | | |
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

### OTHER PRIOR ART (INCLUDING AUTHOR, TITLE, DATE, PERTINENT PAGES, ETC.)

| | | |
|---|---|---|
| ᘓᔦ | AQ | 'Flip Chair', 'Wing Chair', and 'Flip Couch' from 1995 Brochure<br>Of Flexi-Mat Corporation entitled Flexi-Mat's  Cuddle-Up |
| ᘓᔦ | AR | 'Cuddler' from 1996 Brochure of Flexi-Mat Corporation entitled<br>Flexi-Mat's Poly/Cedar Cuddler |
| ᘓᔦ | AS | 'Rainbow Cuddler' from 1991 Brochure of Flexi-Mat Corporation<br>entitled There's Gold At The End Of Our Rainbow |

| EXAMINER<br>C. Shaw | DATE CONSIDERED<br>6/19/97 |
|---|---|

* EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP §609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

DMC000030

Sheet 1 of 3

| FORM PTO-1449 (REV. 7-80) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. 1300-112 | | SERIAL NO. |
|---|---|---|---|---|

**INFORMATION DISCLOSURE STATEMENT**

(USE SEVERAL SHEETS IF NECESSARY)

APPLICANT
Scott Haugh

| FILING DATE Herewith | | GROUP |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROP. |
|---|---|---|---|---|---|---|---|
| | AA | | | | | | |
| | AB | | | | | | |
| | AC | | | | | | |
| | AD | | | | | | |
| | AE | | | | | | |
| | AF | | | | | | |
| | AG | | | | | | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| | AL | | | | | | | |
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

### OTHER PRIOR ART (INCLUDING AUTHOR, TITLE, DATE, PERTINENT PAGES, ETC.)

| EH | AX | 'Kozy Kup' from 1996 Brochure of Flexi-Mat Corporation entitled Flexi-Mat's Kozy Kup |
|---|---|---|
| EH | AY | 'Kitty Kup' from 1996 Brochure of Flexi-Mat Corporation entitled Flexi-Mat's Kitty Kup |
| | AZ | |

| EXAMINER E. Skaw | DATE CONSIDERED 6/19/97 |
|---|---|

* EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

DMC000031

3



**UNITED STATEs DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/634,374 | 04/18/96 | SCOTT | H | 1300-112 |

```
                                    F3M1/0627
LAFF WHITESEL CONTE AND SARET LTD
401 NORTH MICHIGAN AVENUE
CHICAGO IL 60611
```

| EXAMINER |
|---|
| SHAW, E |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3303 | 3 |

DATE MAILED:    06/27/97

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)
*U.S. GPO: 1996-404-496/40510

1. File Copy

DMC000032

| *Office Action Summary* | Application No. 08/634,374 | Applicant(s) Scott |
|---|---|---|
| | Examiner Elizabeth Shaw | Group Art Unit 3303 |

☒ Responsive to communication(s) filed on *Apr 18, 1996*

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ____3____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-11* _____ is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

☒ Claim(s) *11* _____ is/are allowed.

☒ Claim(s) *1-3, 7, and 8* _____ is/are rejected.

☒ Claim(s) *4-6, 9, and 10* _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☒ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None   of the CERTIFIED copies of the priority documents have been

        ☐ received.

        ☐ received in Application No. (Series Code/Serial Number) _____ .

        ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). ___2___

☐ Interview Summary, PTO-413

☒ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

*-- SEE OFFICE ACTION ON THE FOLLOWING PAGES --*

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)            **Office Action Summary**         Part of Paper No. ___3___

DMC000033

Serial Number: 08/634374                                          Page 2

Art Unit: 3303

## DETAILED ACTION

### Claim Rejections - 35 USC § 102

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form

the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 1-3, 7 and 8 are rejected under 35 U.S.C. 102(b) as being anticipated by Henry

(5,010,843). Henry shows a pet bed 10, see figure 5, having an outer covering (unnumbered)

containing a zippered opening 34 for access to the interior, a base cushion 12 and semi-circular

top cushions or bolsters 14" or 16". The top cushions or bolsters 14" or 16"are affixed to the

edge 22 of the base cushion 12 in either a permanent (stitched) or removable (zippered or

snapped) fashion, see column 2, lines 19-29.

### Allowable Subject Matter

Claims 4-6, 9 and 10 are objected to as being dependent upon a rejected base claim, but

would be allowable if rewritten in independent form including all of the limitations of the base

claim and any intervening claims.

Claim 11 is allowable.

DMC000034

Serial Number: 08/634374                                        Page 3

Art Unit: 3303

## *Conclusion*

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure. Included for further reference on pet beds are: Von Below (984,324), McGarvey (1,469,523), Burt (1,569,710), Petersilie (3,890,658), West (5,109,559) and Schwarzenbart (5,197,411).

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Elizabeth Shaw whose telephone number is (703) 308-1853. Group Receptionist: (703) 308-0858.  Art Unit Fax: (703) 308-2708.

Elizabeth Shaw d-YE

June 20, 1997

Robert P. Swiatek
ROBERT P. SWIATEK
PRIMARY EXAMINER
ART UNIT 333

DMC000035

| | *Notice of References Cited* | | | Application No.<br>08/634,374 | Applicant(s)<br>Scott | | |
|---|---|---|---|---|---|---|---|
| | | | | Examiner<br>Elizabeth Shaw | Group Art Unit<br>3303 | | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 984,324 | 2-1911 | Von Below | 5 | 722 |
| B | 1,489,523 | 10-1823 | McGarvey | 5 | 402x |
| C | 1,569,710 | 1-1926 | Burt | 119 | 28.5 |
| D | 3,890,658 | 6-1975 | Petersilie | 5 | 722x |
| E | 5,010,843 | 4-1991 | Henry | 119 | 28.5 |
| F | 5,109,559 | 5-1992 | West | 5 | 691x |
| G | 5,197,411 | 3-1993 | Scharzenbart | 119 | 28.5 |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

### NON-PATENT DOCUMENTS

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |

U.S. Patent and Trademark Office<br>PTO-892 (Rev. 9-95)    Notice of References Cited    Part of Paper No. __3__

DMC000036

Attachment ___3___

The drawings submitted with this application were declared informal by the applicant. Accordingly they have not been reviewed by a draftsperson at this time. When formal drawings are submitted, the draftsperson will perform a review.

Direct any inquires concerning drawing review to the Drawing Review Branch (703) 305-8404.

Substitute PTO-948

DMC000037

4

Gru 3303
T. H.
10-16-97
# 4/Cr
feed

IN THE
UNITED STATES PATENT & TRADEMARK OFFICE

IN RE APPLICATION OF:     Scott Haugh     )
                                                      )
ATTORNEY DOCKET NO:     1300-112     )
                                                      )
SERIAL NO.:     08/634,374     )
                                         ) ART UNIT: 3303
FILING DATE:     April 18, 1996     )
                                                      )
ENTITLED:     Pet Bed With     ) ATTENTION OF:
                    Removable Bolster     ) Examiner E. Shaw

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C. 20231

Dear Sir:

[x]     AUTHORIZATION TO PAY AND PETITION FOR THE ACCEPTANCE OF ANY NECESSARY FEES. If
any charges or fees must be paid in connection with the following Communication (including but not limited to
the payment of issue fees), they may be paid out of our deposit account No. 12-0064. If this payment also
requires a Petition, please construe this authorization to pay as the necessary Petition which is required to
accompany the payment.

[]     Applicant hereby petitions the Commissioner of Patents and Trademarks to extend the time for response to
the Office Action dated _____ for _____ month(s) from _____ to
_____. Submitted herewith is a check for the amount of $____ to cover the cost of the extension. If
a check is lost, or otherwise does not accompany this Petition, please charge my deposit account number
12-0064 in the appropriate amount to cover the cost of the extension. Any deficiency or overpayment should
be charged or credited to the above numbered deposit account.

## AMENDMENT

CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited
with the United States Postal Service as first class mail
in an envelope addressed to: Assistant Commissioner of
Patents, Washington, D.C. 20231 on:

Date: Sept. 29, 1997     Irma Rivera

LAFF, WHITESEL, CONTE & SARET, LTD.
401 N. Michigan Avenue
Chicago, IL 60611
(312) 661-2100 - phone
(312) 661-2100 - fax

| | Registration |
|---|---|
| Charles A. Laff | 19787 |
| J. Warren Whitesel | 16830 |
| Robert F. I. Conte | 20354 |
| Larry L. Saret | 27874 |
| Martin L. Stern | 28911 |
| Louis Altman | 19373 |
| Barry W. Sufrin | 27398 |
| Marshall W. Sutker | 19962 |
| Jack R. Halvorsen | 18394 |
| Neil R. Ormos | 35309 |
| Kevin C. Trock | 37745 |
| Scott G. Feder | 33129 |
| G. Peter Albert, Jr. | 37268 |
| Michael B. Allen | 37582 |
| Lisa C. Childs | 39937 |

DMC000038

In response to the Office Action dated June 27, 1997, please amend the above application as follows and consider the following remarks.

IN THE CLAIMS:

Please amend claims 1, 4, 7 and 9 as follows:

1.    (Amended)  A pet bed comprising:

an outer covering;

a removable cushion disposed within the outer covering to form a cushioned bottom portion; and

a bolster removably [affixed] disposed within the interior of the outer covering *substantially all of said bolster* and disposed about at least a portion of the perimeter of the bottom portion without *exteriorly* being secured to the removable cushion.

4.    (Amended)  [The pet bed of claim 1] A pet bed comprising:

an outer covering;

a removable cushion disposed within the outer covering to form a cushioned bottom portion; and

a bolster removably affixed within the interior of the outer covering and disposed about at least a portion of the perimeter of the bottom portion, wherein the bolster is removably affixed within the interior of the outer covering by a plurality of straps secured to the outer covering.

2

DMC000039

7.    (Amended)  A pet bed comprising:

an outer covering including [a bolster pocket and] a reclosable access opening;

a removable cushion disposed within the outer covering to form a cushioned

bottom portion;

*a³*    a bolster removably [affixed within] secured to the interior of the outer

covering and disposed about at least a portion of the perimeter of the bottom portion;

such that the removable cushion and bolster are separately removable from the outer

covering interior through the reclosable access opening.

9.    (Amended)  [The bed of claim 7] A pet bed comprising:

an outer covering including a bolster pocket and a reclosable access opening;

a removable cushion disposed within the outer covering to form a cushioned

bottom portion;

*a¹*    a bolster removably affixed within the bolster pocket and disposed about at

least a portion of the perimeter of the bottom portion;

such that the removably cushion and bolster are separately removably from the

outer covering interior through the reclosable access opening;

wherein the bolster is removably affixed within the bolster pocket by a plurality

of straps.

3

DMC000040

## REMARKS

This Amendment is submitted in response to the Office Action mailed on June 27, 1997. Prior to the Office Action, claims 1-11 were pending in the patent application. The Office Action indicated that claim 11 is allowed and that dependent claims 4-6, 9 and 10 would be allowable if rewritten to include the limitations of the base claim and any intervening claims. The Office Action rejected claims 1-3, 7 and 8 under 35 U.S.C. §102(b) as being anticipated by U.S. Patent No. 5,010,843, issued to Henry.

Applicant has amended claims 1, 4, 7 and 9. Claims 1-11 remaining pending in the application.

Applicant has amended claims 4 and 9 to include the limitations of the base claims as suggested by the Examiner. Thus, those claims dependent on claims 4 and 9, namely claims 5, 6 and 10 should now also be allowable.

Claims 1-3 are directed towards a pet bed comprising an outer covering, a cushion disposed within the outer covering, and a bolster removably disposed within the outer covering and disposed about at least a portion of the perimeter of the bottom portion without being secured to the cushion. Because the bolster is not secured to the cushion, this pet bed is easier than those in the prior art to assemble, i.e., to place the bolster and cushion within the outer covering, and also easier to disassemble for transport or cleaning purposes.

In the pet bed disclosed in Henry, the semi-circular cushions are attached to

4

the circular base cushion by stitching, hook and loop materials, or other fasteners. However, if the cushions are foam, a commonly used cushion material, it is not easy to sew or attach hook and loop fasteners to such foam material, and the joint between the semi-circular cushion and base cushion is susceptible to failure. As a result, Henry suggests individual liners for each cushion and requires covers for the semi-circular cushions 14, 16 which are separate from the cover for the base cushion. See Col. 2, lines 44-50. These separate liners and covers add manufacturing cost for material and assembly time. In addition, Henry has a concern for exposed connections between the semi-circular cushions and the base cushion, which is not a concern with the present invention because a single cover encompasses both cushions. Henry does not suggest a single cover for all of the cushions, and it would be difficult to design such a cover and assemble such a bed using the interconnected cushions of Henry.

Thus, the prior art of record does not teach or suggest the pet bed of claims 1-3. Accordingly, applicant respectfully submits that claims 1-3 are patentable over the prior art and requests allowance of such claims.

Claims 7 and 8 are directed to a pet bed in which the bolster is removably secured to the interior of the outer covering. This feature -- not disclosed by the Henry reference -- increases the stability of the pet bed by insuring that the bolster remains relatively fixed in position with respect to the perimeter of the bottom cushion 4 and bolster pocket 10. The prior art of record does not teach or suggest

5

DMC000042

the pet bed of claims 7 and 8.   Accordingly, applicant respectfully submits that

claims 7 and 8 are patentable over the prior art of record and requests allowance of

such claims.

Respectfully submitted,
LAFF, WHITESEL, CONTE & SARET, LTD.

By: _Larry R. Saret_

Larry L. Saret
William A. Meunier

DATED: _Sept 25, 1997_

C:\MYDOCUMENTS\BILL\1T300-112\AMENDMENT DATED SEPTEMBER 25, 1997

6

DMC000043

5

#5

| *Interview Summary* | Application No. 08/634,374 | Applicant(s) Haugh |
| | Examiner Elizabeth Shaw | Group Art Unit 3303 |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Elizabeth Shaw*                     (3) _____

(2) *Larry Saret*                           (4) _____

Date of Interview _____ *Nov 19, 1997* _____

Type: ☒ Telephonic   ☐ Personal (copy is given to   ☐ applicant   ☐ applicant's representative).

Exhibit shown or demonstration conducted:   ☐ Yes   ☒ No.  If yes, brief description:

_____

Agreement ☒ was reached.  ☐ was not reached.

Claim(s) discussed: *1*

Identification of prior art discussed:
*Henry*

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
*Additional language was discussed to insure that claim 1 read over the prior art patent to Henry.*

_____ *See Examiner's Amendment.* _____

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

1. ☒  It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐  Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

Examiner Note: You must sign and stamp this form unless it is an attachment to a signed Office action.

U.S. Patent and Trademark Office
PTO-413 (Rev. 10-95)                     Interview Summary                     Paper No. 6

DMC000044

6

# 61B

| *Notice of Allowability* | Application No. 08/634,374 | Applicant(s) Haugh |
| | Examiner Elizabeth Shaw | Group Art Unit 3303 |

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

☒ This communication is responsive to *amendment filed on Oct. 3, 1997 and telephone interview on Nov. 19, 1997*

☒ The allowed claim(s) is/are *1-11*

☐ The drawings filed on _____ are acceptable.

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None  of the CERTIFIED copies of the priority documents have been

      ☐ received.

      ☐ received in Application No. (Series Code/Serial Number) _____

      ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE **THREE MONTHS FROM THE "DATE MAILED"** of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☒ Applicant MUST submit NEW FORMAL DRAWINGS

    ☒ because the originally filed drawings were declared by applicant to be informal.

    ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. _____.

    ☐ including changes required by the proposed drawing correction filed on _____, which has been approved by the examiner.

    ☐ including changes required by the attached Examiner's Amendment/Comment.

    Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

Attachment(s)

☐ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

☒ Interview Summary, PTO-413

☒ Examiner's Amendment/Comment

☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

☐ Examiner's Statement of Reasons for Allowance

DMC000045

Serial Number: 08/634374                                      Page 2

Art Unit: 3303

## EXAMINER'S AMENDMENT

An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview with Larry Saret on November 19, 1997.

The application has been amended as follows:

In claim 1, line 6, after the word "and" the phrase --substantially all of said bolster-- has been inserted and after the word "disposed" the word --exteriorly-- has been inserted.

Summary: claims 1-11 are allowed.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Elizabeth Shaw whose telephone number is (703) 308-1853.

Elizabeth Shaw d-YE

November 19, 1997

DMC000046



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

## NOTICE OF ALLOWANCE AND ISSUE FEE DUE

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
|  |  |  |  |  |

| First Named Applicant |  |
|---|---|

| TITLE OF INVENTION |  |
|---|---|

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.**
**PROSECUTION ON THE MERITS IS CLOSED.**

**THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS**
**APPLICATION SHALL BE REGARDED AS ABANDONED.  THIS STATUTORY PERIOD CANNOT BE EXTENDED.**

**HOW TO RESPOND TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above.
   If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

   A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the Patent and Trademark Office of the change in status, or
   B. If the status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:

   A. Pay FEE DUE shown above, or

   B. File verified statement of Small Entity Status before, or with, payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE.  Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal should be completed and returned.  If you are charging the ISSUE FEE to your deposit account, section "4b" of Part B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
    Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of**
**maintenance fees.  It is patentee's responsibility to ensure timely payment of maintenance**
**fees when due.**

PATENT AND TRADEMARK OFFICE COPY

PTOL-85 (REV. 10-96) Approved for use through 06/30/99. (0651-0033)          ☆ U.S. GOVERNMENT PRINTING OFFICE 1997-433 221/62716

DMC000047

**PART B—ISSUE FEE TRANSMITTAL**

Complete and mail this form, together with ap, able fees, to:   Box ISSUE FEE
Assistant Commissioner for Patents
Washington, D.C. 20231

242-6660
801-3

*MAILING INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE. Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.*

Note: The certificate of mailing below can only be used for domestic mailings of the Issue Fee Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

LAFF WHITESEL CONTE AND SARET LTD
401 NORTH MICHIGAN AVENUE
CHICAGO IL 60611

**Certificate of Mailing**

I hereby certify that this Issue Fee Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

Robbi Shew                    (Depositor's name)

_Robbi Shew_                  (Signature)

February 17, 1998            (Date)

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
| 08/636,374 | 04/18/96 | 011 | SHAW, E | 3303 | 11/25/97 |

| First Named Applicant | MOTT, | HAUGH |
|---|---|---|

TITLE OF INVENTION: PET BED WITH REMOVABLE BOLSTER

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3 0288-110 | 119-028.580 | U57 | UTILITY | YES | 0660.00 | 02/25/98 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" indication form PTO/SB/47) attached.

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1   LAFF, WHITESEL, CONTE
    & SARET, LTD.

2   _____

3   _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE      Flexi-Mat Corporation

(B) RESIDENCE: (CITY & STATE OR COUNTRY)   Chicago, Illinois USA

Please check the appropriate assignee category indicated below (will not be printed on the patent)

☐ individual   ☒ corporation or other private group entity   ☐ government

4a. The following fees are enclosed (make check payable to Commissioner of Patents and Trademarks):
☒ Issue Fee
☒ Advance Order - # of Copies ___10___

4b. The following fees or deficiency in these fees should be charged to:
DEPOSIT ACCOUNT NUMBER ___12-0064___
(ENCLOSE AN EXTRA COPY OF THIS FORM)
☒ Issue Fee
☒ Advance Order - # of Copies

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee to the application identified above.

(Authorized Signature)                    (Date) 02/17/98

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

**Burden Hour Statement:** This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

02/25/1998 LBERBER  00000139 08634374
01 FC:142                   660.00 OP
02 FC:561                    30.00 OP

TRANSMIT THIS FORM WITH FEE

PTOL-85B (REV.10-96) Approved for use through 06/30/99. OMB 0651-0033       Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

DMC00004 E

7

IN THE
UNITED STATES PATENT & TRADEMARK OFFICE
ART UNIT 3303

| | | |
|---|---|---|
| IN RE APPLICATION OF: | SCOTT, Haugh | ) |
| | | ) |
| CASE: | 1300-112 | ) |
| | | ) |
| SERIAL NO.: | 08/634,374 | ) |
| | | ) |
| FILED ON: | April 18, 1996 | ) |
| | | ) |
| FOR: | PET BED WITH | ) |
| | REMOVABLE BOLSTER | ) |

**SUBMISSION OF
FORMAL DRAWINGS
AND ISSUE FEE DUE**

ASSISTANT COMMISSIONER OF PATENTS
WASHINGTON, DC 20231

Dear Sirs:

[X]　　AUTHORIZATION TO PAY AND PETITION FOR THE ACCEPTANCE OF ANY NECESSARY FEES: If any charges or fees must be paid in connection with the following Communication (including but not limited to the payment of issue fees), they may be paid out of our deposit account No. 12-0064. If this payment also requires a Petition, please construe this authorization to pay as the necessary Petition which is required to accompany the payment.

[ ]　　Applicant herewith petitions the Commissioner of Patents and Trademarks to extend the time for response to the Office Action dated _____ for _____ month(s) from _____ to _____. Submitted herewith is check No. _____ for $_____ to cover the cost of the extension. If a check is lost, or otherwise does not accompany this Petition, please charge my deposit account number 12-0064 in the appropriate amount to cover the cost of the extension. Any deficiency or overpayment should be charged or credited to the above numbered deposit account.

<table>
<tr><td>

**CERTIFICATE OF MAILING**

I hereby certify that this correspondence is being deposited with the United States Postal Service as first-class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231 on:
Date: February 17, 1998

Signature: _Robbi Shew_
Print:　　　Robbi Shew

</td><td>

**REGISTRATION**

| | |
|---|---|
| Charles A. Laff | 19787 |
| J. Warren Whitesel | 16830 |
| Robert F.I. Conte | 20354 |
| Larry L. Saret | 27674 |
| Martin L. Stern | 28911 |
| Louis Altman | 19373 |
| Barry W. Sufrin | 27398 |
| Marshall W. Sutker | 19995 |
| Neil R. Ormos | 35309 |
| Kevin C. Trock | 37745 |
| Scott B. Feder | 33129 |
| Jack R. Halvorson | 18394 |
| G. Peter Albert, Jr. | 37268 |
| Michael B. Allen | 37582 |
| William A. Meunier | 41193 |

</td></tr>
</table>

LAFF, WHITESEL, CONTE & SARET LTD.
401 North Michigan Avenue
Chicago, Illinois 60611-4212
(312) 661-2100
Fax: (312) 661-0029

DMC000049

## SUBMISSION OF FORMAL DRAWINGS AND ISSUE FEE DUE

Enclosed herewith are formal drawings to be filed in connection with the above-named application.

Also enclosed is a check in the amount of $ 690.00 as payment of the Notice of Allowance and Issue Fee Due, due February 25, 1998, as well as ten (10) advance copies, for the above-identified application.

Respectfully submitted,

Larry L. Saret
Registration No. 27674
LAFF, WHITESEL, CONTE & SARET, LTD.
401 North Michigan Avenue, Suite 1700
Chicago, IL 60611
(312) 661-2100
(312 661-0029 (fax)

2

DMC000050

5765502



FIG. 1

FIG. 2

FIG. 3

DMC000051



FIG. 4

FIG. 5

DMC000052

8



PTO UTILITY GRANT

Paper Number

## The Commissioner of Patents and Trademarks

*Has received an application for a patent for a new and useful invention. The title and description of the invention are enclosed. The requirements of law have been complied with, and it has been determined that a patent on the invention shall be granted under the law.*

*Therefore, this*

### United States Patent

*Grants to the person(s) having title to this patent the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States of America or importing the invention into the United States of America for the term set forth below, subject to the payment of maintenance fees as provided by law.*

*If this application was filed prior to June 8, 1995, the term of this patent is the longer of seventeen years from the date of grant of this patent or twenty years from the earliest effective U.S. filing date of the application, subject to any statutory extension.*

*If this application was filed on or after June 8, 1995, the term of this patent is twenty years from the U.S. filing date, subject to any statutory extension. If the application contains a specific reference to an earlier filed application or applications under 35 U.S.C. 120, 121 or 365(c), the term of the patent is twenty years from the date on which the earliest application was filed, subject to any statutory extension.*

*Bruce Lehman*
Commissioner of Patents and Trademarks

*Thomas E. Howley*
Attest

The United States of America

Form PTO-1584 (Rev. 2/97)

(RIGHT INSIDE)

DMC000053

9

7530    100,
4/22/45  119/028.500          5765502
                              6/16/98  1

IN THE
UNITED STATES PATENT & TRADEMARK OFFICE
ART UNIT 3303

| | | |
|---|---|---|
| IN RE APPLICATION OF: | SCOTT, Haugh [sic] | ) |
| | | ) |
| CASE: | 1300-112 | ) |
| | | ) |
| SERIAL NO.: | 08/634,374 | ) |
| | | ) |
| FILED ON: | April 18, 1996 | ) |
| | | ) |
| FOR: | PET BED WITH | ) |
| | REMOVABLE BOLSTER | ) |

AMENDMENT PURSUANT
TO 37 C.F.R. 1.312  *Decl.*
*Cofer*
*10-248*

RECEIVED
Publishing Division

FEB 0 2 1998

13

ASSISTANT COMMISSIONER OF PATENTS
WASHINGTON, DC 20231

FEB 6 - 1998

RECEIVED

Dear Sirs:

[X]    AUTHORIZATION TO PAY AND PETITION FOR THE ACCEPTANCE OF ANY
NECESSARY FEES: If any charges or fees must be paid in connection with the following
Communication (including but not limited to the payment of issue fees), they may be paid out of
our deposit account No. 12-0064. If this payment also requires a Petition, please construe this
authorization to pay as the necessary Petition which is required to accompany the payment.

[ ]    Applicant herewith petitions the Commissioner of Patents and Trademarks to extend the time
for response to the Office Action dated _____ for _____ month(s) from _____ to
_____. Submitted herewith is check No. _____ for $____ to cover the cost of the
extension. If a check is lost, or otherwise does not accompany this Petition, please charge my
deposit account number 12-0064 in the appropriate amount to cover the cost of the extension.
Any deficiency or overpayment should be charged or credited to the above numbered deposit
account.

| CERTIFICATE OF MAILING | | REGISTRATION | |
|---|---|---|---|
| | | Charles A. Laff | 19787 |
| I hereby certify that this correspondence is being | | J. Warren Whitesel | 16830 |
| deposited with the United States Postal Service as first- | | Robert F.I. Conte | 20354 |
| class mail in an envelope addressed to: Commissioner of | | Larry L. Saret | 27674 |
| Patents and Trademarks, Washington, D.C. 20231 on: | | Martin L. Stern | 28911 |
| Date: *January 28, 1998* | | Louis Altman | 19373 |
| | | Barry W. Sufrin | 27398 |
| Signature: *Robbi Shew* | | Marshall W. Sutker | 19995 |
| Print:        Robbi Shew | | Neil R. Ormos | 35309 |
| | | Kevin C. Trock | 37745 |
| | | Scott B. Feder | 33129 |
| | | Jack R. Halvorsen | 18394 |
| | | G. Peter Albert, Jr. | 37268 |
| | | Michael B. Allen | 37582 |
| | | William A. Meunier | 41193 |

LAFF, WHITESEL, CONTE & SARET LTD.
401 North Michigan Avenue
Chicago, Illinois 60611-4212
(312) 661-2100
Fax: (312) 661-0029

DMC000054

AMENDMENT PURSUANT TO 37 C.F.R. 1.312

This Amendment is submitted pursuant to 37 C.F.R. 1.312. The Notice of Allowance and Issue Fee

Due dated November 25, 1997 indicates that the name of the inventor was recorded by the United States

Patent and Trademark Office as "Haugh Scott", mistakenly reversing the inventor's surname and given name.

The inventor's name should read: --Scott Haugh-- as originally set forth on the original application. Copies

of the Transmittal document and the Declaration and Power of Attorney are attached.

Respectfully submitted,

*[signature]*

Larry L. Saret
Registration No. 27674
LAFF, WHITESEL, CONTE & SARET, LTD.
401 North Michigan Avenue, Suite 1700
Chicago, IL 60611
(312) 661-2100
(312 661-0029 (fax)

Date: January 28, 1998

2

DMC000055

# Declaration and Power of Attorney For Patent Application

## English Language Declaration

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name.

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled

PET BED WITH REMOVABLE BOLSTER

the specification of which

(check one)

☒ is attached hereto.

☐ was filed on _____ as

Application Serial No. _____

and was amended on _____ (if applicable)

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, §1.56(a).

I hereby claim foreign priority benefits under Title 35, United States Code, §119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

Prior Foreign Application(s)

Priority Claimed

| | | | |
|---|---|---|---|
| None | | | ☐ Yes ☐ No |
| (Number) | (Country) | (Day/Month/Year Filed) | |
| | | | ☐ Yes ☐ No |
| (Number) | (Country) | (Day/Month/Year Filed) | |
| | | | ☐ Yes ☐ No |
| (Number) | (Country) | (Day/Month/Year Filed) | |

I hereby claim the benefit under Title 35, United States Code, §120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, §112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, §1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

LAFF, WHITESEL, CONTE & SARET, LTD.
ATTORNEYS AT LAW
401 N. MICHIGAN AVENUE
CHICAGO, ILLINOIS 60611

Form PTO-FB-110 (8-83)                    Patent and Trademark Office-U.S. DEPARTMENT OF COMMERCE

TELEPHONE                    TELEX NO.                    FAX (312) 661-0029
(312) 661-2100

DMC000056

| None | | |
|---|---|---|
| (Application Serial No.) | (Filing Date) | (Status)<br>(patented, pending, abandoned) |

| | | |
|---|---|---|
| (Application Serial No.) | (Filing Date) | (Status)<br>(patented, pending, abandoned) |

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

POWER OF ATTORNEY: As a named inventor, I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith. Charles A. Laff (19787); J. Warren Whitesel (16830); Robert F.I. Conte (20364); Larry L. Saret (27674); Martin L. Stern (28911); Bernard L. Kleinke (22123); Louis Altman (19373); Barry W. Sufrin (27398); Marshall W. Sutker (19962); Jennifer A. Dunner (33685); Neil R. Ormos (35309); Richard P. Gilly (37830); Kevin C. Trock (37745); and Jack R. Halvorsen (18394).

Send Correspondence to: LAFF, WHITESEL, CONTE & SARET, LTD., 401 North Michigan Avenue, Chicago, Illinois 60611.

Direct Telephone Calls to: ___Larry L. Saret___
at telephone No. (312) 661-2100.

| Full name of sole or first inventor | |
|---|---|
| Scott Haugh | 4/15/96 |
| Inventor's signature<br>_Scott Haugh_ (signature) | Date |
| Residence<br>829 South St. LockPort IL 60441 | |
| Citizenship<br>United States Of America | |
| Post Office Address | |

| Full name of second joint inventor, if any     None | |
|---|---|
| Second Inventor's signature | Date |
| Residence | |
| Citizenship | |
| Post Office Address | |

(Supply similar information and signature for third and subsequent joint inventors.)

Form PTO-FB-110 (6-83)                                    Patent and Trademark Office-U.S. DEPARTMENT OF COMMERCE

05/26/98  TUE 15:26 FAX 312 527 3001      L. W. C. & S,LTD.                    ☐002

## LAFF, WHITESEL, CONTE & SARET, LTD.                    ATTORNEYS AT LAW

401 NORTH MICHIGAN AVENUE
CHICAGO, ILLINOIS 60611-4212

TELEPHONE (312) 661-2100
TELEX NO. 20-6024

FAX (312) 661-0029
FAX (312) 527-3001

Email: lwcs@lwcs.com

**VIA FACSIMILE**
May 26, 1998

CHARLES A. LAFF
J. WARREN WHITESEL
ROBERT F. I. CONTE
LARRY L. SARET
MARTIN L. STERN
LOUIS ALTMAN
JOSEPH F. SCHMIDT
BARRY W. SUFRIN
MARSHALL W. SUTKER
JUDITH L. GRUBNER
JOHN T. GABRIELIDES
KEVIN C. TROCK

JAMES B. CONTE
SCOTT B. FEDER
WILLIAM A. MEUNIER
G. PETER ALBERT
MICHAEL B. ALLEN
LISA C. CHILDS, Ph.D.
RITA ABBATI

CHRIS WOOD, Ph.D.
TECHNICAL ASSISTANT

J.R. HALVORSEN
OF COUNSEL

Mr. Lane
Correspondence Division
c/o Commissioner of Patents
United States Patent and Trademark Office
Washington, D.C. 20231

Re:   U.S. Patent Application Serial No. 08/634,374
      Inventor:    Scott Haugh
      For:    PET BED WITH REMOVABLE BOLSTER
      Our File No. 1300-112

**RECEIVED**

OCT 0 9 1998

GROUP 2100

Dear Mr. Lane:

Per your conversation this afternoon with my secretary, Robbi Shew, enclosed please find a copy of the Amendment Pursuant to 37 C.F.R. 1.312 to correct the inventor's name, which includes the Declaration and Power of Attorney and Application Transmittal sheet, showing the inventor's name as "Scott Haugh". The United States Patent and Trademark Office documents incorrectly show the inventor's name as "Haugh Scott".

Please have the inventor's name corrected to "Scott Haugh" before the patent issues on June 16, 1998. Feel free to call if you need additional document or information.

Sincerely,

LAFF, WHITESEL, CONTE & SARET, LTD.

Larry L. Saret

LLS:rls
Enclosure
c:\mydoc\active\1300112\poa to correct inventor name lane

DMC000058

05/26/98  TUE 15:26 FAX 312 527 3001    L. W. C. & S.LTD.    ☎003

IN THE
UNITED STATES PATENT & TRADEMARK OFFICE
ART UNIT 3303

| IN RE APPLICATION OF: | SCOTT, Haugh [sic] | ) | |
| | | ) | **AMENDMENT PURSUANT** |
| CASE: | 1300-112 | ) | **TO 37 C.F.R. 1.312** |
| | | ) | |
| SERIAL NO.: | 08/634,374 | ) | |
| | | ) | |
| FILED ON: | April 18, 1996 | ) | |
| | | ) | |
| FOR: | PET BED WITH | ) | |
| | REMOVABLE BOLSTER | ) | |

ASSISTANT COMMISSIONER OF PATENTS
WASHINGTON, DC 20231

Dear Sirs:

[X]    AUTHORIZATION TO PAY AND PETITION FOR THE ACCEPTANCE OF ANY NECESSARY FEES: If any charges or fees must be paid in connection with the following Communication (including but not limited to the payment of issue fees), they may be paid out of our deposit account No. 12-0064. If this payment also requires a Petition, please construe this authorization to pay as the necessary Petition which is required to accompany the payment.

[ ]    Applicant herewith petitions the Commissioner of Patents and Trademarks to extend the time for response to the Office Action dated _____ for _____ month(s) from _____ to _____. Submitted herewith is check No. _____ for $_____ to cover the cost of the extension. If a check is lost, or otherwise does not accompany this Petition, please charge my deposit account number 12-0064 in the appropriate amount to cover the cost of the extension. Any deficiency or overpayment should be charged or credited to the above numbered deposit account.

<table>
<tr><td>

**CERTIFICATE OF MAILING**

I hereby certify that this correspondence is being deposited with the United States Postal Service as first-class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231 on:
Date: *January 28, 1998*
Signature: *Robbi Shew*
Print:    Robbi Shew

</td><td>

**REGISTRATION**

| Charles A. Laff | 19787 |
| J. Warren Whitesel | 16830 |
| Robert F.J. Conte | 20354 |
| Larry L. Saret | 27674 |
| Martin L. Stern | 28911 |
| Louis Altman | 19373 |
| Barry W. Sufrin | 27398 |
| Marshall W. Sutker | 19995 |
| Neil R. Ormos | 33309 |
| Kevin C. Trock | 37745 |
| Scott B. Feder | 33129 |
| Jack R. Halvorsen | 18394 |
| G. Peter Albert, Jr. | 37268 |
| Michael B. Allen | 37582 |
| William A. Meunier | 41193 |

</td></tr>
</table>

LAFF, WHITESEL, CONTE & SARET LTD.
401 North Michigan Avenue
Chicago, Illinois 60611-4212
(312) 661-2100
Fax: (312) 661-0029

DMC000059

05/26/98  TUE 15:26 FAX 312 527 3001        L. W. C. & S.LTD.                    ☒004

AMENDMENT PURSUANT TO 37 C.F.R. 1.312

    This Amendment is submitted pursuant to 37 C.F.R. 1.312.  The Notice of Allowance and Issue Fee

Due dated November 25, 1997 indicates that the name of the inventor was recorded by the United States

Patent and Trademark Office as "Haugh Scott", mistakenly reversing the inventor's surname and given name.

    The inventor's name should read:  --Scott Haugh-- as originally set forth on the original application.  Copies

of the Transmittal document and the Declaration and Power of Attorney are attached.


                      Respectfully submitted,

                      _Larry L. Saret_

                      Larry L. Saret
                      Registration No.  27674
                      LAFF, WHITESEL, CONTE & SARET, LTD.
                      401 North Michigan Avenue, Suite 1700
                      Chicago, IL  60611
                      (312) 661-2100
                      (312 661-0029 (fax)


Date:   January 28, 1998

DMC000060

# Declaration and Power of Attorney For Patent Application

## English Language Declaration

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name,

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled

<u>PET BED WITH REMOVABLE BOLSTER</u>

the specification of which

(check one)

☒ is attached hereto.

☐ was filed on _____ as

    Application Serial No. _____

    and was amended on _____
                              (if applicable)

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, §1.56(a).

I hereby claim foreign priority benefits under Title 35, United States Code, §119 of any foreign application(s) for patent or inventor's certificate, listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

Prior Foreign Application(s)                                             Priority Claimed

| Name | | | | |
| --- | --- | --- | --- | --- |
| (Number) | (Country) | (Day/Month/Year Filed) | Yes ☐ | No ☐ |
| (Number) | (Country) | (Day/Month/Year Filed) | Yes ☐ | No ☐ |
| (Number) | (Country) | (Day/Month/Year Filed) | Yes ☐ | No ☐ |

I hereby claim the benefit under Title 35, United States Code, §120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, §112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, §1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

LAFF, WHITESEL, CONTE & SARET, LTD.
ATTORNEYS AT LAW

488 N. MICHIGAN AVENUE
CHICAGO, ILLINOIS 60611

TELEPHONE
(312) 661-2100

Form PTO-FB-110 (8-83)                        Patent and Trademark Office-U.S. DEPARTMENT OF COM

| None | | |
|------|------|------|
| (Application Serial No.) | (Filing Date) | (Status) (patented, pending, abandoned) |
| (Application Serial No.) | (Filing Date) | (Status) (patented, pending, abandoned) |

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

POWER OF ATTORNEY:  As a named inventor, I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith. Charles A. Laff (19787); J. Warren Whitesel (16830); Robert F.I. Conte (20354); Larry L. Saret (27674); Martin L. Stern (26911); Bernard L. Kleinke (22123); Louis Altman (19373); Barry W. Sufrin (27358); Marshall W. Sutker (19562); Jennifer A. Dunner (33689); Neil R. Ormos (35309); Richard P. Gilly (37630); Kevin C. Trock (37745); and Jack R. Halvorsen (18394).

Send Correspondence to: LAFF, WHITESEL, CONTE & SARET, LTD., 401 North Michigan Avenue, Chicago, Illinois 60611.

Direct Telephone Calls to:  __Larry L. Saret_____
at telephone No. (312) 661-2100.

| Full name of sole or first inventor | |
|---|---|
| Scott  Haugh | 4/15/96 |
| Inventor's signature | Date |
| _Scott Haugh_ | |
| Residence | |
| 829 South St. LockPort IL 60441 | |
| Citizenship | |
| United States Of America | |
| Post Office Address | |
| | |
| Full name of second joint inventor, if any    None | |
| Second inventor's signature | Date |
| Residence | |
| Citizenship | |
| Post Office Address | |

(Supply similar information and signature for third and subsequent joint inventors.)

Form PTO-FB-110 (8-83)                                    Patent and Trademark Office-U.S. DEPARTMENT OF COMME

DMC000062

05/26/98  TUE 15:27 FAX 312 527 3001       L. W. C. & S.LTD.                      ☒007

IN THE

# UNITED STATES PATENT & TRADEMARK OFFICE

The Commissioner of Patents & Trademarks          DATE:  **April 18, 1996**
Washington, D.C. 20231

OUR CASE NO:    1300-112

Sir:

Transmitted herewith for filing is the patent application (including specification, claims and declaration) of:

Inventor:   **Scott Baugh**

For:   PET BED WITH REMOVABLE BOLSTER

A. Enclosed are:

| Documents: | Specification | Claims | Abstract | Declaration |
|---|---|---|---|---|
| No. of Pages: | 5 | 2 | 1 | 2 |

[X] _2_ sheets of drawing(s).    [ ] Formal    [X] Informal

[X] An assignment of the invention to   Flexi-Mat Corporation

[ ] A certified copy of a _____ application.

[ ] Claim for priority under 35USC119.

[ ] Associate Power of Attorney.

[X] Citation of Prior Art.

[ ] Preliminary Amendment.

[ ] Translation with Translator's Declaration.

[X] Check No. _27849_ in the amount of $ _415.00_ dated _4/18/96_ is enclosed to cover the [X] filing fee ☒☒[X] assignment recording fee.

B. FILING FEE CALCULATION:

[ ] Before calculating the filing fee, please cancel claims _____.

[ ] After adding preliminary amendment claims _____.

| SMALL ENTITY STATUS - AFFIDAVIT ATTACHED | | | | | | LARGE BUSINESS RATE | |
|---|---|---|---|---|---|---|---|
| R F | Number Filed | Number Extra | Rate | Basic Fee 1272 | | Rate | Basic Fee 1/14 |
| Total Claims | 11 -20 | 0 | X | $ 11 | = | 0.00 | $ 22 = |
| Independent Claims | 3 -3 | 0 | X | $ 39 | = | 0.00 | $ 78 = |
| Multiple Dependency | | | | $125 | = | 0.00 | $260 = |
| Total Filing, Fee | | | | | | 375.00 | |
| Assignment Recordal Fee | | | | | | 40.00 | |
| | | | | Total | $ | 415.00 | Total $ |

C. SPECIAL INSTRUCTIONS:

[ ] Please charge our Deposit Account No. 12-0064 in the amount of $ _____. A duplicate of this sheet is enclosed.

[X] The Commissioner is hereby authorized to charge any fees which may be required, including, but not limited to payment of issue fees, or credit any overpayment to Account No. 12-0064. A duplicate copy of this sheet is enclosed. If this payment also requires a Petition, please construe this authorization to pay as the necessary Petition which is required to accompany the payment.

RETAIN THIS NUMBER-CUSTOMER
RECEIPT WILL BE MAILED TO YOU.

DMC000063

TB864342875 US

EXPRESS MAIL mailing label
No. TB 864 342 875 US
Date of Deposit April 18, 1996
I hereby certify that this paper or fee is being deposited with
the United States Postal Service "Express Mail Post Office to
Addressee" service under 37 CFR 1.10 on the date
indicated above and is addressed to the Assistant Commissioner
for Patents, Washington, D.C. 20231. The person mailing this
paper/fee is: Sandra Meza
PRINT Sandra Meza
SIGNATURE

LAFF, WHITESEL, CONTE & SARET, LTD.

ATTORNEYS AT LAW
400 NORTH MICHIGAN AVENUE
CHICAGO, ILLINOIS 60611

TELEPHONE
(312) 661-2100
FAX
(312) 661-0029

Respectfully submitted,
Laff, Whitesel, Conte & Saret, Ltd.

By _____
   Larry L. Saret

|  | Registration No. |
|---|---|
| Charles A. Laff | 19787 |
| J. Warren Whitesel | 16630 |
| Robert F. I. Conte | 20354 |
| Larry L. Saret | 27674 |
| Martin L. Stern | 28911 |
| Louis Altman | 19373 |
| Barry W. Sufrin | 27398 |
| Marshall W. Sulker | 19962 |
| Jack R. Halvorsen | 18394 |
| Jennifer A. Dunner | 33585 |
| Neil R. Ormos | 35309 |
| Richard P. Gilly | 37830 |
| Kevin C. Trock | 37745 |
| John W. Hayes | 33900 |

DMC000064

## PATENT APPLICATION FEE DETERMINATION RECORD
Effective October 1, 1995

Application or Docket Number
6243514

### CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE | SMALL ENTITY FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | 375.00 | OR | | 750.00 |
| TOTAL CLAIMS | | minus 20 = * | x$11= | | OR | x$22= | |
| INDEPENDENT CLAIMS | | minus 3 = * | x39= | | OR | x78= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +125= | | OR | +250= | |
| | | | TOTAL | | OR | TOTAL | |

* If the difference in column 1 is less than zero, enter "0" in column 2

### CLAIMS AS AMENDED - PART II

**AMENDMENT A**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | SMALL ENTITY ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x39= | | OR | x78= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +125= | | OR | +250= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT B**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE | ADDITIONAL FEE | OR | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x39= | | OR | x78= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +125= | | OR | +250= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT C**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE | ADDITIONAL FEE | OR | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus | *** | = | x39= | | OR | x78= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +125= | | OR | +250= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
(Rev. 10/95)

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

DMC000065

Form PTO 1130
(REV 2/84)

**PACE DATA ENTRY CODING SHEET**

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

| 1ST EXAMINER | 2ND EXAMINER | DATE |
| --- | --- | --- |

| GROUP ART UNIT | CLASS | SHEETS OF DRAWING |
| --- | --- | --- |

CONT CODE | STATUS CODE

APPLICATION NUMBER
08/634374

TOTAL CLAIMS

INDEPENDENT CLAIMS

TYPE APPL

SMALL ENTITY?

FILING DATE — MONTH / DAY / YEAR

FILING FEE

FOREIGN LICENSE

SPECIAL HANDLING

ATTORNEY DOCKET NUMBER

PARENT APPLICATION SERIAL NUMBER

**CONTINUITY DATA**

PCT APPLICATION SERIAL NUMBER

PCT
PCT
PCT
PCT
PCT

PARENT PATENT NUMBER

PARENT FILING DATE — MONTH / DAY / Y

FOREIGN PRIORITY CLAIMED

COUNTRY CODE

FOR/FOREIGN APPLICATION SERIAL NUMBER

FOR/FOREIGN APPLICATION SERIAL NUMBER

FOREIGN FILING DATE — MONTH / DAY / YEAR

DMC000066



SPRING 1996

IN THE COMPANY OF

# DOGS

GIFTS AND GEAR FOR DOGS & THE PEOPLE WHO SHARE THEIR LIVES

DMC000067



**PUCKER BED**
The bed that will grace any room. Let him sleep inside this cuddly bed covered in waffle-textured puckered cotton. High foam sides and removable polyfill pillow. Completely washable. Please specify natural or mocha. Made in USA. (Interior measurements shown.)
Small, 20"x15" #5280 $44. Medium 23"x17" #5282 $56 Large, 27"x20" #5284 $76

IN THE COMPANY OF

# DOGS

PO BOX 7071
DOVER, DE 19903

©1996 C/R Catalog Corp.

LSGA004
                                    AAC 052
MRS JOSEPH CAPOBIANCO
OR CURRENT RESIDENT
ASSOCIATED TEXTILES          3458
295 5TH AVE                      Z
NEW YORK      NY 10016-7103

#30/296

Bulk Rate
U.S. Postage
PAID
In The Company
Of Dogs



DMC000069



*Flexi-Mat's* **Poly/Cedar Cuddler**®

■ **ZIPPERED REFILLABLE INNER LINER AND OUTER COVER**

■ **MACHINE WASHABLE AND DRYABLE**

■ **POLY/CEDAR FILL REPELS FLEAS**

■ **FRESH CEDAR SCENT**

■ **DESIGNER FABRIC**

■ **INSULATES FROM COLD, DAMP FLOORS**

Flexi-Mat's Poly/Cedar Cuddler® is designed with a machine washable collar and a removable machine washable cushion cover. The inside cushion liner has a zipper for machine washing and adding or changing fill.

The Poly/Cedar Cuddler® is available in a variety of floral and abstract design poly-cotton chintz prints. Each bed is wrapped in an attractive point-of-purchase 4-color display sleeve.

Available in 21", 23" and 28" sizes.



*Flexi-Mat Corporation*

1244 South Western Avenue, Chicago, Illinois 60608

DMC000070



DMC000071





- **HELPS KEEP PETS COMFORTABLE AND WARM**
- **DURABLE, SIMULATED FLEECE INTERIOR**
- **SOFT POLYFOAM CORE**
- **REMOVABLE, MACHINE WASHABLE COVER**
- **INSULATES FROM COLD DAMP FLOORS**
      **(WARM IN WINTER . . . COOL IN SUMMER)**



SIZE: 15"
STOCK NO. KZK-6



*Flexi-Mat Corporation*
2244 South Western Avenue, Chicago, Illinois 60608

DMC000073



### RED LIZARD COLLAR AND LEAD
A dashing ensemble of lizard-embossed Italian calfskin with brass fittings and full leather lining. Collar is available plain or embellished with antiqued crowns. From Tanner and Dash. Specify collar size (See order form for how to measure).
Lizard Plain 8¼-16"
Collar #5115 $25
Set #5119 $65
Lizard Crown 9¾-16"
Collar #5121 $32
Set #5123 $72
Coordinating 4' Leash
#5117 $44

### DECOUPAGE COLLECTOR'S PLATES
Bring a touch of canine chic to your home with these elegant, 7" octagonal plates that showcase a specific breed at the center of a rich gothic border. Artist-signed. Specify Corgi, Bulldog, Jack Russell and Pug. #S5810 $85

### PROFESSIONAL PILLOWS
you can't trust your dog, who can you trust? Numbered, ited-edition pillows feature the Airedale as lawyer, the Boston rier as accountant, and the Terrier as junior executive. Richly broidered, zippered cover of pure worsted wool is rimmed with gold braid and tassels, and ated by designer Robert Turner.
x14" with plump polyfill.
wyer on hunter #3445,
countant on camel #2580,
ior executive on ruby #2585,
t shown):
ter/Boxer on ruby #3440,
erman/Bulldog on black #3450,
sh $125

### BRAIDED "JACOBEAN" BED
The regal dog (and what dog isn't?) will appreciate this deluxe bed in a rich Jacobean floral print on burgundy, edged with braided cord. Tufted sides provide extra comfort. Zip-off cotton cover; high-density polyfoam fill. Machine washable.
S/M, approx. 24"x17" #2256 $90
M/L, approx. 36"x24" #2258 $125

DMC000074

# Flexi-Mat's Poly/Cedar Cuddler®



**ZIPPERED REFILLABLE INNER LINER AND OUTER COVER**

**MACHINE WASHABLE AND DRYABLE**

**POLY/CEDAR FILL REPELS FLEAS**

**FRESH CEDAR SCENT**

**DESIGNER FABRIC**

**INSULATES FROM COLD, DAMP FLOORS**

Flexi-Mat's Poly/Cedar Cuddler® is designed with a machine washable collar and a removable machine washable cushion cover. The inside cushion liner has a zipper for machine washing and adding or changing fill.

The Poly/Cedar Cuddler® is available in a variety of floral and abstract design poly-cotton chintz prints. Each bed is wrapped in an attractive point-of-purchase 4-color display sleeve.



Available in 21", 23" and 28" sizes.

**Flexi-Mat Corporation**
2244 South Western Avenue, Chicago, Illinois 60608

DMC000075