UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation,<br><br>    Plaintiff,<br><br>v.<br><br>DALLAS MANUFACTURING COMPANY, a Texas corporation, BJ'S WHOLESALE CLUB, INC., a Delaware corporation, and DOSKOCIL MANUFACTURING COMPANY, INC., a Texas corporation,<br><br>    Defendants. | Civil Action No. 04 10162 DPW |
| DALLAS MANUFACTURING COMPANY, INC., a corporation,<br><br>    Counter-claimant,<br><br>v.<br><br>FLEXI-MAT CORPORATION, a corporation,<br><br>    Counter-defendant. | **FLEXI-MAT'S MEMORANDUM IN OPPOSITION TO DOSKOCIL'S MOTION FOR SUMMARY JUDGMENT OF VALIDITY AND NON-INFRINGEMENT** |
| BJ'S WHOLESALE CLUB, INC., a corporation,<br><br>    Counter-claimant,<br><br>v.<br><br>FLEXI-MAT CORPORATION, a corporation,<br><br>    Counter-defendant. | |
| DOSKOCIL MANUFACTURING COMPANY, INC., a corporation,<br><br>    Counter-claimant,<br><br>v.<br><br>FLEXI-MAT CORPORATION, a corporation,<br><br>    Counter-defendant. | |

Defendant BJ'S Wholesale Club, Inc. joined in Doskocil's Motion and this memorandum is filed in opposition to BJ'S Wholesale Club, Inc.'s motion also.

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

I. THERE IS NO CONTROVERSY REGARDING CLAIMS 7 AND 8 ..................................... 2

II. THE CLAIMS OF THE '502 PATENT ARE NOT INVALID IN VIEW OF THE PRIOR
ART ................................................................................................................................ 2

   A. *Doskocil's Cited Prior Art Does Not Anticipate the Claims* ........................................ 2
   B. *Doskocil's Cited Prior Art Does Not Render the Claims Obvious* ............................ 3

III. THE DOSKOCIL BOLSTER BED INFRINGES CLAIMS 1-3 ............................................ 6

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

Error! No table of authorities entries found.Error! No table of authorities entries found.

## INTRODUCTION

In its motion for summary judgment Doskocil seeks a judgment that claims 1-3 and 7-8 of U.S. Patent No. 5,765,502 (the '502 patent) are invalid and not infringed by the accused Doskocil bolster bed. Claims 7-8 of the '502 patent are not asserted against the accused Doskocil bed and, consequently, issues regarding these claims are moot.

Although somewhat ambiguous, it appears that Doskocil's invalidity position of anticipation is limited to four prior art references, *i.e.*, 1) U.S. Patent Nos. 5,421,044 (Steensen); 2) 5,588,393 (Heilborn); 3) 5,136,981 (Barreto); and 4) 2,032,248 (Bins). See Doskocil Brief at 9-11. At page 11 of its brief, however, when making its alternative invalidity argument, Doskocil without explanation, argues that U.S. Patent No. 5,586,350 (Thönnessen) makes claim 1 of the '502 patent obvious "if not anticipated." Flexi-Mat has addressed and rebutted Doskocil's arguments regarding each of these five references in its own brief in support its motion for summary judgment of validity.

Doskocil also argues that certain claims of the '502 patent are invalid as obvious in view of the prior art. Doskocil raises new arguments in this regard not earlier detailed or addressed by its own expert, Ms. Fessler. As explained below, Doskocil arguments are based on an erroneous view of the applicable legal standards necessary for establishing obviousness.

Finally, Doskocil argues that its accused bolster beds do not infringe the claims of the '502 patent. This argument is limited to its assertion that a single claim limitation is absent from Doskocil's beds, *i.e.*, the "outer covering." That assertion is based on the identical faulty logic presented by Dallas in its motion for summary judgment of non-infringement. For the reasons set forth herein and in Flexi-Mat's briefs in support of its own motion for summary judgment of infringement and in opposition to Dallas' motion for summary judgment of non-infringement, Doskocil's motion for summary judgment of non-infringement also fails.

**ARGUMENT**

I.   **There Is No Controversy Regarding Claims 7 and 8 of the '502 Patent.**

Doskocil challenges the validity and argues non-infringement of claims 7 and 8 of the '502 patent in its motion for summary judgment. Flexi-Mat has not asserted the infringement of either of these claims against any of the Defendants in this case. Defendants have no reasonable apprehension of an infringement suit involving these claims. There is no case or controversy surrounding them. Consequently, Doskocil's motion for summary judgment as it relates to claims 7 and 8 should be denied. *Grain Processing Corp. v. American Maize-Prods. Co.*, 840 F.2d 902, 905-906 (Fed. Cir. 1988).

II.   **The Claims of the '502 Patent Are Not Invalid in View of the Prior Art.**

A. *Doskocil's Cited Prior Art Does Not Anticipate the Claims.*

As noted above, in Flexi-Mat's own brief in support its motion for summary judgment of validity, Flexi-Mat addressed and rebutted Doskocil's arguments regarding each of the five references Doskocil cites. Flexi-Mat incorporates by reference the arguments presented in that brief as its opposition to Doskocil's claims of anticipation. See Flexi-Mat's brief at pages 9-11 (Steensen); 3-5 (Heilborn and Barreto); 11-12 (Bins); and 6-9 (Thönnessen).

In regard to the Bins reference, Doskocil raises a new argument that Bins' bolster is removable. Specifically, Doskocil asserts at page 10 of its brief that Bins' bolster is "**inherently**, removable by simply reversing the process." (emphasis added) The referenced process is explained in Bins:

> As shown, the bed comprises an annular bolster 1 of general circular, oval, oblong, or other desired shape preferably formed by stitching the side edges of a strip of fabric of desired length together to forma tube, then filling the tube with cotton 2 or the like, preferably using a cotton packer having a fan or blower. After the tube is filled one end is sewed up, and the sewed end of the tube inserted in the open end and **the overlapping end portions of the tube sewed together**, thereby forming a circular, oval, or oblong stuffed bolster.

FM Validity Ex. 12 at Col. 1, line 50 to Col. 2, line 6.

If Bins' bolster is "removable" as Doskocil argues, simply by "reversing the process," the term "removable" has no meaning. Everything is "removable" if one applies sufficient force to disassemble a combination of parts not meant to be disassembled. As explained by Mr. Handelsman in his declaration, Bins' bolster is not "removable" as required by claim 1. Bins' bolster is sewn shut and then sewn to the pocket that holds the bottom mattress. The claim term *removable* "excludes the removal by a means that would require excessive effort as to discourage a pet bed owner from removing the bolster and bottom cushion or destroy the bed." FM Validity Ex. 16 at p. 7. Further, the claim term "removable" does not modify the filler, such as Bins' cotton, within the bolster or bottom cushion but the bolster and bottom cushion themselves.

B. *Doskocil's Cited Prior Art Does Not Render the Claims Obvious.*

Despite acknowledging at page 7 of its brief that "[b]efore an invention will be declared obvious in view of multiple prior art references, there must be some teaching, suggestion, or motivation to combine those references," Doskocil completely ignores this well-settled law and simply argues that various **limitations** are obvious. For example, at page 11 of its brief, Doskocil argues that the "removability of the bolster" is "an obvious limitation." Doskocil's rambling pleas of obviousness ignore its burden of establishing obviousness by clear and convincing evidence and that a patent claim as a whole, not individual limitations within a claim, must be evaluated for obviousness.

As explained by the Federal Circuit, "[v]irtually all inventions are combinations and virtually all are combinations of old elements. [The fact finder] must consider what the prior art as a whole would have suggested to one skilled in the art." *Environmental Designs, Ltd. v. Union Oil Co.*, 713 F.2d 693, 698 (Fed. Cir. 1983). Because of that fact, the claimed subject matter also must be viewed "as a whole," not piecemeal as Doskocil does in its brief. 35 U.S.C. § 103. It is wrong to use the claimed invention as a roadmap to determine whether the claim is obvious. "Knowledge in the prior art of every element of a patent claim, however, is not of itself

-3-

sufficient to render the claim obvious." *Abbott Labs. v. Syntron Bioresearch, Inc.*, 334 F.3d 1343, 1357 (Fed. Cir. 2003).

> If identification of each claimed element in the prior art were sufficient to negate patentability, very few patents would ever issue. Furthermore, rejecting patents solely by finding prior art corollaries for the claimed elements would permit [the court] to use the claimed invention itself as a blueprint for piecing together elements in the prior art to defeat the patentability of the claimed invention.

*In re Rouffet*, 149 F.3d 1350, 1357 (Fed. Cir. 1998).

Doskocil attempts to make its case of invalidity of the claims as obvious in view of the prior art merely by pointing to a prior art reference that contains some but not all of the claim limitations and then plugging the holes by arguing that the missing limitations are obvious. Doskocil utterly fails to argue, let alone present clear and convincing evidence of, any cognizable motivation to combine the prior art in a manner that would result in the claimed invention. Doskocil's hindsight reconstruction is legally wrong. In fact, totally ignoring the proposed combinations of its own expert, Doskocil does not even identify any other specific combinations of prior art, limiting its argument to "obvious" **limitations**. To avoid impermissible hindsight reconstruction of the claims, the Federal Circuit requires one seeking to invalidate a patent based on obviousness to "show reasons that the skilled artisan, confronted with the same problems as the inventor and with no knowledge of the claimed invention, would select the elements from the cited prior art references for combination in the manner claimed." *Id*. Doskocil has presented neither argument nor clear and convincing evidence to meet its burden of proof. Not only should its motion be denied but summary judgment of non-obviousness should be granted, based on a lack of evidence.

In addition to Doskocil's failure to present evidence to support its allegations of obviousness, the presence of secondary considerations showing the patentability of Flexi-Mat's bolster bed precludes grant of Doskocil's motion. These secondary considerations or objective criteria of non-obviousness were recognized and outlined by the Supreme Court in *Graham v. John Deere Co.*, 383 U.S. 1 (1966). They include such factors as long felt need, commercial

success and copying. *Id.* at 17. In *Knoll Pharmaceutical Co. v. Teva Pharmaceuticals USA, Inc.*, 367 F.3d 1381, 1385, (Fed. Cir. 2004), the Court held that these criteria "must always be considered."

The declaration of Mr. James Elesh President of Flexi-Mat establishes that there was an unmet need in the industry for a pet bed of the type described and claimed in the '502 patent. Elesh Declaration at ¶¶ 3-5. The commercial success of Flexi-Mat's patented bolster bed is fully documented in Mr. Elesh's declaration.

> During the period July 2000 to June 2005, Flexi-Mat's sales of bolster beds totaled in excess of 150,000 units and $ 7.5 million. This product created an entirely new niche of luxury pet beds that retailed in the range of $100-$200. Previous pet beds were primarily round or rectangular cushions, with and without foam walls, that retailed for under $80. Flexi-Mat's bolster beds had a different construction, and were sold to the public through retailers such as Orvis, L.L. Bean, Frontgate, In the Company of Dogs, and Drs. Foster & Smith. Frontgate, for example, had only one pet bed in its catalog when Flexi-Mat began selling its bed to Frontgate. Once Frontgate began selling Flexi-Mat's bolster bed, Frontgate stopped selling the other round pet bed. Frontgate was so enthused with Flexi-Mat's bolster bed that it paid for advertisements of the bolster bed in SkyMall magazine, the magazine commonly found on commercial airlines, and I believe Frontgate has continued to pay for those advertisements over approximately a five year period. As another example, L.L. Bean had been selling only beds made pursuant to L.L. Bean's own design, but when it saw Flexi-Mat's bolster bed, it purchased those beds from Flexi-Mat. I believe Flexi-Mat's bed remains the only pet bed sold by L.L. Bean that is not made according to L.L. Bean's own designs. As an additional example, Orvis sells a number of pet beds, but in September 2003 it described Flexi-Mat's bolster bed as "our strongest seller and getting stronger," as shown in the attached Exhibit 1, FM 010157.

Elesh Declaration at ¶6. Commercial success is a strong indication of non-obviousness. *See Fromson v. Advance Offset Plate, Inc.*, 755 F.2d 1549, 1557 (Fed. Cir. 1985) and *Symbol Technologies, Inc. v. Opticon, Inc.*, 935 F.2d 1569, 1579 (Fed. Cir. 1991) (patentee's products ``have enjoyed tremendous commercial success, with about 200,000 devices sold for over $150,000,000 as of the time of trial.")

Additionally, copying has been recognized as a strong indicator of patentability. *See Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1285 (Fed. Cir. 2000). As detailed at pages 2-3 of Flexi-Mat's Memorandum In Opposition to Dallas' Motion for Summary

Judgment of Non-Infringement, Dallas copied Flexi-Mat's patented bolster bed. Additionally, other manufacturers copied Flexi-Mat's commercially successful bolster bed.

> In addition to the defendants in this case, others have copied the Flexi-Mat bolster bed shown in U.S. Patent No. 5,765,502. These companies are Trade Lines, Wynken, Blynken & Fido, American Recreation Products, and New England Serum. Each of these copiers have, by agreement, stopped making and selling infringing pet beds.

Elesh Declaration at ¶7.

For all of these reasons, Doskocil's motion for summary judgment of obviousness must be denied.

### III.    The Doskocil Bolster Bed Infringes Claims 1-3 of the '502 Patent.

The facts regarding the construction of Doskocil's accused beds are not in dispute. Doskocil's accused bolster beds include a removable bolster, a removable bottom cushion and an outer covering into which the bolster and cushion are placed. The outer covering of the accused beds is divided into interior spaces, one for the bolster and one for the bottom cushion, and each of the bolster and bottom cushion is removable through zippered openings. The accused beds do not include straps or ties that affix the bolster to the outer covering. FM Infr. Ex. 3, pp. 3-5 and Exs. A, B. Additionally, substantially all of Doskocil's bolster is disposed exteriorly about the perimeter of the bottom cushion. As admitted by Doskocil's expert:

> Q. In your opinion, is the bolster on the Doskocil bed, is substantially all of that bolster disposed about the perimeter of the bottom portion of that bed?
> A. Yes.

FM Infr. Ex. 6, p. 282, line 24 to p. 283, line 3.

Doskocil has one argument that its bolster beds do not infringe claims 1-3 of the '502 patent. Doskocil's argument is one of claim interpretation. Its position is that the "outer covering" of claim 1 must be interpreted to apply to only coverings having a "single interior space." Doskocil brief at 8. The basis for Doskocil's position is that Flexi-Mat disclaimed any other interpretation during the prosecution of the '502 patent when it attempted to distinguish the

prior art Henry patent from the claimed invention.[1] This is the identical argument raised by Dallas in its brief in support of its motion for non-infringement. Flexi-Mat addresses that argument in its brief in opposition to Dallas' motion for summary judgment of non-infringement and incorporates by reference its argument in that regard from that brief. *See* Flexi-Mat's Memorandum in Opposition to Dallas' Motion for Summary Judgment of Non-Infringement at pages 5-9.

When the term "outer covering" is properly construed to ignore the "single interior" limitation Dallas and Doskocil propose, Doskocil's infringement is clear, even if claim disavowal attaches. Doskocil does not make two completed separate covers, one for the bolster and one for the bottom cushion, and then sew them together as taught by Henry. In his declaration Mr. Handelsman explains the construction of Doskocil's outer covering using photographs of Doskocil's bed marked as Exhibit 1 to that declaration.

> 2. Attached as Exhibit 1 to this declaration is a photograph of the Doskocil accused bolster bed marked as Exhibit 3 to the King Deposition. The photograph shows the seam between the material surrounding Doskocil's bolster and the material surrounding Doskocil's base or bottom cushion. The photograph shows that Doskocil uses a common seam for the green material surrounding the bolster and the khaki and fleece materials that form the bottom and top, respectively, of the covering around the bottom cushion. At the common seam, the two edges of the green material are nested between the ends of the khaki and fleece materials, and a single stitch line attaches them altogether.
>
> 3. By constructing its pet bed this way, Doskocil has a single outer covering that encloses both a bolster and a bottom cushion. The bolster and bottom cushion are each within a pocket or interior compartment of the outer covering, and that construction is consistent with the description in the '502 patent of the bolster and bottom cushion each being disposed in "pockets" of the outer covering. If the single stitch line of Doskocil's pet bed were unsewn, both the bolster and bottom cushion would fall out and you would just have pieces of fabric, not covers for the bolster and bottom cushion. That would not be the case if each were in its own separate and complete cover. Thus, Doskocil does not

---

[1] At page 12 of its brief, Doskocil also argues that the "reclosable access opening" of claim 2 should be interpreted as including the following language: "for the insertion and removal of both the bottom cushion and the bolster." Despite the fact that patent claims are not limited to the preferred embodiment disclosed in the specification of the patent, Doskocil merely cites descriptions of the preferred embodiment of Flexi-Mat's invention shown in the '502 patent. Doskocil offers no other argument or citation, legal or otherwise to support its position that this language should be added to claim 2. Claim 2's limitation is clear it requires an opening but does not preclude the presence of multiple access openings. Doskocil has offered no evidence or argument to the contrary. This argument has no effect on the interpretation of claim 1.

-7-

> have multiple separate outer coverings like those described in U.S. Patent No. 5,010,843, but a single outer covering.
>
> 4. Doskocil could have sewn the green material together lengthwise to form a first complete bolster cover, sewn or otherwise attached the edge of the khaki material to the edge of the fleece material to form a second complete bottom cushion cover, and then sewn the two completed covers together, like the top and bottom cushion covers in Henry U.S. Patent No. 5,010,843. Doskocil did not do so. By avoiding the multiple cover construction of Henry, Doskocil saved the time of sewing together two complete covers, and the additional time of sewing two complete covers to each other.

Handelsman Decl. at ¶¶ 3-4. Doskocil does not make its outer covering in the manner of Henry. Doskocil does not complete the cover for the bolster, and complete the cover for bottom cushion, and then connect the covers together, which would thereby create the additional manufacturing cost and exposed connections (shown in Henry and noted by Flexi-Mat in arguments during the prosecution of the '502 patent). FM Validity Ex. 2 at DMC0041-42.

Claims 1-3 of the '502 patent are properly interpreted as not limited to coverings with only one interior space as argued by Doskocil. Even if claim disavowal was erroneously found to attach to Flexi-Mat's arguments concerning Henry, Doskocil does not make its outer covering in the manner of Henry. Consequently, Doskocil's outer covering does not fall within the scope of any potential claim disavowal. Doskocil's bolster beds have outer coverings as required by the '502 patent as properly interpreted. Doskocil therefore infringes claims 1-3 of the '502 patent.

## CONCLUSION

Flexi-Mat requests the Court deny Doskocil's motion for summary judgment.

|  | Respectfully submitted, |
|---|---|
| Dated: January 9, 2006 | /s Richard B. Myrus |
|  | Richard B. Myrus (BBO # 638793)<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, MA 02109<br>Telephone: (617) 570-1058<br>Facsimile: (617) 523-1231<br><br>Michael Husmann<br>MICHAEL BEST & FRIEDRICH LLP<br>100 East Wisconsin Avenue<br>Suite 3300<br>Milwaukee, WI 53202-4108<br><br>Larry L. Saret<br>Lisa C. Childs<br>Gretchen M. Hosty<br>MICHAEL BEST & FRIEDRICH LLP<br>Two Prudential Plaza<br>180 North Stetson Avenue<br>Suite 2000<br>Chicago, IL 60601<br>Phone: (312) 222-0800<br>Fax: (312) 222-0818<br><br>Attorneys for Plaintiff<br>Flexi-Mat Corporation |

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/hand on  1/09/2006  .

/s/ Richard B. Myrus