UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>DALLAS MANUFACTURING COMPANY, a Texas corporation, BJ'S WHOLESALE CLUB, INC., a Delaware corporation, and DOSKOCIL MANUFACTURING COMPANY, INC., a Texas corporation,<br><br>Defendants. | Civil Action No. 04 10162 DPW<br><br>Flexi-Mat's Statement of (1) Contested Facts in Response to Doskocil's Motion for Summary Judgment of Non-Infringement and Invalidity and (2) Additional Material Facts |
| DALLAS MANUFACTURING COMPANY, INC., a corporation,<br><br>Counter-claimant,<br><br>v.<br><br>FLEXI-MAT CORPORATION, a corporation,<br><br>Counter-defendant. | |
| BJ'S WHOLESALE CLUB, INC., a corporation,<br><br>Counter-claimant,<br><br>v.<br><br>FLEXI-MAT CORPORATION, a corporation,<br><br>Counter-defendant. | |
| DOSKOCIL MANUFACTURING COMPANY, INC., a corporation,<br><br>Counter-claimant,<br><br>v.<br><br>FLEXI-MAT CORPORATION, a corporation,<br><br>Counter-defendant. | |

In accordance with Local Rule 56.1, Plaintiff Flexi-Mat Corporation hereby provides a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried or which Flexi-Mat controverts the statement served by Doskocil. Plaintiff Flexi-Mat has numbered Doskocil's unnumbered Statement of Material Facts (taken from its Brief in Support of Motion for Summary Judgment of Invalidity and Non-Infringement of the '502 Patent) for ease of reference. Flexi-Mat further provides a statement of additional material facts.

### STATEMENT OF MATERIAL FACTS CONTESTED BY FLEXI-MAT

***Statement of Fact 1.*** On August 31, 2004, Plaintiff Flexi-Mat Corporation filed its First Amended Complaint, asserting claims of direct, inducement, and contributory patent infringement by Doskocil based upon the sale of the "Berkley and Jensen Premium Quality Bolster Pet Bed" ("the Doskocil Accused Bed"). See A003-A004 at para. 12; A005 at para. 21 [Docket No. 18].
**Uncontested.**

***Statement of Fact 2.*** On March 18, 2005, Plaintiff Flexi-Mat moved for leave to file its Second Amended Complaint in order to broaden the scope of accused products. A118-A121 [Docket No. 44]. Flexi-Mat's Motion for Leave was allowed without opposition on April 4, 2005. Flexi-Mat has asserted ownership by assignment of United States Patent Number 5,765,502 ("the' 502 Patent"), and it is the claims of this patent which are allegedly infringed by the Doskocil Accused Bed. See A003 at para. 10; A005 at para. 21.
**Contested.** Flexi-Mat has not conceded that the accused Doskocil products were not covered by its original Amended Complaint.

***Statement of Fact 3.*** Claims 1, 2, 3, 7, and 8 of the '502 Patent are straightforward and readily understood; being representative of a simple non-technical pet bed design. See A013.
**Uncontested.**

2

***Statement of Fact 4.***   Generally, the '502 Patent discloses and claims a pet bed having an outer covering. See A009-A013. A removable cushion is disposed within the outer covering to form a bottom portion. See id. A bolster is also removably disposed within the interior of the outer covering. See id.
**Uncontested.**

***Statement of Fact 5.***   Each claim of the '502 Patent requires that the cushion and bolster be disposed within the outer covering of the pet bed. See A013.
**Contested.** Claims 4-11 (not at issue in the case) do not require the bolster to be *disposed* within the outer covering. Instead, claims 4-6 and 9-11 require the bolster to be *affixed* within the interior of the outer covering, and claims 7-8 require the bolster to be *secured* to the interior of the outer covering. FM Infr. Ex. 1 at col. 3, line 51-col. 4, line 55.

***Statement of Fact 6.***   The figures of the '502 Patent illustrate a pet bed having a single zippered access opening for insertion and removal of both the bottom cushion and the bolster cushion. A010-A011; A185 at Request 6.
**Uncontested.**

***Statement of Fact 7.***   During prosecution of the application which matured into the '502 Patent, the patentee defined the invention and distinguished over a cited reference, U.S. Patent No. 5,010,843 ("the '843 Patent," as further discussed infra). See A045-046.
**Contested.** The patentee amended some of the claims and distinguished the '843 patent. FM Infr. Ex. 2, DMC0000039, 41-43.

***Statement of Fact 8.***   In distinguishing the '843 Patent, the patentee argued that the pet bed covered by the '843 Patent required separate covers for the cushions and base, and as a result of utilizing separate covers, added manufacturing costs for material and added assembly time was required to manufacture the bed of the '843 Patent. Id.
**Uncontested.**

3

***Statement of Fact 9.***   Since the '843 Patent did not disclose a single cover with a single interior space for the cushion and base, the patentee argued that the invention of the '502 Patent was not anticipated by the disclosure of the '843 Patent. Id. Based on these arguments, allowance of the application was secured. See A049-A050.

**Contested.**   The patentee did not argue that non-anticipation of the invention of the '502 patent was because the '843 patent failed to "disclose a single cover with a single interior space for the cushion and base." Claims 4-11 were already considered patentable over the '843 patent, and the patentee's arguments with respect to claims 1-3 are set forth in full at FM Infr. Ex. 2, DMC0000041-43. Also, the application was not allowed "[b]ased on these arguments." Instead, after the arguments were made, "[a]dditional language was discussed to insure that claim 1 read over the prior art patent to Henry" (id. at DMC0000044), and claim 1 was, indeed, further amended (id. at DMC000046).

***Statement of Fact 10.***   United States Patent No. 5,586,350 to Thönnessen ("the '350 Patent") entitled "Low Flammability Pillow," and German Patent (Gebrauchsmuster) No. 93 09 699.2 to Hoechst AG ("the DE '699 Patent")' disclose a bolstered pillow (1) having an outer covering (5), a removable cushion disposed within the outer covering to form a cushioned bottom portion (2), and a bolster cushion removably disposed within the interior of the outer covering (3). See A121 at col. 2, lines 49-54; A123 at claims I and 5; A119 (Fig. 1).

**Uncontested.**

***Statement of Fact 11.***   The '350 Patent bolster pillow (i.e., the "cylindrical roll") is disposed exteriorly about at least a portion of the perimeter of the bottom portion. See A 119 (Figs. 1 and 2).

**Contested.**   The bolster of the '350 patent is disposed atop the bottom cushion. FM Validity Ex. 19 at p. 21; FM Validity Ex. 18 at p. 105; FM Validity Ex. 7 at Figs. 1 and 2.

4

***Statement of Fact 12.*** The '350 Patent bolster pillow is connected "detachably" to the bottom cushion. See A121 at col. 2, lines 14-39; A123 at claim 5; A119 (Fig. 1). The '350 Patent discloses a reclosable single cover (5) having an access opening allowing for the insertion and removal of both the base cushion (2) and the bolster cushion (3). See A121 at col. 2, lines 154; A123 at claim 5; A119 (Fig. 1).
**Uncontested.**

***Statement of Fact 13.*** The '350 Patent teaches the need to maintain the relative position of the bolster member (3) to the base member (2), utilizing hook and loop fasteners (Velcro) (4) to accomplish this objective. See A121 at col. 2, lines 14-39; A119 (Fig. 1).
**Contested.** The '350 patent teaches using hook and loop fasteners to secure the bolster to the bottom cushion. FM Validity Ex. 7 at col. 2, lines 30-33.

***Statement of Fact 14.*** Finally, the '350 Patent discloses the use of a zipper as a means for closing the outer cover. See A122 at col. 4, line 64 to A123 at col. 5, line 6; A123 at claim 2.
**Uncontested.**

***Statement of Fact 15.*** United States Patent No. 5,421,044 to Steensen ("the '044 Patent") entitled "Air Bed" issued on June 6, 1995. See A125. The '044 Patent discloses a bed having an outer covering (12) made up of bottom panel (14), upper and lower vertical panels (16) and (18), and top panel (20). A126 (Fig. 1); A135 at col. 3, lines 11-15.
**Uncontested.**

***Statement of Fact 16.*** The '044 Patent further discloses a removable base cushion or foam pad (58), (59) and/or (42) disposed within the outer covering (12). See A126 (Fig. 1); A135 at col. 3, lines 58-61 and col. 4, lines 20-27. Cushions (58), (59) and/or (42) are removable via a reclosable zippered access opening (22). See A126 (Fig. 1); A135 at col. 3, lines 52-57.
**Contested.** The laterally disposed air tubes 42 are not removable because each of the air tubes are connected to each other and to a manifold and air pump outside the outer covering of the bed. FM

Validity Ex. 11 at Figs. 7, 9 (showing the "cushion tubes" and the "bolster tubes" all connected together by air hoses that are then connected to a manifold and air pump outside of the bed and the air hoses connecting some of the air tubes that have been enclosed in magazine 65). Steensen's interconnection of "laterally disposed air tubes" with the rest of the air tubes and the manifold and air pump makes them non-removable. FM Validity Ex. 16 at p. 7.

**Statement of Fact 17.** The '044 Patent further discloses a bolster tube or cushion, e.g. (31), removably disposed (via zipper (22)) within the interior of the outer covering (12) without being secured to the base cushion (58), (59) or (42).

**Contested.** Just as the laterally disposed air tubes are not removable, the bolster tubes 31-36 are also not removable because they are all connected to each other. FM Validity Ex. 7 at Fig. 7, 9; FM Validity Ex. 16 at p. 7. Moreover, the bolster tubes 31-36 are secured to the base cushion 42 via the interconnection of the bolster air tubes, laterally disposed air tubes, and the manifold and air pump. Id.

**Statement of Fact 18.** The bolster, e.g. (31), is disposed exteriorly about at least a portion of the perimeter of the bottom portion formed by base cushion (58), (59), and/or (42).

**Contested.** Steensen's bed or mattress is made from the combination of all of the air tubes 31-36 and the foam pads 58, 59 and this combination is to "provide a level top surface." FM Validity Ex. 11 at Col. 4, lines 20-37. The "bolster tubes" 31-36 are simply part of the bottom cushion or mattress upon which a human is intended to lie. FM Validity Ex. 16 at p. 6.

**Statement of Fact 19.** United States Patent No. 5,109,559 to West ("the '559 Patent") entitled "Flotation Mattress Pad Having a Cover With Pad Retaining Straps" issued on May 5, 1992. See A110. The '559 Patent teaches the use of straps (54) to hold the inner member (15) in place. See A115 and A113 (Fig. 4).

**Uncontested.**

***Statement of Fact 20.*** United States Patent No. 5,588,393 to Heilborn ("the '393 Patent") entitled "Collapsible Pet Bed" issued on December 31, 1996. See A142. The '393 Patent discloses a pet bed comprising an outer covering configured to receive a removable bottom cushion. See A144; A148 at col. 2, lines 22-30; A149 at col. 4, line 15 to A150 at col. 5, line 7. The removable bottom cushion is disposed within the outer covering, as reflected in '393 Figures 5 and 6. A144.

**Uncontested.**

***Statement of Fact 21.*** The '393 Patent further discloses a bolster disposed within the outer covering, as reflected in Figures 5 and 6 and as described at column 2, lines 23-35 and column 4, line 65 to column 5, line 7. A144; A148-150. As disclosed by the '393 Patent, substantially all of the bolster material is disposed exteriorly (i.e., outside) about at least a portion of the perimeter (i.e., outermost limits) of the bottom cushion. This is reflected in '393 Figures 4-6. A144. The bolster disclosed by the '393 Patent is not secured to the bottom cushion, and is separately removable therefrom. A144 (Fig. 6).

**Contested.** The '393 patent discloses a wall, not a bolster. FM Validity Ex. 5, col. 2, lines 10-14; Id. col. 1, lines 17-19; FM Validity Ex. 18 at p. 149; FM Validity Ex. 22; FM Validity Ex. 1 at col. 3, line 4, col. 2, lines 56-60, col. 1, lines 21-26; FM Validity Ex. 16 at p. 12.

***Statement of Fact 22.*** United States Patent No. 5,136,981 to Barreto ("the '981 Patent") entitled "Pet Bed" issued on August 11,1992. See A153. The '981 Patent discloses a pet bed comprising an outer covering configured to receive a removable bottom cushion. See A154-A155; A171 at col. 7, lines 14-45. The removable bottom cushion is disposed within the outer covering, as reflected in '981 Figures 2, 3, and 4. A154-A155.

**Uncontested.**

***Statement of Fact 23.*** The '981 Patent further discloses a bolster disposed within the outer covering, as reflected in Figure 2 and as described at column 7, lines 9-45. A154; A171. As disclosed by the '981 Patent, substantially all of the bolster material is disposed exteriorly (i.e.. outside) about at least a portion of the perimeter (i.e., outermost limits) of the bottom cushion. This is reflected in '981 Figures 1-4. A154-

7

A155. The bolster disclosed by the '981 Patent is not secured to the bottom cushion, and is separately removable therefrom. A154-A155; A171 at col. 7, lines 9-59.

**Contested.** The '981 patent discloses a wall, not a bolster. FM Validity Ex. 3, col. 6, lines 46-58, claims 1, 12, and 13; FM Validity Ex. 22; FM Validity Ex. 1 at col. 3, line 4, col. 2, lines 56-60, col. 1, lines 21-26; FM Validity Ex. 16 at p. 12.

*Statement of Fact 24.* United States Patent No. 2,032,248 to Bins ("the '248 Patent") entitled "Dog Bed or the Like" issued on February 25, 1936. See A073. The '248 Patent discloses a pet bed comprising an exterior fabric article configured to receive and enclose a removable bottom mattress. See A073-A074. The removable bottom mattress is disposed within the exterior fabric article, as reflected in '248 Figure 6. Id. The '248 Patent further discloses a bolster disposed within the exterior fabric article, as reflected in Figure 6 and as described at column 1, line 50 through column 2, line 15. Id.

**Uncontested.**

*Statement of Fact 25.* The '248 Patent bolster filler material is preferably cotton which is packed within the outer periphery of the bolster and is, inherently, removable by simply reversing the process and extracting the filler material. Id.

**Contested.** To remove the filler material would require destroying the bolster, which is sewn shut and then permanently sewn to the pocket that holds the bottom mattress. See FM Validity Ex. 12 at col. 2, lines 1-6, lines 6-34. The claim term *removable* (or *removably*) refers to the bolster and bottom cushion, not the filler material, and the term "excludes the removal by a means that would require excessive effort as to discourage a pet bed owner from removing the bolster and bottom cushion or destroy the bed." FM Validity Ex. 1 at col. 3, lines 40 and 43; FM Validity Ex. 16 at p. 7.

*Statement of Fact 26.* As disclosed by the '248 Patent, substantially all of the bolster material is disposed exteriorly (i. e., outside) about at least a portion of the perimeter (i.e.. outermost limits) of the bottom mattress. Id. This is reflected in '248 Figures 1 and 6. Id.

8

**Contested**. The pocket in Bins that forms the bottom of the bed is "approximately the same shape and size as the outer periphery of the annular bolster." FM Validity Ex. 12 at col. 2, lines 5-7. "Substantially all" of Bins' bolster is not "disposed exteriorly" of the bottom cushion. Rather, it is atop the bottom of the cushion. Id. at Fig. 6.

*Statement of Fact 27.* The bolster disclosed by the '248 Patent is not secured to the bottom mattress. Id. The '248 Patent also discloses an optional mattress cover (8) (see Figure 4). Id.

**Uncontested**.

*Statement of Fact 28.* United States Patent No. 5,010,843 to Henry ("the '843 Patent") entitled "Pet Bed" issued on April 30, 1991. See A075.

**Uncontested.**

*Statement of Fact 29.* The '843 Patent teaches the simple containment of bolster filler material within its own, separate liner. See A078 at col. 2, lines 44-53.

**Contested**. The '843 patent does not teach a bolster. A bolster is a long, narrow pillow. FM Validity Ex. 1 at Col. 2, line 4. Henry has semi-circular top cushions that cover most of the bottom cushion, forming a trough. FM Validity Ex. 10 at Figs. 1-6; col. 2, lines 30-37.

*Statement of Fact 30.* As taught by the '843 Patent specification, this separate liner allows the inner fill material to be removed and cleaned as necessary or desired. See id.

**Uncontested.**

*Statement of Fact 31.* The '843 Patent utilizes zipper openings (34), (35), (36) for the insertion and removal of both the bolster cushion (14, 16) and the base cushion (12). A076 (Figs. 1 and 2); A078 at col. 2, lines 44-53.

**Contested**. The '843 patent does not teach a bolster, which is a long, narrow pillow. FM Validity Ex. 1 at Col. 2, line 4.

***Statement of Fact 32.*** The '843 Patent discloses distinct fabric covers (12), (14), (16), each having a distinct and separate interior space for receiving and enclosing lined cushion fillers. A076 (Figs. 1 and 2); A078 at col. 2, lines 44-53.

**Uncontested.**

***Statement of Fact 33.*** The distinct interior spaces are physically separated by stitching. A078 at col. 2, lines 16-29.

**Contested.** The covers surrounding the distinct interior spaces of the '843 patent are physically attached or joined (not separated) by stitching. FM Validity Ex. 10 at col. 2, lines 16-29.

***Statement of Fact 34.*** The Doskocil Accused Bed includes four basic components: (1) a separately removable bottom cushion; (2) a separately removable bolster cushion; (3) a separate zippered fabric cover for the bottom cushion; and (4) a separate zippered fabric cover for the bolster cushion. These four basic components are illustrated and identified in the accompanying photographs as components 1-4, respectively. A200-A203. In its final form, the separate zippered fabric cover for the bottom cushion [3] is stitched to the separate zippered fabric cover for the bolster [4], thereby creating a unified bed structure. A200-A203; A193-A194 at Admission 18; A196-A197 at 46:12 to 47:20 (explaining construction of the Doskocil Accused Bed).

**Contested.** The Doskocil bed does not have separate covers for the bottom cushion and the bolster cushion. Doskocil's cover is made of various pieces of material sewn together at a common seam to form a single cover with pockets for the bolster and cushion. FM Infr. Ex. 10 at pp. 27-28; Handelsman Decl. in Opposition to Defendants' Motions for Summary Judgment at ¶¶2-4.

***Statement of Fact 35.*** The bottom cushion [1] may be inserted through the zippered opening in the bottom fabric cover [3] to form the bottom portion of the Doskocil Accused Bed; similarly, the bolster cushion [2] may be inserted through the zippered opening in the bolster fabric cover [4] to form the bolster portion of the Doskocil Accused Bed. A200-A203; A192 at Admission 15.

**Contested.** The Doskocil bed does not have separate covers for the bottom cushion and the bolster cushion. Doskocil's cover is made of various pieces of material sewn together at a common seam to form a single cover with pockets for the bolster and cushion. FM Infr. Ex. 10 at pp. 27-28; Handelsman Decl. in Opposition to Defendants' Motions for Summary Judgment at ¶¶2-4.

**Statement of Fact 36.** The bottom cushion [1] and bolster cushion [2] are thereby contained within two distinct and separate pockets. A200-A203; A 192- A 193 at Admissions 16 and 17. The Doskocil Accused Bed has no straps securing or affixing the bolster to the outer covering. A185 at Admission 4.

**Contested.** The pockets are not separate because they are both within the same outer covering. Handelsman Decl. in Opposition to Defendants' Motions for Summary Judgment at ¶3.

STATEMENT OF ADDITIONAL MATERIAL FACTS BY FLEXI-MAT

**Statement of Fact 1.** There was an unmet need in the industry for a pet bed of the type described and claimed in the '502 patent. Elesh Declaration at ¶¶ 3 and 4.

**Statement of Fact 2.** Flexi-Mat's patented bolster bed has had significant commercial success.

> During the period July 2000 to June 2005, Flexi-Mat's sales of bolster beds totaled in excess of 150,000 units and $ 7.5 million. This product created an entirely new niche of luxury pet beds that retailed in the range of $100-$200. Previous pet beds were primarily round or rectangular cushions, with and without foam walls, that retailed for under $80. Flexi-Mat's bolster beds had a different construction, and were sold to the public through retailers such as Orvis, L.L. Bean, Frontgate, In the Company of Dogs, and Drs. Foster & Smith. Frontgate, for example, had only one pet bed in its catalog when Flexi-Mat began selling its bed to Frontgate. Once Frontgate began selling Flexi-Mat's bolster bed, Frontgate stopped selling the other round pet bed. Frontgate was so enthused with Flexi-Mat's bolster bed that it paid for advertisements of the bolster bed in SkyMall magazine, the magazine commonly found on commercial airlines, and I believe Frontgate has continued to pay for those advertisements over approximately a five year period. As another example, L.L. Bean had been selling only beds made pursuant to L.L. Bean's own design, but when it saw Flexi-Mat's bolster bed, it purchased those beds from Flexi-Mat. I believe Flexi-Mat's bed remains the only pet bed sold by L.L. Bean that is not made according to L.L. Bean's own designs. As an additional example, Orvis sells a number of pet beds, but in September 2003 it described Flexi-Mat's bolster bed as "our strongest seller and getting stronger," as shown in the attached Exhibit 1, FM 010157.

Elesh Declaration at ¶5.

**Statement of Fact 3.** Dallas copied Flexi-Mat's patented bolster bed and offered it for sale to Costco and to BJ's. FM Infr. Ex. 12; FM Infr. Ex. 13; FM Infr. Ex. 15; FM Infr. Ex. 16 (the Orvis "Comfort Couch is

sold to Orvis by Flexi-mat and is the patented bolster bed, Elesh Decl. at § 6); FM Infr. Ex. 17, FM Infr. Ex. 18. Dallas has even referred to its bolster bed as a "knock off of flexi bed." FM Infr. Ex. 14.

**Statement of Fact 4.**   When BJ's began selling the accused Dallas bed in the fall of 2003, Flexi-Mat obtained one of Dallas' bolster beds from a BJ's outlet. Elesh Declaration at 8. The following images are pictures of the actual bed sold by Dallas to BJ's in the fall of 2003 and of Flexi-Mat's patented "Comfort Couch" and the pictures of Flexi-Mat's patented bolster bed sent to China by Dallas. *Id.*



Flexi-Mat's Comfort Couch

Image of Flexi-Mat's Bed Sent to China by Dallas

Dallas' Bolster Bed Purchased from BJ's

**Statement of Fact 5.**   In addition to defendants here, other manufacturers copied Flexi-Mat's commercially successful bolster bed, including Trade Lines, Wynken, Blynken & Fido, American Recreation Products, and New England Serum. Each of these copiers have, by agreement, stopped making and selling infringing pet beds. Elesh Declaration at ¶7.

|  | Respectfully submitted, |
|---|---|
| Dated:  January 9, 2006 | /s Richard B. Myrus |
|  | Richard B. Myrus (BBO # 638793)<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, MA 02109<br>Telephone:  (617) 570-1058<br>Facsimile:  (617) 523-1231<br><br>Michael Husmann<br>MICHAEL BEST & FRIEDRICH LLP<br>100 East Wisconsin Avenue<br>Suite 3300<br>Milwaukee, WI 53202-4108<br><br>Larry L. Saret<br>Lisa C. Childs<br>Gretchen M. Hosty<br>MICHAEL BEST & FRIEDRICH LLP<br>Two Prudential Plaza<br>180 North Stetson Avenue<br>Suite 2000<br>Chicago, IL 60601<br>Phone: (312) 222-0800<br>Fax: (312) 222-0818<br><br>Attorneys for Plaintiff<br>Flexi-Mat Corporation |

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/hand on  1/09/2006 .
     electronically
/s/ Richard B. Myrus