# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04 10162 DPW |
| DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, BJ'S WHOLESALE CLUB, INC., a Delaware corporation, and DOSKOCIL MANUFACTURING COMPANY, INC., a Texas corporation, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| AND RELATED COUNTERCLAIMS. | ) ) ) | |

## DEFENDANTS' STATEMENT OF GENUINE ISSUES IN OPPOSITION TO FLEXI-MAT'S MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT

Pursuant to Local Rule 56.1, Defendants Dallas Manufacturing Company, Inc., BJ's Wholesale Club, Inc., and Doskocil Manufacturing Company, Inc. hereby submit the following Statement of Genuine Issues in opposition to FLEXI-MAT'S MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT.

## STATEMENT OF GENUINE ISSUES

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| 1.      This case involves pet beds and in particular, pet beds having a bottom cushion and a bolster within an outer covering. | **Undisputed.** |
| 2.      Plaintiff Flexi-Mat Corporation ("Flexi-Mat"), a manufacturer of pet products, owns U.S. Patent No. 5,765,502 (the '502 patent), entitled "Pet Bed With Removable Bolster." FM Infr. Ex. 1. | **Undisputed.** |
| 3.      Defendant BJ's Wholesale Club, Inc. ("BJ's") is a wholesale club that sells various products including the accused pet beds. FM Infr. Ex. 4 at p. 1 | **Disputed:**  Defendant and Counterclaimant BJ's Wholesale Club, Inc. ("BJ's Wholesale Club") sells only some of the accused pet beds. (SIMON HANDELSMAN'S EXPERT REPORT ON INFRINGEMENT, "Handelsman Rpt.," at 3-5 & Exhs. A-G, attached as Exhibit 3 to FLEXI-MAT'S MEMORANDUM IN SUPPORT OF ITS |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| | MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT, "Flexi-Mat's Infringement Memo."; EXPERT REPORT OF SUZANNE FESSLER RE: INFRINGEMENT ISSUES FOR U.S. PATENT NO. 5,765,502, "Fessler Rpt.," at 13-21, attached as Exhibit 4 to Flexi-Mat's Infringement Memo; DECLARATION OF RICHARD MATHEWS IN SUPPORT OF DALLAS MANUFACTURING'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,765,502, "Mathews Decl.," ¶¶ 9-19 & Exhs. B-F; DECLARATION OF SUZANNE FESSLER IN SUPPORT OF DALLAS MANUFACTURING'S MOTION FOR SUMMARY JUDGMENT, "Fessler Decl.," at ¶ 5.) |
| 4. Defendants Doskocil Manufacturing Company, Inc. ("Doskocil") and Dallas Manufacturing Company ("Dallas") are manufacturers and suppliers of the accused pet beds to BJ's. FM Infr. Ex. 4 at p. 1. | **Disputed:** BJ's Wholesale Club sells only some of the accused pet beds. (*See* Defendants' Response to Alleged Undisputed Fact No. 3, *supra*.) |
| 5. Dallas also sells the accused pet beds to | **Disputed:** Dallas Manufacturing no longer |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| other wholesale clubs or retailers, such as Costco, Sam's Club, Bass Pro, and Big Lots. FM Infr. Ex. 4 at pp. 1, 16-19. | sells bolster pet beds to Sam's Club. (Deposition of Richard Mathews taken on June 28, 2005, "Mathews Depo.," at 246:4-16, attached as Exh. D to the DECLARATION OF GARY A. CLARK IN OPPOSITION TO FLEXI-MAT'S MOTIONS FOR SUMMARY JUDGMENT, "Clark Opp. Decl.") |
| 6.      The '502 patent describes a pet bed comprising an outer covering, a removable cushion disposed within the outer covering to form a combined bottom portion, and a bolster also within the outer covering. FM Infr. Ex. 1 at p.1, Abstract. Figure 5 from the patent (below) is representative. | **Disputed:**  The abstract of the '502 patent describes "[a] pet bed comprising an outer covering, a removable cushion disposed within the outer covering to form a cushioned bottom portion, and a bolster _removably affixed to the interior_ of the outer covering _and disposed about at least a portion of the perimeter of the bottom portion._  _The outer covering further includes a reclosable access opening permitting both the bottom cushion and bolster to be removed as needed._"  ('502 patent, Exh. 1 to Flexi-Mat's Infringement Memo., Abstract (emphasis added).) |
| 7.      The patent describes the outer covering | **Undisputed.** |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| as "preferably fabricated from a durable material, such as a fabric that is easily cleaned." FM Infr. Ex. 1, col. 2, lines 41-42. A "removable cushion 4 [is] disposed within a bottom pocket 12 formed in the outer covering 2 to form a cushioned bottom portion of the pet bed 1." FM Infr. Ex. 1, col. 2, lines 45-47. A bolster is also provided in the outer covering "within a bolster pocket 10" and is "disposed about at least a portion of the perimeter of the cushioned bottom portion of the pet bed 1." FM Infr. Ex. 1, col. 2, lines 51-54. | |
| 8.    Claim 1 is the only independent claim at issue. It states:<br><br>    1. A pet bed comprising:<br><br>        an outer covering;<br><br>        a removable cushion disposed within the outer covering to form a cushioned bottom portion; and<br><br>        a bolster removably disposed within the interior of the outer covering and substantially all of said bolster disposed exteriorly about at least a portion of the perimeter of the bottom portion | **Undisputed.** |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| without being secured to the removable cushion.<br><br>FM Infr. Ex. 1, col. 3, lines 38-46. | |
| 9.      Claims 2 and 3 depend on claim 1 and state, respectively:<br><br>    2. The pet bed of claim 1, wherein the outer covering further includes a reclosable access opening.<br><br>    3. The pet bed of claim 2, wherein the reclosable access opening further includes a zipper.<br><br>FM Infr. Ex. 1, col. 3, lines 47-50. | **Undisputed.** |
| 10.     Each of the Doskocil and Dallas accused bolster beds includes a removable bolster, a removable bottom cushion and an outer covering into which the bolster and cushion are placed.  The outer covering of both accused beds are divided into interior spaces, one for the bolster and one for the bottom cushion, that are each removable through zippered openings. Neither of the accused beds includes straps or ties that affix the bolster to the outer covering. | **Disputed:**  The bolster and bottom cushion of each of the accused Doskocil and Dallas Manufacturing bolster beds are placed into separate outer coverings and occupy separate interior spaces.  (Fessler Rpt. at 13-21 & photographs, attached as Exhibit 4 to Flexi-Mat's Infringement Memo.; Mathews Decl., ¶¶ 9-19 & Exhs. B-F; Fessler Decl., at ¶ 5.) |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| 11.    The infringement issues are defined in Defendants' responses to Flexi-Mat's interrogatories. In response to Flexi-Mat's interrogatory 4, which requests identification of Defendants' non-infringement positions, Defendants identified three such arguments. FM Infr. Ex. 7, pp. 5-8; FM Infr. Ex. 8, p. 7; FM Infr. Ex. 9. | **Disputed:** Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  The infringement issues are defined in the parties' briefs pertaining to the parties' motions for summary judgment.  In any event, Defendants identified more than three non-infringement arguments in their responses to Flexi-Mat's Interrogatory No. 4.  (Flexi-Mat's Infringement Memo., Exh. 7 at 4-10; *id.*, Exh. 8 at 7.) |
| 12.    Defendant's non-infringement arguments are explained in Defendants' joint expert report. FM Infr. Ex. 4. They are:<br><br>1) Defendants contend that the limitation of claim 1 requiring that the bolster and the bottom cushion be disposed within the interior of the outer covering "does not read on an outer covering with multiple interior spaces or compartments that are walled off from one another." (hereinafter the "outer covering limitation"). FM Infr. Ex. 4, p. 5.<br><br>2) Defendants contend that the limitation of claim 1 requiring that "substantially all" of the bolster be disposed exteriorly about the perimeter of the bottom portion requires that a | **Disputed:** Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  Defendants' non-infringement arguments are explained in their briefs pertaining to the parties' motions for summary judgment. |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| "significant amount of the bolster cannot be on top of the bottom cushion because then it would be within the perimeter of the cushion." (hereinafter the "substantially all" limitation). FM Infr. Ex. 4, p. 8.<br><br>Defendant Dallas contends that a significant portion of its bolster is on top of the bottom cushion.  FM Infr. Ex. 4, pp. 14-15. Doskocil's expert has admitted that its accused bed meets this limitation of claim 1. FM Infr. Ex. 4, pp. 19-20; FM Infr. Ex. 6, p. 282, line 24 to p. 283, line 3.<br><br>3) Defendants contend that the following claim language is a "means-plus-function" limitation that requires an infringing product to include ties, straps or equivalent structure which their pet beds lack:<br><br>a bolster removably disposed within the interior of the outer covering and substantially all of said bolster disposed exteriorly about at least a portion of the perimeter of the bottom portion without being secured to the removable cushion.<br><br>(hereinafter the "disposed within the outer covering" limitation). FM Infr. Ex. 4, p. 13. | |
| 13.    The outer covering of claims 1-3 of the '502 patent is not limited to those having a single interior compartment and reads directly on the Defendants' bolster beds that have | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  This legal conclusion includes a disputed claim construction, which is a |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| walled off compartments. FM Infr. Ex. 3, pp. 3-5. | question of law for the Court to decide. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed. 2d 577 (1996).<br><br>Claims 1-3 of the '502 patent are limited to beds having a single interior compartment. Claims 1-3 do not read on the Defendants' bolster beds. (*See* DEFENDANTS' MEMORANDUM IN OPPOSITION TO FLEXI-MAT'S MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT, "Defs.' Infringement Memo.," at 2-11, 15-18, including the declarations and exhibits referred to therein.) |
| 14.    Dallas' bolster bed does position the bolster such that substantially all of it is disposed exteriorly of the bottom cushion. FM Infr. Ex. 3, pp. 3-5. | **Disputed:** Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts. This legal conclusion includes a disputed claim construction, which is a question of law for the Court to decide. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| | In no way do Dallas Manufacturing's bolster beds position the bolster such that substantially all of it is disposed exteriorly about at least a portion of the perimeter of the bottom cushion. (*See* Defs.' Infringement Memo. at 11-13, 18-20, including the declarations and exhibits referred to therein; Fessler Rpt., Exh. 4 to Flexi-Mat's Infringement Memo., at 14-19; Mathews Decl., ¶¶ 10, 18; Deposition of Simon F. Handelsman taken on Nov. 1, 2005, "Handelsman Depo.," Exh. H to DECLARATION OF GARY A. CLARK IN SUPPORT OF DALLAS MANUFACTURING'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,765,502, "Clark Decl.," at 113:24-114:19; Deposition Exhibit 728, Exh. L to Clark Decl.; Exhibit B to Handelsman Rpt., Exh. C to Clark Opp. Decl.) |
| 15.    The accused beds employ structure identical or equivalent to the structure disclosed in the '502 patent for the "disposed | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  This legal conclusion includes a |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| within the outer covering" limitation. FM Infr. Ex. 1, col. 2, lines 51-67. | disputed claim construction, which is a question of law for the Court to decide. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).<br><br>The accused beds do not employ structure identical or equivalent to the structure disclosed in the '502 patent for disposing the bolster in its place.  In each of the accused beds, the bolster is held in place by its separate cover.  (Mathews Decl., ¶¶ 9-19; Fessler Rpt. at 14-20, attached as Exh. 4 to Flexi-Mat's Infringement Memo.)  None of the accused beds has fasteners, straps, or equivalent structure for holding the bolster in place.  (*Id.*) (*See also* Defs.' Infringement Memo. at 13-15, 20, including the declarations and exhibits referred to therein.) |
| 16.     The patent describes the outer covering as having a "bottom pocket" for the removable bottom cushion and a "bolster pocket" for the bolster. FM Infr. Ex. 1, col. 2, lines 45-47, 51- | **Undisputed.** |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| 54. | |
| 17.    "Removably affixing the bolster 6 within the bolster pocket 10 of the outer covering 2 has the advantage of lending structural integrity to the pet bed 1. Since the bolster 6 is much like a long, slender pillow, holding the bolster 6 in the bolster pocket 10 keeps the bolster relatively fixed in position with respect to the perimeter of the bottom portion of the pet bed 1." FM Infr. Ex. 1, col. 3, lines 1-7. | **Undisputed** that the specification of the '502 patent states this quoted language. |
| 18.    The patent specification supports a simple construction of "outer covering" that includes the "pockets," "interiors," and/or "compartments" that are featured in both Doskocil's and Dallas' bolster beds. FM Infr. Ex. 1, col. 2, lines 40-52 (identifying "pockets" formed in the outer covering). | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  This legal conclusion includes a disputed claim construction, which is a question of law for the Court to decide.  *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).<br><br>The claimed pet bed has an outer covering with just one interior space or compartment in |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| | which both the bottom cushion and the bolster are disposed. (*See* Defs.' Infringement Memo. at 2-11, including the declarations and exhibits referred to therein.) |
| 19.    Some of the claims originally filed by Flexi-Mat were initially rejected by the patent examiner, who stated:<br><br>        Claims 1-3, 7 and 8 are rejected … as being anticipated by Henry …. Henry shows a pet bed 10, see figure 5, having an outer covering (unnumbered) containing a zippered opening 34 for access to the interior, a base cushion 12 and semi-circular top cushions or bolsters 14" or 16". The top cushions or bolsters 14" or 16" are affixed to the edge 22 of the base cushion 12 in either a permanent (stitched) or removable (zippered or snapped) fashion, see column 2, lines 19-29.<br><br>FM Infr. Ex. 2 at DMC034. | **Undisputed.** |
| 20.    In response, Flexi-Mat argued that Henry did not anticipate its invention because:<br><br>        Henry suggests individual liners for each cushion and requires covers for the semicircular cushions 14, 16 which are <u>separate</u> from the cover for the base cushion. . . . Henry does not suggest a single cover for all of the cushions, and it would be difficult to design such a | **Undisputed** that Flexi-Mat's argument regarding Henry included the quoted language. |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| cover and assemble such a bed using the interconnected cushions of Henry. FM Infr. Ex. 2 at DMC042 (emphasis in original). | |
| 21.    Flexi-Mat argued that Henry does not disclose a "single cover" encompassing the bolster and the bottom cushion. FM Infr. Ex. 2 at DMC042. | **Undisputed** that Flexi-Mat's response included this argument. |
| 22.    Henry discloses "separate" covers for each top cushion and yet a third separate cover for the bottom cushion. FM Infr. Ex. 2 at DMC042. These separate and complete covers are then connected together. FM Infr. Ex. 2 at DMC042. | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  Moreover, the Henry patent does not require that the covers be formed separate and complete before being connected together. (Henry patent, Exh. 5 to Flexi-Mat's Infringement Memo.) |
| 23.    Henry so states: "To this end, the filler may be contained in its own liner (not shown) which is put into respective covers of the cushions 12, 14, 16 through zipper openings… provided in these covers." FM Infr. Ex. 5, col. 2. lines 47-50. Significantly, the term | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  This quotation does not support Flexi-Mat's claim that the Henry patent requires the covers to be formed separate and complete before being connected together.  In fact, the |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| "outer covering" was not amended by Flexi-Mat. FM Infr. Ex. 2 at DMC039. | Henry patent does not require that the covers be formed separate and complete before being connected together. (Henry patent, Exh. 5 to Flexi-Mat's Infringement Memo.) Moreover, the statement that "the term 'outer covering' was not amended by Flexi-Mat" is not significant. "[I]t is 'irrelevant whether [the inventor] relinquished [a] potential claim construction in an amendment to the claim or in an argument to overcome or distinguish a reference.'" *Hockerson-Halberstadt v. Avia Group Int'l*, 222 F.3d 951, 957 (Fed. Cir. 2000) (quoting *Elkay Mfg. Co. v. Ebco Mfg. Co.*, 192 F.3d 973, 979 (Fed. Cir. 1999)). |
| 24. The Patent and Trademark Office, however, was not satisfied with this argument. The patent examiner proposed "[a]dditional language … to insure that claim 1 read over the prior art patent to Henry," specifically, that "substantially all of said bolster [ must be] disposed exteriorly about at least a portion of | **Disputed:** Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts. Moreover, it is not clear whether the patent examiner proposed the additional claim language because she was unhappy with the "separate cover" argument or for some other reason. If the patent examiner expressed this |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| the perimeter of the bottom portion." FM Infr. Ex. 2 at DMC046; see also handwritten additions at DMC039. | view to Flexi-Mat during the interview, Flexi-Mat failed to make a record of it in the prosecution history.  During his deposition, Flexi-Mat's patent prosecutor, Larry L. Saret, said he did not recall whether it was his understanding that, without agreeing to at least some additional language, the examiner would not have allowed the patent.  (Deposition of Larry L. Saret taken on Sept. 13, 2005, "9/13/05 Saret Depo.," Exh. E to the Clark Decl., at 43:8-12.) |
| 25.     Without continuing its argument concerning Henry, Flexi-Mat agreed to the proposal made by the examiner. FM Infr. Ex. 2 at DMC044, DMC046. | **Disputed:**  The prosecution history contains no statement that Flexi-Mat did not continue its argument concerning Henry or that Flexi-Mat was retracting the "separate covers" argument in the prosecution history.  If Flexi-Mat did so, Flexi-Mat failed to make a record of it in the prosecution history.  (Flexi-Mat's Infringement Memo., Exh. 2 at DMC 000044-000046.) |
| 26.     When questioned about the '502 prosecution history and Henry, even | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| Defendants' own expert agreed that the disawoval was only to covers like Henry's that are complete and separate and then sewn together. | facts.  This legal conclusion includes a disputed claim construction, which is a question of law for the Court to decide.  *See* |

Defendants' own expert agreed that the disawoval was only to covers like Henry's that are complete and separate and then sewn together.

> Q. What do you mean by totally enclosed?
>
> A. It's surrounded, each one is surrounded by a piece of fabric; bolster one, bolster two and the cushion independently, they are surrounded by fabric. And then they are sewn together, so that they become a product of Henry's patent. . . . .
>
> Q. You don't believe he meant separate, meaning unattached?
>
> A. No.
>
> Q. Okay. Why? Why do you think that?
>
> A. Because your patent was, the inventor was trying to talk about one cover that enclosed both the bolster and the cushion.
>
> Q. Uh-huh.
>
> A. And Henry, he had to distinguish that Henry was separate entities put together, so that he could get around the Henry patent. Henry, it could be said --
>
> Q. Okay.
>
> A. -- it's a totally covered pet bed.
>
> Q. Okay.
>
> A. But until and unless he distinguishes that the cushions, the cushion is

facts.  This legal conclusion includes a disputed claim construction, which is a question of law for the Court to decide.  *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).  Ms. Fessler is not a lawyer and, while she is qualified to opine on technical issues, she is not competent to opine on whether Flexi-Mat's patent lawyer, in his response to the patent examiner's Office Action dated June 27, 1997, limited his prosecution disclaimer to covers that are complete and separate before being sewn together. Moreover, "testimony as to what a reasonable competitor would conclude from the prosecution history cannot create a genuine issue of material fact so as to bar summary judgment."  *Bayer AG v. Elan Pharm. Res. Corp.*, 212 F.3d 1241, 1254 (Fed. Cir. 2000) (holding that declaration of expert witness did not create genuine issue of fact with respect to how competitor would reasonably view prosecution history of patent in suit, since issue

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| separated from the bolster with a separate, if you will, pocket, that is closed and then they are sewn together, that's the only way he can, he got around Henry in my view.<br><br>FM Infr. Ex. 6, p. 201, line 21 to p. 202, line 1; <br><br>p. 203, lines 3-22. | of whether particular subject matter was relinquished during prosecution is determined as matter of law).<br><br>In any event, Ms. Fessler never agreed that Flexi-Mat disclaimed only covers that are complete and separate before being sewn together.  Ms. Fessler recognized that the manufacturing process for the Henry patent likely involved surrounding each cushion independently with a piece of fabric and then sewing them together, but never said Flexi-Mat limited its prosecution disclaimer to this process for making a pet bed.  (Deposition of Suzanne D. Fessler taken on Nov. 3, 2005, "Fessler Depo.," Exh. 6 to Flexi-Mat's Infringement Memo., at 200:25-203:22.)  Even assuming that Ms. Fessler had rendered such a legal opinion, it would be trumped by the Federal Circuit cases establishing that "[t]he patentability of a *product* does not depend on its *method of production*."  *In re Bell*, 991 F.2d |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| | at 785 (emphasis added); accord *In re Thorpe*, 777 F.2d at 697. |
| 27.     Neither Dallas nor Doskocil makes two separate covers, one for the bolster and one for the bottom cushion, and then sews them together as taught by Henry.  Dallas' and Doskocil's covers are both made of various pieces of material sewn together at a common seam to form a single cover with pockets for the bolster and cushion. FM Infr. Ex. 10 at pp. 27-28; FM Infr. Ex. 11 at p. 133, lines 1-8; last photo in FM Infr. Ex. 4 (showing "unsewn" bolster cover). | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  This legal conclusion includes a disputed claim construction, which is a question of law for the Court to decide.  *See Markman v. Westview Instruments, Inc*., 517 U.S. 370 (1996).

Each of the accused beds has two separate covers, one for the bolster and one for the bottom cushion, which are then sewn together as in the Henry patent.  (*See* Defs.' Infringement Memo. at 15-18, including the declarations and exhibits referred to therein.) |
| 28.     If Henry's covers were unsewn from each other, each cushion would remain fully enclosed within its respective cover. FM Infr. Ex. 5, col. 2, lines 49-50. | **Undisputed** that the covers of the Henry patent could be unsewn from each other so that each cushion would remain fully enclosed within its respective cover.  Defendants, however, note that this really depends on how the covers are |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| | unsewn. |
| 29.    If either Dallas' or Doskocil's alleged two separate "covers" were unsewn, their bolsters and bottom cushions would fall out of the outer covering because the seam in between the bolster and bottom cushion is what keeps them in the outer covering. See last photo in FM Infr. Ex. 4 (showing "unsewn" bolster cover). | **Disputed:**  This claim is false as to the accused Dallas Manufacturing beds.  If the covers for the bolster and bottom cushion of the accused Dallas Manufacturing beds were unsewn, the bottom cushion would stay in its covering because it completely surrounds the cushion. (*See* photographs at end of Fessler Rpt., Exh. 4 to Flexi-Mat's Infringement Memo. (showing both unsewn bolster cover and complete bottom cushion cover).)  This claim is also legally irrelevant as discussed in Defs.' Infringement Memo. at 18. |
| 30.    As admitted by Doskocil's expert:<br><br>Q. In your opinion, is the bolster on the Doskocil bed, is substantially all of that bolster disposed about the perimeter of the bottom portion of that bed?<br><br>A. Yes.<br><br>FM Infr. Ex. 6, p. 282, line 24 to p. 283, line 3. | **Undisputed.** |
| 31.    Dallas' bolster beds also have bolsters "substantially all of [which are] disposed | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| exteriorly about at least a portion of the perimeter of the bottom portion." Ex. B of FM Infr. Ex. 3. | facts.  This legal conclusion includes a disputed claim construction, which is a question of law for the Court to decide.  *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).<br><br>In no way do Dallas Manufacturing's bolster beds position the bolster such that substantially all of it is disposed exteriorly about at least a portion of the perimeter of the bottom cushion. (*See* Defs.' Infringement Memo. at 11-13, 18-20, including the declarations and exhibits referred to therein; Fessler Rpt., Exh. 4 to Flexi-Mat's Infringement Memo., at 14-19; Mathews Decl., ¶¶ 10, 18; Handelsman Depo., Exh. H to Clark Decl., at 113:24-114:19; Deposition Exhibit 728, Exh. L to Clark Decl.; Exhibit B to Handelsman Rpt., Exh. C to Clark Opp. Decl.) |
| 32.    Dallas' bed is not like Henry's bed, where all of the top cushion lies over the bottom cushion. Compare Ex. B of FM Infr. | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  Additionally, as a factual matter, the |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| Ex. 3 with Figs. 1 and 2 of FM Infr. Ex. 5. | Henry patent explicitly states that "the top cushions can extend *beyond the edges* of the base cushion 12." (Henry patent, Exh. 5 to Flexi-Mat's Infringement Memo., col. 3, lines 18-19 (emphasis added).) Moreover, the Henry patent states that the cushions may be "filled with any suitable cushion material, for example, layers of plastic foam or resilient foam particles, semi-rigid or rigid beading, cloth filler, and the like." (*Id.*, col. 2, lines 44-47.) A bed filled with foam, beads, or cloth can be deformed, fluffed, or plumped up so that its shape changes. (Fessler Rpt. at 10, attached as Exhibit 4 to Flexi-Mat's Infringement Memo.) It was foreseeable that someone might design a bed in accordance with the Henry patent in which the bolster covering is sewn to the top of the covering for the bottom cushion, but a significant amount of the bolster might extend or "flop" over the perimeter. (*Id.*) |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| 33.    Dallas' pet beds are constructed so that if a pet were to lean on or against the bolster, the bolster would move so that part of it leans over the side of the bottom cushion. FM Infr. Ex. 4, pp. 14-15. | **Undisputed**, although Dallas Manufacturing notes that its expert, Ms. Fessler, clearly opined that, "[a]lthough a person or pet could push the bolster so that part of it leans over the side of the bottom cushion, _at no time does substantially all of the bolster lean over the side of the bottom cushion_."  (Fessler Rpt., Exh. 4 to Flexi-Mat's Infringement Memo., at 14-15 (emphasis added).) |
| 34.    A configuration of a pet bed in which the top of the bed's bolster is higher vertically than the top of its bottom portion is what is shown in the figures of the '502 patent, and nothing in the claims limits the elevation of the bolster relative to the bottom portion. See Fig. 2 of FM Infr. Ex. 1. | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  This legal conclusion includes a disputed claim construction, which is a question of law for the Court to decide.  _See Markman v. Westview Instruments, Inc._, 517 U.S. 370 (1996). |
| | Claim 1 requires that substantially all of the bolster be disposed around or outside the perimeter of the bottom cushion, not on top of it.  (_See_ Defs.' Infringement Memo. at 11-13, |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| | including the declarations and exhibits referred to therein.) |
| 35.    The limitation Dallas argues is a means-plus-function limitation,<br><br>a bolster removably disposed within the interior of the outer covering and substantially all of said bolster disposed exteriorly about at least a portion of the perimeter of the bottom portion without being secured to the removable cushion,<br><br>contains no functional language. | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  This legal conclusion includes a disputed claim construction, which is a question of law for the Court to decide.  *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).<br><br>The limitation "substantially all of said bolster disposed exteriorly about at least a portion of the perimeter of the bottom portion" contains functional language.  (*See* Defs.' Infringement Memo. at 13-15, including the declarations and exhibits referred to therein; '502 patent, Exh. 1 to Flexi-Mat's Infringement Memo., col. 2, lines 9-12 & lines 61-62; Deposition of Scott Haugh taken on Sept. 14, 2005, "9/14/05 Haugh Depo.," Exh. F to Clark Decl., at 46:14-47:1, 68:24-69:18; Handelsman Depo., Exh. H to Clark Decl., at 88:8-90:4.) |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| 36.     A "bolster" is a structure, i.e., a long, slender pillow, as the '502 Patent explains. FM Infr. Ex. 1, col. 2, line 4. The remaining language in the cited limitation, rather than recite any function for the claimed structure, simply describes that bolster structure in relation to other structures. The bolster:<br><br>1) must be "disposed within the interior of the [structure of the] outer covering";<br><br>2) "substantially all of said bolster [must be] disposed exteriorly about at least a portion of the perimeter of the [structure that is the] bottom portion" and<br><br>3) must not be "secured to the [structure that is the] removable cushion."<br><br>FM Infr. Ex. 1, col. 3, lines 38-46. | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  This legal conclusion includes a disputed claim construction, which is a question of law for the Court to decide.  *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).<br><br>The limitation "substantially all of said bolster disposed exteriorly about at least a portion of the perimeter of the bottom portion" recites the function of disposing substantially all of the bolster exteriorly about at least a portion of the perimeter of the bottom portion.  (*See* Defs.' Infringement Memo. at 13-15, including the declarations and exhibits referred to therein; '502 patent, Exh. 1 to Flexi-Mat's Infringement Memo., col. 2, lines 9-12 & lines 61-62; 9/14/05 Haugh Depo., Exh. F to Clark Decl., at 46:14-47:1, 68:24-69:18; Handelsman Depo., Exh. H to Clark Decl., at 88:8-90:4.) |

Case 1:04-cv-10162-DPW     Document 102     Filed 01/09/2006     Page 26 of 33
| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| 37.     There is no language in claim 1 that requires any "means" to keep the bolster "disposed exteriorly about at least a portion of the perimeter of the bottom portion." FM Infr. Ex. 1, col. 3, lines 38-46. | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  This legal conclusion includes a disputed claim construction, which is a question of law for the Court to decide.  *See Markman v. Westview Instruments, Inc*., 517 U.S. 370 (1996).<br><br>The word "means" does not appear in claim 1. But claim 1 fails to recite structure to carry out the function of disposing the bolster in place relative to the bottom cushion, which necessitates invoking 35 U.S.C. § 112, ¶ 6. (*See* Defs.' Infringement Memo. at 13-15, including the declarations and exhibits referred to therein; '502 patent, Exh. 1 to Flexi-Mat's Infringement Memo., col. 2, lines 9-12 & lines 61-62; *id*., col. 3, lines 42-46; 9/14/05 Haugh Depo., Exh. F to Clark Decl., at 46:14-47:1, 68:24-69:18; Handelsman Depo., Exh. H to Clark Decl., at 88:8-90:4.) |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| 38.    The '502 patent teaches the use of "pockets," "straps" or "fasteners" to retain the bolster and bottom cushion in the claimed spatial relationship.  FM Infr. Ex. 1, col. 2, lines 51-67. | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  This legal conclusion includes a disputed claim construction, which is a question of law for the Court to decide. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).<br><br>Although the patent specification mentions "pockets," it merely states that the outer covering has a bolster pocket, in which a bolster is removably affixed.  The specification makes clear that it is the fasteners or straps that removably affix the bolster in the pocket in order to keep the bolster in place.  There is no suggestion that the pocket itself keeps the bolster in place; if it did, there would no need for straps or fasteners.<br><br>The specification fails to link the pockets to the function of disposing the bolster exteriorly about at least a portion of the perimeter of the |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| | bottom portion. (*See* Defs.' Infringement Memo. at 13-15, including the declarations and exhibits referred to therein; '502 patent, Exh. 1 to Flexi-Mat's Infringement Memo., col. 2, lines 9-12 & lines 61-62; 9/14/05 Haugh Depo., Exh. F to Clark Decl., at 46:14-47:1, 68:24-69:18; Handelsman Depo., Exh. H to Clark Decl., at 88:8-90:4.) |
| 39.     The outer covering of both accused beds have interior spaces, one for the bolster and one for the bottom cushion, that are accessible through their respective zippered openings. The defendants have made walled compartments or "pockets" for their bolster for "keeping the bolster 'disposed exteriorly about at least a portion of the perimeter of the bottom portion.'" This is the same structure disclosed in the '502 patent. That Defendants' pockets are walled off from each other does not distinguish them from the '502 patent because they too retain the bolster and bottom cushion | **Disputed:** Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts. This legal conclusion includes a disputed claim construction, which is a question of law for the Court to decide. *See Markman v. Westview Instruments, Inc*., 517 U.S. 370 (1996).<br><br>The accused beds have separate outer coverings for the bolster and bottom cushion. The separate outer coverings, interior spaces and compartments are not the same as or equivalent to the structure disclosed in the '502 patent for keeping the bolster disposed in its |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| in the claimed spatial relationship.  FM Infr. Ex. 3 at pp. 3-5, Exs. A, B. | place.  Moreover, the accused Dallas Manufacturing beds do not have their bolsters "disposed exteriorly about at least a portion of the perimeter of the bottom portion."  (*See* Defs.' Infringement Memo. at 13-15, 18-20, including the declarations and exhibits referred to therein; '502 patent, Exh. 1 to Flexi-Mat's Infringement Memo., col. 2, lines 9-12 & lines 61-62; 9/14/05 Haugh Depo., Exh. F to Clark Decl., at 46:14-47:1, 68:24-69:18; Handelsman Depo., Exh. H to Clark Decl., at 88:8-90:4.) |
| 40.    Dallas' and Doskocil's bolster beds are pet beds. FM Infr. Ex. 4 at p. 1. | **Undisputed.** |
| 41.    Dallas's and Doskocil's bolster beds have an outer covering. FM Infr. Ex. 3 at pp. 3-5, Exs. A, B. | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  This legal conclusion includes a disputed claim construction, which is a question of law for the Court to decide.  *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| | The accused bolster beds have two outer coverings, one for the bolster and one for the bottom cushion. (*See* Defs.' Infringement Memo. at 2-11, 15-18, including the declarations and exhibits referred to therein.) |
| 42.    Dallas's and Doskocil's bolster beds have a removable cushion disposed within the outer covering to form a cushioned bottom portion. FM Infr. Ex. 3 at pp. 3-5, Exs. A, B. | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  This legal conclusion includes a disputed claim construction, which is a question of law for the Court to decide.  *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996). <br><br> The accused bolster beds have two outer coverings, one for the bolster and one for the bottom cushion.  (*See* Defs.' Infringement Memo. at 2-11, 15-18, including the declarations and exhibits referred to therein.) |
| 43.    Dallas's and Doskocil's bolster beds have a removable bolster. FM Infr. Ex. 3 at pp. 3-5, Exs. A, B. | **Undisputed.** |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| 44.    The bolster of Dallas's and Doskocil's bolster beds is removably disposed within the interior of the outer covering and substantially all of said bolster disposed exteriorly about at least a portion of the perimeter of the bottom portion. FM Infr. Ex. 3 at pp. 3-5, Exs. A, B. | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  This legal conclusion includes a disputed claim construction, which is a question of law for the Court to decide.  *See Markman v. Westview Instruments, Inc*., 517 U.S. 370 (1996).<br><br>The accused bolster beds have two outer coverings, one for the bolster and one for the bottom cushion.  The accused bolster beds also lack the disclosed structure for performing the function of disposing the bolster exteriorly about at least a portion of the perimeter of the bottom portion.  The accused Dallas Manufacturing beds additionally do not have substantially all of their bolsters disposed exteriorly about at least a portion of the perimeter of the bottom portion.  (*See* Defs.' Infringement Memo. at 11-13, 18-20, including the declarations and exhibits referred to therein.) |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
|---|---|
| 45.    The bolster of Dallas's and Doskocil's bolster beds is not secured to the removable cushion. FM Infr. Ex. 3 at pp. 3-5, Exs. A, B. | **Undisputed.**  In the accused beds, the bolsters are not capable of being secured to the bottom cushions in the sense referred to in the '502 patent because the bolsters are not in the same interior space as the bottom cushions. |
| 46.    Dallas's and Doskocil's bolster beds have a reclosable access opening. FM Infr. Ex. 3 at pp. 3-5, Exs. A, B. | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  This legal conclusion includes a disputed claim construction, which is a question of law for the Court to decide.  *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).<br><br>The accused bolster beds have two reclosable access openings.  (*See* Defs.' Infringement Memo. at 15-18, including the declarations and exhibits referred to therein.) |
| 47.    The reclosable access opening of Dallas's and Doskocil's bolster beds has a zipper. FM Infr. Ex. 3 at pp. 3-5, Exs. A, B. | **Disputed:**  Flexi-Mat has improperly included this legal conclusion among its uncontroverted facts.  This legal conclusion includes a disputed claim construction, which is a |

| ALLEGED UNDISPUTED FACT | DEFENDANTS' RESPONSE |
| --- | --- |
|  | question of law for the Court to decide.  *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).<br><br>The accused bolster beds have two reclosable access openings and two zippers.  (*See* Defs.' Infringement Memo. at 15-18, including the declarations and exhibits referred to therein.) |

Attorneys for Defendants & Counterclaimants
DALLAS MANUFACTURING COMPANY, INC.
and BJ'S WHOLESALE CLUB, INC.

/s/ Darren M. Franklin
Gary A. Clark (*pro hac vice*)
Darren M. Franklin (*pro hac vice*)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
Telephone:      (213) 620-1780
Facsimile:      (213) 620-1398
E-mail:          gclark@sheppardmullin.com
                     dfranklin@sheppardmullin.com

Dated:    January 9, 2005

James J. Marcellino, Esq. (BBO # 318840)
David M. Mello, Esq. (BBO # 634722)
MCDERMOTT, WILL & EMERY
28 State Street
Boston, Massachusetts  02109-1775
Telephone:      (617) 535-4000
Facsimile:      (617) 535-3800
E-mail:          jmarcellino@mwe.com
                     dmello@mwe.com

Attorneys for Defendants & Counterclaimants
DOSKOCIL MANUFACTURING COMPANY, INC.
and BJ'S WHOLESALE CLUB, INC.

/s/ M. Scott Fuller
Roy W. Hardin (*pro hac vice*)
Martin Korn (*pro hac vice*)
M. Scott Fuller (*pro hac vice*)
LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201-6776
Telephone:      (214) 740-8556
Facsimile:      (214) 740-8800
E-mail:          rhardin@lockeliddell.com
                     mkorn@lockeliddell.com
                     sfuller@lockeliddell.com