**EXHIBIT A**

Case 1:04-cv-10162-DPW    Document 103-2    Filed 01/09/2006    Page 1 of 7

Larry Saret - 9/21/2005

Page 1

1               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
2

3 FLEXI-MAT CORPORATION, an     )
  Illinois corporation,         )
4                              )
           Plaintiff,       )
5                              ) No. 04 10162 DPW
   vs.                        )
6                              )
  DALLAS MANUFACTURING COMPANY,  )
7 a Texas corporation, BJ'S      )
  WHOLESALE CLUB, INC., a Delaware )
8 Corporation, and DOSKOCIL       )
  MANUFACTURING COMPANY, INC., a  )
9 Texas corporation,           )
                             )
10            Defendants.      )
  -----------------------------------)
11 DALLAS MANUFACTURING COMPANY,   )
  INC., a corporation,          )
12                              )
           Counter-claimant,  )
13                              )
   vs.                        )
14                              )
  FLEXI-MAT CORPORATION, a       )
15 corporation,                )
                             )
16           Counter-defendant. )
  -----------------------------------)
17 BJ'S WHOLESALE CLUB, INC., a    )
  corporation,                )
18                              )
           Counter-claimant,  )
19                              )
   vs.                        )
20                              )
  FLEXI-MAT CORPORATION, a       )
21 corporation,                )
                             )
22           Counter-defendant. )
  -----------------------------------)
23
              Deposition of LARRY SARET
24

Page 2

```
 1   DOSKOCIL MANUFACTURING COMPANY,  )
     INC., a corporation,              )
 2                                     )
                Counter-claimant,      )
 3                                     )
        vs.                            )
 4                                     )
     FLEXI-MAT CORPORATION, a          )
 5   corporation,                      )
                                       )
 6              Counter-defendant.     )

 7

 8          The deposition of LARRY SARET, taken in the

 9   above entitled case, before Lydia B. Pinkawa, CSR

10   and Notary Public in and for the County of Cook and

11   State of Illinois, on the 21st day of September,

12   2005, at 9:50 a.m., at 17th Floor, 401 North

13   Michigan Avenue, Chicago, Illinois, pursuant to

14   notice.

15

16

17      PRESENT:

18          MICHAEL BEST & FRIEDRICH, LLP,
            By MR. MICHAEL E. HUSMANN,
19          100 East Wisconsin Avenue, Suite 3300,
            Milwaukee, Wisconsin  53202-4108,
20          (414) 271-6560

21             appeared on behalf of Flexi-Mat
               Corporation,
22

23

24
```

Page 3

```
 1      PRESENT:  (Cont'd)

 2           LOCKE LIDDELL & SAPP, LLP,
             By MR. M. SCOTT FULLER and
 3              MR. ROY HARDIN,
             2200 Ross Avenue, Suite 2200,
 4           Dallas, Texas  75201-6776,
             (214) 740-8601
 5
                appeared on behalf of Doskocil
 6              Manufacturing Company.

 7      PRESENT VIA TELEPHONE:

 8           SHEPPARD MULLIN RICHTER & HAMPTON, LLP,
             By MR. DARREN M. FRANKLIN,
 9           333 South Hope Street, 48th Floor,
             Los Angeles, California  90071-1448,
10           (213) 620-1780

11              appeared on behalf of Dallas
                Manufacturing Company and BJ's Wholesale
12              Club, Inc.

13

14
                              I N D E X
15                            - - - - -

16      WITNESS
        _____
17         Larry Saret

18      EXAMINED_BY                              PAGE
        _____                              ____
19         Mr. Fuller                              4

20

21              NO_EXHIBITS_WERE_MARKED
             __ _____ ____ _____

22

23

24
```

Page 63

1   A   It was a part.

2   Q   Why did you feel that that was a
3   distinction between the 502 patent and the Henry
4   reference?

5       MR. HUSMANN: Well, I'm going to object.
6   Are you asking him about the issue claims of the
7   502 or are you talking about the claims that he
8   was seeking to distinguish at the time these
9   remarks were made?

10      MR. FULLER: At the time.

11  A   Claim number 1, for example, called for an
12  outer covering. I didn't believe that was true in
13  Henry.

14  Q   You don't believe Henry showed an outer
15  covering or you didn't at the time believe that
16  Henry showed an outer covering?

17  A   That's correct.

18  Q   And the reason Henry did not show an outer
19  covering is because cushions 14 and 16 were
20  contained within covers which were stitched to the
21  cover for the base cushion 12, is that accurate?

22  A   I believe my argument was that they were
23  separate from the cover for the base cushion.

24  Q   Separate meaning not attached?

Page 64

1   A   I believe I was thinking in terms of
2   separate meaning what separate typically means which
3   is, in my mind, different from.
4   Q   What does it mean in your mind?
5   A   Now or then?
6   Q   Then.
7   A   That they were, I can't think of a better
8   word than separate, honestly.
9   Q   Separate means separate?
10  A   Yes.
11  Q   But you recognize that the semicircular
12  cushions are attached to the circular base by
13  stitching, correct?
14  A   You're asking me what I recalled then?
15  Q   I'm asking you your understanding of Henry
16  at that point in time was that the semicircular
17  cushions were attached to the circular base by
18  stitching.
19  A   Yes, that's what I said.
20  Q   So your understanding of the word separate
21  could not encompass covers that were not attached by
22  stitching?
23  A   I don't understand the question.
24  Q   Your understanding at the time was that the

```
 1   STATE OF ILLINOIS)
                     ) SS.
 2   COUNTY OF C O O K)

 3              I, LYDIA B. PINKAWA, CSR and Notary Public
 4   in and for the County of Cook and State of Illinois,
 5   do hereby certify that on September 21, 2005, at
 6   9:50 a.m., at 17th Floor, 401 North Michigan Avenue,
 7   Chicago, Illinois, the deponent LARRY SARET
 8   personally appeared before me.
 9              I further certify that the said Larry Saret
10   was by me first duly sworn to testify and that the
11   foregoing is a true record of the testimony given by
12   the witness.
13              I further certify that the deposition
14   terminated at 1 p.m.
15              I further certify that I am not counsel for
16   nor related to any of the parties herein, nor am I
17   interested in the outcome hereof.
18              In witness whereof, I have hereunto set my
19   hand and seal of office this 28th day of September,
20   2005.
21
22                                         Notary Public
23
24   CSR No. 084-002342 - Expiration Date: May 31, 2007
```

"OFFICIAL SEAL"
Lydia B. Pinkawa
Notary Public, State of Illinois
My Commission Exp. 08/27/2009