UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation, <br><br> Plaintiff, <br><br> v. <br><br> DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, BJ'S WHOLESALE CLUB, INC., a Delaware corporation, and DOSKOCIL MANUFACTURING COMPANY, INC., a Texas corporation, <br><br> Defendants. | Civil Action No. 04 10162 DPW <br><br><br> DEFENDANT DOSKOCIL MANUFACTURING COMPANY, INC.'s <br><br> SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF FLEXI-MAT'S FIRST SET OF INTERROGATORIES |
| DALLAS MANUFACTURING COMPANY, INC., a corporation, <br><br> Counter-Claimant, <br><br> v. <br><br> FLEXI-MAT CORPORATION, a corporation, <br><br> Counter-Defendant. | |
| BJ'S WHOLESALE CLUB, INC., a corporation, <br><br> Counter-Claimant, <br> v. <br> FLEXI-MAT CORPORATION, a corporation, <br><br> Counter-Defendant. | |
| DOSKOCIL MANUFACTURING COMPANY, INC., a corporation, <br><br> Counter-Claimant, <br> v. <br><br> FLEXI-MAT CORPORATION, a corporation, <br><br> Counter-Defendant. | |

EXHIBIT C

**Interrogatory No. 1:** State the date on which Doskocil Manufacturing, or any officer, employee or agent of Doskocil Manufacturing, first knew of the existence of the '502 patent, describe in detail the circumstances of how Doskocil Manufacturing first knew of the existence of the '502 patent, and identify those persons most knowledgeable about such circumstances.

**Doskocil's Objection and Response to Interrogatory No. 1:** Doskocil objects to this Interrogatory to the extent the potential range of persons knowing "of the existence of the '502 patent" is overly broad and cannot impute knowledge on the part of Doskocil as a company. Doskocil further objects to this Interrogatory to the extent knowledge "of the existence of the '502 patent" is vague and ambiguous.

Subject to and without waiving these objections, Doskocil answers that it first became aware of the existence of the '502 patent on or about February 3, 2004, when Michael Cosgrove received a telephone call from Jim Pereira of BJ's Wholesale Club. The persons most knowledgeable about the circumstances of Doskocil's knowledge are Messrs. Brad Kane and Tim Vokes. In answering this Interrogatory, Doskocil expressly states that its response does not admit to any degree of "notice" of the '502 patent, as that term is used in 35 U.S.C. § 287.

**Interrogatory No. 2:** Identify each patent, publication, reference, device, public use, sale, offer for sale or other information or material, known to or considered by Doskocil Manufacturing as prior art or potential prior art with respect to the '502 patent.

**Doskocil's Objection and Response to Interrogatory No. 2:** Doskocil objects to this Interrogatory as being premature and seeking to improperly require Doskocil to set forth its prior art disclosures. Doskocil further objects to this Interrogatory to the extent it is not limited to "relevant" prior art and is overly broad. Doskocil further objects to this Interrogatory to the extent it seeks information covered by the attorney-client or attorney work product privileges.

Notwithstanding any disclosures herein, Doskocil expressly reserves the right to amend by addition or deletion the identification of prior art at any time.

Subject to and without waiving these objections, Doskocil answers by identifying the following: all patents, publications, and prior art identified or cited in the prosecution of the '502 patent, including U.S. Patent No. 5,010,843 to Henry entitled "Pet Bed." Doskocil further identifies the following United States Patents: (a) 655,087; (b) 2,408,382; (c) 3,566,423; (d) 3,902,456; (e) 4,872,228; (f) 4,873,734; (g) 5,455,973; (h) 4,754,513; (i) 2,032,248; (j) 5,586,350; (k) 5,109,559; (l) 5,421,044; (m) 5,588,393; and (n) 5,136,981. Doskocil further identifies the following foreign patent documents: (a) German patent (gebrauchsmuster) number 9,309,699; (b) Japanese patent publication number 07-051154; (c) European patent number 633,338; and (d) DE 3138463 (abstract).

**Interrogatory No. 3:** Identify each person involved in any investigation, consideration, report, opinion, analysis or review of the validity, enforceability and/or infringement of the '502 patent.

**Doskocil's Objection and Response to Interrogatory No. 3:** Doskocil objects to this Interrogatory to the extent it seeks information covered by the attorney-client or attorney work product privileges. Doskocil further objects to this Interrogatory as being vague and ambiguous with respect to the terms "investigation, consideration, report, opinion, analysis or review."

Subject to and without waiving these objections, Doskocil answers that Roy W. Hardin, Martin Korn, and M. Scott Fuller, attorneys in the firm Locke Liddell & Sapp, are the persons most involved in the analysis of the '502 patent.

**Interrogatory No. 4:** Identify in detail the factual basis for Doskocil Manufacturing's affirmative defense that "[d]efendant Doskocil has not infringed and does not infringe any valid

claim of the '502 patent, either literally or under the doctrine of equivalents," including but not limited to, the claimed elements or features allegedly missing from the "Berkeley & Jansen Premium Quality Bolster Pet Bed."

**Doskocil's Objection and Response to Interrogatory No. 4:** Doskocil objects to this Interrogatory to the extent the claims at issue in this litigation have not been construed by the Court as a matter of law, and Doskocil expressly reserves the right to amend its non-infringement and invalidity arguments in accordance with the Court's construction. Doskocil further objects to this Interrogatory to the extent it seeks information covered by the attorney-client or attorney work product privileges.

Subject to and without waiving these objections, Doskocil answers that the "Berkeley & Jansen Premium Quality Bolster Pet Bed" does not infringe any claim of the '502 patent because, at minimum: (a) it does not include "an outer covering" or any equivalent thereof; (b) it does not have straps for affixing the bolster within the bolster pocket; and (c) the claims of the '502 patent are invalid.

**Interrogatory No. 5:** Identify in detail the factual basis for Doskocil Manufacturing's affirmative defense that "[e]ach and every claim of the '502 patent is invalid and/or unenforceable under one or more provisions of the Patent Laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and 112."

**Doskocil's Objection and Response to Interrogatory No. 5:** Doskocil objects to this Interrogatory as premature because discovery is incomplete. Doskocil further objects to this Interrogatory to the extent it calls for information covered by the attorney-client and/or attorney work product privileges.

Subject to and without waiving these objections, Doskocil answers that the claims of the '502 patent are invalid under 35 U.S.C. §§ 102 and 103 in view of at least the patents identified in response to Interrogatory No. 2. Doskocil further answers that its position with respect to at least claims 1, 2, 3, 7, and 8 of the '502 patent are set forth in the Request for Reexamination filed with the Patent and Trademark Office, a copy of which has been provided to Plaintiffs and to the Court.

**Interrogatory No. 6:** Identify in detail the factual basis for Doskocil Manufacturing's affirmative defense that "[b]y virtue of the arguments made during the prosecution of the application for the '502 patent in order to obtain allowance of the claims, and statements made in the '502 patent, Plaintiff Flexi-Mat is estopped from asserting a claim construction that would encompass any pet beds supplied, manufactured or sold by Defendant Doskocil Manufacturing," including but not limited to, an identification of each of the arguments referenced in this affirmative defense.

**Doskocil's Objection and Response to Interrogatory No. 6:** Doskocil objects to this Interrogatory to the extent it seeks information covered by the attorney-client or attorney work product privileges.

Subject to and without waiving these objections, Doskocil answers that the multiple statements made during prosecution of the '502 patent with respect to the teachings of U.S. Patent No. 5,010,843, as well as the prosecution amendments to the claims, prevent any coverage of a pet bed comprising two separate pockets for the cushion and bolster, respectively. Doskocil further answers that its position with respect to this Interrogatory is at least partially set forth in the Request for Reexamination filed with the Patent and Trademark Office, a copy of which has been provided to Plaintiffs and to the Court.

Dated: ~~April~~ MAY 4, 2005

As to Objections,

_____
Roy W. Hardin
Martin Korn
M. Scott Fuller
LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue
Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000
Fax: (214) 756-8800

James J. Marcellino, Esq. (BBO # 318840)
David M. Mello, Esq. (BBO # 634722)
McDERMOTT, WILL & EMERY
28 State Street
Boston, MA 02109-1775
(617) 535-4000


As to Responses,

_____
For Doskocil Manufacturing Company, Inc.
VICE PRESIDENT & CFO

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were caused to be served on the following by the manner indicated on ~~April~~ MAY 4, 2005:

**By Facsimile and First Class Mail**

William A. Meunier, Esq.,
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109
Facsimile: (617) 523-1231

Larry L. Saret, Esq.
Manotti L. Jenkins, Esq.
Michael Best & Friedrich LLP
401 N. Michigan Avenue, Suite 1900
Chicago, IL 66011
Facsimile: (312) 222-0818

Darren M. Franklin
Gary A. Clark
Sheppard, Mullin, Richter & Hampton LLP
48th Floor
333 South Hope Street
Los Angeles, CA 90071-1448
Telephone: (213) 617-5498
Facsimile: (213) 620-1398

Attorneys for Defendant
Doskocil Manufacturing Company, Inc.