# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLEXI-MAT CORPORATION, an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 04 10162 DPW ) |
| DALLAS MANUFACTURING COMPANY, INC., a Texas corporation, BJ'S WHOLESALE CLUB, INC., a Delaware corporation, and DOSKOCIL MANUFACTURING COMPANY, INC., a Texas corporation, | ) ) ) ) ) **DEFENDANT DOSKOCIL** ) **MANUFACTURING COMPANY, INC.'s** ) ) **REPLY BRIEF IN SUPPORT** |
| Defendants. | ) **OF MOTION FOR** ) **SUMMARY JUDGMENT** |
| DALLAS MANUFACTURING COMPANY, INC., a corporation, | ) **OF INVALIDITY AND** ) **NON-INFRINGEMENT** ) **OF THE '502 PATENT** |
| Counter-Claimant, | ) ) |
| v. | ) ) |
| FLEXI-MAT CORPORATION, a corporation, | ) ) |
| Counter-Defendant. | ) ) |
| BJ'S WHOLESALE CLUB, INC., a corporation, | ) ) ) |
| Counter-Claimant, v. FLEXI-MAT CORPORATION, a corporation, | ) ) ) ) |
| Counter-Defendant. | ) ) |
| DOSKOCIL MANUFACTURING COMPANY, INC., a corporation, | ) ) ) |
| Counter-Claimant, v. | ) ) ) |
| FLEXI-MAT CORPORATION, a corporation, | ) ) |
| Counter-Defendant. | ) |

___

**Reply Brief in Support of Motion for Summary Judgment (Invalidity and Non-Infringement)**
DALLAS: 26935.00036: 1469320v1

Pursuant to the Court's Scheduling Order dated May 10, 2005, Defendant Doskocil Manufacturing Company, Inc. ("Doskocil") respectfully files this Reply Brief in Support of its Motion for Summary Judgment of Invalidity of Claims 1, 2, 3, 7 and 8, and Non-Infringement, of United States Patent Number 5,765,502 ("the '502 Patent").  Doskocil understands the Court's Scheduling Order [Docket No. 55] to be an express departure from the Local Rules; more specifically Local Rule 7.1(b)(3), which requires leave of Court to file reply briefs.  It is Doskocil's understanding that the Scheduling Order anticipates and permits the filing of reply briefs, and that leave has thus been granted to so file.  In the event Doskocil misconstrues the Court's Scheduling Order, it extends apologies to the Court, and leave to file the present paper is respectfully requested.

## I.    Claims 7 and 8 Have Never Been Removed From Contention

Plaintiff Flexi-Mat argues that there is no case or controversy, and hence no jurisdiction, over claims 7 and 8 of the '502 Patent because "Flexi-Mat has not asserted the infringement of either of these claims against any of the Defendants in this case."  Memorandum in Opposition at p. 2 [Docket No. 96].  Plaintiff's Complaint in this matter is not so limited, as it broadly alleges infringement directly, by inducement, and contributorily by Doskocil "of one or more claims of the '502 Patent."  Amended Complaint at para. 21 [Docket No. 18; further amended at Docket No. 44].  Plaintiff did not object to Doskocil's Declaratory Judgment pleading of invalidity as to *all claims* of the '502 Patent, and in fact raised validity of "each and every claim of the '502 Patent" as a defense to counterclaim.  *See* Docket No. 27.  Further, in the parties' general statement of the case in the more recent Joint Status Report, it is acknowledged that "defendants have each responded to the claim of infringement by denying infringement and alleging that [every claim of] U.S. Patent No. 5,765,502 is invalid."  Docket No. 72.  There is nothing in

Plaintiff's Complaint, nor in any paper filed with the Court by Plaintiff, expressly withdrawing claims 7 and/or 8.

Doskocil was and is wary of Flexi-Mat, based upon the totality of the circumstances, and for good reason. Having disclaimed any coverage of bolstered pet beds having distinct and separate interior spaces for respectively receiving the base cushion and bolster cushion, Flexi-Mat nevertheless filed suit against not only Doskocil, but Dallas Manufacturing and BJ's Wholesale Club as well. As Flexi-Mat's most recent briefing to the Court makes clear, there is no discernable limit to the creativity of its infringement theories. As will be addressed further *infra*, it is apparently Flexi-Mat's contention that the respective covers of the Doskocil bed, which share no common interior space and which are both completely sealed one from the other by stitching, nevertheless form a single "outer cover" because they do not both remain completely sealed *after disassembly of the bed*. Doskocil therefore finds no comfort in the fact that claims 7 and 8 of the '502 Patent plainly do not read on the Berkley & Jensen Premium Pet Bed, because neither do claims 1 through 3. In any event, Flexi-Mat controls the destiny of claims 7 and 8; it can remove them from contention in this matter by simply filing a covenant not to assert those claims against Defendants in the future based upon any act, activity, or product taking place or in existence prior to the date of the covenant. *Super Sack Mfg. Corp. v. Chase Packaging Corp.,* 57 F.3d 1054, 1058-60 (Fed. Cir. 1995).

## II.    The Claims of the '502 Patent Are Invalid

Plaintiff incorporates and adopts its arguments as to anticipation from its own brief in support of summary judgment of validity. *See* Memorandum in Opposition at p. 2 [Docket No. 96]. Doskocil likewise incorporates and adopts its arguments made in opposition to said motion. *See* Defendants' Opposition Brief [Docket No. 104].

Plaintiff further counters Doskocil's arguments concerning obviousness by asserting that Doskocil utilized hindsight reasoning to identify individual limitations and failed to present evidence as to motivation. Plaintiff is wrong in both respects. As an initial matter, the claims of the '502 Patent are each anticipated by the disclosures of the '044, '393, '981, '248, and/or '350 Patents. In the event the Court finds some lingering question of material fact as to anticipation, it is submitted that the claims of the '502 Patent are nevertheless obvious as a matter of law. "The legal conclusion, that a claim is obvious within [35 U.S.C.] § 103(a), depends on at least four underlying factual issues: (1) the scope and content of the prior art; (2) differences between the prior art and the claims at issue; (3) the level of ordinary skill in the pertinent art; and (4) evaluation of any relevant secondary considerations." *Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.,* 411 F.3d 1332, 1336 (Fed. Cir. 2005). Anticipation is a question of fact. *IPXL Holdings, L.L.C. v. Amazon.com, Inc.,* 430 F.3d 1377, 1380 (Fed. Cir. 2005).

Doskocil has made numerous facts pertaining to obviousness of record, including as part of Defendants' Brief in Opposition to Flexi-Mat's Motion for Summary Judgment of Invalidity, and hereby incorporates those facts and argument by reference. *See* Docket No. 104. Of record are facts addressing the underlying findings as to obviousness to be addressed by the Court. The cited references disclose each and every limitation of the subject claims of the '502 Patent, and any differences between the cited art and the claims of the '502 Patent which may be found to exist are slight. Further: (i) the references cited by Defendants are all within the inventor's field of endeavor, (ii) pet beds may be designed with furniture in mind, (iii) furniture is related to pet bedding, (iv) the preference of animals such as dogs to recline against supporting structures was well known in the art at the time of the invention, and (v) the Examiner of the '502 Patent independently cited a number of non-pet bed references against the claims. *Id.* at Statement of Fact 3, 5, 13, 14, 17; p. 12.

Any limitation determined by the Court as being absent from a given reference is otherwise clear from the art of record, and motivation to combine references in the present context may come from a variety of sources, including the nature of the problem to be solved, express teachings in the art, and/or the knowledge of one of ordinary skill in the art. *Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.,* 411 F.3d 1332, 1338 (Fed. Cir. 2005) ("A suggestion or motivation to modify prior art teachings may appear in the content of the public prior art, in the nature of the problem addressed by the invention, or even in the knowledge of one of ordinary skill in the art"). In the case of the '502 Patent, the problem addressed by the patentee was that of assembling a comfortable and washable pet bed which would satisfy "the animal's reluctance to quit the family sofa." Exhibit A [the '502 Patent] at col. 1, lines 9-63. The Court of Appeals for the Federal Circuit "has consistently stated that a court or examiner may find a motivation to combine prior art references in the nature of the problem to be solved. This form of motivation to combine is particularly relevant with simpler mechanical technologies." *Ruiz v. A.B. Chance Co.,* 357 F.3d 1270, 1276 (Fed. Cir. 2004). Again, pet beds and human furniture are related, and form the very basis of the problem confronting the inventor. The inventor of the '502 Patent himself was a furniture designer by trade. Exhibit B [Haugh transcript] at 6:14 to 10:2. Accordingly, in the unlikely event the Court finds some lingering question as to a material fact precluding a factual finding of anticipation, such question is readily answered by reference to the art of record, and a determination of obviousness as a matter of law is proper.

Plaintiff submits purported evidence concerning so-called "secondary considerations" related to patentability in opposition to Defendants' Motion for Summary Judgment of Invalidity. More particularly, Plaintiff offers a declaration from its President and CEO, James Elesh, in which Mr. Elesh quite capably recites sales figures and describes customer relations.

Notably absent from Mr. Elesh's declaration, and from Plaintiff's Memorandum in Opposition for that matter, is any identification of a causal nexus between the purported "invention" of the '502 Patent and the identified product sales. Without such nexus, the mere fact that a product proved popular is wholly irrelevant. *Merck & Co., Inc. v. Teva Pharmaceuticals USA, Inc.,* 395 F.3d 1364, 1376-77 (Fed. Cir. 2005); *Iron Grip Barbell Co., Inc. v. USA Sports, Inc.,* 392 F.3d 1317, 1324 (Fed. Cir. 2004).

Plaintiff further offers evidence of alleged "copying" as another "secondary consideration" precluding a finding of obviousness. Again, Plaintiff's evidence is in the form of declaration by its President and CEO, James Elesh, who identifies several companies allegedly copying the bed of the '502 Patent. The conclusory statements of Mr. Elesh do not raise any question of fact, as there is no indication that any particular claim, if any, was "copied" by the identified entities. "More than the mere fact of copying by an accused infringer is needed to make that action significant to a determination of the obviousness issue." *In re GPAC, Inc.,* 57 F.3d 1573, 1580 (Fed. Cir. 1995) (quoting *Cable Electric Products v. Genmark, Inc.,* 770 F.2d 1015, 1028 (Fed. Cir. 1985)). Further, even assuming *arguendo* that the companies identified by Plaintiff actually did copy Flexi-Mat's pet bed, there are numerous potential reasons for such copying, and Plaintiff has offered no nexus between the alleged copying and non-obviousness. *Cable Electric Products v. Genmark, Inc.,* 770 F.2d 1015, 1028 (Fed. Cir. 1985); *Litton Systems, Inc. v. Honeywell, Inc.,* 87 F.3d 1559, 1569 (Fed. Cir. 1996) ("evidence of objective consideration must include a nexus to the merits of the claimed invention").

### III.     The Doskocil Bolster Bed Is Non-Infringing

Plaintiff Flexi-Mat correctly states that Doskocil's summary judgment argument is premised on the interpretation of the "outer covering" limitation of claim 1 of the '502 Patent. Upon proper construction of that limitation, Doskocil's accused bed does not infringe.

Despite the obvious fact that the claims of the '502 Patent are directed to an article of manufacture rather than to a method, it is apparently Plaintiff's contention that the single seam closure of the covers of the Doskocil accused bed does not render the bed non-infringing because the seam can be "unsewn." Plaintiff's contention further suggests that the Henry reference [U.S. Patent No. 5,010,843] requires that the respective covers for its cushions be individually sewn to completion, *i.e.* completely sealed, prior to stitching them along their circumferential perimeters. Plaintiff cites to nothing in the Henry patent requiring such method of construction. Indeed, the Henry specification is silent as to any required stitching arrangement, as long as the cushions are contained within separate and distinct interior spaces. Defendants have covered this ground in opposition to Plaintiff's Motion for Summary Judgment of Infringement, as well as Defendants' Motions for Summary Judgment, and Doskocil incorporates such argument herein by reference. *See* Docket Nos. 79, 90, 101.

## IV.   Conclusion

Doskocil respectfully requests an Order granting its Motion for Summary Judgment and all relief as set forth therein [Docket No. 90].

                                        Respectfully submitted,

Dated: January 30, 2006                /s/ M. Scott Fuller
                                        Roy W. Hardin
                                        Martin Korn
                                        M. Scott Fuller
                                        LOCKE LIDDELL & SAPP LLP
                                        2200 Ross Avenue, Suite 2200
                                        Dallas, TX 75201-6776
                                        Telephone: 214.740.8556
                                        Facsimile: 214.740.8800

                                        James J. Marcellino (BBO #318840)
                                        David M. Mello (BBO #634722)
                                        MCDERMOTT, WILL & EMERY
                                        28 State Street
                                        Boston, Massachusetts 02109
                                        Telephone: 617.535.4000
                                        Facsimile: 617.535.3800

                                        Attorneys for Defendant
                                        Doskocil Manufacturing Company, Inc.

## Certificate of Service

The undersigned hereby certifies that true and correct copies of the foregoing were caused to be served on the following by the manner indicated on January 30, 2006:

**By First Class Mail**

Michael E. Husmann, Esq.
Michael Best & Friedrich LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202-4108
Facsimile: (414) 277-0656

Larry L Saret, Esq.
Michael Best & Friedrich LLP
401 N. Michigan Avenue, Suite 1900
Chicago, IL 66011
Facsimile: (312) 222-0818

William A. Meunier, Esq.
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109
Facsimile: (617) 523-1231

Darren M. Franklin, Esq.
Sheppard, Mullin, Richter & Hampton LLP
48th Floor
333 South Hope Street
Los Angeles, CA 90071-1448
Telephone: (213) 617-5498
Facsimile: (213) 620-1398

/s/ M. Scott Fuller
Counsel for Defendant
Doskocil Manufacturing Company, Inc.